# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA EZELL, et al., | ) | Case No. 10-CV-5135 |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| v. | ) | EX PARTE MOTION FOR |
| | ) | TEMPORARY RESTRAINING ORDER |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

COME NOW the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, by and through undersigned counsel, and submit their Memorandum of Points and Authorities in Support of their Ex Parte Motion for Temporary Restraining Order.

Dated: August 22, 2010

Respectfully submitted,

Alan Gura (admitted pro hac vice)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

David G. Sigale (Atty. ID# 6238103)
Law Firm of David G. Sigale, P.C.
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547/Fax 630.596.4445

By: /s/ Alan Gura/
    Alan Gura

By: /s/ David G. Sigale/
    David G. Sigale

    Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

INTRODUCTION

There is little to add that is not contained in Plaintiffs' brief in support of the motion for preliminary injunction, filed and immediately delivered to opposing counsel on Monday, August 16. Gura Decl., ¶ 2. The evidence and argument supporting both motions are identical, and there is no need to burden the Court with repetitive filing. But Plaintiffs wish to explain why circumstances have changed, and more immediate relief is now requested.

Plaintiffs seeking preliminary injunctive relief must balance the imminence of irreparable harm against the strong professional and judicial interest in affording the Defendant notice and an opportunity to be heard. Although the irreparable harm in this case is severe, counsel believed that providing one week's notice of presentment of a motion, at which time a briefing schedule and argument date could be set, would be fair to the Defendant and assure the Court that it could consider both sides adequately prior to ruling.

However, Defendant has decided to oppose the motion not by responding to it on the merits, but rather, by pursuing a dilatory practice that would deprive Plaintiffs of a meaningful opportunity to be heard. When Defendant gave notice of its intent this past Friday, Plaintiffs immediately gave notice of this motion. Defendant essentially has had a week's notice of this motion for a temporary restraining order, which it should have foreseen once it determined to seek an indefinite delay of the motion for preliminary injunction.

A temporary restraining order now appears to be the safest avenue for bringing Plaintiffs a measure of relief, and could also serve to expedite the hearing on the motion for preliminary

1

injunction, Fed. R. Civ. Proc. 65(b)(3), at which time Plaintiffs could suggest, given the lack of a factual dispute and the purely legal nature of this case, that the Court consolidate the hearing with a trial on the merits per Fed. R. Civ. Proc. 65(a)(2).

## STATEMENT OF FACTS

Gun training saves lives and prevents serious injuries. For this reason, the City of Chicago demands that firearm owners get trained at a gun range. Yet it bans the very ranges necessary to obtain the required training.

As detailed in the preliminary injunction papers, every day that passes without injunctive relief, people are liable to be killed or seriously injured for lack of adequate firearms proficiency, either due to accidents, or inability to exercise proper self-defense. Every day that passes without injunctive relief, people lose their Second Amendment rights because their registrations expire and they cannot timely obtain gun range training necessary for renewal. On October 8, Plaintiff Hespen's registration of 24 firearms will expire absent range training.

Every day that passes without injunctive relief, the city's October 12 deadline for grandfathered registration of already-acquired guns draws nearer, yet with the intended beneficiaries of this provision deprived of training opportunities. On October 12, Plaintiff Brown will lose the ability to register his firearm absent range training.

These deadlines are not at issue in this lawsuit, and remain in place even if Plaintiffs prevail, barring any additional relief. The longer it takes Plaintiffs to obtain injunctive relief, the larger the number of people who will forever lose their right to keep their firearms – even firearms currently registered under the previous ordinance. And of course, this is to say nothing of the tragedies that might be averted by ensuring people can learn and practice the safe use of firearms.

Plaintiffs did not waste time or attempt to surprise the city. The moving papers were emailed to opposing counsel immediately upon filing of the lawsuit last week. Gura Decl., ¶¶ 2-3. Defendant responded by giving notice mid-day Friday that it would seek to have this case re-assigned to Judge Guzman, because he was assigned an earlier-filed case, *Benson* v. *City of Chicago*, No. 10-CV-4184. Gura Decl., ¶ 4.

Plaintiffs would oppose the motion for judicial reassignment as it lacks merit,[1] but do not begrudge the city its ability to have the motion considered. What alarmed Plaintiffs was Defendant's notice that it would invoke the fact of its judicial reassignment motion in asking this Court to avoid ruling on Plaintiff's request for injunctive relief. Notice of this motion for temporary restraining order was immediately given. Gura Decl, ¶ 4. It is unclear how mere notice of a judicial reassignment motion can deprive a party of the right to be heard under Rule 65's provision authorizing relief from immediate, irreparable harm. Doing so would truly elevate process over substance, under circumstances where the rules clearly call upon the Court to resolve the urgent substantive issue.

For their part, the *Benson* plaintiffs "desire" to operate gun ranges in Chicago. First Am. Complaint, No. 10-CV-4184, at ¶¶ 56, 57. That is all. That simple conjectural expression of "desire" is the total substance of *Benson*'s challenge to the range ban. None of the *Benson* plaintiffs claim the range ban impacts their ability to register firearms; none have built or operated ranges in Chicago, or secured the imminent delivery of gun ranges to Chicago for training purposes. *Benson* plaintiffs raise no First Amendment argument, a critical component of this

---

[1] The very fact that the reassignment motion is intended to cause delay suggests that it lacks merit, as a required element of obtaining such relief is a showing that it is "likely to result in a substantial saving of judicial time and effort." LR 40(b)(2).

lawsuit. Yet *Benson* raises numerous substantial constitutional issues having nothing to do with this case, relating to the carrying, transportation, storage, and sale of firearms.

And *Benson* is not yet at-issue. Asked when Defendant might respond to the *Benson* lawsuit, opposing counsel could only offer, "in due time." Gura Decl., ¶ 5. Moreover, the city has not (yet) sought the relation of a third case that overlaps with *Benson*, but does not at all intersect with this case: *Second Amendment Arms* v. *City of Chicago*, No. 10-CV-4257 (assigned to Judge Dow), the complaint in which has not yet been served.

In other words, *merely because other people claim they "desire" to operate gun ranges*, Defendant avers that Plaintiffs must be indefinitely deprived of their ability to obtain injunctive relief. Plaintiffs will need time to oppose the judicial reassignment motion, and if this Court disagrees with Judge Guzman's ruling, it could seek review before the Executive Committee. Local Rule 40.4(d). Yet every day of additional delay causes additional irreparable harm.

Plaintiffs would not seek to stop the city from having its motion heard "in due time." They simply want the same consideration for their own motion, whose time has come.

## ARGUMENT

It is the availability of immediate relief that could render the judicial reassignment motion pointless, and not the other way around. Defendant's fear that immediate injunctive relief would moot their judicial reassignment motion is precisely why that motion should be denied, whenever it gets heard, and why Defendant should concentrate on addressing the merits of this case instead of chasing judicial reassignment.

For purposes of the matter at hand, it would be highly inefficient for the Court to decline ruling on a ripe, fully-briefed request for injunctive relief, where Plaintiffs will suffer irreparable

injury and have worked hard taking significant preparatory action pending the Court's decision, merely because another set of Plaintiffs have proffered a conjectural statement of "desire," in a case not at issue where nothing has happened for over a month, and nothing may yet happen anytime soon.

No reason supports delaying this case pending a ruling on the reassignment motion. *First*, regardless of which judge rules on Plaintiffs' motion, or how that motion is ruled on, such order would be appealable; the Seventh Circuit will take up the matter and likely decide it before any meaningful progress is achieved in *Benson*. Thus, even if the case is re-assigned, the interest in judicial economy is best served by having Judge Guzman hold the allegedly overlapping argument in the as-yet unanswered *Benson* matter in abeyance, not by delaying this lawsuit indefinitely while *Benson* catches up – if it ever does, which is not clear.

*Second*, regardless of which judge rules on Plaintiffs' motion, or how that motion is ruled on, any appeal of that result by either side would be interlocutory in nature. The District Court would retain concurrent jurisdiction to consider the reassignment motion, or engage in any other proceedings. Defendant's motion will thus be considered "in due time." But it would certainly save Judge Guzman a great deal of time to have the range ban determined and on appeal in the (unlikely) event he would then wish to relate these distant cases.

*Finally*, the rules themselves strongly suggest that it would be improper to defer a ruling on Plaintiffs' motion. Not only is there no obvious authority for delaying a case averring imminent, irreparable harm simply because the Defendant wishes to obtain a judicial reassignment, but Rule 65 contemplates that there is a class of cases where the evidence submitted at the preliminary injunction stage suffices to convert the matter into a trial on the merits. Fed. R. Civ.

5

Proc. 65(a)(2). This may yet be such a case, because the basic facts are not at issue, only the law.

## CONCLUSION

Doubtless, many people "desire" to operate gun ranges or other businesses impacted by the challenged ordinances. But that is not a reason to delay resolution of this case, which might even be ripe for final judgment.

The range ban clearly violates Plaintiffs' Second and First Amendment rights, causing irreparable injury. If the city is not interested in seriously addressing this litigation, the Court can and should proceed to rule immediately. Therefore, for the reasons supplied and upon the evidence submitted in connection with the motion for preliminary injunction, Plaintiffs respectfully request the entry of a temporary restraining order, and the scheduling of a hearing on their motion for preliminary injunction pursuant to Fed. R. Civ. Proc. 65(b)(3).

Dated: August 22, 2010                                 Respectfully submitted,

Alan Gura (admitted pro hac vice)                      David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC                                 Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405                      4300 Commerce Court, Suite 300-3
Alexandria, VA 22314                                   Lisle, IL 60532
703.835.9085/Fax 703.997.7665                          630.452.4547/Fax 630.596.4445

By:     /s/ Alan Gura/                          By:        /s/ David G. Sigale/
    Alan Gura                                              David G. Sigale
                                                            Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the plaintiffs, hereby certifies that on August 22, 2010, he served a copy of the above Memorandum of Points and Authorities in Support of the Motion for Temporary Restraining Order, and this certificate of service, on:

    Andrew W. Worseck
    City of Chicago Department of Law
    30 N. LaSalle Street, Suite 900
    Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).

        /s/ Alan Gura
        Alan Gura