**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RHONDA EZELL, *et al*, | ) | Case No. 10-CV-5135 |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| v. | ) | EMERGENCY MOTION TO QUASH |
| | ) | UNSERVED DEPOSITION SUBPOENAS |
| CITY OF CHICAGO, | ) | DUCES TECUM |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY MOTION TO QUASH UNSERVED DEPOSITION SUBPOENAS *DUCES TECUM***

COME NOW the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, by and through undersigned counsel, and submit their Memorandum of Points and Authorities in Support of their Emergency Motion to Quash Unserved Deposition Subpoenas *Duces Tecum*.

Dated: September 10, 2010

Respectfully submitted,

Alan Gura (admitted pro hac vice)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

David G. Sigale (Atty. ID# 6238103)
Law Firm of David G. Sigale, P.C.
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547/Fax 630.596.4445

By:        /s/ Alan Gura
        Alan Gura

By:        /s/ David G. Sigale
        David G. Sigale

Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

**INTRODUCTION**

In one hour from the noticed time of this motion, Defendant intends to begin what

promises to be an extraordinarily lengthy and intrusive deposition in Boston, Massachusetts, on

a vast array of requested documents – without having given Plaintiffs *any* notice of the subject

subpoenas *duces tecum*.  And on next Monday, September 13, 2010, it promises to repeat this

event with another third-party deposition in Chicago.

This crystal clear violation of Rules 30 and 45 must be immediately enjoined.  Proper

and complete notices of subpoenaed depositions, including subpoenaed documents, are not

optional.

**STATEMENT OF FACTS**

The following facts are presented in the attached declaration of Plaintiffs' counsel.

As the Court may recall, Plaintiffs have contracted with Blue Line Corp. of Sudbury, MA,

to provide a mobile firearms training range.  On September 1, Defendant served a "Notice of

Deposition of Blue Line Corp." on Plaintiffs. The notice did not contain any request for

documents, nor was any subpoena *duces tecum* served on Plaintiffs.

The parties, and the deponent's principal, Mr. Jerry Tilbor, agreed to schedule the

deposition in Boston, MA at 11:00 a.m. Eastern Time, 10:00 a.m. Chicago Time, today.

Late last evening, following the Rosh Hashannah holiday (which Mr. Tilbor and Plaintiffs'

counsel all celebrate), Plaintiffs' counsel called Mr. Tilbor to confirm the deposition. It quickly

became apparent that Mr. Tilbor was served with substantial document requests, many of

1

which sound abusive from his description, although counsel has never seen the requests and Mr. Tilbor was not in a position to provide them. Counsel immediately called Defendant's counsel, Mr. William Aguiar, to meet and confer regarding the situation.

During the course of the conversation, it became apparent that not only were Plaintiffs not served with the subpoenas for the Blue Line Deposition, Plaintiffs were also not served with the subpoenas for Monday's deposition of another third party, Accurate Perforating, which leased to Plaintiffs the land on which their range would be situated.

Following service of Defendant's discovery on Accurate Perforating, Accurate gave notice of the lease's termination, effective October 31. Plaintiffs still have possession of the land at this time, and through October 31, which is sufficient to cover the city's registration deadlines at issue in the case, and other suitable land is readily available and should be easily obtained – *if* Plaintiffs' landlords are not immediately hit with volumes of intrusive discovery. At the over five hour deposition of Plaintiff Second Amendment Foundation's Director of Operations, Julianne Versnel, Defendant's counsel, Mr. Andrew Worsack, intimated that Accurate's leasing land to Plaintiffs would jeopardize Accurate's own business operations.[1]

Mr. Aguiar read to Plaintiffs' counsel over the phone the requested discovery of Blue Line, but counsel did not get to discuss the requested discovery of Accurate. The discovery requested of Blue Line is vast, demanding virtually every document related to Blue Line's

---

[1] Defendant has also served deposition notices with substantial document requests on three third-party providers of range training. Plaintiffs were also served with substantial written discovery, which they were given barely 36 hours to comply with, and additional written discovery is now threatened. And in total, Defendant noticed (so far) 11 depositions in 13 days.

business for the last five years. Counsel can only imagine, based on the questioning of Ms.

Versnel, what the city is demanding of Accurate.

At this writing, counsel must board an airplane for Boston in less than five hours, to

attend a deposition of a party that includes a substantial demand for production of documents,

and has just heard of the existence of this demand. Counsel has had no time to study this

demand, prepare questions about its scope, object to it, or seek relief. Opposing counsel

suggested that counsel should simply object on the record and telephone chambers from the

deposition if there is a problem. Plaintiffs' counsel believe that telephoning chambers is the

absolute last resort in any discovery dispute, and this motion is a better way of enforcing the

plain and unambiguous requirements of Rule 45, which have not been met, and which are

causing Plaintiffs, and counsel, substantial prejudice.

### ARGUMENT

Fed. R. Civ. Proc. 30(b)(2) provides:

> If a subpoena *duces tecum* is to be served on the deponent, the materials designated for production, as set out in the subpoena, *must* be listed in the notice or in an attachment.

(emphasis added).

Fed. R. Civ. Proc. 45(b) provides:

> If the subpoena commands the production of documents, electronically stored information, or tangible things . . . then before it is served, a notice *must* be served on each party.

(emphasis added).

There is nothing optional about these requirements. As the 1991 commentary

explaining the notice provision of Rule 45 explains:

3

A provision requiring service of prior notice pursuant to Rule 5 of compulsory pretrial production or inspection has been added to paragraph (b)(1). The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

In other words, the Rules are designed to ensure that *no* subpoena *duces tecum* be effective, regardless of whether it is contained as part of a deposition or otherwise, unless the parties have been served. "[C]ompliance with the notice provision is not a mere formality . . . failure to serve other parties with the subpoena *duces tecum* renders the present notice insufficient." *Callanan* v. *Riggers & Erectors, Inc.*, 149 F.R.D. 519, 520 (D.V.I. 1992).

And "'prior notice' means prior to service." *Biocore Med. Techs., Inc.* v. *Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998). "The Rule does not mandate mere notice of the service of any subpoena *duces tecum* but rather requires *prior notice* of such commanded production of documents." *Anderson* v. *Gov't of the V.I.*, 180 F.R.D. 284, 291 (D.V.I. 1998). Reading Plaintiffs' subpoena late at night on the eve of the deposition is *not* satisfactory in the slightest. Nor is any sort of limitation on the documents acceptable:

> [Plaintiff's] violation of Rule 45 deprived the defendants of the opportunity to object to the subpoenas. [Plaintiff] contends that any prejudice to the defendants was negated by its offer to stipulate not to use some of the subpoenaed documents. But a party may not ignore Rule 45's requirements and then, when caught, dictate the terms under which the subpoenaed materials will be used.

*Judson Atkinson Candies, Inc.* v. *Latini-Hohberger Dhimantec*, 529 F.3d 371, 387 (7th Cir. 2008); *see also Benitez* v. *Am. Std. Circuits, Inc.*, 2009 U.S. Dist. LEXIS 36359 (N.D. Ill. March 23, 2009).

Defendant's counsel offered that Plaintiffs should not object to not being served with

4

the subpoena, since it is not their discovery that is being sought. This is nonsensical. Rule 45

applies to requests from third parties, and the cases apply the Rule's clear mandate: discovery

cannot be sought, from *anyone*, without serving the parties. The prejudice to Plaintiffs is plain:

they have had no opportunity at all to object, or to prepare for the deposition if it is conducted

on the basis of the unserved subpoenas.

Under identical circumstances, the Eastern District of Pennsylvania held an attorney

who failed to serve third–party subpoenas on opposing counsel was "mistaken in asserting a

'no harm, no foul' defense." *Spencer* v. *Steinman*, 179 F.R.D. 484, 489 (E.D. Pa. 1998), *on

reconsideration*, 1999 U.S. Dist. LEXIS 23387 (E.D. Pa. Feb. 25, 1999).

> The risks attached to the misuse of the subpoena power are great. Under this delegation
> of public power, an attorney is licensed to access, through a non-party with no interest
> to object, the most personal and sensitive information about a party. By failing to
> receive prior notice of the information sought from the non-party, a party is deprived of
> its greatest safeguard under the Rule, i.e., the ability to object to the release of the
> information prior to its disclosure. Therefore, the loss of the opportunity to object prior
> to the release of the information caused injury to [the unserved party] regardless of
> whether the information ultimately was turned over to his counsel.

*Id.*; *United States* v. *Santiago-Lugo*, 904 F. Supp. 43, 47 (D.P.R. 1995). Moreover, "[w]hen the

[subpoena] power is misused, public confidence in the integrity of the judicial process is

eroded. Therefore, the failure to provide prior notice to [opponent] of the subpoenas to non-

parties also caused injury to the public." *Spencer*, 179 F.R.D. at 489 (footnote omitted).

Plaintiffs do not suggest that the failure to provide them notice was deliberate. We take

opposing counsel at his word that this was a clerical oversight. *However*, what is not an

oversight is the insistence on enforcing the subpoena, necessitating counsel to be up at night

drafting this motion hours before the first improper deposition. The issue of sanctions is

5

respectfully reserved.

## CONCLUSION

Plaintiffs respectfully pray that the motion be granted and that the unserved deposition subpoenas *duces tecum* be quashed. Defendant may take its deposition of these parties without the documents, or not at all.

Dated: September 10, 2010              Respectfully submitted,

Alan Gura (admitted pro hac vice)      David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC                 Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405      4300 Commerce Court, Suite 300-3
Alexandria, VA 22314                   Lisle, IL 60532
703.835.9085/Fax 703.997.7665         630.452.4547/Fax 630.596.4445

By:___/s/ Alan Gura_____    By:   ____/s/ David G. Sigale_____
    Alan Gura                              David G. Sigale

                                       Attorneys for Plaintiffs

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the plaintiffs, hereby certifies that on September 10, 2010, he served a copy of the above Memorandum of Points and Authorities and this certificate of service, on:

Andrew W. Worseck, Esq.
City of Chicago Department of Law
30 North LaSalle Street, Suite 1230
Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).


        /s/ David G. Sigale
        David G. Sigale