IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, et al., ) | Case No. 10-CV-5135 |
| ) | |
| Plaintiffs, ) | DECLARATION OF ALAN GURA |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF ALAN GURA

I, Alan Gura, am competent to state, and declare the following based on my personal knowledge:

1. As the Court may recall, Plaintiffs have contracted with Blue Line Corp. of Sudbury, MA, to provide a mobile firearms training range.

2. On September 1, Defendant served a "Notice of Deposition of Blue Line Corp." on Plaintiffs. The notice did not contain any request for documents, nor was any subpoena duces tecum served on Plaintiffs.

3. The parties, and the deponent's principal, Mr. Jerry Tilbor, agreed to schedule the deposition in Boston, MA at 11:00 a.m. Eastern Time, 10:00 a.m. Chicago Time, today.

4. Late last evening, following the Rosh Hashana holiday (which Mr. Tilbor and Plaintiffs' counsel all celebrate), I called Mr. Tilbor to confirm the deposition.

5. During the conversation, it quickly became apparent that Mr. Tilbor was served with substantial document requests, many of which sound abusive from his description, although I have never seen the requests and Mr. Tilbor was not in a position to provide them to me.

6. I immediately called Defendant's counsel, Mr. Aguire, to meet and confer regarding the situation. During the course of the conversation, it became apparent that not only were we not served with the subpoenas for the Blue Line Deposition, we were also not served with the subpoenas for Monday's deposition of another third party, Accurate Perforating, which leased to Plaintiffs the land on which the range would be situated.

7. Following service of Defendant's discovery on Accurate Perforating, Accurate gave notice of the lease's termination, effective October 31. Plaintiffs still have possession of the land at this time, and through October 31, which is sufficient to cover the city's registration deadlines at issue in the case, and other suitable land is readily available and should be easily obtained – *if* Plaintiffs' landlords are not immediately hit with volumes of intrusive discovery. At the over five hour deposition of Plaintiff SAF's Director of Operations, Julianne Versnel, Defendant's counsel, Mr. Worsack, intimated that Accurate's leasing land to Plaintiffs would jeopardize Accurate's own business operations.[1]

---

[1] Defendant has also served deposition notices with substantial document requests on three third-party providers of range training. Plaintiffs were also served with substantial written discovery, which they were given barely 36 hours to comply with, and additional written discovery is now threatened. And in total, Defendant noticed (so far) 11 depositions in 13 days.

8. Mr. Aguire read to me over the phone the requested discovery of Blue Line, but we did not get to discuss the requested discovery of Accurate. The discovery requested of Blue Line is vast, demanding virtually every document related to Blue Line's business for the last five years. I can only imagine, based on the questioning of Ms. Versnel, what the city is demanding of Accurate.

9. At this writing, I must board an airplane for Boston in under five hours, to attend a deposition of a party that includes a substantial demand for production of documents, and I have just heard of the existence of this demand. I have had no time to study this demand, prepare questions about its scope, object to it, or seek relief.

10. Opposing counsel suggested that I should simply object on the record and telephone chambers from the deposition if there is a problem. I believe that telephoning chambers is the absolute last resort in any discovery dispute, and this motion is a better way of enforcing the plain and unambiguous requirements of Rule 45, which have not been met, and which are causing my clients, and me, substantial prejudice.

I declare under penalty of perjury that the foregoing is true and correct.

This the 10th day of September, 2010.

_____
Alan Gura

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the plaintiffs, hereby certifies that on September 10, 2010, he served a copy of the above Declaration, and this certificate of service, on:

>William Macy Aguiar
>City of Chicago Department of Law
>30 N. LaSalle Street, Suite 900
>Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).

>/s/ Alan Gura
>Alan Gura