## LAND LEASE

THIS AGREEMENT is made and executed this 11 day of September, 2010, by and between GILLESPIE PROPERTIES, LLC of Downers Grove, Cook County, Illinois, hereinafter referred to as "LESSOR", and SECOND AMENDMENT FOUNDATION, of Bellevue, King County, Washington, hereinafter referred to as "LESSEE".

WHEREAS, Lessor is the owner of a certain piece or parcel of land: 6331 S. Bell situated in Chicago, Cook County, Illinois 60636. WHEREAS, Lessee desires to lease enough approximately two-thousand (2,000) square feet of the aforesaid parcel, hereinafter referred to as "PREMISES", from Lessor month-to-month in accordance with the terms and conditions hereinafter set forth;

WHEREAS, Lessor agrees to lease the Premises to Lessee in accordance with the terms and conditions hereinafter set forth.

NOW THEREFORE, the parties hereto intending to be legally bound hereby, in consideration of the above covenants and conditions and those hereinafter stated, mutually covenant and agree as follows:

1. <u>Use:</u> Lessor hereby leases to Lessee and Lessee rents from Lessor, for the purpose of providing a mobile shooting range.

2. <u>Terms:</u> The term of this Agreement is month-to-month having commenced on the 15 day of September.

3. <u>Rent:</u> Lessee shall pay Lessor the sum of One thousand five hundred ($1,500.00) Dollars per month in advance commencing on the eighth day of September, and monthly thereafter on the same day of each consecutive month during the original term hereof or any extension thereof. Lessee agrees to pay the rent to Lessor at GILLESPIE PROPERTIES, LLC, 2001 BUTTERFIELD RD., SUITE 520, DOWNERS GROVE, IL 60515, or at such other place as Lessor may from time to time request.

~~Security Deposit: A security deposit of $_____ shall be deposited with the Lessor. At the expiration of the lease, the security deposit will be returned to Lessee less any damages to the property.~~

4. <u>Late Fee:</u> If payment is not received by the 10th of each calendar month a 10% (ten percent) late charge will be assessed to the tenant and paid.

5. **Indemnification by Lessee: Lessee hereby covenants and agrees that he will indemnify, defend and hold harmless, the Lessor from any and all claims, demands, suits, causes of action, losses, damages, expenses and/or any and all litigation arising out of occurrences, in or at the Premises or as occasioned or suffered by the Lessee or any of his employees, agents, invitees, occupants, or other**

**persons in attendance in or at the Premises, including for any damages awarded for such claims, demands, causes of action, losses, damages and expenses or for costs or attorney's fees, due to the error, act or omission of the Lessee. Lessee shall provide Lessor with a Certificate of Insurance providing proof that Lessee has adequate insurance prior to any use of the premises.**

5. Laws, Regulations and Codes: Lessee shall at all times during the term of this Agreement comply with all local, state and federal laws, building, land use ordinances, fire and sanitation regulations and codes as they affect Lessee's enjoyment of the Premises.

6. Waste and Nuisance: Lessee hereby covenants and agrees not to commit waste on or at the Premises or allow it to be committed nor permit maintenance of a nuisance or any other noxious matter which may interfere with or affect the Premises.

7. Environmental:. Tenant shall not use or permit the use of any part of the Premises for any purpose prohibited by law. Tenant shall, at its sole expense, comply with and conform to all of the requirements of all governmental authorities having jurisdiction over the Building which relate in any way to the condition, use and occupancy of the Premises throughout the entire Term of this Lease. Without limitation of the foregoing, Tenant covenants and agrees not to bring into the Premises or to use, store, treat or dispose, or permit the use, storage, treatment or disposal, in the Premises of (i) any hazardous substance or regulated materials as defined under any present or future federal, state or local law, rule or regulation or (ii) any explosives or any flammable substances, including, but not limited to, gasoline, liquefied petroleum gas, turpentine, kerosene and naphtha (the substances and materials referred to in clauses (i) and (ii) hereof are collectively referred to herein as "**Hazardous Materials**"), except for such materials customarily used in office and trading operations (x) in such quantities which do not exceed any legal limits, and (y) used, stored, treated and disposed of in compliance with all applicable laws and regulations.

   a. Environmental Disclosure. Tenant, from time to time, upon not less than ten (10) days' prior written request by Landlord, will provide Landlord with such information in Tenant's possession which Landlord may request regarding Tenant's operations in the Premises (including, without limitation, whether or not such operations involve the generation, transportation, storage, treatment or disposal of Hazardous Materials) and shall cooperate with Landlord in the event Landlord is required to prepare any disclosure document or instrument pursuant to the provisions of any federal, state or local laws, rules or regulations in connection with such Hazardous Materials

8. Surrender of Premises: Unless otherwise agreed between the parties or unless as otherwise provided for by the terms of this Agreement, Lessee hereby covenants and agrees to surrender the premises at the end of the term arranged for under this Agreement or any extension hereof, and to remove all Lessee's personal property occupying the Premises, so that it is restored to the same or similar condition it was in before Lessee first occupied it. Any and all property not removed from the Premises at the end of the

term of this Agreement or any extension hereof, will be considered to have reverted to the status of building improvements belonging to the Lessor or to have abandoned as to any and all rights or claims of Less, and will be at Lessor's sole right of disposal.

9. Holding Over: At the termination of the term of this lease, by lapse of time or otherwise, Lessee will yield up immediate possession of the Premises to Lessor, in good condition and repair, loss by fire and ordinary wear expected, and will return the keys therefore to Lessor at the place of payment of rent. If Lessee retains possession of the Premises or any part thereof after the termination of the term by lapse of time or otherwise, then Lessor may at its option within thirty days after termination of the term serve written notice upon Lessee that such holdings over constitutes either (a) a renewal of this lease for the one year, and from year to year thereafter, at double the rental (computed on an annual basis) specified in Section 1, or (b) creation of a month to month tenancy, upon the terms of this lease except at double the monthly rental specified in Section 1, or (c) creation of a tenancy at sufferance, at a rental rate of 200% of base rent dollars per day, for the time Lessee remains in possession. If no such written notice is served then a tenancy a tenancy at sufferance with rental as stated at (c) shall have been created. Lessee shall also pay to Lessor all damages sustained by Lessor resulting from retention of possession by Lessee. The provisions of this paragraph shall not constitute a waiver by Lessor of any right of re-entry as hereinafter set forth; nor shall receipt of any rent or any other act in apparent affirmance of tenancy operate as a waiver of the right to terminate this lease for a breach of any of the covenants herein.

9. Assignment and Subordination: Lessee during the term hereof, shall not have the right to sell, assign, sublease, mortgage or encumber any part or all of the Premises, without the prior written consent of the Lessor, which may be unreasonably withheld at the sole discretion of the Lessor.

10. Time of the Essence: Time is of the essence with respect to any time period for the performance of any conduct or act by either party set forth in this Agreement.

11. Binding Effect: This Agreement shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, executors, administrators, successors and assigns.

12. Cancellation: This lease can be cancelled by either party with thirty (30) days written notice.

13. Governing Law: This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

14. Integration: This Agreement contains and constitutes the final expression of the intent of the parties hereto and is the complete and exclusive statement of the terms and conditions agreed upon by the parties hereto. No modifications or amendment of this Agreement will be valid unless stated in writing and executed by the parties hereto, and

no parol or intrinsic evidence shall be admissible to explain or contradict the terms hereof.

15. <u>Counterparts:</u> This Agreement may be executed simultaneously in one or more copies or counterparts, each of which shall be deemed an original, but all of which together shall constitute and be one and the same Agreement.

16. <u>No Recording:</u> The parties covenant and agree that this Agreement shall not be recorded at the Office of the Recorder of Deeds of Cook County.

LESSEE:                                    LESSOR:

*[signature]*

                                          _____
                                          Gillepie Properties, LLC

**Mail Correspondence:**

**If to tenant:**                          **If to landlord:**
Second Amendment Foundation                Gillespie Properties, LLC
12500 NE 10th Place                        2001 Butterfield Rd., Suite 520
Bellevue, WA 98005                         Downers Grove, IL 60515

**SECOND AMENDMENT FOUNDATION**
12500 N.E. 10TH PLACE   425-454-7012
BELLEVUE, WA 98005-2532

30096

DATE September 1, 2010

PAY TO THE ORDER OF  Gillespie Properties LLC    $ 3000.00

Three thousand and 00/100    DOLLARS

Bank of America

Alan M. Gottlieb

FOR Rent 9/15 - 11/5/2010   Sept Rent Prepay 1 month

⑆030096⑆ ⑈125000024⑈ ⑆2290 219⑆

CERTIFICATE OF SERVICE

      The undersigned, an attorney of record for the plaintiffs, hereby certifies that on September 13, 2010, he served a copy of the above Exhibit, and this certificate of service, on:

      Andrew W. Worseck
      City of Chicago Department of Law
      30 N. LaSalle Street, Suite 900
      Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).

                              /s/ Alan Gura
                              Alan Gura