**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EZELL, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-5135 |
| ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO VACATE BRIEFING
SCHEDULE AND PRELIMINARY INJUNCTION HEARING SET FOR OCTOBER 1**

The City of Chicago ("City" or "Defendant"), by and through its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby files this motion to vacate the current briefing schedule and preliminary injunction hearing in this matter set for October 1, 2010, and in support shows as follows.

1. On July 6, 2010, four days following the enactment of the Responsible Gun Owners Ordinance (the "Ordinance") by the City Council, a group of plaintiffs filed a lawsuit challenging the constitutionality of numerous provisions of the Ordinance. That case, *Benson, et al. v. City of Chicago, et al.*, 10-C-4184, is currently pending before Judge Guzman.

2. Six weeks later, Plaintiffs filed this action on August 16, 2010, challenging the constitutionality of the prohibition of shooting and/or training ranges within the City under the Ordinance. Contemporaneous with the filing of their complaint, Plaintiffs filed a motion for a preliminary injunction and an accompanying memorandum of law in support thereof.

3. Because the sole provision of the Ordinance challenged here – the prohibition on gun ranges within the City – is also challenged in *Benson*, the issues in this case are subsumed by the

*Benson* case. Accordingly, in order to serve the goals underlying Local Rule 40.4, which are to promote efficiency of litigation and to avoid duplicative and potentially conflicting rulings by judges within the same district, Defendant promptly moved, on August 20, 2010, to reassign this case as related to Judge Guzman ("Reassignment Motion"). Briefing will be complete on that motion by tomorrow, September 15, 2010, after which time Judge Guzman indicated that he would rule by mail.

4. In direct response to Defendant's filing of their motion to reassign based on relatedness, Plaintiffs filed a motion for temporary restraining order ("TRO") late Sunday night, August 22, and noticed it up for Monday morning, August 23. Indeed, aside from referencing Defendant's motion for relatedness, Plaintiffs' motion did not offer any explanation for how or why Plaintiffs' situation had changed since the filing of their motion for a preliminary injunction, such as to warrant the emergency relief requested in their TRO motion.

5. On Monday, August 23, this Court heard argument on Plaintiffs' TRO motion. On Tuesday, August 24, the Court ruled in open court that the TRO was being denied because Plaintiffs had not shown any irreparable harm. The Court then set the following schedule on Plaintiffs' motion for a preliminary injunction: (a) three weeks to complete all discovery, with a discovery cut-off date of September 13; (b) the City to file its written response to Plaintiffs' motion by September 20; (c) Plaintiffs to file their reply brief by September 27; and (d) the preliminary injunction hearing to be held on October 1.

6. Since August 24, the City has been actively and diligently pursuing discovery related to the numerous issues raised by Plaintiffs' request for injunctive relief. The City has served written discovery and document requests and, in the last two weeks, has taken ten depositions, including:

(a) individual Plaintiffs Ezell, Hespen, and Brown; (b) Julianne Versnel, Director of Operations of Plaintiff Second Amendment Foundation ("SAF"); (c) Richard Pearson, Executive Director of Plaintiff Illinois State Rifle Association ("ISRA"); and (d) Chris Hart, Midwest Range Consultant for Plaintiff Action Target, Inc. The City also deposed five third parties, including (a) Jerry Tilbor, President of Blue Line Corporation, the entity that contracted with SAF to provide the mobile range unit; (b) Larry Cohen, the President of Accurate Perforating Corporation, the entity that leased the property to SAF for storage of a trailer; (c) a representative from a suburban gun range that offers the one-hour training; and (d) a representative from an academy in the City that offers the four-hour classroom training.

7. This discovery has not only been necessary to test Plaintiffs' assertions of the irreparable harm they will suffer if forced to obtain their one-hour of range training required by the Ordinance at suburban Chicagoland ranges, but also to discover essential information regarding Plaintiffs' proposed plans regarding the mobile range, including but not limited to how it will operate, when it will operate, whether firearms will be provided on-site, what environmental and safety precautions would be in place to ensure it complies with all local and federal regulations, and whether required business licenses and other zoning permits had been acquired. Notwithstanding this discovery, critical unanswered questions remain, including the recent identification by SAF of a new possible location for the mobile range.

8. On September 13, 2010, while two depositions were being conducted at the offices of the Corporation Counsel, Plaintiffs filed a second motion for TRO, claiming that immediate relief is necessary because the mobile range unit leased from Blue Line will be arriving in Chicago on September 24 and Plaintiff SAF desires to begin operating it on that date. Plaintiffs state that they

have filed this second motion because, while the Court denied their initial TRO motion, it did so without prejudice because Plaintiffs had not yet established irreparable harm, since the mobile range was not arriving until mid-September. *See* Plaintiffs' Motion For Temporary Restraining Order, p. 1. But the mobile range still has not arrived; indeed, it is now arriving later than originally anticipated. Thus, nothing has changed since Plaintiffs filed their original papers or since the Court denied Plaintiffs' first motion for TRO.

9.  Although Plaintiffs attempted to notice the motion for this morning, September 14, that notice was defective and the Court has set the hearing on Plaintiffs' second motion for a temporary restraining order for tomorrow afternoon, September 15, at 4:00 p.m.

10. Based on recent developments uncovered through the discovery process, and also based on the pending TRO motion, this Court should vacate the current preliminary injunction schedule and reset it until after ruling on the TRO motion.

11. Most significantly, Defendants have learned that the mobile range unit will only be available to SAF for operation in Chicago from September 24 until October 1, at which time it must be returned to Blue Line for use by another customer. *See* Deposition of Julianne Versnel, pp.84, 90 attached as Exhibit A. Although SAF's contract with Blue Line grants SAF the right to request the use of the mobile range for a year-long period, the actual dates of use are dependent on the mobile range's availability. *Id*. at 88-91. It is uncontroverted that there are no certain dates in the future that SAF will have the right to possession of the mobile range, after October 1. *Id*. at 88, 91, 93.

12. Because the mobile range will only be able to operate, if at all, for no more than eight days between September 24 and October 1, there is no reason for a preliminary injunction hearing on October 1. If the Court denies Plaintiffs' pending TRO motion, as it should, it will have found

for the second time that Plaintiffs will suffer no irreparable harm. To hold yet another hearing on this issue two weeks later would be allowing Plaintiffs a *third* bite at the apple, after failing to meet their burden twice (and after having already filed three papers in support of their position). As discussed more fully in Defendants' opposition to Plaintiffs' motion for TRO, which will be filed tomorrow, September 15, all of the individual Plaintiffs have testified that they are capable of getting, or have already received, the training at suburban ranges. Thus, nothing will have changed to warrant holding the October 1 hearing.

13.     Likewise, should the Court grant Plaintiffs' motion for TRO, maintaining the current preliminary injunction schedule will be unnecessary. The relief granted by a temporary restraining order lasts for a period of 14 days, and can be extended for another like period, which will amply cover all of the time that the mobile unit will be here. *See* Fed. R. Civ. P. 65(b)(2). Accordingly, further relief in the form of a preliminary injunction, at least on an expedited basis, would be unnecessary, as the mobile range will be gone after October 1.

14.     Because there is no reason to hold the preliminary injunction hearing on October 1, Defendant should not be required to file it response to the preliminary injunction motion by September 20.

15.     Moreover, Defendant will be prejudiced if it does not get relief from the September 20 filing deadline. Defendant has been working nonstop to complete discovery within the prescribed period and to prepare for the preliminary injunction hearing. In the last three business days, Defendant has had to conduct five depositions, respond to an emergency motion to quash a deposition (filed at 3:00 a.m.), review Plaintiffs' latest motion for TRO (which included five new declarations), prepare for the TRO hearing, and work on a written response to the TRO motion.

Therefore, even if the Court does not vacate the October 1 hearing date, Defendant should be permitted more time to adequately prepare and submit its brief.

16. Finally, this Court should vacate the date set for the preliminary injunction hearing and postpone scheduling another date, if at all, until Judge Guzman rules on Defendants' Reassignment Motion. As discussed above, that motion will be fully briefed by September 15, 2010, and Judge Guzman indicated that he would be ruling by mail thereafter.

17. Given the pendency of the Reassignment Motion, the City asks this Court to vacate the preliminary injunction hearing date in this case as it did in similar circumstances in *Local 727, International Brotherhood of Teamsters v. Metropolitan Pier and Exposition Authority, et al.*, No. 10 C 3484 ("*Teamsters*").

18. *Teamsters* was a lawsuit filed by the labor union on June 7, 2010, which was originally assigned to this Court. Previously, on June 2, 2010, a similar action had been filed by the Chicago Regional Council of Carpenters, which was assigned to Judge Guzman ("*Carpenters*"). Both labor unions raised the same legal challenges to the same Illinois statutes and named the same defendants. One of the defendants in *Carpenters*, the lower numbered case, moved before Judge Guzman pursuant to Local Rule 40.4 to reassign *Teamsters* as related. *See* Illinois Attorney General's Motion to Reassign Related Case Pursuant to Local Rule 40.4, attached as Exhibit B.

19. One of the defendants in *Carpenters* and *Teamsters* responded to the Motion to Reassign by opposing it on the grounds that the cases were in a different procedural posture because this Court already had set a schedule for briefing and a hearing on the motion for a preliminary injunction filed by the plaintiff in the *Teamsters* case.

20. In addition, like the Plaintiffs here, the Teamsters Union filed a TRO motion before

this Court after the motion to reassign had been filed before Judge Guzman. On July 28, 2010, this Court heard and denied the TRO motion. However, before entertaining the motion, this Court commented on its prior *sua sponte* order of July 19, 2010, canceling the preliminary injunction hearing that had been scheduled to go forward on July 22, 2010. A copy of the minute order is attached as Exhibit C.

21. This Court said the following about the pendency of the relatedness motion which sought to transfer the *Teamsters* case to Judge Guzman:

> THE COURT: Okay. Well, I was hoping that Judge Guzman would rule. I called Judge Guzman to ask him about the relatedness issue. There is no reason – I am an efficient judge but there is no reason to do two times the work for two of us, so that's why I had asked him about the relatedness motion.
>
> He said he wasn't ready to rule on it. That's why I moved your preliminary injunction motion. I can't imagine it's going to take too long for him to get to it, but that was my intent in the sua sponte order that moved the preliminary injunction.

Transcript of Proceedings at pp. 4,5 before the Honorable Virginia M. Kendall dated July 28, 2010, attached as Exhibit D.

22. On August 6, 2010, Judge Guzman granted the motion to reassign *Teamsters* as related to *Carpenters*. Because this Court rightfully deferred to Judge Guzman, a separate preliminary injunction hearing never occurred in this Court. Defendants respectfully submit that the rationales underlying Local Rule 40.4 were served by postponing the preliminary injunction hearing that had been scheduled in *Teamsters* and that there is no principled reason to treat this case differently than *Teamsters*.

Wherefore, Defendant City of Chicago respectfully requests that the Court vacate the briefing

schedule and preliminary injunction hearing set for October 1.

Date: September 14, 2010  Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel for the City of Chicago

By: /s/ Rebecca Hirsch
Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, Rebecca Hirsch, an attorney, hereby certify that on this, the 14th day of September, 2010, I caused a copy of the forgoing **Defendant City of Chicago's Motion To Vacate Briefing Schedule and Preliminary Injunction Hearing Set For October 1** via electronic notification on the following counsel of record:

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street | Corporate West I |
| Suite 405 | 4300 Commerce Court, Suite 300-3 |
| Alexandria, VA 22314 | Lisle, IL 60532 |
| Fax No. 703-997-7665 | Fax No. 630-596-4445 |

                                                                              Rebecca Hirsch