**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, | ) | |
| WILLIAM HESPEN, ACTION TARGET, INC., | ) | |
| SECOND AMENDMENT FOUNDATION, INC. | ) | |
| and ILLINOIS STATE RIFLE ASSOCIATION., | ) | Case No. 10 CV 5135 |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN OPPOSITION TO |
| v. | ) | MOTION TO |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR LEAVE TO ALLOW ADDITIONAL DISCOVERY OR IN THE**
**ALTERNATIVE TO BAR CERTAIN WITNESSES**

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION

TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE

ASSOCIATION, and submit their Memorandum of Points and Authorities in Opposition to the

Defendant's Motion for Leave to Allow Additional Discovery or Bar Witnesses.

**INTRODUCTION**

On August 24, 2010, the Court set this matter for a preliminary injunction hearing on

October 1, 2010, expedited from the October 15, 2010 date the Court had set the day before.

The Court did this because it recognized the immediacy and importance of the issues Plaintiffs

present.

Since then, the hearing date has been the subject of many efforts by the City to change

it.  These include outright Motions to do so, as well attempts to derail said hearing by way of a

L.R. 40.4 Motion still pending in Judge Guzman's Court.  Despite these efforts, the October 1,

2010 date has held firm.

On August 23 and 24, 2010, the City sought and received leave to take limited discovery. Though this discovery was intended to encompass only the Plaintiffs, the City served deposition subpoenas on virtually every person whose name arose in the case before the August 13, 2010 deadline ordered by the Court (also the subject of multiple efforts by the City to change). Between September 2 and 13, 2010, Plaintiff's counsel collectively attended ten different depositions in two states. These depositions included all Plaintiffs, the Plaintiff's landlord, the owner of the subject mobile range, the owner (and would-be competitor of Plaintiff Action Target, Inc.) of an unrelated gun range outside the City, and the owner of a security training company that does not even have a firearms range.

Now, incredibly, and three business days before the hearing, Defendant seeks not only to take more depositions, but also to punish Plaintiffs for disclosing information virtually as soon as they receive it. These requests are burdensome and harassing, would not lead to any relevant testimony, and are yet more attempts to delay the proceedings, and harass the Plaintiffs and their counsel. Accordingly, Defendant's Motion should be denied.

## STATEMENT OF FACTS

1.      *Ezell* was filed on August 16, 2010, and discretely alleges that the firing range ban in the City of Chicago, as made law by the recently-enacted firearms ordinance and any other related-laws the City would use to perpetuate such a ban, is unconstitutional pursuant to the First and Second Amendments to the United States Constitution.

2.      Since *Ezell*'s filing, Judge Kendall conducted a lengthy hearing on Plaintiffs' first Motion for a TRO. Though it was denied without prejudice, Judge Kendall recognized that the

specter of irreparable harm was looming closer every day (based on deadlines placed in the new firearms ordinance), and ordered both an expedited hearing date and discovery schedule. This was on August 24, 2010, when Judge Kendall expedited the hearing date and discovery schedule she had entered the day before.  This was all due, according to Judge Kendall, to the immediacy of the issues presented in *Ezell*.

3.      On August 24, this Court made the following finding:

> There's little basis for discovery needed at this point. And most of what you are doing is arguing your cases on the law that exists now and the facts that you have now. I don't think you need it. I was generous enough to give you the 30 days. I don't think you need more than that. Today is only the 24th, and that gives you all of the rest of this week, next week, and two more weeks into September. That's plenty of time to do what you need to do, based upon what you said you needed it for yesterday, so the oral request [to extend the preliminary injunction schedule] is denied. I am going to continue with this schedule.

Tr., 8/24/10, p. 80 l. 2-5.

4.      It is important to recall what discovery was allowed. Here is what the City initially wanted:

> THE COURT: Can you give me some sense of what that would be, of how many individuals you intend to depose or gather information from, so I have some sense of that for a fast track analysis?
>
> MR. WORSECK: I don't know that we would need to spray [sic: stray] beyond the plaintiffs to the lawsuit.

Tr., 8/23/10, p. 18, l. 19-24.

5.      Between August 24 and September 1, 2010, no depositions took place.  Since September 2, 2010, all six Plaintiffs have been deposed, as well as four non-parties.  These

include the Plaintiff SAF's landlord (who terminated his Lease with SAF upon receiving the subpoena for deposition and subpoena *duces tecum* from Defendant), a would-be competitor from a gun range outside the City, a security company owner without a firearms range, and the owner of the mobile range company that contracted with SAF.

6.      In addition, Defendant sent multiple written discovery requests to Plaintiffs, all due in the range of 24 to 72 hours, which were followed-up with threats of motions to compel if Plaintiffs did not immediately respond, or demands and Motions for more depositions and discovery if Plaintiffs did.  Defendant's instant Motion is one such example.

7.      Now, Defendant seeks to take five more depositions, and continue two others, even though those witnesses have been deposed for approximately five hours each.  These five depositions are another landlord, its real estate agent, the real estate agent of the first landlord, the President of Plaintiff ISRA (despite deposing the Executive Director of ISRA for approximately five hours), and a mobile range supplier with whom Plaintiffs have no current relationship.

8.      As for continuing the deposition of Julianne Versnel of Plaintiff SAF, Defendant claims this is necessary because Versnel found a new site for the mobile range (after the first lessor terminated the Lease upon receiving a subpoena from Defendant), and made contacts about a backup range.  There is absolutely nothing about these occurrences that requires another deposition: as to the former, the relevant documents have been submitted and they speak for themselves, and as to the latter nothing has happened.  Even if a backup range were procured the contract would be submitted to Defendant.  As past depositions have amply demonstrated, there would be no reason to subject Versnel to a continued deposition over a

document.

9.      Defendant also wishes to continue the five hour deposition of Pearson, who answered all questions asked of him.  The "new" document is the ISRA Rules of the Range booklet used by ISRA at its outdoor range in Bonfield, Illinois, which is irrelevant because Pearson is not a state-certified trainer, and can testify about the contents of the booklet, the contents of which are all common-sense.  There is no legitimate reason to question him further, but especially before the October 1, 2010 hearing.

10.      Plaintiffs continue to maintain these depositions are irrelevant to the proceedings, and that Defendant's request continues to ignore the fact that discovery closed two weeks ago.  The discovery closure date was not set arbitrarily, but after careful consideration of the issues and the upcoming hearing date.

11.      As if the requests to take more depositions are not meritless enough, Defendant actually seeks to bar Plaintiffs' witnesses from testifying as a form of sanction, as if Plaintiffs committed wrongdoing by disclosing persons' names literally as soon as Plaintiffs learned of their existence, including on the holiday of Rosh Hashannah, which both of Plaintiffs' counsel were supposed to be observing at the time.  This absurd sanctions request ignores both Plaintiffs' prompt actions and the court-ordered discovery schedule.

## ARGUMENT

"District courts have broad discretion in matters relating to discovery."  *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002).  "Under Rules 26(c) and (d), Federal Rules of Civil Procedure, a court may limit the scope of discovery or control its sequence."  *Sommerfield v. City of Chicago*, 613 F.Supp.2d 1004, 1013 (N.D.IL 2009).  "The

Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Sommerfield*, 613 F.Supp.2d at 1016 (quoting *Herbert v. Lando,* 441 U.S. 153, 177 (1979)).

**Defendant's additional discovery requests are improper and harassing, and the request for sanctions is without merit.**

Sought-After Continued Deposition of Julianne Versnel

The deposition of Julianne Versnel lasted more than five hours. It began with improper questions about Versnel's conversations with her attorney, veered into irrelevant questions about Plaintiff SAF's corporate purpose, and then moved into questions about the minutiae of the SAF-Blue Line lease.

On one topic of discussion, however, the Defendant was prescient. The Defendant's attorney questioned that the lessor, Accurate Perforating, may have legal troubles because of its contract with SAF. That lessor terminated its lease after receiving a subpoena from Defendant, forcing SAF and Plaintiffs to make alternative arrangements.

Plaintiffs have disclosed the new lease. Its terms speak for itself. There is no relevance to continuing to depose Versnel about a document that is unambiguous on its face and requires no additional interpretation.

Further, Plaintiffs find it particularly disingenuous that Defendant complains about the filing of a second TRO on September 13, 2010. First, Plaintiff's counsel attended two

6

depositions at Defendant's office on September 13.  Second, any discovery that was not already

scheduled by September 13, the closing date of discovery, was not going to be taken, regardless

of Plaintiffs' TRO Motion.

Simply put, the preliminary injunction hearing is in four days, discovery has been closed

for weeks, the Defendant already deposed Versnel for five hours,   and there is no showing of

relevance or need for the continued burden on Versnel, other than Defendant seems to want it.

The request should be denied.

Sought-After Deposition of Leo Solarte

Solarte is a real estate agent who brokered the Lease between SAF and Gillespie

Properties which was required after Accurate Perforating terminated SAF's lease.  As noted

above, the Lease itself is unambiguous and speaks for itself.  Defendant offers nothing to show

why such a deposition is needed or relevant, especially after the close of discovery.  All

Defendant offers is that Plaintiffs have disclosed the name, therefore Defendant should get to

depose him.  Defendant has offered nothing more.  That is insufficient, and is no reason to

vacate the Court's thought-out discovery schedule.

Sought-After Deposition of Gillespie Properties

This is the lessor with whom SAF contracted for a vacant lot to put the mobile range

after Accurate Perforating terminated its lease.  The lease has been disclosed.  It is

unambiguous on its face.  It is burdensome and harassing to suggest a deposition is necessary

about the validity, nature and scope of the lease, or about "authorized uses of the property."

Plaintiffs have already seen one lease canceled as a result of legal contact by the Defendant, as

well as one four-hour deposition about the plain language of a lease.  There is no need for

another such deposition, which will have no purpose except to harass and intimidate the witness.  Plaintiffs assert, moreover, this is exactly what the Defendant is after.  Short of this, however, Defendant has offered nothing to show why such a deposition is relevant or necessary.  The request should be denied.

Sought-After Deposition of Beverly Hayes

Hayes was the real estate agent who brokered the SAF-Accurate Perforating lease.  She is not a party to any contract, is not a member of SAF, and has no other involvement in this case.  Other than her conversations with Larry Cohen of Accurate Perforating and Versnel (both of which were deposed for hours), she has no bearing on this case, and Defendant has offered no reason for wanting her deposition other than her name has tangentially come up.  In light of the history and scheduling of this case, the request should be denied.

Sought-After Continued Deposition of Richard Pearson

Pearson is the Executive Director of Plaintiff ISRA, and was deposed extensively for approximately five hours on September 8, 2010.  Defendant seeks to continue his deposition over speculation about some scribbled notes, the relevance to any of the issues in this case being ephemeral, and over the ISRA Rules of the Range, which Plaintiffs have tendered to Defendant, is all common-sense, and about which Pearson testified extensively.  This is nothing more than Defendant's attempt to unduly burden and harass the Plaintiffs and witnesses, while achieving nothing that would actually bear on the issues.  Pearson already complied once.  The Defendant's post-discovery request to depose Pearson again should be denied.

Sought-After Deposition of Don Moran

Moran is the president of ISRA.  At the very least, Defendant knew of Moran on

8

September 8, 2010, when Pearson testified about him. Defendant could also have gone to ISRA's website at any time prior to September 13, 2010 to find his information. Defendant has offered nothing to suggest why Moran's deposition is now required.

<u>Sought-After Deposition of Representative of Arms To Bear</u>

Arms to Bear is a Nevada company with whom Versnel of SAF spoke regarding the supplying of a mobile range as a backup to the Blue Line range. There is no contract. It is literally someone Versnel talked to. Nevertheless, Defendant wants to depose someone from the company because of the "possibility" SAF has secured Arms to Bear's services. Of course, Plaintiffs would be required to disclose this if it were the case, and would in all certainly want to disclose such an arrangement. Further, should such a contract be executed, Plaintiffs will timely notify Defendant, obviating Defendant's need to speculate and needlessly explore "possibilities," especially well after discovery has closed. This is perhaps the most egregious example of Defendant seeking to burden and harass Plaintiffs by deposing everyone whose name gets mentioned. It is an outrageous and irrelevant request, and should be denied.

**<u>Defendant's Motion to Bar Testimony is Meritless</u>**

Plaintiffs have disclosed information to Defendant as soon as it occurs, including during observance of the Rosh Hashannah holiday. Perhaps in the days before Blackberry and e-mail this would not have been possible, but through those means Plaintiffs have kept Defendant constantly updated. Plaintiffs' counsel's reward was additional written discovery requests "requiring" compliance in 24 hours, and this Motion to bar the testimony and witnesses Plaintiffs promptly disclosed.

Leaving aside the issue of whether the second lease was necessary due to the actions of

9

Defendant causing Accurate Perforating to terminate the original lease, Plaintiffs notified

Defendants immediately regarding the second lease. Defendants have the lease, the deposit

check, and the e-mail communications regarding same. Barring evidence because it arose

through no fault of Plaintiffs towards the end of the discovery schedule is a baseless request

that ignores both the original latitude granted Defendant by the Court for conducting discovery

in the first place, and the realities of human interaction. Plaintiffs did not even attempt to

delay or hide the information; it turned the information over immediately. Perhaps Defendant

should have begun discovery sooner than August 30, 2010. The five to six wasted days before

then were entirely Defendant's fault. Sanctioning Plaintiff is unwarranted, as Plaintiffs have

done nothing wrong in complying with Defendant's fast-track discovery schedule. The request

for sanctions should be denied.

## CONCLUSION

Defendants' Motion is without merit. Discovery closed weeks ago, Plaintiffs bent over

backward to comply with the multiple written and oral discovery levied by the Defendant.

Plaintiffs' counsel attended ten depositions, including on the last day of discovery, and even

had the unique experience of doing two depositions at the same time: breaking from one to

conduct a second, and then continuing the first one afterwards.

Unsurprisingly, Defendant has filed another Motion to extend discovery, which has been

at least twice denied already. Discovery closed weeks ago. The hearing date of October 1,

2010 is approaching, with much preparation still to do by Plaintiffs' counsel. The Court should

put a stop to Defendants' repeated attempts to harass Plaintiffs after they jumped through

every one of Defendant's hoops, often with all due haste. They have offered no legitimate

10

reasons why any of the depositions/continued depositions would lead to discoverable or

relevant evidence. Defendant simply wants to force a deposition of everyone whose name has

been connected with Plaintiff's efforts, despite the lack of probative value. The request to

sanction Plaintiffs for complying with Defendant's requests is disingenuous at best. The Court

should put a stop to Defendant's tactics, and deny the Motion with prejudice.



WHEREFORE, the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN,

ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE

ASSOCIATION, respectfully request this Honorable Court to deny Defendants' Motion in its

entirety, and to grant Plaintiffs any and all relief deemed just and proper.

Respectfully submitted,

_____/s/ David G. Sigale_____
One of the Attorneys for Plaintiffs

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547
dsigale@sigalelaw.com

## CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

  1. On September 27, 2010, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

  2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


       /s/ David G. Sigale
       Attorney for Plaintiffs