**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10 CV 5135 |
| v. | ) ) | |
| CITY OF CHICAGO, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR EXTENSTION OF TIME TO ANSWER OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT**

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, and submit their Response to the Defendant's Motion for Extension of Time to Answer or Otherwise Plead to Plaintiffs' Complaint.

**STATEMENT OF FACTS**

1. Plaintiffs filed their Complaint on August 16, 2010, and served process on Defendant on August 17, 2010.

2. On September 14, 2010, Plaintiffs' counsel notified Defendant it was technically in default, and advised Defendant to correct the situation immediately.

3. Defendant asked until October 12, 2010, to respond, and Plaintiffs allowed until September 24, 2010, because Plaintiffs wish the Answer prior to the October 1, 2010 hearing.

4. As of the date of writing this document, Defendant has still not filed an Answer

or alternative responsive pleading to the Complaint.

## ARGUMENT

F.R.Civ.P. 12(a)(1)(A)(i) requires a response within 21 days after service of summons and complaint. In this case, a response was due on September 8, 2010. After that, Defendant could and can be held in default. *See* F.R.Civ.P. 55(a).

The entry of default judgment is not an abuse of discretion when the defendant fails to file an answer, despite an extension of time and a warning that further failure to answer would result in default, and the defendant demonstrated ability to file numerous documents other than answer. *See*, *e.g.*, *U.S. v. Minson*, 13 Fed. Appx. 416 (7th Cir. 2001); *See also* F.R.Civ.P.55(a). This is exactly the case here, except that the extension was from Plaintiff's counsel as opposed to being from the Court.

Plaintiffs assert the failure to answer is not merely technical. The Answer allows Plaintiffs to know which facts are in dispute, which may have significant impact on the upcoming preliminary injunction hearing and beyond. It also potentially allows the Court to know what issues are disputed, which may significantly aid the Court. Defendant's counsel has stated that it has made clear through other filings what its legal position is, but that is not a substitute for an official pleading laying out what facts are agreed-upon, and which legal defenses it is choosing to assert. This failure of Defendant is prejudicing Plaintiffs.

Nor does Plaintiffs' counsel accept the assertion that Defendant's counsel is busy. Defendant has five attorneys assigned to this case, and all but one have found time to file various Motions in this case ever since August 24, 2010. This include the Local Rule 40.4 Motion before Judge Guzman, a Motion to shorten Plaintiffs' response time to said L.R.40.4

Motion, a Motion for additional discovery, and a Motion to vacate the preliminary injunction hearing. Surely one of them can find time to draft a responsive pleading.

As to the extension date Defendant requests, to Plaintiff's counsel Defendant sought an unacceptable due date of October 12, 2010. To this Court, Defendant seeks a more unacceptable date of October 25, 2010. At a minimum, Plaintiffs request the Court order the Defendant to respond to the Complaint before the preliminary injunction hearing on October 1, 2010. Plaintiffs respectfully assert they have the right to formally know what issues are undisputed and which are in dispute at the preliminary injunction hearing.

WHEREFORE, the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, respectfully request this Honorable Court to deny Defendants' Motion in its entirety, and to grant Plaintiffs any and all relief deemed just and proper.

        Respectfully submitted,

        _____/s/ David G. Sigale_____
        One of the Attorneys for Plaintiffs

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547
dsigale@sigalelaw.com

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

    1.    On September 28, 2010, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

    2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

    /s/ David G. Sigale
    Attorney for Plaintiffs