IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RHONDA EZELL, et al,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-5135 |
| | ) | Judge Virginia M. Kendall |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE NATIONAL RIFLE ASSOCIATION FOR LEAVE
TO FILE *INSTANTER* A BRIEF AS AMICUS CURIAE**

The National Rifle Association ("NRA"), a not-for-profit membership association representing members who seek to exercise and protect their Second Amendment rights, respectfully submits this Motion for Leave to File *Instanter* a Brief as Amicus Curiae in this matter. For the reasons set forth below, the NRA respectfully requests that this Court grant the motion and permit the filing of the amicus brief attached hereto as Exhibit A.

### THE INTEREST OF AMICUS CURIAE

1. The NRA is America's foremost and oldest defender of Second Amendment rights. Founded in 1871, the NRA today has approximately four million members, including residents of Chicago, and its programs reach millions more. The NRA is America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement. The NRA also collects and publishes real-life examples of citizens from all walks of life whose lawful possession of firearms enabled them to protect themselves from violent criminals.

2. The NRA and its members have numerous interests that will be substantially affected by the outcome of this litigation. First and foremost, the NRA's Chicago members'

1

Second Amendment rights are directly infringed by the City's ban on firearms ranges and training. Ensuring that this Court applies the appropriate standard of review to Plaintiffs' challenge is thus critically important to the NRA's Chicago members.

3.  Second, the NRA and/or its members are often litigants in cases raising Second Amendment issues, and the appropriate post-*Heller* standard of review is a central feature of many, if not all, of these cases. *See, e.g.*, *Heller v. District of Columbia*, No. 10-7036 (D.C. Cir. appeal filed Apr. 1, 2010); *D'Cruz v. BATFE*, No. 5:10-cv-140-C (N.D. Tex. filed Sept. 8, 2010), *D'Cruz v. McCraw*, No. 5:10-cv-141-C, (N.D. Tex. filed Sept. 8, 2010); *Peruta v. County of San Diego*, No. 3:09-cv-02371 (S.D. Cal. filed Oct. 23, 2009).

### THE NRA'S AMICUS BRIEF WILL AID THIS COURT'S CONSIDERATION OF A CRITICALLY IMPORTANT ISSUE

4.  "A federal district court's decision to grant amicus status to an individual, or an organization, is purely discretionary. Relevant factors in determining whether to allow an entity the privilege of being heard as an amicus include whether the proffered information is timely, useful, or otherwise." *United States v. Board of Educ. of the City of Chicago*, No. 80-5124, 1993 U.S. Dist. LEXIS 14307, at *7-8 (N.D. Ill. Oct. 8, 1993) (citations and quotation marks omitted).[1]

---

[1] One judge of this Court has adopted Judge Posner's view that amicus curiae participation should be permitted only in "'a case in which a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in th[e] case [at issue]; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide.'" *Jones Day v. Blockshopper LLC*, No. 08-4572, 2008 U.S. Dist. LEXIS 94442, at *18 (N.D. Ill. Nov. 13, 2008) (quoting *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (Posner, J., chambers opinion)). But the Seventh Circuit's standard for briefs submitted in that court are an interpretation of Fed. R. App. P. 29, which does not govern amicus briefs submitted in district courts, and Judge Posner's view of the utility of amicus participation has not been regularly followed by this Court and has found little support in other courts across the country. *See, e.g.*, *Neonatology Associates, P.A. v. Commissioner of Internal Revenue*, 293 F.3d 128, 130,

5.  This Court has historically and repeatedly granted membership organizations similar to the NRA leave to file amicus briefs where the outcome of the litigation could have a substantial impact on the organization's members. *See, e.g.*, *A.R.D.C. v. Harris*, 595 F. Supp. 107, 109 n.2 (N.D. Ill. 1984) (noting that Chicago Bar Association appeared as amicus curiae in case pertaining to Illinois Attorney Registration and Disciplinary Commission); *Board of Educ.*, 1993 U.S. Dist. LEXIS 14307 at *9-10 (granting two organizations leave to file because they "represent interests that will be significantly affected by the resolution of th[e] matter," granting another organization leave to file because its "interest in th[e] proceedings [wa]s substantial," and granting a fourth organization leave to file because its members' "information and concerns may be useful in the resolution of the matter"); *United States v. Board of Educ. of City of Chicago*, 663 F. Supp. 2d 649, 661 (N.D. Ill. 2009) (amici "participation was welcome and helpful and contributed to the clarity of the issues"); *Center for Individual Freedom v. Madigan*, minute order, No. 10-4383 (N.D. Ill., Aug. 20, 2010) (in case dealing with campaign-disclosure law, granting leave to public interest organization focused on public policy regarding elections) (attached as Ex. B).

6.  For example, just a few months ago, Judge Dow granted four trade associations leave to file amicus briefs in a case raising constitutional challenges to Illinois's liquor regulations. Judge Dow credited the associations' contentions that their "members would be … affected" by the pending litigation and noted that the proffered briefs were helpful to the court (i)

---

131-33 (3d Cir. 2002) (Alito, J., chambers opinion) (recognizing the "small body of judicial opinions that look with disfavor on motions for leave to file amicus briefs," but concluding that Rule 29 does not contain the limitations suggested in those opinions and explaining that a much more permissive standard is "the predominant practice"). Indeed, in its recent Second Amendment cases, the Supreme Court itself has welcomed dozens of amicus briefs. In any event, the NRA and its members easily satisfy the second of Judge Posner's standards: as noted above, the NRA and its members are currently litigating several Second Amendment cases in which their interests may be materially affected by the standard of review adopted.

because they "assert[ed] legal arguments, some of which are new and others of which add[ed] new twists on arguments that the parties ha[d] already raised," (ii) because the issues raised in the litigation were important, and (iii) because the case was proceeding on an expedited track. *Anheuser-Busch, Inc. v. Schnorf*, docket order, No. 10-cv-1601, at 2, 3-4 (N.D. Ill. June 1, 2010) (attached as Ex. C).

7. In an earlier TRO hearing, this Court stated that "the most important thing … is to determine what standard we are going to use here." Tr. of Hr'g of Aug. 24, 2010 at 73:16-19. The Court reiterated the importance of this issue at the hearing of September 28, 2010. The NRA's amicus brief focuses on this issue—namely, the appropriate framework for reviewing Second Amendment challenges in the wake of the Supreme Court's decisions in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), and *McDonald v. Chicago*, 130 S. Ct. 3020 (2010). As in *Anheuser-Busch*, the NRA's proffered brief offers arguments, perspectives, and elaborations on this issue that are simply not be found in any of the briefs submitted by the parties to date. The NRA respectfully submits, therefore, that as in *Anheuser-Busch*, the brief offered here be helpful to the Court as it seeks to resolve a critically important constitutional issue on an expedited basis.

## CONCLUSION

For the foregoing reasons, the NRA respectfully requests that the Court grant this motion for leave to file a brief as amicus curiae.

Dated: October 1, 2010                                    Respectfully submitted,


Stephen Kolodziej                                         s/ Charles J. Cooper
Atty. ID # 6216375                                        Charles J. Cooper*
BRENNER FORD MONROE & SCOTT LTD.                          David H. Thompson*
33 N. Dearborn St., Suite 300                             Jesse Panuccio*

4

Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Motion for admission *pro hac vice* forthcoming

*Counsel for Amicus Curiae*
*The National Rifle Association*

## CERTIFICATE OF SERVICE

I, Charles J. Cooper, hereby certify that on this 1st day of October, 2010, I caused a copy of the foregoing to be served by electronic filing on:

Counsel for Plaintiffs

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale |
| 101 N. Columbus St. | Corporate West I |
| Suite 405 | 4300 Commerce Court, Suite 300-3 |
| Alexandria, VA 22314 | Lisle, IL 60532 |
| (703) 835-9085 | (630) 452-4547 |
| Email: alan@gurapossessky.com | dsigale@sigalelaw.com |

Counsel for Defendant

Michael A. Forti
Andrew W. Worseck
Mardell Nereim
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602
(312) 744-9010
mforti@cityofchicago.org
aworseck@cityofchicago.org
mnereim@cityofchicago.org
rebecca.alfert@cityofchicago.org
waguiar@cityofchicago.org

                                            s/ Charles J. Cooper
                                            Charles J. Cooper