# EXHIBIT C

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Robert M. Dow, Jr. | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1601 | **DATE** | 6/1/2010 |
| **CASE TITLE** | Anheuser-Busch, Inc., et al. vs. Schnorf, et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are (1) Proposed Intervenor-Defendant the Wine & Spirits Distributors Association's ("WSDI") motion to intervene [39], (2) Proposed Intervenor-Defendant WSDI's motion for leave to file instanter its opposition to Plaintiffs' motion for summary judgment [76], and (3) the motion of the Associated Beer Distributors of Illinois ("ABDI") for leave to file instanter its *amicus curiae* brief [81]. For the reasons stated below, the WSDI's motion to intervene [39] is respectfully denied without prejudice; however, the WSDI's motion for leave to file instanter its opposition to Plaintiffs' motion for summary judgment [76] is granted in part and the WSDI is given leave to file its opposition brief [76, Ex. 1] as an *amicus* brief. The ABDI's motion [81] is granted. Plaintiff is given until 6/8/10 to file responses to the *amicus* briefs, and this case remains set for oral argument on 6/16/10 at 10:00 a.m.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

**I.  Background**

Plaintiffs filed a lawsuit on March 10, 2010 challenging the Illinois Liquor Control Commission's construction of the Illinois Liquor Control Act of 1934 on several federal constitutional grounds. The lawsuit was spurred by Plaintiffs' contention that the Commission's action unlawfully blocked a "significant and important business transaction" – namely, the acquisition by Anheuser Busch, Inc. (an out-of-state brewer of beer) of City Beverages (an in-state distributor of beer). Most immediately, Plaintiffs seek a declaration that the Commission's construction violates the Commerce Clause. The Court has granted Plaintiffs' request for expedited briefing on that claim – a request that the State Defendants, represented by the Illinois Attorney General, did not oppose – and has set the matter for oral argument on June 16.

In addition to the original parties, two additional parties have filed motions seeking to participate in the lawsuit. The Wine & Spirits Distributors Association ("WSDI") contends that it should be given leave to intervene, both as of right and permissively in the exercise of the Court's discretion. The Associated Beer Distributors of Illinois ("ABDI"), which like the WSDI is a trade association, requests that it be given leave to file an *amicus curiae* brief. The Attorney General does not oppose either motion; Plaintiffs oppose both. The Court took full briefing on the motion to intervene and heard oral argument from all interested parties on the motion for leave to file the *amicus* brief.

The WSDI is comprised of family-owned licensed distributors of alcoholic beverages, which handle the majority of all wine and spirits distributed in Illinois. It asserts an interest in this litigation on the basis of its

contentions that (i) Plaintiffs' lawsuit challenges the three-tier distribution system of beer, wine, and spirits in Illinois and (ii) success in the lawsuit may have very serious negative consequences for the WSDI's members. In support of its motion, the WSDI contends that it would present arguments beyond those raised by the party Defendants and in fact already has set forth those arguments in writing, both in its intervention papers and in its proposed response to Plaintiffs' motion for summary judgment on their Commerce Clause claim.

The ABDI represents more than sixty licensed Illinois beer distributors. Like the WSDI, the ABDI contends that the interests of its members would be adversely affected by a successful challenge to Illinois' current three-tier regulatory system. The ABDI contends that its proposed *amicus* brief will assist the Court by providing a unique historical and policy perspective and by presenting alternative views on the merits and potential remedies in this case.

## II. Analysis

### A. Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention as of right: (1) the applicant must seek to intervene in a timely manner; (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; (4) existing parties must not be adequate representatives of the applicant's interest. *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000); *Wade v. Goldschmidt*, 673 F.2d 182, 185 (7th Cir. 1982). The Seventh Circuit has stressed that "[i]ntervention as of right will not be allowed unless all requirements of the Rule are met." *Sokaogon Chippewa Community*, 214 F.3d at 946. In addition, before intervention of right will be granted, the applicant "must have a stake in the litigation," which some courts have equated to standing in the Article III sense. *Id.* However, where it is clear that the application to intervene as of right founders on one or more of the Rule 24 requirements, the Seventh Circuit has indicated that there is no need to explore "what the outer boundaries of standing to intervene might be." *Id.*

In this instance, the Court need not resolve either the standing issue or whether the WSDI can satisfy all of the Rule 24 requirements, because "the requirement of proving inadequacy of representation by the existing parties" presents an insurmountable "stumbling block," at least at this stage of the litigation. *Solid Waste Agency of N. Cook County v. United States Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996). As Judge Posner has written, that requirement "is taken seriously" because "[i]ncreasing the number of parties to a suit can make the suit unwieldy." *Id.* And here there are two presumptions in play concerning the adequacy of the current Defendants that undermine the case for allowing intervention. First, where the would-be intervenor and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. See, *e.g.*, *American Nat'l Bank & Trust Co. v. City of Chicago*, 865 F.2d 144, 148 n.3 (7th Cir. 1989). In this case, at a minimum, the existing party Defendants and the proposed intervenor have the same ultimate objective of defeating Plaintiffs' challenge to the existing three-tier system of regulation. In addition, and perhaps even more significantly, there is a presumption of adequate representation where, as here, the party representative is a governmental body or officer charged by law with representing the interests of the proposed intervenor. See *id.* at 147-48; see also *Menominee Indian Tribe of Wisc. v. Thompson*, 164 F.R.D. 672, 676 (W.D. Wis. 1996). There is no suggestion that the State Defendants are not adequately defending this lawsuit, and it is well established that disagreements on tactics, including whether and in what manner to make certain legal arguments, is not a compelling justification for allowing intervention as of right. See *United States v. City of Los Angeles*, 288 F.3d 391, 402-03 (9th Cir. 2002) (denying intervention as of right where the differences

**STATEMENT**

between the proposed intervenors and the party were "merely differences in strategy, which are not enough to justify intervention as a matter of right"); 7C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1909 (3d ed. 2007) ("A mere difference of opinion concerning the tactics with which the litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit").

In view of the foregoing discussion, at this stage of the case the Court can do no better than to quote language from a recent Seventh Circuit decision addressing a hypothetical scenario that fits our circumstances to a T: "[h]ad the association sought to intervene earlier, its motion would doubtless (and properly) have been denied on the ground that the state's attorney general was defending the statute and that adding another defendant would simply complicate the litigation." *Flying J, Inc. v. J.B. Van Hollen*, 578 F.3d 569, 572 (7th Cir. 2009) (holding that trade association was entitled to intervene as of right on appeal where state attorney general declined to appeal adverse district court judgment). The WSDI's motion to intervene as of right therefore is respectfully denied at this time without prejudice.

    **B.**    **Permissive Intervention**

In the alternative, the WSDI asks the Court to grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). "The grant or denial of permissive intervention lies within the discretion of the district court (*Sokaogon Chippewa Community*, 214 F.3d at 949), which is to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). The Court is persuaded that the rationale for denying intervention as of right set forth above – namely, that "the state's attorney general [is] defending the statute and that adding another defendant would simply complicate the litigation" (*Flying J,* 578 F.3d at 572) – applies equally to permissive intervention. See *Menominee Indian Tribe*, 164 F.R.D. at 678 ("When intervention of right is denied for the proposed intervenor's failure to overcome the presumption of adequate representation by the government, the case for permissive intervention disappears"). That conclusion is reinforced by the approach suggested in several previous cases (and adopted here, see below) that the Court allow the would-be intervenor who cannot make the cut under Rule 24 nevertheless to participate in the litigation as *amicus curiae*.

    **C.**    **Amicus Status**

As the Court stated at the hearing on the ABDI's motion for leave to file an *amicus* brief, the critical question in considering such a motion is whether the moving party is a friend of the Court or simply a friend of a party. Here, the Court is satisfied that both the WSDI and the ABDI fall sufficiently into the former category to allow both to participate in this litigation as *amicus curiae*. In regard to the WSDI specifically, the Court's research has revealed several cases in which proposed intervenors who cannot satisfy all of the Rule 24(a) factors and likewise fall short on permissive intervention under Rule 24(b) have been given the opportunity to make their views known to the Court (and to other parties) through the vehicle of an *amicus* brief. See, *e.g.*, *Maine v. Director, United States Fish & Wildlife Serv.*, 262 F.3d 13, 19 (1st Cir. 2001) (noting that "amicus-plus status" enabled proposed intervenor to present its legal arguments on the merits); *Menominee Indian Tribe*, 164 F.R.D. at 678 (allowing proposed intervenor to participate as amicus curiae); *United States v. Brooks*, 164 F.R.D. 501, 507 (D. Or. 1995) (same). And in regard to both trade associations, based on its review of the briefs in question – the WSDI's brief in opposition to summary judgment and the ABDI's *amicus* filing – the Court concludes that the *amici* raise issues worthy of the Court's attention as to which Plaintiffs should be given an opportunity to respond. Both association assert legal arguments, some of which are new and others of which add new twists on arguments that the parties already have raised. While the

**STATEMENT**

Court is sensitive to Plaintiffs' concerns about the additional burden of responding to the arguments of the *amici*, a number of the arguments (*e.g.*, jurisdiction, constitutional avoidance) raise points that the Court would be obliged at least to consider on its own, with or without the assistance of the parties' written and oral submissions. Given the importance of the issues raised in this litigation and the expedited track on which the first specific issue – the Commerce Clause challenge – is proceeding to decision, the Court finds on balance that participation by the *amici* and additional briefing by Plaintiffs will be helpful to the Court. Accordingly, the WSDI's motion for leave to file a brief in opposition to Plaintiffs' motion for summary judgment [76] will be granted in part, and the WSDI's opposition brief [76, Ex. A] will be accepted as an *amicus* brief. In addition, the ABDI's motion for leave to file its *amicus* brief instanter [81] is granted. Plaintiff is given until 6/8/10 to file responses to both *amicus* briefs, and this case remains set for oral argument on 6/16/10 at 10:00 a.m.

Finally, the Court adds a caveat: if at a later stage of the litigation – indeed, even after a decision is rendered (see *Flying J*, 578 F.3d at 572-73) – it becomes evident that the Attorney General is not adequately representing the interests of the parties who seek to uphold the existing scheme against Plaintiffs' challenges to it, then this Court may revisit the matter of intervention. See, *e.g.*, *Maine*, 262 F.3d at 21. But for now, there will be no additional parties and two new *amici*.

### III.    Conclusion

For the reasons stated above, the WSDI's motion to intervene [39] is respectfully denied without prejudice; however, the WSDI's motion for leave to file instanter its opposition to Plaintiffs' motion for summary judgment [76] is granted in part and the WSDI is given leave to file its opposition brief [76, Ex. 1] as an *amicus* brief. The ABDI's motion for leave to file an *amicus* brief instanter [81] is granted. Plaintiff is given until 6/8/10 to file responses to the *amicus* briefs, and this case remains set for oral argument on 6/16/10 at 10:00 a.m.