**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EZELL, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-5135 |
| ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Plaintiffs' Complaint on the grounds set forth below.[1]

**Background**

1. On August 16, 2010, Plaintiffs filed their Complaint in this action, alleging that the City's Responsible Gun Owners Ordinance (the "Ordinance") violates their constitutional rights by prohibiting shooting ranges and/or firearm training within the City.

2. Six Plaintiffs have brought this action. Three of the Plaintiffs – Rhonda Ezell ("Ezell"), Joseph Brown ("Brown"), and William Hespen ("Hespen") – are individuals residing in the City of Chicago. *See* Compl., ¶¶ 1,2,3. Plaintiffs allege that they would frequent gun ranges in the City, for purposes of both completing the one-hour training requirement under the Ordinance and for recreational shooting, if such ranges existed. *Id*. at ¶¶ 28, 30-33.

3. The other three Plaintiffs are organizations: (1) Action Target, Inc. ("Action Target"),

---

[1] The City intends to file a memorandum in support of this motion after the Court enters a briefing schedule.

a Utah company engaged in the design and construction of gun ranges; (2) Second Amendment Foundation, Inc. ("SAF"), a Washington state non-profit group whose purposes include education, research, publishing and legal action focusing on the constitutional right to privately own and possess firearms; and (3) Illinois State Rifle Association ("ISRA"), an Illinois non-profit group whose purposes include securing the constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. *Id*. at ¶¶ 4, 5, 6. Both SAF and ISRA have brought this action on behalf of themselves and their individual members. *Id*. at ¶¶ 5, 6.

4. Plaintiffs assert two counts in their Complaint. First, in Count I, Plaintiffs allege that the City's ban on the operation of gun ranges within the City violates their Second Amendment right to keep and bear arms. *Id*. at ¶ 47. In Count II, Plaintiffs allege that the City's ban on gun ranges violates their First Amendment right to free speech. *Id*. at ¶ 50. Plaintiffs' claims fail for the reasons set forth below.

## Plaintiffs' Claims Fail As A Matter of Law

**A.      Plaintiffs Have Failed to State a First Amendment Claim.**

5. Plaintiffs allege that, "by banning gun ranges open to the public, and by effectively banning the loan, rental, and borrowing of functional firearms at ranges open to the public," the City is violating their First Amendment rights to free speech. Compl., ¶ 49.

6. The only activities prohibited by the range ban is the operation of or shooting of guns at a gun range. Those activities are not encompassed by the First Amendment.

7. No court has ever held that firing a gun or using a shooting range is conduct protected by the First Amendment. And, in *Northern Indiana Gun & Outdoor Shows, Inc.*, 104 F. Supp.2d 1009, 1013-14 (N.D. Ind. 2000), the court held that bringing guns to a gun show to show them off,

have them repaired, or sell them did not convey a particular message or contain an expressive component, and thus fell outside the scope of the First Amendment. Therefore, the First Amendment claim should be dismissed as a matter of law as against all Plaintiffs.

**B.     The Organizational Plaintiffs Cannot State Any Second Amendment Violation.**

8.     Plaintiffs Action Target, SAF, and ISRA do not possess any right protected by the Second Amendment, and thus cannot state any cognizable Second Amendment claim.

9.     The only right under the Second Amendment recognized by the Supreme Court is an *individual* right to keep and bear arms for purposes of self-defense. *See District of Columbia v. Heller*, 128 S. Ct. 2783, 2799 (2008); *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3050 (2010) (plurality opinion). Organizations do not possess the rights of individuals.

10.     Accordingly, the Second Amendment claims brought by Action Target, SAF, and ISRA should be dismissed as a matter of law.

**C.     Plaintiffs' Claim that the Second Amendment Protects the Right to Shoot Guns at a Range Fails as a Matter of Law.**

11.     Plaintiffs allege that the Ordinance violates their Second Amendment rights because the Second Amendment "secures the right to operate firearms at a range, for purposes of learning about firearms, gaining proficiency with firearms, obtaining any training required as a condition of firearms ownership, recreation, and competition; and the right to own an operate a range for these purposes." Compl., ¶ 45.

12.     Plaintiffs have failed to state a claim that the Ordinance's prohibition on shooting ranges violates their Second Amendment rights because there is no Second Amendment right to operate or shoot at a gun range.

13. The only right recognized under the Second Amendment is the right to possess handguns in the home for purposes of self-defense. *Heller*, 128 S. Ct. at 2799; *McDonald,* 130 S. Ct. at 3050 (2010) (plurality opinion). *See also United States v. Skoien*, --- F.3d --- , 2010 WL 2735747, at *1 (7th Cir. July 13, 2010) (*en banc*) (*Heller* recognized right to "keep[] operable handguns at home for self-defense").

14. *Heller* warned readers "not to treat [it] as containing broader holdings than the Court set out to establish." *Skoien*, 2010 WL 2735747, at *1 (quoting *Heller,* 128 S. Ct. at 2816-17 & n.26 (cautioning that opinion should not be read to "cast doubt" on various "presumptively lawful" restrictions on arms use)).

15. Nothing in the analysis of the *Heller* Court, whose task it was to discern the "original understanding" of the Second Amendment at the time of its ratification in 1791, *Heller*, 128 S. Ct. at 2816, suggests or indicates that the Second Amendment encompasses operating or shooting at gun ranges.

16. Moreover, although the Ordinance requires training as a condition to gun ownership, that requirement does not bring the operation of or shooting at gun ranges within the scope of the Second Amendment. Municipal ordinances cannot alter the meaning and scope of the United States Constitution.

17. Accordingly, there is no cognizable right under the Second Amendment to operate or shoot at a gun range, and Plaintiffs' claim based on this theory should be dismissed.

18. The City intends to file a memorandum in support of this motion, which it is in the process of preparing. Therefore, the City requests that the Court enter a briefing schedule on this motion.

WHEREFORE, for the above reasons, Defendant City of Chicago respectfully requests that the Court dismiss Plaintiffs' Complaint on the grounds set forth above and enter a briefing schedule.

Date: October 8, 2010					Respectfully submitted,

							MARA S. GEORGES,
							Corporation Counsel for the City of Chicago

							By:	/s/ Rebecca Alfert Hirsch
								Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendant