09:52:01

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RHONDA EZELL, et al., Case No. 1:10-cv-05135

Plaintiffs, Chicago, Illinois
August 24, 2010
v. Emergency Motion for TRO

CITY OF CHICAGO,

Defendant.

-------------------------------

VOLUME 2
TRANSCRIPT OF EMERGENCY MOTION FOR TRO
BEFORE THE HONORABLE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs: Gura & Possessky, PLLC
By: Alan Gura
101 N. Columbus St., Ste. 405
Alexandria, VA 22314
(703) 835-9085

- and -

Law Firm of David G. Sigale, P.C.
By: David G. Sigale
4300 Commerce Ct., Ste. 300-3
Lisle, IL 60532
(630) 452-4547

**APPEARANCES:**

For the Defendant: Chicago Corporation Counsel
By: Andrew W. Worseck, and
William M. Aguiar
30 N. LaSalle Street
Chicago, IL 60602
(312) 744-2784

**COURT REPORTER:** FEDERAL OFFICIAL COURT REPORTER
April M. Metzler, RPR, CRR, FCRR
219 South Dearborn St., Rm. 2318-A
Chicago, IL 60604
(312) 408-5154
April_Metzler@ilnd.uscourts.gov

Proceedings recorded by mechanical stenography; transcript produced by notereading.

09:52:05 (Resumed at 9:52 a.m.)

09:52:05 THE CLERK: Case number 10C5135, Ezell versus City of
09:52:17 Chicago.

09:52:17 MR. WORSECK: Good morning, your Honor. Andrew
09:52:19 Worseck for the City of Chicago.

09:52:20 THE COURT: Good morning.

09:52:21 MR. AGUIAR: Good morning, your Honor. William
09:52:22 Aguiar also for the City of Chicago.

09:52:24 THE COURT: Good morning.

09:52:24 MR. GURA: Good morning, your Honor. Alan Gura for
09:52:28 the plaintiffs.

09:52:28 THE COURT: Good morning.

09:52:28 MR. SIGALE: Good morning, your Honor. David Sigale
09:52:29 for the plaintiffs.

09:52:30 THE COURT: Okay. Good morning, folks.

09:52:31 So I spent the night reading Second Amendment cases,
09:52:34 very interesting, and I think we have, in my opinion, the most
09:52:41 important thing for us to look at is to determine what
09:52:43 standard we are going to use here.

09:52:46 And I know plaintiffs would like me to use the strict
09:52:50 scrutiny standard essentially saying that possession of a
09:52:53 firearm is so intricately related to shooting it at the firing
09:52:58 range that I should use the highest of the standards. The
09:53:02 City in response is saying -- I think I've heard two things --
09:53:04 I think rational basis in some regards or maybe an

09:53:08 intermediate scrutiny.

09:53:10 And so in looking at the cases that were presented to 09:53:12 me both orally and in the papers, I note that the plaintiffs' 09:53:19 position that strict scrutiny should apply is not supported in 09:53:24 any particular case as of yet. I think this issue as to 09:53:28 whether the use of a weapon in a particular location comes 09:53:32 from the core value of the Second Amendment, as defined in 09:53:37 McDonald and Heller, is not set forth in any other subsequent 09:53:41 case to that or in that case in particular.

09:53:43 I think that the cases that have looked at it 09:53:47 subsequent to those cases have looked at a class of prohibited 09:53:50 individuals and they have looked at a class of weapons or they 09:53:57 have looked at, right, different type of weapons, such as the 09:54:01 obliterated serial number, the Third Circuit case. And so 09:54:06 each of those cases that have looked at the scrutiny to be 09:54:08 applied in those settings have applied an intermediate 09:54:12 scrutiny.

09:54:12 And I think to be on the safe side, the Court is 09:54:16 inclined to apply an intermediate scrutiny, although I think 09:54:20 the City probably could make an argument that the lower level 09:54:27 of scrutiny is available to them still, although they haven't 09:54:31 really done that or certainly haven't elucidated that.

09:54:36 So we start then with an understanding, from my 09:54:38 perspective, that we are not looking at this from a strict 09:54:43 scrutiny standard but we are looking at it from an

09:54:46 intermediate scrutiny standard.

09:54:47 The City, though, has problems with that in that if 09:54:50 we are looking at time, place, manner restrictions, we have an 09:54:57 absolute ban on all firing ranges within the City. We don't 09:55:01 have any details about where one might be placed or how one 09:55:05 might be placed.

09:55:06 So that is my analysis of your scrutiny standard. So 09:55:11 moving forward I think that will be one main issue to address, 09:55:16 is the level of scrutiny to be applied. This Court will apply 09:55:20 intermediate scrutiny today.

09:55:22 Now, have we irreparable injury and inadequate remedy 09:55:29 at law today? I don't think so. I don't think you have it 09:55:32 today. I'll tell you why.

09:55:34 I think that right now under an intermediate scrutiny 09:55:39 standard what you have is you have the ability of your 09:55:41 plaintiffs, who are the individual plaintiffs, to move outside 09:55:45 of the borders of the city to get their training before 09:55:48 October 8th. And so they do have a remedy and an avenue and 09:55:54 they have been doing that, according to their affidavits.

09:55:57 As far as the firing range, the mobile one, it can't 09:56:02 get here yet. According to your own representations, it is a 09:56:08 contracted vehicle that looks like it's coming at the earliest 09:56:12 mid-September. For that reason, there is no immediate as of 09:56:16 June -- or what is today -- August 24th injury that is 09:56:21 irreparable.

But that is a denial without prejudice, meaning that it can be soon enough an irreparable injury. And I think that this changes my previous ruling yesterday about the preliminary injunction, because I gave the City time to do this discovery. And now I see that it would much better benefit the parties and the Court to address it on a much more expedited basis. And so I want to change my discovery rulings, so that we get a completely briefed preliminary injunction motion before the Court before that October 8th ruling.

I also am saying to the plaintiffs, this is a denial without prejudice. This is one that you can bring again, which should raise a concern on the City's part as far as this intermediate scrutiny analysis, because when you apply it, you'll see that we have some issues as to whether or not you have any reasonable time, place, manner bases.

I also feel like the City needs to give me in future filings a more elucidated basis for its reasons for eliminating them within the borders. It is so atypical from the other cases that I read in that when we were looking at restrictions in the 922 context, for example, we were saying, If you're a felon, you can't have a weapon. If you possess this type of weapon, you can't. If you have an obliterated serial number, you can't possess this. So we are very categorically looking.

You have a very interesting and incongruous approach, which is you can't use a firing range within our borders, but you must have firing range certification to possess. That's very unique, and I haven't seen anything like it in any of the case law.

So, to me, this is first impression, and I am today denying the TRO, based upon the fact that immediately there is no irreparable injury for the plaintiffs, who have been presented to the Court today. But that injury is moving along a time line and it's going to move up to a point where it's very possible to become irreparable injury.

So I think that leaves you in a posture to go back and talk. It leaves me in a different posture. I'd like to get a different schedule for you.

So I know that the City wants to do some discovery. And if I work back in time from that October 8th deadline, what I'd like to see then is: Any discovery shall be completed by September 13th; and then any response to the preliminary injunction would be due on the 20th; and any replies would be due on the 27th. And then I am going to have a hearing on October 1st.

Let me make sure I'm not jumping on to a pretrial conference.

Okay. So I'm going to do that at 1:00 o'clock in the afternoon on October 1st.

09:59:32 And I think that I would like to see in your filings more addressing the unique nature of this fact basis as far as the scrutiny to be applied, and I think that I would like to see more of a reason for the City's prohibition on these firing ranges. I literally went through all my notes and all I found was there would be bullets flying en masse and people would be transporting weapons. But that transportation of weapons doesn't make any sense, because you'd have to transport your weapon to get out of the City borders to go to the other firing ranges.

So if you're requiring everyone to take their weapons outside to the suburbs to fire them in order to get certified to possess them, that doesn't wash. And so I think that you have some thinking to do about how you're going to approach this in the future, in the very, very near future.

So that will be my new schedule for you, and it is denied without prejudice. It can be readdressed. And I think I'd rather have you all focus on this preliminary injunction, so that we can address it in the proper fashion.

Meanwhile, there's the case of relatedness. I assume the motion for relatedness is still pending -- has it been filed in court --

MR. WORSECK: It has been filed and it will be presented on Thursday.

THE COURT: Okay. Well, I'm just going forward with

10:00:55 my case and he'll do what he has to do.

10:00:57 Okay. All right. That's my ruling --

10:01:00 MR. WORSECK: Your Honor, just one remark -- actually 10:01:02 two remarks. We certainly appreciate your comments on what 10:01:07 you'd like to see going forward on some of these issues.

10:01:10 With respect, we had less than half a day --

10:01:12 THE COURT: Oh, I know.

10:01:13 MR. WORSECK: -- literally to get something before 10:01:15 your Honor --

10:01:15 THE COURT: Sure, and that's what a TRO does, right. 10:01:17 I know.

10:01:18 MR. WORSECK: But going forward, certainly we will do 10:01:20 our best to address those issues.

10:01:22 With respect to the new schedule you've set for the 10:01:27 preliminary injunction motion, again, I would request, with 10:01:33 respect, that we keep the prior schedule for this reason. As 10:01:36 we discussed yesterday, even if the plaintiffs were granted 10:01:40 all of the relief they seek, all of the injunctive relief they 10:01:44 seek and the range ban were enjoined in toto, in perpetuity or 10:01:50 indefinitely, they would still not be able to open these 10:01:53 mobile ranges in the city for numerous reasons that we 10:01:57 discussed yesterday, relating to the public safety, relations, 10:01:57 and standards. But very specifically at the outset they would 10:02:01 not have any proper zoning --

10:02:03 THE COURT: Right. I mean, I read your whole

10:02:05 futility argument, but I really think that this is reasonable. 10:02:09 There's little basis for discovery needed at this point. And 10:02:14 most of what you are doing is arguing your cases on the law 10:02:18 that exists now and the facts that you have now. I don't 10:02:21 think you need it.

10:02:23 I was generous enough to give you the 30 days. I 10:02:26 don't think you need more than that. Today is only the 24th, 10:02:29 and that gives you all of the rest of this week, next week, 10:02:34 and two more weeks into September. That's plenty of time to 10:02:37 do what you need to do, based upon what you said you needed it 10:02:39 for yesterday, so the oral request is denied. I am going to 10:02:43 continue with this schedule.

10:02:43 Anything else?

10:02:45 MR. GURA: Just to clarify one point, your Honor. 10:02:47 You stated that the motion is being denied without prejudice. 10:02:51 I assume that your Honor is speaking about the motion for a 10:02:54 TRO --

10:02:54 THE COURT: The TRO. The preliminary injunction is 10:02:55 still pending.

10:02:56 MR. GURA: That's right.

10:02:56 THE COURT: This is just a TRO, because, in my 10:02:59 opinion, you have not established irreparable injury as of 10:03:02 August 24th. Right now those individual plaintiffs can get 10:03:06 their certification outside of the borders of the city. They 10:03:11 have shown us that they can do it in the past and they are

going to do it. They have the ability to do it.

MR. GURA: Okay.

THE COURT: We have a gun range, firing range, mobile range that can't even come in here until September 15th, so you have no irreparable injury to them on August 25th that they can't move in here today.

And the gun shop, similarly, there's no one -- I haven't seen --

MR. GURA: Sure.

THE COURT: -- any documentation that as of today I've got a spot in a storefront that I want to open up that they are prohibiting me from opening up.

MR. GURA: What my client will probably ask me --

THE COURT: Okay.

MR. GURA: -- is -- and this is why I am asking your Honor -- what if they could make arrangements to bring the range prior to September the 15th?

THE COURT: I am not in the business of crystal balls. I am in the business of responding to ripe issues of controversy.

MR. GURA: Sure.

THE COURT: So that's your issue and not mine. All right.

MR. GURA: Okay. That's fair.

THE COURT: Okay. Thanks, folks.

10:04:04 MR. GURA: Thank you, your Honor.

10:04:05 MR. WORSECK: Thank you, your Honor.

10:04:07 MR. AGUIAR: Thank you, your Honor.

10:04:08 MR. SIGALE: Thank you, your Honor.

10:04:09 (Concluded at 10:04 a.m.)

- - -

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/April M. Metzler, RPR, CRR, FCRR August 24, 2010

April M. Metzler, RPR, CRR, FCRR Date

Official Federal Court Reporter