# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA EZELL, et al., | ) | Case No. 10-CV-5135 |
| | ) | |
| Plaintiffs, | ) | **NOTICE OF APPEAL** |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN** that Rhonda Ezell, Joseph I. Brown, William Hespen,

Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association,

plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the

Seventh Circuit from the order denying plaintiffs' motion for preliminary and permanent

injunctive relief, entered in this action on the 12th day of October, 2010.

Dated: October 28, 2010          Respectfully submitted,

Alan Gura (admitted pro hac vice)     David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC          Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405    4300 Commerce Court, Suite 300-3
Alexandria, VA 22314           Lisle, IL 60532
703.835.9085/Fax 703.997.7665     630.452.4547/Fax 630.596.4445

By: /s/ Alan Gura/ _____   By: /s/ David G. Sigale/ _____
    Alan Gura                   David G. Sigale

                               Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the plaintiffs, hereby certifies that on October 28, 2010, he served a copy of the above Notice of Appeal, and this certificate of service, on:

Andrew W. Worseck
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).


/s/ Alan Gura_____
Alan Gura

2

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:  10 cv 5135

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Ezell/appellant | | City of Chgo/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Alan Gura | Name | Michael A. Forti |
| Firm | Gura & Possessky | Firm | City of Chgo./ Dept. Of Law |
| Address | 101 N. Columbus St. Suite 405 Alexandria, VA 22314 | Address | 30 N. LaSalle St. Suite 900 Chgo.Il. 60602 |
| Phone | 703) 835-9085 | Phone | 312) 744- 9010 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Kendall | Date Filed in District Court | 8/16/10 |
| Court Reporter | A. Metzler   X-408-5154 | Date of Judgment | 10/12/10 |
| Nature of Suit Code | 950 | Date of Notice of Appeal | 10/28/10 |

COUNSEL:          Appointed ☐          Retained [X]          Pro Se ☐

FEE STATUS:          Paid [X]          Due ☐          IFP ☐

          IFP Pending ☐          U.S. ☐          Waived ☐

Has Docketing Statement been filed with the District Court Clerk's Office?          Yes ☐          No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

          Granted ☐          Denied ☐          Pending ☐

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Case: 1:10-cv-05135 Document #: 37 Filed: 10/12/10 Page 4 of 35 PageID #:462

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 4.1.1
### Eastern Division

Rhonda Ezell, et al.

                           Plaintiff,

v.

                                                 Case No.: 1:10–cv–05135
                                                 Honorable Virginia M. Kendall

City Of Chicago

                           Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 12, 2010:

       MINUTE entry before Honorable Virginia M. Kendall:Enter MEMORANDUM, OPINION AND ORDER: Plaintiffs have failed to support their contention that they have been irreparably harmed by the Citys ban on firing ranges. Each individual plaintiff has the ability to travel to have firing range training conducted outside of the Citys borders and the organizational Plaintiffs have failed to support their contention that residents are unable to obtain their training outside the City with any evidence. Even if Plaintiffs could demonstrate that they were harmed by the new ordinance, that harm can be remedied through monetary damages in the likelihood that they succeed on the merits. Finally, no court has expanded the breadth of the Second Amendment right of possession within ones residence as established in Heller to the right to train at a firing range within ones municipality and therefore there is questionable likelihood of success on the merits. Therefore, Plaintiffs motion for preliminary injunction is denied. Mailed notice(tsa, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., AND ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 10 C 5135 <br><br> Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Prior to the Supreme Court's decision in *District of Columbia v. Heller*, 128 S.Ct. 2783, (2008), the City of Chicago ("City") enforced a complete ban on the possession and use of handguns within its borders.  In  *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), the Supreme Court extended its holding in *Heller* to the states and the City was required to draft a new ordinance that would comply with the holding that an individual's Second Amendment right to possess a handgun in the home for self-defense was now applicable to the states.  In response, the Chicago City Council determined that it would pass an ordinance that "provides for the reasonable regulation of firearms in compliance with the rulings of the Supreme Court, but still is effective in protecting the public from the potential deadly consequences of gun violence in our city."  (Prelim. Inj. Hr'g, Def. Exh. 1, Chicago Responsible Gun Ownership Ordinance.)  Possession of firearms within the City is now allowed pursuant to the requirement that residents obtain a Chicago Firearms Permit ("CFP").  *See* Chi. Mun. Code § 8-20-110(a).  The permit requires that each resident obtain an affidavit signed by

a firearms instructor showing that the applicant has completed a firearm training and safety course which includes four hours of classroom instruction and one hour of firing range training.

The problem for Plaintiffs is that the same ordinance prohibits the operation of any firing ranges within the City's borders. *See* Chi. Mun. Code § 8-20-280. Three individual residents, Rhonda Ezell, Joseph I. Brown, William Hespen, the Second Amendment Foundation, the Illinois State Rifle Association, and a company in the business of designing and building firing ranges, Action Target, Inc., filed suit alleging that their Constitutional rights were violated by requiring them to travel outside of the City's borders to obtain the one-hour of firing range training.

Six days after filing their Complaint, Plaintiffs moved for a temporary restraining order seeking to enjoin the City from enforcing the ordinance. Plaintiffs claim that their Second Amendment rights have been violated due to the firing range ban because they now must travel outside of the City limits in order to obtain their one-hour of range training in order to obtain their CFP and possess a firearm. They assert that the Second Amendment is violated by the City's ordinance in that it has linked possession with the firing range training, and as a result, by banning firing ranges within its borders, the City is, in effect, prohibiting their possession of firearms. They brought an emergency TRO on the theory that an amnesty provision within the ordinance expires today, October 12, 2010, and that they (both the individual plaintiffs and the organizations that represent other firearm owners) would not be able to complete the range training prior to that time. The amnesty provision within the ordinance applies to all residents who already possess firearms. *See* Chi. Mun. Code § 8-20-140(d)(2). Those individuals must also obtain a CFP for the firearms in their possession by that date in order to continue to possess them. Residents were notified of this requirement publicly on July 7, 2010. Plaintiffs conjecture that approximately several thousand

2

individuals possess firearms in the City and that the deadline therefore could not be met by all

residents because no firing ranges exist within the City's borders.  Plaintiffs seek to bring a mobile

firing range into the City in order to aid its residents in meeting this amnesty deadline.  Without this

help, according to Plaintiffs, many residents will not be able to obtain their permits.

At that first TRO hearing, this Court held that the parties had not established irreparable harm

and denied the motion.  Plaintiffs at that time had failed to demonstrate that the individual

defendants could not travel outside of the City to obtain range training within the remaining seven

week period leading up to the amnesty deadline.  The Court, however, provided the parties a period

of time for expedited discovery, followed by a full briefing schedule on the preliminary injunction

motion, and set a preliminary injunction hearing prior to the ordinance's deadline.  The parties

embarked on their discovery, returning occasionally to court to hammer out their discovery disputes.

Approximately three weeks after their first emergency TRO motion, Plaintiffs filed a second

motion for a temporary restraining order on September 13, 2010, this time alleging that changed

circumstances existed which required them to return to the Court seeking emergency relief prior to

the Court's scheduled preliminary hearing.  Specifically, Plaintiffs claimed that they now had a

contract in place to bring in a mobile firing range and they had obtained a location on the south side

of the City where the range could be placed in order for residents to obtain training at that location.

This Court denied the second motion for TRO again for failure to meet the burden of irreparable

harm and for failure to demonstrate that there was no adequate remedy at law.  The Court informed

Plaintiffs that the existence of a remedy for the alleged violation (the ability to bring in the mobile

range) did not relieve them of the requirement to show that they were being irreparably harmed by

the City's ordinance which required them to travel outside of the City to obtain the firing range

3

training.  The parties then completed their expedited discovery and their briefing on the preliminary

injunction and the Court held a hearing over a two-day period where both sides were permitted to

present factual evidence and to argue the law.

Now after the benefit of full briefing, an amicus brief filed by the National Rifle Association,

and two days of witness testimony, this Court concludes that Plaintiffs have failed to meet their

burden in establishing that they have suffered an irreparable injury and that they have no adequate

remedy at law.  Plaintiffs' preliminary injunction motion is therefore denied for the following

reasons.

## I.  Summary of Testimony

The Court allowed the parties to conduct expedited discovery in order to present support for

the preliminary injunction within the time-frame permitted that would allow the Court to analyze the

issues prior to the amnesty period expiring.  After this expedited discovery period and after full

briefing on the preliminary injunction, the Court held a hearing at which time the parties presented

witness testimony and argument over a two-day period.  Plaintiffs called three witnesses: Christopher

Hart, a firing range consultant; Julianne Versnell, the Director of Operations for the Second

Amendment Foundation; and Richard Pearson, the Executive Director of the Illinois State Rifle

Association.  None of the individual plaintiffs was called as a witness.  In response, the City called

two witnesses: Pattie Scudiero, Commissioner of the Chicago Department of Zoning and Land Use

Planning; and Sgt. Dan Bartoli the former Range Master for the Chicago Police Department.

### A.  Christopher Hart

Christopher Hart is the Midwest Range Consultant for Action Target, Inc.  Action Target

builds and services firing ranges for law enforcement and public use, though the vast majority of

4

their business is for law enforcement agencies.  Within Chicago, Action Target manages the U.S. Postal Service range, Federal Reserve range, and the Customs and Border Protection range.  Action Target has also proposed retrofits for the Federal Air Marshall's range near O'Hare airport.  The Postal Service range is near a hotel and a playground.  The Federal Reserve range is located on the seventeenth floor in downtown Chicago, among office buildings.  Action Target did not build or choose the location of any of the Chicago ranges, they merely retrofit them or have proposed to retrofit them.  Action Target also manages Mega Sports, Inc. in Plainfield, a suburb of Chicago.  Mr. Hart believes there is a market for public ranges in Chicago, but he has not had conversations with potential investors since July, when he spoke to them about joining the instant lawsuit.

Mobile ranges use equipment similar to those used in outdoor ranges.  The additional factors that Hart would consider for a mobile range include sound control and parking.  Hart knows of mobile ranges used at the ILEDA Conference where a mobile range is parked in a hotel parking lot and is used by law enforcement officers all day without complaints.  In addition, Arms to Bear uses a mobile range in Nevada that is open to both law enforcement and the general public.  However, Hart is only aware of three ranges in the United States that are open to both law enforcement and the general public.  Hart estimates it costs $30,000 - $50,000 to construct a shooting range lane, plus an additional $15,000 - $30,000 per lane for ventilation.  It takes nine to twelve months to construct a permanent range.  Action Target does not monitor accidents at ranges.

B. Julianne Versnell

Julianne Versnell is the Director of Operations of the Second Amendment Foundation ("SAF"), a non-profit based in the state of Washington.  SAF has 650,000 members in the United States, 1700 of whom reside in Chicago.  SAF coordinated with the other plaintiffs in this case to

secure two locations and contract with them regarding the placement of a mobile range. Versnell spoke with Rich Pearson of the Illinois State Rifle Association ("ISRA") about potential safety issues. ISRA will be responsible for managing the proposed Chicago mobile range, which will be in a truck provided by Blue Line. Firearms will be provided at the range; customers will not be allowed to bring their own guns. There will also be security guards on site.

Versnell does not have first-hand knowledge of the mobile range she is contracting to bring to Chicago, she is relying entirely on what Blue Line's President Jerry Tilbor says. Her contract is for one week beginning October 6, 2010 although she has the ability to contract for other weeks. Versnell also does not know if ISRA has ever operated a mobile range. Versnell has not been personally to examine either of the properties she has contracted with, but she did speak to one of the property owners and a real estate agent about placing a mobile range there. Versnell likened this process to a "learning experience" and she does not know which property she would use if the Court granted the preliminary injunction.

C.  Richard Pearson

Richard Pearson is the Executive Director of the Illinois State Rifle Association. ISRA owns a shooting range sixty miles away in Bonfield, IL where it trains members of the public and educates them about gun safety. It does not have any experience operating a mobile range and Pearson had not spoken to anyone with experience operating a mobile range prior to October 1, 2010, nor has Pearson spoken to anyone from the City of Chicago about operating a mobile range. Pearson has spoken to four range instructors and will work with them and ISRA to develop the teaching element of gun training for the mobile range. Pearson will develop and write a safety protocol for the mobile range after the truck arrives, and he expects it will take him fifteen minutes to adjust his safety

6

protocol from a permanent outdoor range to a mobile range.

The only weapons to be used at the proposed Chicago mobile range will be one revolver and one semi-automatic pistol, provided by ISRA. The guns will not be stored overnight at the range. The mobile range will be by appointment only. Each training session is expected to last one hour and five minutes per person, and no previous classroom experience will be required. Pearson is not aware of the location of the closest hospital to the mobile range site, or if toilets and hand-washing facilities will be available or allowed on site. Pearson admits that if hand-washing facilities are not allowed on-site, he would be forced to look for a new location to place the mobile range.

### D. Pattie Scudiero

Pattie Scudiero is the Commissioner of the Chicago Department of Zoning and Land Use Planning, a position she has held since 2008. She has been a Zoning Administrator since 2006. Every property in Chicago is zoned for something. When new uses for properties arise that were not in the original zoning ordinance, her office assesses the new uses and then recommends an assessment to the city council. Though she has never been to a gun range, Scudiero believes they would fall within the intensive use category because they could pose a threat to the health, safety, and welfare of residents. Therefore, the ranges, if allowed in Chicago, would be zoned for the manufacturing districts. Manufacturing districts typically contain businesses utilizing incinerators, or involved in rock-crushing, adult uses, catering, or other types of light industry. Scudiero believes gun ranges would also have to apply for a special use permit with the Chicago Zoning Board of Appeals. Special use permits require that neighbors get notice and a public hearing before the permit is issued. Scudiero does not think the 6300 S. Bell site is appropriate for a mobile range.

Scudiero's office does not control any of the federal firing ranges located in Chicago. She

does not see any harm in allowing the Chicago Police Department ("CPD") to operate firing ranges in the city because they do not allow public access. Scudiero did not participate in drafting the Chicago Firearms Ordinance 8-20-280. She also has no personal knowledge regarding the noise or pollution that emanate from a firing range. She has not heard of any complaints from residents about the CPD firing ranges.

E.  Sgt. Dan Bartoli

Dan Bartoli has been with the CPD since 1995. Until two weeks ago, he was the Range Master for the CPD, and in this capacity he supervised all firearms training within the CPD and its approximately 13,500 members. The CPD has six ranges in Chicago, and they are limited to CPD or military use and do not allow public access. They are also all permanent ranges, with 24/7 security from sworn officers.

Bartoli sees mobile ranges as a threat to public safety because they are in the open and raise issues concerning human traffic management. Bartoli advised anyone seeking to open and operate a mobile range that they should use opaque permanent fencing, have only one entrance, a secure parking lot, a separate area for loading and unloading of weapons, and a separate area for live fire. Bartoli also counseled that people do not follow directions at ranges, and even CPD officers will violate the rules and bring their own guns to the range. Bartoli sees this as being a problem for a mobile range, with armed customers wanting advice on how to use their particular gun even if ISRA is providing weapons to use during live fire. He also sees customers bringing their own guns to the range as a safety risk to themselves, as they will be more prone to crime and theft in the parking lot.

Bartoli noted that all of his permanent ranges had washrooms with lucrative amounts of cold running water and soap. He estimates it takes him two to three days to set up a brand new facility

and its standard operating procedure. Bartoli thinks the Accurate Perforating site is problematic because of the many other businesses on site, and that the 6300 S. Bell property is problematic because of the single-family residents who live nearby and the train cars on the lot.

Bartoli agrees that training can help prevent accidents and can make you safer. The CPD has a total of forty-five firing lanes at its five ranges and its Academy in Chicago. The CPD is looking to expand this number because it is having difficulty training one-third of the CPD force (approximately 13, 500 officers) each year on so few lanes. Bartoli does not believe the CPD ranges have a negative effect on the neighborhoods they are in.

## II. Standard of Review

Like all forms of injunctive relief, a preliminary injunction is "an extraordinary remedy that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865 (1997) (emphasis in original). In the Seventh Circuit, a court must consider the following factors in deciding whether to grant a preliminary injunction: (i) the presence of irreparable harm to the moving party; (ii) the absence of an adequate remedy at law; (iii) the balance of the harms between the parties; (iv) the prospect of some likelihood of success on the merits of the claim; and (v) the public interest. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386-88 (7th Cir. 1984). The first two factors must be considered at the threshold, for when the moving party cannot make any showing of irreparable harm and has no likelihood of success on the merits, a motion for preliminary injunction ordinarily will be denied on that ground alone. *See Praefke Auto Elec. & Battery Co. v. Tecumseh Prods. Co.*, 255 F.3d 460, 463 (7th Cor. 2001); *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11-12 (7th Cir. 1992). Under the "sliding scale" approach employed in this circuit, "the more likely the plaintiff will succeed

on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Ty, Inc.*

*v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). "The sliding scale approach is not

mathematical in nature, rather it is more properly characterized as subjective and intuitive, one which

permits district courts to weigh the competing considerations and mold appropriate relief. *Id*. at 895-

96 (internal quotations and citations omitted).

## III.  The City's Ordinance

The City's ordinance requires the following:

Subject to subsection (d), it is unlawful for any person to carry or possess a firearm without
a CFP.
*Chi. Mun. Code § 8-20-110*

Notwithstanding any provision of this chapter to the contrary, a person has 90 days after the
effective date of this 2010 ordinance to register a firearm, including a handgun, which had not
been previously registered; provided that the person and firearm meet all the requirements of
this ordinance.
*Chi. Mun. Code § 8-20-140(d)(2)*

Shooting galleries, firearm ranges, or any other place where firearms are discharged are
prohibited; provided that this provision shall not apply to any governmental agency.  The
discharge of a firearm in an area where hunting is permitted shall not be a violation of this
section.
*Chi. Mun. Code § 8-20-280*

## IV.  Analysis

Although Plaintiffs have alleged that any violation of the Second Amendment leads to an

irreparable harm, no Court has yet to reach such a broad conclusion.  The Second Amendment, as

construed in *Heller*, protects "the right to possess a handgun in the home for the purpose of self-

defense." *McDonald v. City of Chicago*, 130 S Ct. At 3050.  The Seventh Circuit has cautioned that

any general expressions in Heller "must be read in light of the subject under consideration." *U.S. v.*

*Skoien*, 614 F.3d 638, 640 (7th Cir. 2010) (*en banc*); *see U.S. v. Yancey*, --- F.3d ---, 09-1138, 2010

WL 3447736 at *2 (7th Cir. Sept. 3, 2010) (some categorical bans on firearms are constitutional, not just those in existence at the time of the Second Amendment's ratification). The Seventh Circuit has applied intermediate scrutiny to laws categorically prohibiting possession of a firearm by different classes of individuals. *See Skoien*, 614 F.3d 638, (Constitution permits Congress to bar those convicted of domestic violence crimes from possessing firearms); *Yancey*, 2010 WL 3447736, (barring unlawful users of or addicts to any controlled substance from firearm possession is constitutional); *U.S. v. Williams*, --- F.3d ---, 09-3174, 2010 WL 3035483 (7th Cir. Aug. 5, 2010) (barring felons from firearm possession is constitutional). However, the Court "reserved the question of whether a different kind of firearm regulation might require a different approach." *Yancey*, 2010 WL 3447736 at *2. Although Plaintiffs urge this Court to apply either strict scrutiny or intermediate scrutiny to the requirement that residents obtain firing range training outside of the City in order to obtain their CFPs, this Court notes that the Seventh Circuit has only applied intermediate scrutiny to laws that absolutely prohibit possession of a firearm by an individual. *See Skoien*, 614 F.3d 638, *Yancey*, 2010 WL 3447736, *Williams*, 2010 WL 3035483. Because the firing range ban does not categorically prohibit any individual resident from possessing a firearm but instead requires them to travel outside of the City's borders for one hour of firing range training, this Court declines to adopt the intermediate scrutiny standard.[1]

A.  Irreparable Harm

First, and most importantly, Plaintiffs have failed to establish the irreparable harm they have suffered by requiring them to travel outside of the City's borders to obtain their firing range permits.

---

[1] As will be addressed later in this Opinion, even if the Court were to apply intermediate scrutiny to the issue before the Court, Plaintiffs still fail to meet their burden of demonstrating irreparable harm.

11

Ezell already traveled to a firing range outside of the City, completed her firing range training and received a CFP for the handgun she possesses. (Prelim. Inj. Hr'g, Def. Exh. 28, Deposition of Rhonda Ezell at 33:1-6.)  Brown has visited a firing range in Morton Grove between 250-270 times per year, has been to the ISRA range in Bonfield, IL and has not completed his range training yet because "he has not gotten around to it."  (Prelim. Inj. Hr'g, Def. Exh. 26, Deposition of Joseph Brown at 14:17-22.)  Hespen has also visited the ISRA range at least ten times in the past year and regularly drives to gun shops with firing ranges outside of the City.  (Prelim. Inj. Hr'g, Def. Exh. 29, Deposition of William Hespen at 42-45.)  Not one of the individual plaintiffs appeared at the hearing in order to testify that s/he was unable to travel outside of the City's borders to obtain the one-hour range training and all three have shown that they are capable of doing so and have done so in the past.  Finally, Plaintiff Action Target, a company that designs and constructs firing ranges, has alleged that it is being harmed by not being able to construct a range within the City.  Yet, Action Target has no current plans to construct a range, has not searched for a location to construct a range, and would not be able to construct a range in less than nine months.

Here, the City's borders are artificial boundaries allegedly keeping Plaintiffs from completing their training. In truth, there are fourteen firing ranges within fifty miles of the City's limits any one of which may actually be closer to an individual's residence than the one being proposed to be brought into the City's borders for training.  Seven of these ranges are within twenty-five miles of the City.  For example, a resident of the west side of Chicago may travel six miles to Illinois Gun Works in Elmwood Park in order to obtain the one hour of training; whereas, if Plaintiff's proposed mobile range were erected at 6300 S. Bell, she would need to travel over fifteen miles to the mobile range to obtain training.  Therefore, the City's boundaries are merely artificial borders allegedly preventing

12

an individual from obtaining a permit and allegedly creating an undue burden on that individual. When, in truth, based on the Court's example, it may actually be easier for a particular resident to obtain training outside of the City's borders. Plaintiffs have failed to meet their burden to show how the travel outside of the City's borders is more onerous and therefore irreparable.

Further, the City correctly notes that even if a particular resident needed to travel further to obtain his firing range time, that added travel expense is a quantifiable expense that can be easily calculated as damages if this Court were to determine the end result of this dispute in Plaintiffs' favor; therefore, they can not establish that there is no adequate remedy at law. Court cases are resolved on a daily basis through the awarding of damages. If a resident is permitted to exercise her right to possess a firearm but is required to travel outside of the borders to do so, she can calculate the cost of travel and those monetary damages can be awarded to her in the event of her success on the merits. Even if that resident did not comply with the amnesty period and was therefore not permitted to possess that particular firearm, she would still be able to possess another firearm by going through the permitting process. Again, her damages for the loss of the firearm in her possession can be equated to a dollar amount and therefore can be remedied through traditional means. The ordinance does not categorically prevent her possession; it merely requires one step of her training to be completed outside the City's borders.

Second, the organizations do not have the necessary standing to demonstrate their irreparable harm. The Supreme Court's rulings in *Heller* and *McDonald* addressed an individual's right to possess a firearm within his home and did not address an organization's right. Even if they did, the organizations have failed to present sufficient evidence to support their position that their constituency has been unable to comply with the statute. Throughout oral argument, Plaintiffs

13

repeatedly cite to the number of individuals who are conjectured to possess weapons within the City alleging at various times that the number is as high as several thousand individuals.  This conjecture is an estimate, of course, because for years no one had the right to possess weapons within the City and as such there are no registration records for past possession.  Plaintiffs have not presented evidence demonstrating, for example, that thousands of residents have not been able to comply with the requirements of the ordinance within the time frame allotted by the statute; nor have they presented evidence of thousands of residents who are seeking relief from the amnesty provision. Although they argue that thousands most likely need training by the amnesty deadline, they fail to support that claim with any evidence.  Interestingly, although Plaintiffs have spent a significant portion of their oral argument on their ability to bring in a mobile range to the City in order to aid those who need to complete range training and cite to their ability to bring that range within the borders as evidence that they are being Constitutionally harmed, they have also set forth evidence that one mobile range could only accommodate the training of a few hundred residents within a month[2], thereby weakening their argument that the mobile ranges are essential to the residents while arguing that there are thousands who must comply.  Plaintiffs ISRA and SAF also claim that firing ranges outside of the City cannot adequately serve the number of residents seeking to have their one-hour of range training.  Yet, they have failed to support this argument with evidence of any one resident who has been unable to travel to such a range and has been unable to obtain range training due to this alleged inadequacy.

Finally, even if this Court were to apply intermediate scrutiny to the City's ban on firing

---

[2] Based on Plaintiffs' representation that twenty-four individuals a day can receive their one-hour of CFP training on a mobile range each day.

ranges, the City has presented sufficient evidence to meet its burden under this standard that its objective is an important one and that its objective is advanced by means substantially related to that objective. *See Williams*, 2010 WL 3035483 at *6.  At the preliminary injunction hearing, the City presented evidence that firing ranges would fall within the intensive use category and be zoned for manufacturing districts.  This level of zoning is required for types of businesses which have high levels of risk to the public whether through environmental, social, or chemical harms.  The City has presented evidence that firing ranges must be highly regulated due to the risks that can be inflicted upon the surrounding community including the risk of stray bullets, the risk that individuals transporting weapons to the range are at higher likelihood of being targets for criminals who would seek to obtain the weapons, and the risk of contamination from the residue of the lead that is left on individuals who use the weapons (requiring  appropriate washing facilities to remove the residue). The City has elucidated its long history of careful zoning to ensure the health and safety of its residents and since no zoning has been established to cover a firing range within the City, it is unable to enforce any health or safety restrictions.  Historically, the City would review such proposed businesses and determine what those risks are and would also permit residents to object to the placement of such high-risk enterprises prior to granting permission for the placement of such a business within a particular area of the city.  None of these safeguards are in place today to ensure that these risks are addressed appropriately and as such the City has presented adequate evidence that the safety of its citizens is at risk when compared to the minimal inconvenience of traveling outside of the City for a one-hour course.

15

B.  Likelihood of Success on the Merits

The body of law involving various firearms' ordinances is evolving on an almost weekly basis. *See U.S. v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010); *U.S. v. Yancey*, 2010 WL 3447736 at *2 (7th Cir. Sept. 3, 2010); *U.S. v. Williams*, 2010 WL 3035483 (7th Cir. Aug. 5, 2010).  Two facts are certain: neither the Supreme Court nor any other Circuit has addressed the regulation of firearms range training ordinances; and the Seventh Circuit has left open for another day the issue of what standard of scrutiny should apply to other types of firearms ordinances.  *See Skoien*, 2010 WL 2735747 at *3.  Suggesting that firing a weapon at a firing range is tantamount to possessing a weapon within one's residence for self-defense would be establishing law that has not yet been expanded to that breadth.  Preliminary injunctions are not appropriately used in such instances.  *See, e.g., Vega v. Lantz*, 03 C 2248, 2007 WL 3025285 at *3 (D. Conn. Oct. 16, 2007) (court declining to analyze likelihood of success on the merits because it was a matter of first impression); *I.P. Lund Trading ApS v. Kohler Co.*, 11 F. Supp. 2d 112, 115 (D. Mass. 1998) ("[T]he preliminary injunction stage is an inappropriate setting to address such constitutional issues, especially those that are, to a degree, issues of first impression").  Further, although the City has linked possession to the requirement that its residents complete a one-hour range training course, the City does not have the ability to  create a Constitutional right to that training.  The Court must still analyze that use and determine whether the individual's right to possess firearms within his residence expands to the right to train with that same firearm in a firing range located within the City's borders.

C.  Inadequate Remedy at Law

As discussed above, each of the individual plaintiffs has the ability to quantify the damages suffered if required to obtain range training outside of Chicago and therefore monetary damages can

be calculated in the event of success on the merits.  Again, each Plaintiff is entitled to possess a weapon and therefore his Second Amendment right is not being completely impinged.  The Second Amendment provides that each may possess a weapon; it does not include the right to have training on that weapon within a specific distance from their residence.  At any given point in the City, a resident can travel no more than twenty miles to a firing range to complete the range training requirement.

### D.  Balancing of the Harms

The City has adequately presented its position that it has an interest in protecting its residents from the potential harmful effects of firing ranges within its borders.  It has set forth reasoning that ranges must be highly regulated due to the potential health and safety risks to both the users of the range and the neighboring community.  Balanced against the inconvenience suffered by Plaintiffs having to drive a further distance to obtain range training outside of its borders, an inconvenience which all of them have been willing to incur in the past, and which all of them have done on numerous occasions, the City has successfully shown that the balance of harms weighs in its favor.

## V.  First Amendment

Plaintiffs also allege, however peripherally, that their First Amendment rights are also being impacted by the firing range requirement.  This issue was presented with little support in the briefs and was not elucidated at the hearing.  Most likely because Plaintiffs remain entitled to discuss the possession and use of firearms.  No evidence has been presented that suggests that a ban on firing ranges chills residents' desire or ability to possess a firearm.  *See, .e.g., N. Ind. Gun & Outdoor Shows, Inc.*, 104 F. Supp.2d 1009, 1013-14 (N.D. Ind. 2000) (no First Amendment protection for conduct of bringing guns to a gun show due to lack of particular message).  Further, the four-hour

17

classroom training is permitted within the City's borders.  Plaintiffs have failed to support their argument with any facts in the record and therefore this argument also fails.

## VI.  Conclusion

Plaintiffs have failed to support their contention that they have been irreparably harmed by the City's ban on firing ranges.  Each individual plaintiff has the ability to travel to have firing range training conducted outside of the City's borders and the organizational Plaintiffs have failed to support their contention that residents are unable to obtain their training outside the City with any evidence.  Even if Plaintiffs could demonstrate that they were harmed by the new ordinance, that harm can be remedied through monetary damages in the likelihood that they succeed on the merits.  Finally, no court has expanded the breadth of the Second Amendment right of possession within one's residence as established in *Heller* to the right to train at a firing range within one's municipality and therefore there is questionable likelihood of success on the merits.  Therefore, Plaintiffs' motion for preliminary injunction is denied.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 12, 2010

18

APPEAL, DENLOW

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:10-cv-05135
## Internal Use Only

| | |
|---|---|
| Ezell et al., v. City of Chicago | Date Filed: 08/16/2010 |
| Assigned to: Honorable Virginia M. Kendall | Jury Demand: None |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 950 Constitutional - State Statute |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Rhonda Ezell**          represented by   **David G. Sigale**
Law Firm of David G. Sigale, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
(630) 452-4547
Fax: (630) 596-4445
Email: dsigale@sigalelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
Gura & Possessky, PLLC
101 N. Columbus Street
Suite 405
Alexandria, VA 22314
(703) 835-9085
Email: alan@gurapossessky.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph I. Brown**          represented by   **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Hespen**          represented by   **David G. Sigale**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Action Target, Inc.**                    represented by **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Second Amendment Foundation, Inc.**       represented by **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Illinois State Rifle Association**        represented by **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City Of Chicago**                         represented by **Michael A. Forti**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900

Chicago, IL 60602
(312) 744-9010
Email: mforti@cityofchicago.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew W Worseck**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: aworseck@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Mardell Nereim**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: mnereim@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Rebecca Alfert Hirsch**
City of chicago
30 N. LaSalle St
Suite 1230
Chicago, IL 60602
(312) 742-0260
Email:
rebecca.alfert@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**William Macy Aguiar**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: waguiar@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Amicus**

**National Rifle Association**          represented by **Charles J. Cooper**
Cooper & Kirk, PLLC
1500 K Street
Suite 200
Washington, DC 20005
(202) 220-9600

Email: ccooper@cooperkirk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen A. Kolodziej**
Brenner, Ford, Monroe & Scott, Ltd
33 North Dearborn Street
Suite 300
Chicago, IL 60602
(312) 781-1970
Email: skolodziej@brennerlawfirm.com

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2010 | 1 | COMPLAINT filed by Illinois State Rifle Association, Rhonda Ezell, Action Target, Inc., William Hespen, Joseph I. Brown, Second Amendment Foundation, Inc.; Filing fee $ 350, receipt number 0752-5119115.(Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 2 | CIVIL Cover Sheet (Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 3 | ATTORNEY Appearance for Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. by David G. Sigale (Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 4 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for preliminary injunction, MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for permanent injunction (Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 5 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in support of motion for preliminary injunction, motion for permanent injunction,, 4 (Attachments: # 1 Exhibit A - Trailer Rental Agreement, # 2 Exhibit B - Lease Agreement, # 3 Exhibit C - Declaration of Julianne Versnel, # 4 Exhibit D - Declaration of Richard Pearson, # 5 Exhibit E - Declaration of William Hespen, # 6 Exhibit F - Declaration of Joseph I. Brown, # 7 Exhibit G - Declaration of Rhonda Ezell, # 8 Exhibit H - Declaration of Chris Hart)(Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | | CASE ASSIGNED to the Honorable Virginia M. Kendall. Designated as Magistrate Judge the Honorable Morton Denlow. (jn, ) (Entered: 08/16/2010) |
| 08/16/2010 | 6 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment |

| | | |
|---|---|---|
| | | Foundation, Inc. in support of motion for preliminary injunction, motion for permanent injunction,, 4 *(Corrected)* (Attachments: # 1 Declaration of Julianne Versnel, # 2 Exhibit (Exh. A to Versnel Declaration), # 3 Exhibit (Exh. B to Versnel Declaration), # 4 Declaration of Richard Pearson, # 5 Declaration of William Hespen, # 6 Declaration of Joseph I. Brown, # 7 Declaration of Rhonda Ezell, # 8 Declaration of Chris Hart)(Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 7 | NOTICE of Motion by David G. Sigale for presentment of motion for preliminary injunction, motion for permanent injunction,, 4 before Honorable Virginia M. Kendall on 8/23/2010 at 09:00 AM. (Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 8 | ATTORNEY Appearance for Defendant City Of Chicago by Andrew W Worseck (Worseck, Andrew) (Entered: 08/16/2010) |
| 08/17/2010 | 9 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5123851. (Gura, Alan) (Entered: 08/17/2010) |
| 08/17/2010 | | SUMMONS Issued as to Defendant City Of Chicago. (vcf, ) (Entered: 08/17/2010) |
| 08/17/2010 | 10 | MINUTE entry before Honorable Virginia M. Kendall:Motion for leave to appear pro hac vice 9 is granted. Attorney Alan Gura for Action Target, Inc.,Alan Gura for Joseph I. Brown,Alan Gura for Rhonda Ezell,Alan Gura for William Hespen,Alan Gura for Illinois State Rifle Association,Alan Gura for Second Amendment Foundation, Inc. added. Mailed notice (smm) (Entered: 08/18/2010) |
| 08/22/2010 | 11 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for temporary restraining order (Attachments: # 1 Notice of Filing, # 2 Supplement Brief in Support, # 3 Text of Proposed Order, # 4 Declaration of Alan Gura)(Gura, Alan) (Entered: 08/22/2010) |
| 08/23/2010 | 12 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. re complaint 1 (Sigale, David) (Entered: 08/23/2010) |
| 08/23/2010 | 13 | MINUTE entry before Honorable Virginia M. Kendall:Plaintiff's motion for preliminary and permanent injunction 4 are entered and briefed as follows: Responses due by 10/7/2010. Replies due by 10/14/2010. Oral argument set for 10/15/2010 @ 1:00 p.m. Defendant's oral motion for discovery on preliminary injunction is granted to 9/30/2010.Advised in open court notice (tsa, ) (Entered: 08/23/2010) |
| 08/23/2010 | 14 | MINUTE entry before Honorable Virginia M. Kendall:Plaintiff's motion for temporary restraining order 11 is set for hearing 8/23/2010 at 03:30 PM.Advised in open court notice (tsa, ) (Entered: 08/23/2010) |
| 08/23/2010 | 15 | RESPONSE by City Of Chicagoin Opposition to MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, |

| | | Illinois State Rifle Association, Second Amendment Foundation, Inc. for temporary restraining order 11 (Worseck, Andrew) (Entered: 08/23/2010) |
|---|---|---|
| 08/23/2010 | 16 | MINUTE entry before Honorable Virginia M. Kendall:Temporary restraining order hearing held on 8/23/2010. Ruling set for 8/24/2010 at 09:30 AM.Advised in open court notice (tsa, ) (Entered: 08/23/2010) |
| 08/24/2010 | 17 | MINUTE entry before Honorable Virginia M. Kendall: Temporary restraining order hearing held on 8/24/2010. Plaintiff's motion for TRO 11 is denied without prejudice for the reasons stated on the record in open court. Minute entry 13 is stricken. Plaintiff's motion for preliminary and permanent injunction 4 is briefed as follows: Responses due by 9/20/2010 Replies due by 9/27/2010. Preliminary Injunction hearing set for 10/1/2010 at 01:00 PM. Defendant's oral motion to keep the previous schedule is denied. Any discovery shall be complete by 9/13/2010. Advised in open court notice (tsa, ) (Entered: 08/24/2010) |
| 09/02/2010 | 18 | MINUTE entry before Honorable Virginia M. Kendall:Initial status hearing set for 11/17/2010 @ 9:00 a.m. Joint Status Report due by 11/10/2010. (See Judge Kendall's web page found at www.ilnd.uscourts.gov for information about status reports). The parties are to report on the following: (1) Possibility of settlement in the case; (2) if no possibility of settlement exists, the nature and length of discovery necessary to get the case ready for trial. Plaintiff is to advise all other parties of the Court's action herein. Lead counsel is directed to appear at this status hearing.Mailed notice (tsa, ) (Entered: 09/02/2010) |
| 09/02/2010 | 19 | ATTORNEY Appearance for Defendant City Of Chicago by Michael A. Forti (Forti, Michael) (Entered: 09/02/2010) |
| 09/02/2010 | 20 | ATTORNEY Appearance for Defendant City Of Chicago by Mardell Nereim (Nereim, Mardell) (Entered: 09/02/2010) |
| 09/10/2010 | 21 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to quash *Unserved Subpoenas Duces tecum* (Sigale, David) (Entered: 09/10/2010) |
| 09/10/2010 | 22 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in support of motion to quash 21 (Attachments: # 1 Declaration of Alan Gura)(Sigale, David) (Entered: 09/10/2010) |
| 09/10/2010 | 23 | *Emergency* NOTICE of Motion by David G. Sigale for presentment of motion to quash 21 before Honorable Virginia M. Kendall on 9/10/2010 at 09:00 AM. (Sigale, David) (Entered: 09/10/2010) |
| 09/10/2010 | 24 | MINUTE entry before Honorable Virginia M. Kendall:Emergency Motion by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to quash Unserved Subpoenas Duces tecum 21 is denied for the reasons stated on the record in open court.Advised in open court notice (tsa, ) (Entered: 09/13/2010) |

| 09/13/2010 | 25 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for temporary restraining order (Attachments: # 1 Request for Judicial Notice, # 2 Declaration of Andre Queen, # 3 Declaration of Richard Pearson, # 4 Declaration of Julianne Versnel, # 5 Declaration of Jerry Tilbor, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Declaration of Alan Gura, # 10 Memorandum in Support, # 11 Notice of Filing)(Gura, Alan) (Entered: 09/13/2010) |
|---|---|---|
| 09/13/2010 | 26 | AMENDED motion for temporary restraining order,, 25 *Corrected Memorandum in Support* (Gura, Alan) (Entered: 09/13/2010) |
| 09/14/2010 | 27 | MOTION by Defendant City Of Chicago to vacate *briefing schedule and preliminary injunction hearing set for October 1* (Attachments: # 1 Exhibit A-D)(Hirsch, Rebecca) (Entered: 09/14/2010) |
| 09/14/2010 | 28 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of before Honorable Virginia M. Kendall on 9/15/2010 at 04:00 PM. (Hirsch, Rebecca) (Entered: 09/14/2010) |
| 09/15/2010 | 29 | ATTORNEY Appearance for Defendant City Of Chicago by Rebecca Alfert Hirsch (Hirsch, Rebecca) (Entered: 09/15/2010) |
| 09/15/2010 | 30 | ATTORNEY Appearance for Defendant City Of Chicago by William Macy Aguiar (Aguiar, William) (Entered: 09/15/2010) |
| 09/15/2010 | 31 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in Opposition to motion to vacate 27 *briefing schedule and hearing* (Gura, Alan) (Entered: 09/15/2010) |
| 09/15/2010 | 32 | MEMORANDUM by City Of Chicago in Opposition to motion for temporary restraining order,, 25 (Attachments: # 1 Exhibit A-C, # 2 Exhibit D, # 3 Exhibit E-K, # 4 Exhibit L-P)(Aguiar, William) (Entered: 09/15/2010) |
| 09/15/2010 | 33 | NOTICE by City Of Chicago re memorandum in opposition to motion 32 (Aguiar, William) (Entered: 09/15/2010) |
| 09/15/2010 | 34 | MINUTE entry before Honorable Virginia M. Kendall:Plaintiff's motion for TRO 25 is entered and continued for ruling on 9/16/2010 at 04:00 PM. Advised in open court notice (tsa, ) (Entered: 09/15/2010) |
| 09/15/2010 | 35 | NOTICE by All Plaintiffs re memorandum in opposition to motion 31 *to vacate briefing schedule* (Sigale, David) (Entered: 09/15/2010) |
| 09/16/2010 | 36 | MINUTE entry before Honorable Virginia M. Kendall: MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for temporary restraining order 25 is denied. MOTION by Defendant City Of Chicago to vacate briefing schedule and preliminary injunction hearing set for October 1 27 is denied. Status hearing set for 9/23/2010 at 09:00 AM.Advised in open court notice (tsa, ) (Entered: 09/17/2010) |

| | | |
|---|---|---|
| 09/20/2010 | 37 | MOTION by Defendant City Of Chicago for leave to file excess pages *instanter* (Attachments: # 1 Exhibit 1, # 2 Exhibit A-D)(Aguiar, William) (Entered: 09/20/2010) |
| 09/20/2010 | 38 | NOTICE of Motion by William Macy Aguiar for presentment of motion for leave to file excess pages 37 before Honorable Virginia M. Kendall on 9/23/2010 at 09:00 AM. (Aguiar, William) (Entered: 09/20/2010) |
| 09/22/2010 | 39 | MINUTE entry before Honorable Virginia M. Kendall: MOTION by Defendant City Of Chicago for leave to file excess pages instanter 37 is granted. The brief shall be filed as a separate document and not as an attachment.Mailed notice (tsa, ) (Entered: 09/22/2010) |
| 09/22/2010 | 40 | MOTION by Defendant City Of Chicago for extension of time to file answer *or otherwise plead* (Hirsch, Rebecca) (Entered: 09/22/2010) |
| 09/22/2010 | 41 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for extension of time to file answer 40 before Honorable Virginia M. Kendall on 9/23/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/22/2010) |
| 09/22/2010 | 42 | MEMORANDUM by City Of Chicago in Opposition to motion for preliminary injunction, motion for permanent injunction,, 4 (Attachments: # 1 Exhibit A-D)(Aguiar, William) (Entered: 09/22/2010) |
| 09/22/2010 | 43 | NOTICE by City Of Chicago re memorandum in opposition to motion 42 *for preliminary injunction* (Aguiar, William) (Entered: 09/22/2010) |
| 09/22/2010 | 44 | MOTION by Defendant City Of ChicagoDefendant's Emergency Motion for Leave to Allow Additional Discovery or in the Alternative to Bar Certain Witnesses (Hirsch, Rebecca) (Entered: 09/22/2010) |
| 09/22/2010 | 45 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for miscellaneous relief 44 before Honorable Virginia M. Kendall on 9/23/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/22/2010) |
| 09/23/2010 | 46 | MINUTE entry before Honorable Virginia M. Kendall: Status hearing stricken for 9/23/2010 and reset for 9/28/2010 at 09:00 AM.Mailed notice (tsa, ) (Entered: 09/23/2010) |
| 09/23/2010 | 47 | *Amended* NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for miscellaneous relief 44 before Honorable Virginia M. Kendall on 9/28/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/23/2010) |
| 09/23/2010 | 48 | MOTION by Defendant City Of Chicago for extension of time to file answer *Filed as Emergency Motion* (Hirsch, Rebecca) (Entered: 09/23/2010) |
| 09/23/2010 | 49 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for extension of time to file answer 48 before Honorable Virginia M. Kendall on 9/28/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/23/2010) |
| 09/27/2010 | 50 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.in limine *no. 1: to exclude six witnesses* (Attachments: # 1 |

| | | |
|---|---|---|
| | | Memorandum in Support)(Gura, Alan) (Entered: 09/27/2010) |
| 09/27/2010 | 51 | NOTICE of Motion by Alan Gura for presentment of motion in limine, 50 before Honorable Virginia M. Kendall on 9/28/2010 at 09:00 AM. (Gura, Alan) (Entered: 09/27/2010) |
| 09/27/2010 | 52 | REPLY by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for preliminary injunctionMOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for permanent injunction 4 , memorandum in opposition to motion 42 (Gura, Alan) (Entered: 09/27/2010) |
| 09/27/2010 | 53 | NOTICE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. re reply to response to motion,, 52 (Gura, Alan) (Entered: 09/27/2010) |
| 09/27/2010 | 54 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in Opposition to motion for miscellaneous relief 44 (Sigale, David) (Entered: 09/27/2010) |
| 09/27/2010 | 55 | NOTICE by All Plaintiffs re memorandum in opposition to motion 54 *to Allow Additional Discovery or Bar Certain Witnesses* (Sigale, David) (Entered: 09/27/2010) |
| 09/28/2010 | 56 | RESPONSE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to MOTION by Defendant City Of Chicago for extension of time to file answer *Filed as Emergency Motion* 48 (Sigale, David) (Entered: 09/28/2010) |
| 09/28/2010 | 57 | NOTICE by All Plaintiffs re response to motion, 56 (Sigale, David) (Entered: 09/28/2010) |
| 09/28/2010 | 58 | MINUTE entry before Honorable Virginia M. Kendall:Defendants motions for extension of time to answer 40 , 48 is granted to 10/8/2010 for an answer or to otherwise plead to plaintiff's complaint. Defendant's Emergency Motion for Leave to Allow Additional Discovery or in the Alternative to Bar Certain Witnesses 44 is granted. Plaintiff's motion in limine #1 to exclude the testimony of six witnesses 50 is denied as to Dan Bartoli. Defendants are required to submit a summary statement of Dan Bartoli to plaintiff. The motion is also denied as to Pattie Scudiero and dismissed as moot as to the other four witnesses by agreement of the parties. Plaintiff's oral motion to depose Pattie Scudiero is granted and limited to one hour. Defendant's are permitted to depose the property owner and real estate owner each, but limited to one hour. Miss Versnell may also be deposed, but limited to one hour regarding new information. Plaintiffs must provide a copy of the new contract to defendant. (tsa, ) (Entered: 09/28/2010) |
| | | |

| | | |
|---|---|---|
| 10/01/2010 | 59 | ATTORNEY Appearance for Amicus National Rifle Association by Charles J. Cooper -- *Appearance of Stephen A. Kolodziej* (Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 60 | MOTION by Amicus National Rifle Association for leave to file *Brief as Amicus Curiae* (Attachments: # 1 Exhibit Brief of Amicus Curiae National Rifle Association, # 2 Exhibit, # 3 Exhibit, # 4 Notice of Affiliates)(Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 61 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5278746. (Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 62 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5278846. *Motion of David H. Thompson for Leave to Appear Pro Hac Vice.* (Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 63 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5278888. *Motion of Jesse Panuccio for Leave to Appear Pro Hac Vice.* (Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 64 | MINUTE entry before Honorable Virginia M. Kendall:Preliminary Injunction hearing held on 10/1/2010 and continued to 10/4/2010 at 09:30 AM.Advised in open court notice (tsa, ) (Entered: 10/04/2010) |
| 10/04/2010 | | MAILED Local General Rule 83.17 letter to Attorney Stephen Kolodziej. (smm) (Entered: 10/04/2010) |
| 10/04/2010 | 66 | MINUTE entry before Honorable Virginia M. Kendall:Preliminary Injunction hearing held on 10/4/2010. The Court will rule by mail.Advised in open court notice (tsa, ) (Entered: 10/05/2010) |
| 10/05/2010 | 65 | ATTORNEY Appearance for Amicus National Rifle Association by Stephen A. Kolodziej (Kolodziej, Stephen) (Entered: 10/05/2010) |
| 10/08/2010 | 67 | MOTION by Defendant City Of Chicago to dismiss *plaintiffs' complaint* (Hirsch, Rebecca) (Entered: 10/08/2010) |
| 10/08/2010 | 68 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion to dismiss 67 before Honorable Virginia M. Kendall on 10/14/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 10/08/2010) |
| 10/08/2010 | 69 | TRANSCRIPT OF PROCEEDINGS held on 8/23/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 1A. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for |

| | | |
|---|---|---|
| | | 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | [70](#) | TRANSCRIPT OF PROCEEDINGS held on 8/23/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 1B. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | [71](#) | TRANSCRIPT OF PROCEEDINGS held on 8/24/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 2. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | [72](#) | TRANSCRIPT OF PROCEEDINGS held on 9/15/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 1. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |

| 10/08/2010 | 73 | TRANSCRIPT OF PROCEEDINGS held on 9/16/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 2. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.** IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| --- | --- | --- |
| 10/08/2010 | 74 | TRANSCRIPT OF PROCEEDINGS held on 10/1/2010 before the Honorable Virginia M. Kendall. Motion for Preliminary Injunction - Vol 1. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.** IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | 75 | TRANSCRIPT OF PROCEEDINGS held on 10/4/2010 before the Honorable Virginia M. Kendall. Motion for Preliminary Injunction - Vol 2-A. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.** IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | 76 | TRANSCRIPT OF PROCEEDINGS held on 10/4/2010 before the Honorable Virginia M. Kendall. Motion for Preliminary Injunction - Vol 2-B. **Court Reporter Contact Information: APRIL METZLER, 312-408-** |

| | | 5154, April_Metzler@ilnd.uscourts.gov. |
| --- | --- | --- |
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |
| | | Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/12/2010 | 77 | MINUTE entry before Honorable Virginia M. Kendall:Enter MEMORANDUM, OPINION AND ORDER: Plaintiffs have failed to support their contention that they have been irreparably harmed by the Citys ban on firing ranges. Each individual plaintiff has the ability to travel to have firing range training conducted outside of the Citys borders and the organizational Plaintiffs have failed to support their contention that residents are unable to obtain their training outside the City with any evidence. Even if Plaintiffs could demonstrate that they were harmed by the new ordinance, that harm can be remedied through monetary damages in the likelihood that they succeed on the merits. Finally, no court has expanded the breadth of the Second Amendment right of possession within ones residence as established in Heller to the right to train at a firing range within ones municipality and therefore there is questionable likelihood of success on the merits. Therefore, Plaintiffs motion for preliminary injunction is denied. Mailed notice (tsa, ) (Entered: 10/12/2010) |
| 10/12/2010 | 78 | MEMORANDUM Opinion and Order Signed by the Honorable Virginia M. Kendall on 10/12/2010.(tsa, ) (Entered: 10/12/2010) |
| 10/13/2010 | 79 | MINUTE entry before Honorable Virginia M. Kendall:Defendant's motion to dismiss 67 is entered and briefed as follows: Responses due by 10/28/2010. Replies due by 11/4/2010. Ruling will be made by mail. Parties need not appear in court on 10/14/2010. Mailed notice (tsa, ) (Entered: 10/13/2010) |
| 10/28/2010 | 80 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in Opposition to motion to dismiss 67 (Gura, Alan) (Entered: 10/28/2010) |
| 10/28/2010 | 81 | NOTICE of appeal by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. regarding orders 77 , 78 Filing fee $ 455, receipt number 0752-5367812. (Gura, Alan) (Entered: 10/28/2010) |
| 10/29/2010 | 82 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 10/29/2010) |