**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EZELL, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No. 10-CV-5135 |
| | ) | Judge Virginia M. Kendall |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS
PENDING APPEAL OR, IN THE ALTERNATIVE, FOR EXTENSION
OF TIME TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, respectfully moves this Court for an order staying further proceedings of this matter until resolution of Plaintiffs' appeal of the Court's October 12, 2010 order denying Plaintiffs' request for a preliminary injunction. In the alternative, the City requests an extension of time to file its reply in support of its Motion to Dismiss Plaintiffs' Complaint ("Motion") until November 19, 2010. In support thereof, the City states as follows:

1. Plaintiffs filed their Complaint in this action on August 16, 2010, alleging that the City's Responsible Gun Owners Ordinance (the "Ordinance") violates their constitutional rights by prohibiting shooting ranges and/or firearm training within the City. On the same day, Plaintiffs filed a motion for preliminary injunction and an accompanying memorandum of law in support thereof.

2. Plaintiffs subsequently filed two motions for a temporary restraining order, on August 22, and September 13, both of which were denied by this Court. The Court also entered a discovery and briefing schedule on Plaintiffs' motion for preliminary injunction, culminating in a two-day evidentiary hearing that took place on Friday, October 1, and Monday, October 4, 2010.

3.Because of the time and energy devoted to defending against Plaintiffs' three motions for emergency injunctive relief, the City sought an extension of time to answer or otherwise plead to Plaintiffs' Complaint until October 25, 2010. On September 28, the Court granted the City's motion, but required its responsive pleading to be filed within ten days, on or before October 8, 2010.

4.On October 8, the City filed its Motion. Because only four days had passed since the end of the preliminary injunction hearing, the City was not able to adequately prepare and file its supporting memorandum at that time. Accordingly, the City requested in the Motion an opportunity to file a supporting memorandum setting forth in detail the legal bases for its Motion.

5.On October 12, the Court issued its memorandum opinion and order denying Plaintiffs' motion for preliminary injunction. On October 13, by minute order, the Court entered a briefing schedule on the City's Motion, requiring Plaintiffs to file their response by October 28, with the City's reply due one week later, on November 4, 2010.

6.On October 28, Plaintiffs filed their opposition to the City's Motion. At the same time, Plaintiffs also filed their Notice of Appeal "from the order denying plaintiffs' motion for preliminary and permanent injunctive relief, entered in this action on the 12th day of October." *See* Plfs.' Notice of Appeal, docket entry # 81.

**The Court Should Stay Further Proceedings Until Resolution of Plaintiffs' Appeal**

7.It does not make sense for this Court to decide the substantive issues presented in the City's Motion – or for the case to proceed any further – until Plaintiffs' appeal has been decided by the Seventh Circuit. Accordingly, the Court should exercise its discretion to stay this matter pending resolution of the appeal. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) (district court "has

broad discretion to stay proceedings as an incident to its power to control its own docket."); *Pfizer, Inc. v. Apotex Inc.*, 640 F. Supp.2d 1006, 1007 (N.D. Ill. 2009) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"), *quoting Landis v. North American Co.,* 299 U.S. 248, 254 (1936).

8. In deciding whether to grant a stay, the Court should consider factors such as: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *See, e.g., Pfizer*, 640 F. Supp.2d at 1007; *GE Business Financial Servs., Inc. v. Spratt*, 2009 WL 1064608, *1 (N.D. Il April 20, 2008).

9. A stay could both simplify the issues in question and reduce the burden of litigation on the parties and the Court. Many of the issues raised in the City's Motion are intertwined with the question of likelihood of success on the merits which will be presented to the Seventh Circuit in Plaintiffs' appeal of the denial of the preliminary injunction. For example, the City has moved for Plaintiffs' Second Amendment claims to be dismissed because there is no Second Amendment right to operate or shoot guns at a gun range. *See* Motion, pp. 3-4. In its order denying the preliminary injunction, the Court held that "no court has expanded the breadth of the Second Amendment right of possession within one's residence as established in *Heller* to the right to train at a firing range within one's municipality and therefore there is questionable likelihood of success on the merits." October 12 Mem. Op., p.18.

10. Likewise, the City argued in its Motion that Plaintiffs' First Amendment claims fail as a matter of law, and the Court, in denying the preliminary injunction, found that "Plaintiffs remain

3

entitled to discuss the possession and use of firearms." October 12 Mem. Op., p. 17. Thus, the validity of Plaintiffs' legal theories supporting both their First and Second Amendment claims will undoubtedly be raised and addressed to some degree in the current appeal. It would be inefficient and potentially unnecessary for the Court, in the meantime, to rule on the City's Motion. In resolving the appeal, the Seventh Circuit may provide guidance on how this Court should evaluate Plaintiffs' claims going forward. And if this Court moves forward now, its resolution of certain issues may ultimately conflict with the Seventh Circuit's resolution of the appeal. Accordingly, because many of the issues overlap, a stay of proceedings will reduce the burden of litigation on the parties and streamline the Court's resolution of the issues. *See Pfizer*, 640 F. Supp.2d at 1007.

11. Furthermore, a stay will not unduly prejudice or tactically disadvantage Plaintiffs in any manner. Plaintiffs chose to appeal this Court's decision and have the Seventh Circuit weigh in on the issues. The case is less than three months old, and a significant amount of the fact discovery has already been completed due to the expedited preliminary injunction schedule. No prejudice will result to Plaintiffs in waiting until after the Seventh Circuit has ruled before moving forward with the substantive issues in the case. *See, e.g.*, *Cook Medical Inc. v. Griffin*, 2008 WL 2691093, *1-2 (S.D. Ind. July 3, 2008) (although permitting discovery to move forward, court stayed dispositive motions pending resolution of appeal of preliminary injunction). Accordingly, the Court should stay further proceedings in this case until the Seventh Circuit has resolved Plaintiffs' appeal.

**In the Alternative, The City Requests Additional Time to File Its Reply**

12. In the alternative, the City respectfully requests that it be given additional time to file its reply in support of its Motion. Plaintiffs' response was filed on October 28 and, under the Court's briefing schedule, the City only has five business days to prepare and file its reply. Plaintiffs' 15-

page brief sets forth many novel legal issues and issues of first impression, and City requires more than five business days to respond to them. Moreover, the City first had to evaluate how Plaintiffs' Notice of Appeal, filed the same day as their response, impacted the Motion.

13. In addition, because of the amount of time the City attorneys devoted to this case in the past two months, they now have other pressing matters which require their attention, including two other challenges to the City's Ordinance. *See Benson, et al. v. City of Chicago, et al.*, Case No. 10-cv-4184 (pending before Judge Guzman), and *Second Amendment Arms, et al. v. City of Chicago, et al.*, Case No. 10- cv-4257 (currently pending before Judge Dow).[1]

14. Finally, as discussed above, this case has been pending for less than three months and there are currently no other deadlines in place. There will be no prejudice to Plaintiffs in allowing the City an additional two weeks to file its reply.

15. This is the City's first motion for extension. Counsel for the City conferred with counsel for Plaintiffs on November 1, who stated that they did not oppose this request for extension.

16. Accordingly, for these reasons, the City requests that it be allowed an additional two weeks, until November 19, 2010, to file its reply in support of its Motion.

WHEREFORE, the City respectfully requests that the Court stay further proceedings of this matter until resolution of Plaintiffs' appeal of the Court's October 12, 2010 order denying Plaintiffs' request for a preliminary injunction. In the alternative, the City requests an extension of time to file its reply in support of its Motion up to an including November 19, 2010, and grant it such further relief as the Court deems just and appropriate.

---

[1] The City has moved to reassign *Second Amendment Arms* to Judge Guzman as related to *Benson*. That motion is currently being briefed by the parties.

Date: November 1, 2010    Respectfully submitted,

                                              MARA S. GEORGES,
                                              Corporation Counsel for the City of Chicago

                                              By:   /s/ Rebecca Alfert Hirsch
                                                          Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendants