09:22:17  1

2

3

4  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF ILLINOIS**
5  **EASTERN DIVISION**

6

7

8  RHONDA EZELL, et al.,        Case No. 1:10-cv-05135

     Plaintiffs,               Chicago, Illinois
9                              September 10, 2010
        v.                     Emergency Motion Hearing
10
   CITY OF CHICAGO,
11
     Defendant.
12 -------------------------------

13
                **TRANSCRIPT OF EMERGENCY MOTION HEARING**
14           **BEFORE THE HONORABLE VIRGINIA M. KENDALL**
                    **UNITED STATES DISTRICT JUDGE**
15

16
   <u>APPEARANCES</u>:
17

18 For the Plaintiffs:   Law Firm of David G. Sigale, P.C.
                         By:  David G. Sigale
19                       4300 Commerce Ct., Ste. 300-3
                         Lisle, IL 60532
20                       (630) 452-4547

21

22

23

24

25

For a copy of this transcript, contact April Metzler, CRR
                    at (312) 408-5154

**APPEARANCES:**

| | |
|---|---|
| **For the Defendant:** | Chicago Corporation Counsel<br>By: Andrew W. Worseck<br>30 N. LaSalle Street<br>Chicago, IL 60602<br>(312) 744-2784 |
| **COURT REPORTER:** | FEDERAL OFFICIAL COURT REPORTER<br>April M. Metzler, RPR, CRR, FCRR<br>219 South Dearborn St., Rm. 2318-A<br>Chicago, IL 60604<br>(312) 408-5154<br>April_Metzler@ilnd.uscourts.gov |

**Proceedings recorded by mechanical stenography; transcript produced by notereading.**

| | | |
|---|---|---|
| 09:58:14 | 1 | (Commenced at 9:58 a.m.) |
| 09:58:14 | 2 | THE CLERK: This is case 10C5135, Ezell, et al. |
| 09:58:20 | 3 | versus City of Chicago. |
| 09:58:22 | 4 | MR. WORSECK: Good morning, your Honor. Andrew |
| 09:58:24 | 5 | Worseck for the City. |
| 09:58:25 | 6 | THE COURT: Good morning. |
| 09:58:25 | 7 | MR. SIGALE: Good morning, your Honor. David Sigale, |
| 09:58:27 | 8 | S-i-g-a-l-e, on behalf of the plaintiffs. |
| 09:58:29 | 9 | THE COURT: Okay. Good morning. |
| 09:58:31 | 10 | All right. Aside from the fact that the City failed |
| 09:58:35 | 11 | to give notice of the subpoena request and then made a stink |
| 09:58:42 | 12 | on Rosh Hashanah -- which probably wasn't the best time to be |
| 09:58:46 | 13 | doing it -- do we have people sitting in New York ready for a |
| 09:58:51 | 14 | deposition right now? |
| 09:58:52 | 15 | MR. SIGALE: Boston, yes. |
| 09:58:53 | 16 | THE COURT: Oh, Boston. Okay. |
| 09:58:55 | 17 | All right. Well, my two issues for the two of you on |
| 09:58:58 | 18 | your emergency motion, I think there is a basis for an |
| 09:59:01 | 19 | objection under Rule 45 for continuing the deposition, because |
| 09:59:09 | 20 | you just haven't had a chance to review that document request, |
| 09:59:14 | 21 | which is just standard good discovery practice. |
| 09:59:17 | 22 | I don't think you have standing to quash the |
| 09:59:19 | 23 | subpoena, though. It's not served on you. So the party that |
| 09:59:25 | 24 | has received the subpoena has the standing to quash the |
| 09:59:29 | 25 | subpoena and say that it's overly burdensome or problematic. |

| | | |
|---|---|---|
| 09:59:32 | 1 | You have standing to object to the procedure.  So the question |
| 09:59:35 | 2 | is whether that's an emergency motion to be brought before the |
| 09:59:39 | 3 | Court. |
| 09:59:39 | 4 | So let me hear first from the defendant who filed it. |
| 09:59:43 | 5 | MR. SIGALE:  I'm sorry -- |
| 09:59:43 | 6 | THE COURT:  The plaintiff in this case who filed it. |
| 09:59:46 | 7 | MR. SIGALE:  Yes, thank you, your Honor.  And just by |
| 09:59:48 | 8 | the way, your Honor, just so the Court is aware, as I told |
| 09:59:51 | 9 | your deputy, we're not in the habit of e-filing emergency |
| 09:59:55 | 10 | motions.  We only did it to give the defendant the best chance |
| 09:59:58 | 11 | of getting notice of it before this morning. |
| 10:00:04 | 12 | I think the Court is correct in that under normal |
| 10:00:08 | 13 | circumstances the breadth or scope of a discovery request |
| 10:00:16 | 14 | would ordinarily fall on the nonparty that receives it. |
| 10:00:20 | 15 | However, in this case I think two issues stand out -- |
| 10:00:25 | 16 | THE COURT:  No, I think you misunderstood what I |
| 10:00:27 | 17 | said.  They have standing to quash it, which is what your |
| 10:00:31 | 18 | motion is.  You have, as a party in the case, an appropriate |
| 10:00:39 | 19 | position.  You have standing to challenge the discovery |
| 10:00:40 | 20 | process and the failure to comply with Rule 45. |
| 10:00:43 | 21 | MR. SIGALE:  Right. Well, I believe, though, that -- |
| 10:00:48 | 22 | maybe the better term then is not quashing the request itself, |
| 10:00:52 | 23 | but quashing the use of any production at the deposition as |
| 10:01:01 | 24 | being very, very unfairly prejudicial to us.  The discovery |
| 10:01:05 | 25 | request -- and I don't know if the Court has seen it, because |

| | | |
|---|---|---|
| 10:01:08 | 1 | I was only handed a copy of the subpoena at ten after 9:00 -- |
| 10:01:13 | 2 | THE COURT: No, I don't have it. |
| 10:01:14 | 3 | MR. SIGALE: -- this morning. |
| 10:01:15 | 4 | THE COURT: I don't think so. |
| 10:01:17 | 5 | MR. WORSECK: Your Honor, I have copies of it, if |
| 10:01:19 | 6 | you'd like. |
| 10:01:20 | 7 | THE COURT: Yes, please. |
| 10:01:22 | 8 | Thank you. |
| 10:01:24 | 9 | MR. SIGALE: The discovery -- the written discovery |
| 10:01:27 | 10 | request, although the definitions start on the third page and |
| 10:01:32 | 11 | kick in at the fifth page -- and suffice it to say they |
| 10:01:37 | 12 | basically -- the way that their terms are defined, they're |
| 10:01:41 | 13 | basically asking for pretty much every document about his |
| 10:01:43 | 14 | business, about Blue Line's business. And why do I say that, |
| 10:01:47 | 15 | because it sounds like hyperbole? Well, it's not, because |
| 10:01:52 | 16 | they've defined the trailer as the actual trailer that is the |
| 10:01:57 | 17 | subject of the contract between our client, Second Amendment |
| 10:02:01 | 18 | Foundation, and the third party, Blue Line Corporation. |
| 10:02:04 | 19 | But they also have defined -- so they asked for all |
| 10:02:07 | 20 | documents regarding that. And then they asked for all |
| 10:02:10 | 21 | documents regarding mobile firing training ranges, which is |
| 10:02:14 | 22 | defined as every other range that you use or have used. So |
| 10:02:19 | 23 | they are literally asking for every document regarding this |
| 10:02:23 | 24 | company's business. |
| 10:02:27 | 25 | The purpose of Rule 45 -- well, the purpose of the |

10:02:32  1   notice requirement in Rule 45, as is said in the <u>Judson</u>
10:02:42  2   <u>Atkinson Candies</u> case, the 529 F.3d 371, the Seventh Circuit
10:02:47  3   said that the violation deprives the defendants of -- the
10:02:51  4   defendants, not the third party, but the defendants the
10:02:53  5   opportunity to object to the subpoenas.
10:02:57  6            And to the City attorneys [sic] who's out in
10:03:03  7   Boston --
10:03:03  8            THE COURT: Based upon the discovery focus, which is
10:03:06  9   exactly what I am saying, you can challenge the scope.
10:03:09  10           You have made a mountain out of a molehill here,
10:03:12  11  folks, turning this into an emergency motion. If you just
10:03:16  12  served the subpoena request, you did it in violation of
10:03:19  13  Rule 45. Do you acknowledge that?
10:03:21  14           MR. WORSECK: Your Honor, it's my understanding that
10:03:22  15  this was a clerical error, that the subpoena did not find its
10:03:26  16  way to the plaintiffs' counsel. It certainly was served
10:03:29  17  properly on the third party. The third party has raised no
10:03:33  18  objections whatsoever --
10:03:33  19           THE COURT: But you're not disputing the fact that he
10:03:35  20  never got notice, under Rule 45, that you were seeking
10:03:38  21  documents from the third party.
10:03:39  22           MR. WORSECK: I will -- we just got notice of this
10:03:42  23  late last night --
10:03:43  24           THE COURT: No, you never gave him notice under
10:03:45  25  Rule 45 that you were seeking documents from the third party

| | | |
|---|---|---|
| 10:03:49 | 1 | that is to be deposed exactly as we speak? |
| 10:03:51 | 2 |     MR. WORSECK: Based on my knowledge of the facts |
| 10:03:53 | 3 | right now, I will take them at their word that they did not |
| 10:03:56 | 4 | receive notice. |
| 10:03:56 | 5 |     THE COURT: Okay. And so -- |
| 10:03:58 | 6 |     MR. WORSECK: I haven't had a chance to -- |
| 10:03:59 | 7 |     THE COURT: And nobody's saying it was done |
| 10:04:02 | 8 | intentionally. You've reserved your right to seek sanctions |
| 10:04:05 | 9 | in your motion. |
| 10:04:05 | 10 |     MR. SIGALE: Yes. But if I may, your Honor, while |
| 10:04:07 | 11 | the failure to serve might -- we'll take them at their word |
| 10:04:12 | 12 | that it was a clerical oversight, the attorney, Mr. Aguiar, |
| 10:04:17 | 13 | for the City represented that to Mr. Gura, my co-counsel, so |
| 10:04:20 | 14 | we'll take them at their word about that. |
| 10:04:22 | 15 |     But what isn't inadvertent or a clerical error is the |
| 10:04:27 | 16 | City attorneys out in Boston's statements that, Well, |
| 10:04:32 | 17 | notwithstanding that we plan to proceed as if we didn't screw |
| 10:04:36 | 18 | up -- |
| 10:04:36 | 19 |     THE COURT: I understand; I understand. |
| 10:04:38 | 20 |     MR. SIGALE: Right. So that -- |
| 10:04:39 | 21 |     THE COURT: No, I understand. |
| 10:04:42 | 22 | Okay. |
| 10:04:42 | 23 |     MR. SIGALE: Yes. |
| 10:04:43 | 24 |     THE COURT: So now right now the people are out in |
| 10:04:46 | 25 | Boston, and you've got your deposition schedule. |

```
10:04:49   1       And have they complied with the subpoena regarding
10:04:52   2   document requests?
10:04:53   3       MR. WORSECK:  It's my understanding that the third
10:04:55   4   party was going to bring the documents this morning to the
10:04:58   5   deposition.  I don't know what they have brought, if they have
10:05:03   6   brought anything.  I don't know where the people are at this
10:05:04   7   moment in time --
10:05:04   8       THE COURT:  Okay.  Well, you can pick your poison,
10:05:07   9   since it's your mistake.  You can either go forward, since you
10:05:10  10   have people out there, without reference to any of the
10:05:13  11   documents that you've subpoenaed, because they didn't have
10:05:16  12   notice to be able to review them and challenge them.  You can
10:05:19  13   just proceed as if it were a deposition subpoena, as everyone
10:05:24  14   thought it was, because they didn't have notice.  Or you can
10:05:27  15   send your guys home and reschedule after a very short period
10:05:31  16   of time, because we're on a short discovery schedule, and,
10:05:33  17   unfortunately, they have wasted their trip to Boston.
10:05:36  18       So it's entirely up to you.  I am not holding you at
10:05:39  19   fault for the failure, because I don't see anything in the
10:05:42  20   record before me that shows that it was an intentional gotcha
10:05:48  21   tactic in litigation.
10:05:49  22       MR. WORSECK:  Your Honor --
10:05:50  23       THE COURT:  So what would you like to do?
10:05:51  24       MR. WORSECK:  If I may, we would like to proceed
10:05:53  25   today in Boston with the deposition as a pure deposition.
```

10:05:57  1      THE COURT: Pure -- and you can't refer to the
10:05:59  2  documents then.
10:06:00  3      MR. WORSECK: Well, we would propose doing it in two
10:06:02  4  phases, and we really think that there is no prejudice at all
10:06:05  5  to the plaintiffs here and here's why.
10:06:07  6      The scope of the document requests tracks, in large
10:06:13  7  part, the scope of the deposition topics, which plaintiffs
10:06:17  8  concede they have had notice of for sometime. We have no idea
10:06:21  9  how many documents there may be at issue here. Maybe the
10:06:25 10  third-party witness has brought a file folder and that's it.
10:06:29 11  We just don't know how many documents are at issue and whether
10:06:32 12  it does create a burden on the plaintiffs to look at the
10:06:37 13  documents, see what they are, and see if they are relevant and
10:06:37 14  so forth.
10:06:38 15      Mr. Gura, who is the defending counsel for the
10:06:40 16  plaintiffs in Boston, is intimately familiar with the issues
10:06:46 17  surrounding the Blue Line trailer. He's made that clear to us
10:06:49 18  many times in our various discussions about the case. He
10:06:52 19  probably knows more about this than any other attorney in the
10:06:57 20  case.
10:06:57 21      And we also think it's imperative to complete the
10:07:01 22  second phase of the deposition, which would be the phase
10:07:03 23  focusing on the documents, given the discovery cutoff that
10:07:09 24  falls on next Monday. The third-party recipient has not
10:07:13 25  raised in --

| | | |
|---|---|---|
| 10:07:13 | 1 | **THE COURT:** Does it fall this coming Monday? |
| 10:07:15 | 2 | **MR. WORSECK:** It is -- this Monday is the close of |
| 10:07:15 | 3 | discovery. |
| 10:07:19 | 4 | The third-party recipient has raised no objection |
| 10:07:21 | 5 | whatsoever to the scope of the document subpoena. And the |
| 10:07:23 | 6 | City -- this particular deposition has taken on greater |
| 10:07:25 | 7 | importance than the -- |
| 10:07:25 | 8 | **THE COURT:** So Mr. Gura's out there right now with |
| 10:07:28 | 9 | this, for this deposition? |
| 10:07:29 | 10 | **MR. WORSECK:** That's my understanding. |
| 10:07:30 | 11 | **MR. SIGALE:** Correct, your Honor. |
| 10:07:33 | 12 | **THE COURT:** Okay. Then you don't even know what the |
| 10:07:34 | 13 | documents are that you've filed this emergency motion |
| 10:07:37 | 14 | regarding? You don't know whether you've got a handful of |
| 10:07:41 | 15 | them, or whether you have five file boxes? |
| 10:07:44 | 16 | **MR. SIGALE:** Well, as -- at 3:00 a.m. when we filed |
| 10:07:49 | 17 | this, the answer was, No, we didn't have the slightest idea. |
| 10:07:53 | 18 | We didn't even find out about the subpoena request until late |
| 10:07:56 | 19 | last evening. We didn't know there was a document request. |
| 10:07:59 | 20 | I suspect it's possible that -- |
| 10:08:01 | 21 | **THE COURT:** Why don't you guys go out into the |
| 10:08:04 | 22 | hallway and make some phone calls and find out what the |
| 10:08:06 | 23 | documents are, okay, and then come back to me. |
| 10:08:08 | 24 | **MR. SIGALE:** Yes, your Honor. |
| 10:08:09 | 25 | **MR. WORSECK:** Yes, your Honor. |

|  |  |  |
|---|---|---|
| 10:08:10 | 1 | THE COURT: It's after 10:00 now, so they should be |
| 10:08:12 | 2 | there. |
| 10:08:12 | 3 | (Recess taken.) |
| 10:21:04 | 4 | (Resumed at 10:21 a.m.) |
| 10:21:04 | 5 | THE CLERK: Case 10C5135, Ezell, et al. versus City |
| 10:21:12 | 6 | of Chicago. |
| 10:21:12 | 7 | MR. WORSECK: Good morning again, your Honor. Andrew |
| 10:21:14 | 8 | Worseck for the City. |
| 10:21:15 | 9 | THE COURT: Good morning. |
| 10:21:16 | 10 | MR. SIGALE: Good morning again, your Honor. David |
| 10:21:18 | 11 | Sigale, S-i-g-a-l-e, on behalf of defendant. |
| 10:21:21 | 12 | THE COURT: Okay. So what do we have over there? |
| 10:21:23 | 13 | MR. SIGALE: Well, what we have over there is |
| 10:21:25 | 14 | apparently six pieces of paper. |
| 10:21:28 | 15 | THE COURT: Oh. |
| 10:21:28 | 16 | MR. SIGALE: What our concern is -- and I expressed |
| 10:21:29 | 17 | this to Mr. Worseck -- is that, like I said, and I don't |
| 10:21:35 | 18 | believe I was being hyperbolic when I said they were -- the |
| 10:21:38 | 19 | request literally asked for, it seems, everything about the |
| 10:21:41 | 20 | business. |
| 10:21:41 | 21 | So what we're concerned about is that during this |
| 10:21:46 | 22 | deposition that Mr. Aguiar is going to say -- the City |
| 10:21:50 | 23 | attorney -- say, is going to say, Well, we asked you for all |
| 10:21:55 | 24 | of these documents. Don't you have them? Do you have this? |
| 10:21:56 | 25 | Do you have that? And if it comes up that there is more, that |

| | | |
|---|---|---|
| 10:21:58 | 1 | the City is going to say, Well, we need to -- they're going to |
| 10:22:01 | 2 | do what they have done at every deposition thus far and say, |
| 10:22:04 | 3 | Well, we're going to keep these depositions open because we |
| 10:22:08 | 4 | might need to redepose these people. |
| 10:22:10 | 5 |     THE COURT: In the next three days? |
| 10:22:14 | 6 |     MR. SIGALE: (Indicating.) |
| 10:22:15 | 7 |     THE COURT: I mean, we are in an expedited discovery |
| 10:22:17 | 8 | schedule. I can't imagine that the City is going to fly |
| 10:22:20 | 9 | anybody back in and home. Today is Friday -- it's later |
| 10:22:24 | 10 | there, right, it's 11:20 there already. |
| 10:22:27 | 11 |     MR. WORSECK: Yes. |
| 10:22:28 | 12 |     MR. SIGALE: Yeah. |
| 10:22:28 | 13 |     THE COURT: So can't we take a break from this and |
| 10:22:32 | 14 | let Mr. -- your colleague review the six pages and then |
| 10:22:37 | 15 | continue with the deposition? |
| 10:22:38 | 16 |     MR. SIGALE: I'm going to hope that Mr. Gura actually |
| 10:22:41 | 17 | has been looking at the six pages, while he's been waiting for |
| 10:22:45 | 18 | us to -- |
| 10:22:45 | 19 |     THE COURT: Because if we were in a regular discovery |
| 10:22:48 | 20 | schedule and I had given you six months to conduct your |
| 10:22:53 | 21 | discovery, then I would say, Well, we'll take a break and |
| 10:22:55 | 22 | you'll have to reconvene, and unfortunately because they |
| 10:22:58 | 23 | didn't give you notice, they are going to have to do it over. |
| 10:23:01 | 24 |     But we have only until Monday to complete this, and |
| 10:23:05 | 25 | we're trying to get this queued up for me to decide. And |

10:23:09  1  certainly six pages is manageable, I would think, for someone
10:23:12  2  who knows this case and these legal issues as well as Mr. Gura
10:23:15  3  does.
10:23:16  4          MR. SIGALE:  If it's six pages.
10:23:17  5          If -- Mr. Gura's basically intimated to me, I guess
10:23:22  6  is the best word, that he can deal with six pages.  What we
10:23:26  7  can't deal with is if it suddenly turns out that Jerry Tilbor
10:23:31  8  of Blue Line says, Oh, yeah, I do have all that stuff.  Let me
10:23:34  9  go get it.  Or the City says, Well, we need to come back and
10:23:38 10  do this.
10:23:38 11          And I know it's the 13th, and for the record we
10:23:40 12  actually have two depositions in Chicago today, one at -- you
10:23:44 13  know, the other attorney and my client are over at their
10:23:48 14  office at 1:00 in the afternoon and two on Monday, and one
10:23:52 15  that we actually had to consent to do on the 15th, because
10:23:55 16  there was literally no other date to fit it in.
10:23:57 17          So we have exactly the same concern that the Court
10:24:01 18  does.  So I'll leave it as the -- Mr. Gura's intimated to me
10:24:05 19  that he can live with six pieces of paper, but it's -- between
10:24:08 20  Rule 45 and the schedule and everything else that it's the
10:24:13 21  snowballing that we're afraid of.
10:24:15 22          THE COURT:  Well, the snowballing is speculative at
10:24:20 23  best right now, from what I'm hearing.  So I am going to
10:24:25 24  request that the City give him a reasonable period of time to
10:24:28 25  review those six documents, and then you can begin the

| | | |
|---|---|---|
| 10:24:34 | 1 | deposition, because it's a waste of everyone's time to |
| 10:24:36 | 2 | reconvene if we're going to be done with this on Monday. |
| 10:24:39 | 3 | So the emergency motion to quash the subpoena is |
| 10:24:42 | 4 | denied, and I happen to be here all day, so I am sure you can |
| 10:24:46 | 5 | find me. Something tells me you know where I am, if you have |
| 10:24:50 | 6 | a problem as the deposition goes on. |
| 10:24:53 | 7 | MR. SIGALE: May I ask you one more question, your |
| 10:24:54 | 8 | Honor? And I appreciate that. May I ask you one more? |
| 10:24:57 | 9 | The motion also deals with the subpoena for Accurate |
| 10:25:03 | 10 | Perforating. Would the document request to Accurate |
| 10:25:07 | 11 | Perforating -- which is another third party that the |
| 10:25:08 | 12 | deposition is set for Monday morning, I believe, that I just |
| 10:25:13 | 13 | got handed the subpoena at ten after 9:00 a.m. -- we didn't |
| 10:25:17 | 14 | receive notice of that one either, and it too looks to be, you |
| 10:25:20 | 15 | know -- I don't know if -- I don't -- |
| 10:25:22 | 16 | THE COURT: What amount of time have you been able to |
| 10:25:24 | 17 | give for notice on this expedited briefing schedule as it is? |
| 10:25:29 | 18 | I mean, are we talking about generally a week? |
| 10:25:33 | 19 | (No response.) |
| 10:25:34 | 20 | THE COURT: For the others. |
| 10:25:35 | 21 | MR. WORSECK: Your Honor, most of the depositions |
| 10:25:36 | 22 | were set, I think, the very last day or two of August or the |
| 10:25:40 | 23 | very first day or two of September and the schedule has been |
| 10:25:43 | 24 | pretty much set for that period of time. |
| 10:25:46 | 25 | MR. SIGALE: Not -- |

```
10:25:46   1              MR. WORSECK:  The subpoena to Accurate Perforating,
10:25:49   2    which is the site in Chicago --
10:25:51   3              THE COURT:  Right.
10:25:51   4              MR. WORSECK:  -- where this is going to be placed --
10:25:54   5              THE COURT:  And that's the one with the property
10:25:55   6    issue and whether or not they have the ability to put it
10:25:57   7    there.
10:25:58   8              MR. WORSECK:  Yes.
10:25:58   9              THE COURT:  Until October 31st, right?
10:26:00  10              MR. WORSECK:  Correct.
10:26:02  11              We have four document requests on our rider to
10:26:05  12    Accurate Perforating.  We think that they are very
10:26:08  13    appropriately confined to the issues in the case.  Again, this
10:26:12  14    particular recipient has raised no objection with the scope.
10:26:16  15    I gave a copy of this to Mr. Sigale this morning.  The
10:26:19  16    deposition is Monday afternoon.  That's plenty of time for
10:26:21  17    them to raise any objections they have to the document rider
10:26:24  18    for that deposition.
10:26:25  19              THE COURT:  Do you know when you will get the
10:26:26  20    documents?
10:26:27  21              MR. WORSECK:  Again, we are expecting that the
10:26:28  22    witness will bring them to the deposition on Monday.
10:26:31  23              THE COURT:  Maybe you can request that he -- because
10:26:34  24    it may not be a lot, maybe you can request that he provide
10:26:38  25    them to you in advance so that you could each get them
```

```
10:26:41   1   beforehand.  Is he local?
10:26:43   2           MR. WORSECK:  Yes.
10:26:44   3           THE COURT:  Okay.
10:26:44   4           MR. WORSECK:  It's a Chicago business.
10:26:45   5           THE COURT:  Okay.  So that way you could spend your
10:26:49   6   Sunday reviewing them, if you can find out if he can turn
10:26:53   7   those over to you.  Maybe get one of your little elves and
10:26:56   8   helpers to pick them up and be accommodating, if it turns out
10:27:00   9   that it's not a challenge.
10:27:01  10           MR. WORSECK:  Well, we've tried to be accommodating
10:27:03  11   by allowing these third-party witnesses to bring the documents
10:27:06  12   to the dep and not putting them to any greater burden.
10:27:09  13           THE COURT:  Right.  But then you're going to be in
10:27:11  14   the same ball game as you are today, because he's going to say
10:27:12  15   he doesn't want to go because he hasn't seen them.  So maybe
10:27:15  16   request those documents today, see if you can get a copy of
10:27:20  17   them today to turn over, so they can look at them before the
10:27:22  18   deposition on Monday.  Okay.
10:27:23  19           MR. WORSECK:  Of course.
10:27:23  20           THE COURT:  All right.  Anything else, folks?
10:27:25  21           MR. SIGALE:  No --
10:27:26  22           THE COURT:  All right.
10:27:26  23           MR. SIGALE:  -- not on this morning's basis.  I
10:27:28  24   appreciate the Court hearing us.
10:27:29  25           THE COURT:  Okay.  Good luck.  Hope it goes smoothly.
```

10:27:32  1      MR. WORSECK: Thank you, your Honor.
10:27:33  2      MR. SIGALE: Hopefully we don't have to come back
10:27:35  3  today. Thank you.
4           (Concluded at 10:27 a.m.)
5                    - - -

11              **C E R T I F I C A T E**

13   I certify that the foregoing is a correct transcript from
14   the record of proceedings in the above-entitled matter.

16   /s/April M. Metzler, RPR, CRR, FCRR    September 10, 2010
17   April M. Metzler, RPR, CRR, FCRR       Date
18   Official Federal Court Reporter