IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, ) | |
| WILLIAM HESPEN, ACTION TARGET, INC., ) | |
| SECOND AMENDMENT FOUNDATION, INC. ) | |
| and ILLINOIS STATE RIFLE ASSOCIATION., ) | Case No. 10 CV 5135 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS**

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, and submit their Response to the Defendant's Motion for Stay of Proceedings Pending Appeal Or, In the Alternative, for Extension of Time To File Reply in Support of Motion to Dismiss.

**INTRODUCTION**

Defendant's Motion for a Stay should be denied, because the issues and analysis for the permanent injunction Plaintiff seek might be sufficiently distant from the issues on appeal that the Court should allow the remainder of the case to proceed. Although Plaintiffs will seek a permanent injunction on appeal, doing so would require relief from this Court's denial of Plaintiffs' Rule 65(a)(2) motion. Until then, the case on appeal is still within the preliminary injunction framework — and Defendant is expected to argue that Plaintiffs did not establish

irreparable harm.

Further, even should the Court consider the *Pfizer* factors usually considered for a stay, even as they do not apply to the facts of this case, the analysis still ends up in Plaintiffs' favor. Finally, the Court should definitely ruled on Defendant's pending Motion to Dismiss – granting the Motion streamlines the litigation, and denying the Motion shows the difference in issues between those on appeal and those still pending.

Plaintiffs' Response will focus only on the Motion for a Stay, since Plaintiffs' did not object to Defendants' request for an extension to file a Reply in support of its Motion to Dismiss, and Defendant received an indefinite extension to file same on November 15, 2010.

## STATEMENT OF FACTS

1. On October 28, 2010, Plaintiffs appealed this Court's denial of their Motion for a preliminary injunction, which was entered on October 12, 2010.

2. The Seventh Circuit's jurisdiction to hear said appeal is based on 28 U.S.C. § 1292(a)(1), which in relevant part allows an immediate appeal of all orders denying a request for a preliminary injunction.

3. The remainder of this matter remains pending in this Court, including Plaintiffs' request for a permanent injunction and Defendant's F.R.Civ.P. 12(b)(6) to Dismiss Plaintiffs' Complaint.

## ARGUMENT

**Plaintiffs' interlocutory appeal does not prevent this Court from hearing the remainder of the case.**

It is well-settled that "[a]n interlocutory appeal does not divest the district court of jurisdiction." *Chrysler Motors Corp. v. International Union, Allied Industrial Workers*, 909 F.2d

248, 250 (7th Cir. (WI) 1990). ". . . [A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision. This is so for appeals concerning preliminary injunctions . . ." *Wisconsin Mutual Insurance Company v. United States*, 441 F.3d 502, 504 (7th Cir. (WI) 2006).

Specifically, "… an appeal from an interlocutory order granting or denying a preliminary injunction, which is appealable under 28 U.S.C. § 1292(a), does not divest the district court of jurisdiction, and the case proceeds on the merits unless otherwise ordered." *SATCOM Int'l Group PLC v. ORBCOMM Int'l Partners, L.P.*, 55 F. Supp. 2d 231, 234 (S.D.N.Y. 1999) (citing *New York State NOW v. Terry*, 886 F.2d 1339 (2nd Dist. (NY) 1989)). "Therefore, the district court had jurisdiction to issue a permanent injunction." *Webb v. GAF Corporation*, 78 F.3d 53, 55 (2nd Cir. (NY) 1996).

The issue of a District Court ruling on a pending motion to dismiss while an appeal was pending has been addressed before, with a slight twist. As was written in *Janousek v. Doyle*, 313 F.2d 916, 921 (8th Cir. S.D. 1963):

> "In Phelan v. Taitano, 233 F.2d 117 (1956), the Ninth Circuit considered an almost identical procedural problem as here involved. As in the instant case, an appeal was taken from an order denying a preliminary injunction, which was entered at the time a motion of appellees to dismiss the action was still pending. From a subsequent judgment dismissing the action, appellants appealed, contending, as here, that the filing of the notice of appeal from the first order divested the district court of jurisdiction to rule on the motion to dismiss. In rejecting this contention, the court stated:
>
> 'An appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case. 'The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court, as though no such appeal had been taken, unless otherwise specially ordered.'"

3

*Janousek v. Doyle*, 313 F.2d 916, 921 (8th Cir. S.D. 1963) (quoting *Ex parte National Enameling & Stamping Company*, 201 U.S. 156, 26 S.Ct. 404, 406 (1906).

Therefore, the conclusion that the Court should deny the Motion for Stay and proceed with the remainder of the case while the denial of the preliminary injunction is pending is not novel, and is based on precedent over one-hundred years old. *See also*, *e.g.*, *Huszar v. Zeleny*, 269 F.Supp.2d 98, 101-02 (E.D.NY 2003) (District Court ruled on F.R.Civ.P. 12 motion to dismiss regarding issues not related to then-pending appeal of the denial of a preliminary injunction).

Therefore, the issue is not the three-part test for issuing a stay cited by Defendant in *Pfizer, Inc. v. Apotex, Inc.*, 640 F.Supp.2d 1006 (N.D.IL 2009). Rather the issue is whether the issues are too related to the issues on appeal. Defendant cannot, at least yet, establish that they are, considering the appeal's current posture.

**The elements of proving the need for a permanent injunction are sufficiently different from those of a preliminary injunction that the Court should hear the remainder of Plaintiffs' claims.**

A plaintiff seeking a preliminary injunction must prove three threshold elements: "[f]irst, that absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims. Second, that traditional legal remedies would be inadequate. And third, that its claim has some likelihood of succeeding on the merits." *Girl Scouts of Manitou Council, Inc.* v. *Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (citations omitted). Upon satisfying these threshold requirements, the Court "must somehow balance the nature and degree of the plaintiff's injury, the likelihood of prevailing at trial, the possible injury to the defendant if the injunction is granted, and the wild card that is the 'public interest.'" *Id.*

In contrast, "[u]nder federal law in deciding whether to grant a permanent injunction

the court should consider: (1) whether the party seeking the injunction has succeeded on the merits; (2) whether the [party seeking the injunction] will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the [party seeking the injunction] outweighs the threatened harm the injunction may inflict on the [other party]; and (4) whether the granting of the injunction will harm the public interest." *Cook Incorporated v. Boston Science Corporation*, 2002 U.S. Dist. LEXIS 19223, 5-6 (N.D.IL 2002) (quoting Plummer v. AICPA, 97 F.3d 220, 229 (7th Cir. 1996); *See also Lovers Lane & Co. v. Village of Libertyville*, 128 F. Supp. 2d 1126, 1128 (N.D.IL 2000)). Thus to obtain a permanent injunction the party seeking the injunction must show that it has no adequate legal remedy, but is not independently required to show an irreparable harm if the injunction is not granted." *Cook Incorporated*, 2002 U.S. Dist. LEXIS 19223 at 5-6 (citing *Crane by Crane v. Indiana High School Athletic Association*, 975 F.2d 1315, 1326 (7th Cir. 1992) (stating that unlike with a preliminary injunction, irreparable harm is not an independent element, but is only "one basis for showing the inadequacy of the legal remedy").

Therefore, by having to actually prove its case on the merits, and by eliminating the irreparable harm requirement, the analysis employed for the two types of injunctions are quite different.

**The *Pfizer* factors, if used, also lead to the conclusion that the Motion for Stay should be denied.**

Even if the Court does employ the three-part analysis cited in *Pfizer*, it should find in the Plaintiffs' favor. First, Plaintiffs would be prejudiced and disadvantaged by a stay. Despite Defendant's downplaying of Plaintiffs' claims, Plaintiffs still assert they are being deprived of constitutional freedoms, and, notwithstanding the denial of their request for a preliminary

injunction, Plaintiffs deserve the opportunity to make their case at a trial on the merits. Second, a stay will not simplify the issues in question. The dispositive factor is not what is raised in Defendant's Motion to Dismiss, even though that Motion raises issues not addressed in the preliminary injunction hearing.

In fact, the existence of Defendant's Motion to Dismiss is perhaps the very reason the Court should deny the Defendant's request for a stay. If the Court is inclined to agree with the arguments in Defendants Rule 12 Motion, then it would streamline the litigation to rule on it, especially since Plaintiffs have already filed a Response to it. If the Court is inclined to deny the Motion, then that underscores Plaintiffs' argument that the issues involved are different from those in the preliminary injunction hearing. Either way, the Motion to Dismiss demonstrates why the stay should not be granted.

**Defendant's cited authority does not support a stay.**

The authorities cited by Defendant do not lead to an opposite conclusion, especially since none of them involve the factual scenarios or pleadings status of this case. In *Clinton v. Jones*, 520 U.S. 681 (1997), the plaintiff Paula Jones sued then-President Bill Clinton for alleged sexual harassment that took place before President Clinton took office. The District Court granted President Clinton a stay of the matter, on the grounds that the public interest in having a sitting President that was not hampered in the carrying out of his duties by the burdens of defending himself in private civil litigation was greater than the plaintiff's interest in an immediate trial. *Id.* at 687. The Eighth Circuit reversed, holding that the President is bound by the same laws as everyone else, that the President was not entitled to what would in effect be a temporary grant of immunity, and that there was no basis to prevent the case from

proceeding forward with discovery. *Id.* at 688.

The Supreme Court ruled: "Nevertheless, we are persuaded that it was an abuse of discretion for the District Court to defer the trial until after the President leaves office. Such a lengthy and categorical stay takes no account whatever of the respondent's interest in bringing the case to trial. The complaint was filed within the statutory limitations period--albeit near the end of that period--and delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Id.* at 707-08.

Therefore, at best the *Clinton* case is irrelevant because it does not involve a request for stay following the appeal of an interlocutory order, especially one involving the denial of a preliminary injunction like there is in this case. However, Plaintiffs assert that if a sitting President was not entitled to a stay, then the Court should rule the City is not entitled to one, either.

Defendant's other cases are likewise distinguishable from the situation at hand. In *Pfizer, Inc. v. Apotex, Inc.*, 640 F.Supp.2d 1006 (N.D.IL 2009), the plaintiff filed suit for patent infringement over a generic version of the cholesterol drug Lipitor. The plaintiff was required to required to file such suit within 45 days (under the 1984 Hatch-Waxman Act) after the defendant gave plaintiff notice of its FDA filing. Plaintiff filed in Delaware, but because it knew defendant would challenge jurisdiction it also filed an identical suit in Illinois to preserve its 45 day filing rights. The <u>plaintiff</u> then requested a stay of the Illinois matter pending the outcome of the jurisdiction fight in Delaware, with the plaintiff stating it would transfer the matter to Delaware if its jurisdiction arguments prevailed there. The Court ruled a stay was proper under

those circumstances. *Id.* at 1008. *GE Business Financial Services v. Spratt*, 2009 U.S. Dist. LEXIS 33879 (N.D.IL 2009) regarded a similar multi-jurisdiction situation. However, those cases did not involve an appeal of an interlocutory order, and are therefore inapplicable.

In *Cook Medical, Inc. v. Griffin*, 2008 U.S. Dist. LEXIS 51351 (S.D.IN 2008), the plaintiff sued its former employees and their new employer for breach of a non-competition agreement. The plaintiff won a preliminary injunction, which the defendants appealed. The defendants also moved for a stay in the District Court. The plaintiff opposed the stay request, arguing there were pending claims not addressed in the appeal, and that the plaintiff would be seeking leave to amend its complaint to add new claims, also not addressed in the appeal. Ultimately, the Court stayed only dispositive motions and dates related to trial. However, the Court noted: ". . . we also recognize Cook's competing interests in the speedy resolution of this dispute and in timely access to evidence supporting their claims." *Id.* at *4. The Court therefore <u>denied</u> the stay request as to pre-trial pleadings (including the above-referenced motion for leave to amend) and discovery. *Id.*

## CONCLUSION

The Court should deny Defendant's Motion. The *Pfizer* factors do not apply because the stay request is viewed differently when there is a Section 1229(a)(1) appeal following the denial of a preliminary injunction, and in this case the issues surrounding Plaintiffs' ultimate request for a permanent injunction against Defendant's ordinance may not be not the same as the now-appealed motion for preliminary injunction. However, to the extent the Court wishes to apply the *Pfizer* factors, they cut in favor of Plaintiffs as well.

This conclusion is perfectly encapsulated by the Defendant's Motion to Dismiss. If the

Court agrees with the Defendant and dismisses the claim, then the litigation is very streamlined. If the Court denies the Motion, it underscores the differences between preliminary and permanent injunctive relief. In either event, the Court should deny the stay, rule on the Defendant's pending Rule 12(b)(6) Motion to Dismiss, and proceed from there.

WHEREFORE, the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, respectfully request this Honorable Court to deny Defendants' Motion in its entirety, and to grant Plaintiffs any and all relief deemed just and proper.

Respectfully submitted,

_____/s/ David G. Sigale_____
One of the Attorneys for Plaintiffs

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547
dsigale@sigalelaw.com

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

    1.    On December 6, 2010, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

    2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


           /s/ David G. Sigale      
           Attorney for Plaintiffs