**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EZELL, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-CV-5135** |
| | ) | **Judge Virginia M. Kendall** |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CITY OF CHICAGO'S REPLY IN SUPPORT OF ITS MOTION**
**TO STAY PROCEEDINGS PENDING THE OUTCOME OF PLAINTIFFS' APPEAL**

The City of Chicago ("City" or "Defendant"), by and through its attorney, Mara S. Georges,

Corporation Counsel of the City of Chicago, hereby files this Reply in Support of its Motion To Stay

Proceedings Pending Appeal (the "Motion").

**I.      Plaintiffs Fail to Inform the Court That They Have Asked the Seventh Circuit to Rule**
**on the Merits of Their Constitutional Claims and to Issue Permanent Injunctive Relief.**

In their Response to Defendant's Motion ("Response" or "Resp."), Plaintiffs contend that this

Court should not issue a stay because their appeal to the Seventh Circuit concerns their request for

a preliminary injunction only, distinct from their request for permanent injunctive relief still pending

before this Court.[1]  Resp. at 4-5.  This contention is belied by Plaintiffs' very own statements to the

Seventh Circuit, however, where they explicitly ask the Seventh Circuit to decide the *merits* of their

constitutional claims, not to merely consider a likelihood of success on the merits:  "In the interest

of judicial economy, this Court should simply decide the constitutional questions, and issue a

judgment accordingly."  *See* Appellants' Brief and Required Short Appendix ("Appellants' Brief"),

---

[1]  Plaintiffs begin their Response by devoting several pages to a non-controversial issue of law: district courts retain jurisdiction over cases while an appeal of a denial of a preliminary injunction is pending.  *See* Resp., pp. 1-4.  This is a well-settled principle of law that Defendants do not challenge.

attached hereto as Exhibit A, at 34. Plaintiffs go on: "[T]he lower court's refusal to fully engage the constitutional issues is an academic point. This Court should not merely opine on the likelihood of success. Given the record, the case is ready for an actual decision on the merits of the constitutional claim." *Id* at 44. Finally, they conclude by asking the Court of Appeals to reverse this Court's order and remand the case "with instructions to enter a permanent injunction consistent with Plaintiffs' prayer for relief." *Id*. at 72. Plaintiffs' appeal unquestionably seeks more than a simple review of the denial of their request for preliminary injunction, and their disavowal of such is disingenuous at best.

Plaintiffs should not be allowed to litigate their request for a permanent injunction both in this Court and the Seventh Circuit at the same time. For the same reason Plaintiffs invoke – judicial economy – this Court should stay this case pending resolution of Plaintiffs' appeal. The issues this Court would have to decide in ruling on Defendants' motion to dismiss, on any subsequent motions for summary judgment, and then, if necessary, at trial, are identical to those already before the Seventh Circuit. *See* Ex. A. As this Court recognized, the scope of Second Amendment rights – and the standard of review used to determine the constitutionality of any restrictions on those rights – are issues of first impression. *See* October 12, 2010 Mem. Op., p.16. To resolve Plaintiffs' current appeal, the Seventh Circuit will very likely address and decide these novel issues of law, and any ruling on the merits would become law of the case that this Court would be bound to follow. *See, e.g.*, *Walsh v. Mellas*, 837 F.2d 789, 796-97 (7th Cir. 1988) (law of case doctrine required district court to follow prior court of appeals' decision regarding standard for determining whether certain prison practices and procedures violated Eighth Amendment). On the other hand, if this Court were to reach merits of Plaintiffs' claims before the Seventh Circuit resolved the appeal, the Court's

rulings could ultimately conflict with the Seventh Circuit's rulings, and require reversal. This reason alone warrants a stay of Plaintiffs' case until the appeal has been resolved.

Moreover, even if the Seventh Circuit decided to only address the preliminary injunction, this Court should still stay the remainder of the case, because the preliminary injunction issues are inextricably intertwined with Plaintiffs' claims for permanent injunctive relief. Plaintiffs claim that the elements for proving a permanent injunction are "sufficiently different" from those of a preliminary injunction because of the requirement of proving irreparable harm. Resp., pp. 4-5. But while irreparable harm is an *additional* element Plaintiffs must show for preliminary injunctive relief, the Seventh Circuit will still have to delve into Plaintiffs' likelihood of success on the merits.[2] In so doing, it will most likely determine (or at the very least, provide guidance on) the scope of Second Amendment rights and the applicable standard of review. Accordingly, because the issues overlap, a stay of proceedings will reduce the burden of litigation on the parties and streamline the Court's resolution of the issues. *See, e.g., Pfizer, Inc. v. Apotex Inc.*, 640 F. Supp.2d 1006, 1007 (N.D. Ill. 2009) (courts should stay matters where such stay would result judicial economy and save time and effort for litigants).

## II. The Case Should Be Stayed Under Any Standard.

Case law is not well-developed regarding what factors this Court should consider in determining whether to stay proceedings pending the outcome of an appeal of an order denying a preliminary injunction. Defendants suggest that the Court follow the factors set out in *Pfizer*, 640

---

[2] Plaintiffs themselves marginalize the element of irreparable harm in their appellate brief. Four out of their five Statement of Issues concern the merits of their claims, not irreparable harm. *See* Appellants' Brief, pp. 2-3. And Plaintiffs spend more than two-thirds of their argument on the underlying merits, and less than one-third on the preliminary injunction factors. *Id.*, pp. 31-71.

F. Supp.2d at 1007. *See* Motion, p. 3. Plaintiffs, relying on a case from the Eastern District of New York, claim that the test is whether the issues are "too related" to the issues on appeal. *See* Resp., p. 4 (citing *Huszar v. Zeleny*, 269 F. Supp.2d 98, 101-02 (E.D. N.Y. 2003)). That case (and the others cited by Plaintiffs), however, involved the issue of whether a district court retains *jurisdiction* over a case while denial of a preliminary injunction is on appeal. Nevertheless, the tests are not that different – if the issues are too related, then it would not be logical or efficient to continue the case until the appeal has been resolved. What is clear, however, is that this Court has broad discretion to determine whether or not to issue a stay, and that it should do so under any standard it chooses to apply.

First, if the Court follows Plaintiffs' suggestion and examines whether the issues on appeal are "too related" to the issues still pending before it, a stay is certainly warranted. As set forth above, the issues remaining before this Court and on appeal are *more* than related – they are identical. Plaintiffs have asked the Seventh Circuit to rule on the merits of their claims and to order permanent injunctive relief, which is exactly what remains pending before this Court. Indeed, Plaintiffs themselves cannot even argue that the issues are not sufficiently related: they instead only equivocally state that the "issues and analysis for the permanent injunction Plaintiff [sic] seek *might be* sufficiently distant from the issues on appeal that the Court should allow the remainder of the case to proceed." Resp., p. 1 (emphasis added). *See also id.*, p. 8 ("the issues surrounding Plaintiffs' ultimate request for a permanent injunction against Defendant's ordinance may not be not [sic] the same as the now-appealed motion for preliminary injunction."). Plaintiffs are fully aware that they have placed the very same issues involved in their request for a permanent injunction before the Seventh Circuit, and this factor certainly weighs in favor of a stay.

4

Second, if the Court considers the factors in *Pfizer* – whether a stay will streamline the issues, unduly prejudice the non-moving party, and reduce the burden of litigation on the parties and the court – a stay is also warranted. *See, e.g., Pfizer*, 640 F. Supp.2d at 1007. Plaintiffs contend that they will be prejudiced by a stay because they "still assert they are being deprived of constitutional freedoms and, notwithstanding the denial of their request for a preliminary injunction, [they] deserve the opportunity to make their case at a trial on the merits." Resp., pp 5-6. Plaintiffs' position makes no sense. Plaintiffs well know that a stay of proceedings until the outcome of an appeal does *not* deprive them of the opportunity to make their case at a trial on the merits; rather, it simply allows for the trial to take place at the most logical and efficient juncture. Moreover, as discussed above, the merits of Plaintiffs' constitutional claims are currently pending in front of the Seventh Circuit because Plaintiffs, by their own doing, raised them there. Thus, Plaintiffs need not be worried about not having an opportunity to make their case; rather, they are trying to make their case in two courts at the same time.

Plaintiffs also argue that a stay will not simplify the issues in question because of "the existence of Defendant's Motion to Dismiss." Resp., p. 6. Essentially, Plaintiffs argue that ruling on Defendants' Motion before the Seventh Circuit resolves the appeal would better streamline the issues, but again, Plaintiffs' argument makes no sense. Ruling on Defendant's motion to dismiss before the Seventh Circuit weighs in would be highly inefficient. In that motion, the City has challenged the validity of Plaintiffs' First and Second Amendment claims, the precise issues presented to the Seventh Circuit in Plaintiffs' brief on appeal. If this Court reaches those claims now, and the Seventh Circuit reaches a different conclusion when deciding Plaintiffs' appeal, it would result in a duplication of efforts, multiple appeals, and wasted resources of both the Court and

5

the parties.  In contrast, Plaintiffs are not disadvantaged by waiting until the outcome of their appeal

to move forward with  whatever issues would still remain.  As Plaintiffs themselves recognized,

judicial economy is an important factor, and here, it clearly weighs in favor of a stay.[3]

There is no reason for this Court to wade into the merits of Plaintiffs' claims when those

issues are currently on appeal before the Seventh Circuit.  Moreover, the Court should not sanction

Plaintiffs' attempt to litigate its claims in two courts.  For these reasons, the Court should exercise

its discretion to manage its docket and stay this matter until Plaintiffs' appeal has been resolved.

Date: December 22, 2010                              Respectfully submitted,


                                                    MARA S. GEORGES,
                                                    Corporation Counsel for the City of Chicago

                                                    By:      /s/ Rebecca Hirsch
                                                    Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendants

---

[3] Moreover, the mere existence of Defendant's Motion to Dismiss does not have any relevance to the decision of whether or not to stay the remainder of the case.  Defendant filed its Motion to Dismiss on October 8 (pursuant to this Court's deadline), before there was even a ruling on the preliminary injunction, much less a pending appeal.

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca Hirsch, an attorney, hereby certify that on this, the 22nd day of December, 2010,

I caused a copy of the forgoing **Defendant City of Chicago's Reply In Support of Its Motion To**

**Stay Proceedings Pending The Outcome of Plaintiffs' Appeal** via electronic notification on the

following counsel of record:

Alan Gura
Gura & Possessky, PLLC
101 N. Columbus Street
Suite 405
Alexandria, VA 22314

David G. Sigale
Law Firm of David G. Sigale, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532

/s/Rebecca Hirsch
Rebecca Hirsch