# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5135 | **DATE** | 4/8/2011 |
| **CASE TITLE** | Ezell vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, the City's motion to stay (Doc. 85) is granted and its motion to dismiss (Doc. 67) is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiffs sued the City of Chicago ("City"), in the wake of the Supreme Court's decision in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), asserting that their Second Amendment rights are violated by the City's firearms ordinances which, on one hand, require an hour of training at a firing range to get a gun permit, but on the other, ban firing ranges open to the public. Consequently, Chicago residents that want gun permits have to go beyond City limits to receive their range training. The City has moved to stay the proceedings before the Court while the Seventh Circuit considers Plaintiffs' appeal of the Court's opinion denying their motion for preliminary injunction. For the reasons below, the Court grants the City's motion to stay and denies without prejudice the City's motion to dismiss for failure to state a claim.

**Background**

A few days after filing their complaint, Plaintiffs moved for a preliminary injunction, seeking to enjoin the City from enforcing the firing range ordinance. The Court set an expedited discovery schedule, the parties briefed the issues, and the Court held hearings over a two-day period. The Court, declining to apply intermediate constitutional scrutiny, found that Plaintiffs did not demonstrate they suffered irreparable harm by having to travel outside city limits to a gun range. (*See* Doc. 78.) The Court also found that a preliminary injunction was not appropriate on the issue of whether firing a gun at a gun range is tantamount to possessing a weapon at home, given that was a constitutional issue of first impression. Finally, the Court found that Plaintiffs had an adequate remedy at law and that the City demonstrated that the potential danger of firing ranges within city limits outweighed the Plaintiffs' inconvenience of having to drive outside the City to go to a range.
On October 28, 2010, Plaintiffs appealed the Court's opinion to the Seventh Circuit. The parties have fully briefed the appeal, and the appellate panel heard oral argument on April 4, 2011.

**STATEMENT**

**Analysis**

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (holding "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). When deciding whether to stay proceedings, courts in this District have considered three factors: (1) whether the stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the partes and on the Court. *See Pfizer Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009); *GE Bus. Fin. Servs. Inc. v. Spratt*, No. 08 C 6504, 2009 WL 1064608, at *1 (N.D. Ill. Apr. 20, 2009); *Arrivalstar S.S. v. Canadian Nat'l Ry. Co.*, No. 08 C 1086, 2008 WL 2940807, at *2 (N.D. Ill. Jul. 25, 2008).

The Court's analysis denying of Plaintiffs' motion for a preliminary injunction—in particular its discussion of the likelihood of success prong—was premised on state of the law regarding the Second Amendment's scope of protection. For instance, the Court found no court had expanded the right discussed in *McDonald*—to possess a gun at home for self-defense— to include the right to fire that gun at a shooting range. (Doc. 78 at 16.) Further, the Court noted that the Supreme Court and Seventh Circuit had "left open" the issue of what level of constitutional scrutiny to apply to firearms ordinances. (*Id.*) As the City points out, these are the very constitutional questions that Plaintiffs have presented to the Seventh Circuit in its opening brief on appeal. (*See* Doc. 101-1.) Indeed, Plaintiffs have argued to the appellate court that: (1) the scope of the Second Amendment's protection includes the right to use and operate a firing range (id. at 34-46); (2) the Court should not have used the rational basis standard of constitutional review (id. at 45-47); and (3) that the statute is unconstitutional (*id.* at 45.). According to Plaintiffs, "[a] trial will not prove anything more about the central constitutional questions that has not already been fully explored, a topic about which the parties likely have nothing more to add." (*Id.* at 33.) Plaintiffs conclude that "[i]n the interest of judicial economy, [the Seventh Circuit] should simply decide the constitutional questions, and issue a judgment accordingly." (*Id.* at 34.) If the Seventh Circuit agrees with Plaintiffs, goes to the merits, and strikes down the statute, Plaintiffs will have the relief they seek and there will be no substantive issues remaining for this Court. (*See* Doc. 1, Compl. (seeking an injunction forbidding the City to enforce the statute)). All three factors in the *Pfizer* test weigh in favor of staying the case until the Seventh Circuit issues its opinion on Plaintiffs' appeal.

For the same reasons, the Court denies the City's motion to dismiss without prejudice. The City seeks to dismiss Plaintiffs' complaint for failing to state a claim because the Second Amendment does not extend to the right to use and operate a gun range. The merits of the City's motions may turn on the Seventh Circuit's guidance if the panel chooses to address the constitutional issues head-on.

**Conclusion**

For the foregoing reasons, the City's motion to stay (Doc. 85) is granted and its motion to dismiss (Doc. 67) is denied without prejudice.