**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EZELL, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-5135 |
| | ) | Judge Virginia M. Kendall |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CASE AS MOOT

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, respectfully moves this Court to dismiss Plaintiffs' case as moot. In support of its motion, the City states as follows:

**Introduction**

1. In their Complaint ("Compl."), Plaintiffs claim that section 8-20-280 of the Chicago Municipal Code, which prohibits the operation of public firing ranges or shooting galleries in the City, violates their rights under the First, Second, and Fourteenth Amendments to the United States Constitution. Compl. ¶¶ 45-50. They seek a declaration that section 8-20-280, as well as sections 8-20-020, 8-20-030, 8-20-080, 8-20-100, 8-20-110, 8-20-140, and 8-24-010,[1] to the extent those sections prohibit customary activities at a firing range, are unconstitutional. *Id.* p. 12. They also ask the Court for a permanent injunction enjoining the City from enforcing the aforementioned

---

[1] Section 8-20-020 bars possession of handguns outside the home. Section 8-20-030 bars possession of long guns outside of the home or a fixed place of business. Section 8-20-080 bars possession of ammunition without a Chicago Firearms Permit ("CFP") and a registration certificate. Section 8-20-100(a) prohibits the sale, acquisition, or transfer of firearms within the City. Section 8-20-100(d) bars the loan or borrowing of a firearm. Section 8-20-110(a) requires a CFP to possess a firearm. Section 8-20-140(a) requires a registration certificate to possess a firearm. Section 8-24-010 bars recreational shooting.

provisions. *Id.* Plaintiffs seek no other form of relief.

2. On August 16, 2010, the same day Plaintiffs filed their Complaint, Plaintiffs filed a motion for a preliminary injunction. The parties engaged in expedited and extensive written and oral discovery, and the Court held a two-day evidentiary hearing on October 1 and 4, 2010.

3. On October 12, 2010, the Court denied Plaintiffs' motion for a preliminary injunction, finding, *inter alia*, that Plaintiffs had not established irreparable harm sufficient to justify the granting of preliminary injunctive relief. The trial court expressly declined Plaintiffs' request to rule on their request for a permanent injunction.

4. Plaintiffs appealed the Court's decision to the United States Court of Appeals for the Seventh Circuit, which heard oral argument on April 4, 2011.

5. On July 5, 2011, a proposed ordinance repealing section 8-20-280 and permitting firing ranges and shooting galleries to operate within the City was introduced at the meeting of the Chicago City Council Committee on Public Safety. Following a public hearing on July 5, the Committee approved the proposed ordinance.

6. On July 6, 2011, the Chicago City Council passed the ordinance, a copy of which is attached hereto as Exhibit A. As a result, firing ranges and shooting galleries may now legally operate within the City. That ordinance also eliminates any limitations on the use of firing ranges and shooting galleries allegedly caused by sections 8-20-020, 8-20-030, 8-20-080, 8-20-100, 8-20-110, 8-20-140, and 8-24-010.[2]

---

[2] On July 28, 2011, an ordinance amending the July 6, 2011 ordinance was introduced in the City Council. This amendatory ordinance, if passed by the City Council, makes limited changes to the July 6, 2011 ordinance, such as: (i) reducing the license application fee from $4,000 to $2,000; (ii) reducing the distance a firing range must be from certain sensitive areas from 1,000 feet to 500 feet; (iii) eliminating the requirement that a range have one range master for every three patrons; and (iv) eliminating the requirement

7. Also on July 6, at the same time the City Council considered the ordinance, the Seventh Circuit issued its opinion. It ruled that the Court erred in denying Plaintiffs' motion and remanded the matter for entry of a preliminary injunction enjoining the City from enforcing its prohibition on firing ranges and shooting galleries and from enforcing those provisions of the Chicago Municipal Code which prohibit citizens from effectively using firing ranges. *See* Opinion, a copy of which is attached hereto as Exhibit B, at 48-51.

**Argument**

8. Because the City Council has now repealed section 8-20-280 and permits firing ranges and shooting galleries to locate and operate within the City, Plaintiffs' case is moot, and the Court should therefore not enter a preliminary injunction but instead dismiss the case.

9. "It is fundamental to the exercise of judicial power under Article III of the United States Constitution that 'federal courts may not give opinions upon moot questions or abstract propositions.'" *Zessar v. Keith*, 536 F.3d 788, 793 (7th Cir. 2008) (quoting *Protestant Mem'l Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 729 (7th Cir. 2006)). Whether a case is moot is a question of law. *Id.*

10. The Seventh Circuit has held in a series of cases that "any dispute over the constitutionality of a statute becomes moot if a new statute is enacted in its place during the pendency of the litigation, and the plaintiff seeks only prospective relief." *Id.*; *see also Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 928-29 (7th Cir. 2003); *Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995).

---

that a range have a specific type of ventilation system and requiring instead that any ventilation system selected by the owner must remove a certain amount of lead particulate from the air.

11. When the defendants are public officials, the courts generally "place greater stock in . . . acts of self-correction, so long as they appear genuine." *Federation*, 326 F.3d at 929. Thus, "the complete repeal of a challenged law renders a case moot, unless there is evidence creating a reasonable expectation that the City will reenact the ordinance or one substantially similar." *Id.* at 930.

12. As discussed above, the City previously banned firing ranges and shooting galleries from operating in the City pursuant to section 8-20-280. But on July 6, 2011, the City repealed section 8-20-280 and enacted a new ordinance that allows firing ranges and shooting galleries to operate in the City. There is no evidence suggesting that the City Council intends to reenact the prohibition on firing ranges or shooting galleries once the Court dismisses Plaintiffs' case as moot. Moreover, the ordinance enacted on July 6, 2011 is not similar in any way to the now-repealed section 8-20-820. Section 8-20-280 completely prohibited firing ranges and shooting galleries; the July 6, 2011 ordinance expressly allows and regulates them.

13. Furthermore, the fact that resources were invested by the courts and the parties in this case does not save it from dismissal as moot. In *Zessar*, the court acknowledged that it was "cognizant of the resources that were invested, both by the district court and the parties, in litigating and ruling on [the plaintiff's claim]," but it stated that "[t]hose efforts, however, cannot maintain the challenge as a live controversy where it involves a statute no longer in existence and with no indication that the challenged practice will continue." *Zessar*, 536 F.3d at 795.

14. In addition, there is no question that Plaintiffs only seek prospective relief. They only ask this Court for a declaration and an injunction; there is no claim for monetary damages.

15. Judge Sykes's majority opinion in this case supports the City's position that the case

4

is moot: "The City may promulgate zoning and safety regulations governing the operation of ranges not inconsistent with the Second Amendment rights of its citizens; the plaintiffs may challenge those regulations, but not based on the terms of this injunction." *Ezell*, slip op. at 50.

16. Accordingly, because Section 8-20-280 has been repealed by the City and the City now allows firing ranges and shooting galleries to operate in the City, Plaintiffs' claims are moot, and there is no longer a basis for the entry of a preliminary injunction or to allow this case to proceed.

## Conclusion

**WHEREFORE**, the City respectfully requests that this Court dismiss Plaintiffs' case as moot, and grant the City such further relief as the Court deems just and appropriate.

Date: July 29, 2011                                    Respectfully submitted,

                                                       STEPHEN R. PATTON,
                                                       Corporation Counsel for the City of Chicago

                                                By:    /s/ William Macy Aguiar
                                                       Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendant