IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 10-CV-5135 |
| | ) Judge Virginia M. Kendall |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' CASE AS MOOT**

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby files its reply in support of its Motion to Dismiss Plaintiffs' Case as Moot ("Motion").

**INTRODUCTION**

Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Second Motion to Dismiss ("Response" or "Resp.")[1] is long on rhetoric but short on substance. Plaintiffs' Complaint challenges the constitutionality of section 8-20-280 of the Chicago Municipal Code, which banned firing ranges from operating in the City, and sections 8-20-020, 8-20-030, 8-20-080, 8-20-100, 8-20-110, 8-20-140, and 8-24-010 to the extent they prohibited customary activities at a firing range. *See* Compl., ¶¶ 22-26 & p.11. There is no dispute, however, that the City Council repealed the ban on firing ranges, and Plaintiffs "*agree* that the former law is unlikely to return." Resp. at 1 (emphasis added). Despite their concession, Plaintiffs oppose the dismissal of their case as moot because they assert that "the controversy in this case is the barring of gun ranges, which

---

[1] Plaintiffs have taken it upon themselves to rename the City's motion. It is properly titled Defendants Motion to Dismiss Plaintiffs' Case as Moot.

continues under" the July 6, 2011 Amended Ordinance. Resp. at 7. Plaintiffs ignore that firing ranges may now legally exist within the City, and this case only challenges the former prohibition on gun ranges contained in section 8-20-280, which has been repealed. Compl. at 11. The fact that Plaintiffs find fault with the July 6, 2011 Amended Ordinance does not save their current case from dismissal. If Plaintiffs wish to challenge provisions of the July 6, 2011 Amended Ordinance,[2] *id.* at 5-6, they are free to do so in a new action. But there is no question that the current case no longer presents a live controversy.[3]

For these reasons, set forth more fully below and in Defendants' Motion, Plaintiffs' case is moot and should be dismissed.

## ARGUMENT

**I.     Because The City Repealed Section 8-20-280, Plaintiffs' Case Is Moot.**

In their Complaint, Plaintiffs specifically ask this Court to declare unconstitutional and enjoin the City from enforcing section 8-20-280, which prohibited the operation of public firing ranges or shooting galleries in the City, and sections 8-20-020, 8-20-030, 8-20-080, 8-20-100, 8-20-110, 8-20-140, and 8-24-010, to the extent those sections prohibited customary activities at a firing range. Compl., ¶¶ 22-26 & p. 12. In their Response, however, Plaintiffs attempt to recast their Complaint in order to save their case from dismissal for mootness. Plaintiffs state in their Response that the relief they seek is for "gun ranges to be able to operate in the City of Chicago in the same manner

---

[2] Plaintiffs have not sought leave to file an Amended Complaint in this case, and their references to such a motion in their Response are insufficient to constitute such a motion. As discussed in Part II, *infra*, Plaintiffs should file a new action if they intend to challenge the July 6, 2011 Amended Ordinance.

[3] The amendments introduced on July 28, 2011 were enacted by the City Council on September 8, 2011. These amendments have no bearing on whether Plaintiffs' case is moot because no provision in the amendments enacted on September 8 reinstates the prior ban on the operation of firing ranges in the City.

that they operate throughout the United States, including in other large cities; subject to ordinary regulations, to be sure, but as a form of business that individuals can practically operate and use." Resp. at 3, 7. Plaintiffs are wrong. Plaintiffs specifically challenge in their Complaint the constitutionality of section 8-20-280 which, until its repeal, outlawed the operation of firing ranges in the City. Contrary to Plaintiffs' argument, the Complaint contains no language -- and Plaintiffs certainly point to none -- indicating that their case is "broader" than a challenge to the outright ban on firing ranges contained in the now-repealed section 8-20-280. No matter how Plaintiffs now try to spin their Complaint, the inescapable conclusion is that Plaintiffs' Complaint no longer presents a live controversy for this Court to adjudicate, and their case should be dismissed as moot. *See, e.g., Zessar v. Keith*, 536 F.3d 788, 793 (7th Cir. 2008) ("any dispute over the constitutionality of a statute becomes moot if a new statute is enacted in its place during the pendency of the litigation, and the plaintiff seeks only prospective relief").

Plaintiffs further attempt to circumvent mootness by contending that the July 6, 2011 Amended Ordinance creates a regulatory scheme that effectively bans firing ranges in the City and that the City, by enacting such regulations, has demonstrated that it has not ceased the conduct challenged in the Complaint. *See, e.g.*, Resp. at 3 (the City "symbolically lifted the explicit ban but re-enacted it for all intents and purposes, making range operation completely impossible"). This argument fails because the plain language of the July 6, 2011 Amended Ordinance demonstrates that the City no longer bans firing ranges from operating in the City. The City has therefore ceased the conduct challenged by Plaintiffs in their Complaint, which is the complete ban on firing ranges in the City. *See* Motion, Ex. 1 at 14.

Moreover, Plaintiffs fail to acknowledge that when the defendants are public officials, the

courts generally "place greater stock in . . . acts of self-correction, so long as they appear genuine." *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003). As a result, "the complete repeal of a challenged law renders a case moot, unless there is evidence creating a reasonable expectation that the City will reenact the ordinance or one substantially similar." *Id.* at 930. Plaintiffs present this Court with no evidence whatsoever demonstrating that there is any expectation that the City will reenact its prohibition on firing ranges formerly contained in section 8-20-280. To the contrary, Plaintiffs *concede* that there is no expectation that the City will reenact a complete prohibition on firing ranges: "Plaintiffs agree that the former law is unlikely to return." Resp. at 1.

Plaintiffs maintain, however, that the City has not ceased the conduct challenged in the Complaint -- an outright ban on firing ranges -- because the July 6, 2011 Amended Ordinance "leaves virtually the same ability for a range to open within City limits as the original Ordinance -- none." Resp. at 4. Plaintiffs' argument is misplaced, however, because the July 6, 2011 Amended Ordinance is not similar in any way to the now-repealed section 8-20-280. Section 8-20-280 completely prohibited firing ranges and shooting galleries; the July 6, 2011 Amended Ordinance expressly allows them to locate within the City and regulates them. Simply because Plaintiffs *believe* that the July 6, 2011 Amended Ordinance has the same effect as the former outright ban does not mean that the City has enacted an ordinance that is "substantially similar" to the prior outright ban. The simple fact is that the July 6, 2011 Amended Ordinance, which expressly allows firing ranges in the City, is not similar in any way to section 8-20-280, which outlaws firing ranges all together, and if Plaintiffs wish to challenge the July 6, 2011 Amended Ordinance, they should file a new lawsuit as discussed below in Part II.

Plaintiffs' cases do not support their assertion that the City, by repealing the outright ban on firing ranges but implementing regulations for their operation, has enacted an ordinance that is substantially similar to that outright ban. In *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 658 (1993), the defendant municipality enacted an ordinance which required 10% of the amount spent on municipal contracts to be "set aside" for "minority business enterprises." The plaintiff, an association of individuals and firms in the construction industry, challenged the ordinance under the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 658-59. The district court entered a preliminary injunction enjoining enforcement of the ordinance, which was reversed by the court of appeals. *Id.* at 659. The district court thereafter granted summary judgment for the plaintiff, but that decision was again reversed by the appellate court. *Id.* at 660. After the Supreme Court granted certiorari, the municipality repealed the ordinance and enacted a new ordinance which, *inter alia*, established a "participation goal" for minority businesses of 5 to 16% of municipal contracts and provided five alternative methods for achieving the participation goal, one of which was "virtually identical" to the prior 10% "set aside." *Id.* at 660-61. Thus, although the new ordinance did differ in some respects to the prior ordinance, it still contained a "set aside" provision, leading the Supreme Court to reject the municipality's argument that the plaintiff's case was rendered moot by the enactment of the new ordinance because it still afforded preferential treatment to minorities. *Id.* at 661-62.

In contrast, the City's amendment here completely eliminates the conduct challenged by Plaintiffs by replacing the ban on firing ranges with a provision explicitly allowing them, albeit with regulations. Thus, *Northeastern Florida* differs in the most significant respect from this case, and Plaintiffs' reliance on it is therefore misplaced.

Plaintiffs' citation of *Community Services, Inc. v. Wind Gap Municipal Authority*, No. 02-8366, 2006 WL 1117866 (E.D. Pa. Apr. 25, 2006), is also inapposite. In *Community Services*, the plaintiff, which provided services for mentally challenged women at the property in question, sued the municipal defendant, which provided sewer services to the property, under the Fair Housing Act and Fair Housing Amendments Act because the defendant changed the classification of the property from residential to commercial and required additional fees based allegedly on the handicapped status of the women. *Id.* at *1. Before trial, the defendant changed the zoning back to residential, returned the excess fee payments, and moved the district court to moot the case. *Id.* The court denied the motion, finding that although the defendant restored the plaintiff's zoning and status, the defendant's behavior could recur because the defendant included a "broad and amorphous" caveat to its corrective actions which could allow it to arbitrarily revisit the zoning of and fees for the property. *Id.* at *2. *Community Services* therefore does not "parallel[]" this case, as Plaintiffs state in their Response, because here, there is no "caveat" contained in the July 6, 2011 Amended Ordinance which grants the City the ability to reinstate the former prohibition on firing ranges.[4]

Finally, Plaintiffs maintain that the Court should still enter a preliminary injunction enjoining enforcement of section 8-20-280. *See* Resp. at 1. Because section 8-20-280 has been repealed and the City allows firing ranges to operate within its borders, there is nothing to enjoin, and the Court

---

[4] Surprisingly, Plaintiffs fail to note in their Response that the defendant in *Community Services*, subsequent to the Court's order denying their motion to dismiss for mootness, amended its regulation to clarify that "'home facilities' such as the property at issue that have residents who qualify under the [Fair Housing] Act would be charged residential sewer fees," even if the property is otherwise classified as commercial. *Community Servs, Inc. v. Wind Gap Mun. Auth.*, No. 02-8366, 2006 WL 2289796, *1 (E.D. Pa. Aug. 7, 2006). The defendant thereafter renewed its motion to dismiss for mootness, and the district court granted the motion, finding that in light of the amendment "there is no longer a reasonable likelihood that, in the future, the defendant would attempt to charge the property in its current state at the commercial rate." *Id.* at *3.

would therefore be engaging in an act of futility in entering an order that has no practical effect. Incredibly, Plaintiffs also assert, based on the Seventh Circuit's statement that "'the injunction should prohibit the City from using its zoning code to exclude firing ranges from locating anywhere in the City,'" Resp. at 7 (quoting *Ezell v. City of Chicago*, No. 10-3525, 2011 WL 2623511, *19 (7th Cir. July 6, 2011)), that this Court should immediately enjoin the operation of section 4-151-120, enacted on July 6, 2011, because it prohibits ranges from locating within 1,000 feet of certain sensitive areas.[5] Plaintiffs' argument fails for two very basic reasons. First, before the Court can enter an injunction enjoining operation of section 4-151-120, Plaintiffs must file a complaint challenging it and then prevail upon a motion for preliminary injunction. Neither of those events has occurred. Second, Plaintiffs misread the Seventh Circuit's opinion. The Seventh Circuit clearly intended to foreclose the City from relying on the fact that its zoning ordinance does not provide for firing ranges as a way to circumvent an injunction allowing firing ranges. But the Seventh Circuit did not state that the City should be precluded from using its zoning authority to determine where ranges can locate within the City. Indeed, any such reading of the Seventh Circuit's opinion would be contrary to the court's statement that "[t]he City may promulgate zoning and safety regulations governing the operation of ranges not inconsistent with the Second Amendment rights of its citizens; the plaintiffs may challenge those regulations, but not based on the terms of this injunction." *Ezell*, 2011 WL 2623511 at *20. For these reasons, the Court should not enter an injunction of any kind but should instead dismiss Plaintiffs' case as moot.

---

[5] The July 28, 2011 amendment, which was passed on September 8, 2011, reduces the distance a range must locate from such sensitive areas from 1,000 feet to 500 feet. *See* Resp., Ex. 1. at p.5.

### II. Plaintiffs Should Not Be Allowed To Amend Their Complaint But Should Be Required To File A New Action.

The fact that Plaintiffs may challenge the amended ordinance at some future date does not save the case from dismissal. First, as discussed above, they simply have not done so; there are no live claims presently before the Court, nor have Plaintiffs prepared and attached an amended complaint and sought leave from this Court to file it. Indeed, Plaintiffs admit that, after the proposed July 28 amendments take effect, "the issue of whether the case would proceed can be revisited by both sides, and by the Court." Resp. at 1-2. The mere *possibility* that Plaintiffs may decide to challenge provisions of the new ordinance does not provide an actual, live controversy necessary for the Court to maintain jurisdiction, and is insufficient to keep this case alive.

More importantly, even if Plaintiffs ultimately decide to challenge the new ordinance, that challenge would be an entirely different case with different legal theories, and should be filed as a new lawsuit. Plaintiffs brought this lawsuit claiming that a *complete ban* on the operation of firing ranges within the City – as reflected in section 8-20-280 – was unconstitutional. The July 6 and July 28 amendments, however, do not merely make small changes to, or revise, the existing law. Instead, the amendments changed the nature of the law, replacing the ban on firing ranges with an ordinance *allowing* firing ranges, and setting forth the regulatory requirements for such firing ranges. The legal claims involved in challenging specific regulatory requirements, instead of challenging a complete ban, would be of a very different nature and would require new and expansive fact discovery on issues such as zoning, license fees, operational requirements, and environmental safety precautions. "Where an amendment injects a new theory of liability into the case, thereby necessitating substantial additional discovery, leave to amend should be denied." *Murphy v. White*

*Hen Pantry Co.,* 691 F.2d 350, 353 (7th Cir. 1982). *See also Johnson v. Methodist Med. Ctr. of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993) (leave to amend denied when proposed amendments raised new claims necessitating new discovery); *Carey v. Kerr-McGee Chemical Corp.*, 60 F. Supp.2d 800, 810 (N.D. Ill. 1999) (same).

Furthermore, denial of leave to amend is especially appropriate where a case is moot or would otherwise be over but for the proposed new claims. *See, e.g., Wisconsin Vendors, Inc. v. Lake County*, No. 99 C 8340, 2003 WL 366580, *6 (N.D. Ill. Feb. 19, 2003) (principle that plaintiff wishing to assert new claims into case should bring new lawsuit "is more compellingly true when, but for the proposed new claims, the case would be over"); *Wardell v. City of Chicago*, Nos. 98 C 8002, 99C 1856, 2001 WL 849536, *4 (N.D. Ill. July 23, 2001) (denying leave to amend "is particularly appropriate when a lawsuit is on the verge of final resolution").

*Wisconsin Vendors* is directly on-point. In that case, the plaintiff sued Lake County alleging that its ordinance regulating adult-oriented businesses was unconstitutionally vague. *See* 2003 WL 366580 at *2. The court granted the plaintiff a preliminary injunction and two months later, the County amended the ordinance to include more specific definitions of "adult-oriented businesses," to more specifically define other activities, and to eliminate the $5000 bond requirement. *Id*. Plaintiff then sought leave to file a "supplemental" complaint challenging the amended ordinance. *Id*. The court first dissolved the preliminary injunction because the relief was based on the old ordinance no longer in effect. "The amendment of an ordinance moots any claims for injunctive relief based on the old ordinance." *Id*. at *5 (citing *Rembert v. Sheahan*, 62 F.3d 937, 940-41 (7th Cir. 1995)). The court then denied the motion for leave to file a supplemental complaint challenging the new ordinance, since "the claims form a separate and distinct controversy from the one based on

the old ordinance" and allowing the supplemental pleading "would essentially allow the plaintiff to start a new case, especially in light of the fact that it would require time-consuming and expensive new discovery." *Id*. at *6. Thus, because the prior case was moot but for the proposed amendment, the plaintiff had to bring its new claims in a different lawsuit. The same reasoning applies here.

## CONCLUSION

For the foregoing reasons and those stated in its Motion, the City respectfully requests that this Court dismiss Plaintiffs' case as moot, and grant the City such further relief as the Court deems just and appropriate.

Date: September 12, 2011

Respectfully submitted,

STEPHEN R. PATTON,
Corporation Counsel for the City of Chicago

By: /s/ William Macy Aguiar
     Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendant