**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EZELL, ET AL.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 10-CV-5135 |
| ) | Judge Virginia M. Kendall |
| **CITY OF CHICAGO,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>DEFENDANT'S OBJECTION TO THE ENTRY OF A PRELIMINARY INJUNCTION</u>**

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby objects to the entry of any preliminary injunction at this stage of litigation.

**PRELIMINARY STATEMENT**

On July 29, 2011, the City filed a motion to dismiss Plaintiffs' case, arguing that, because MCC § 8-20-280 had been repealed, there was no longer a live case or controversy before the Court. *See* Defendant's Motion to Dismiss Plaintiffs' Case as Moot, pp. 3-5 ("Motion"). On September 28, 2011, this Court denied the City's Motion, and ordered the parties to submit an agreed proposed injunction order by September 30. *See* Memorandum Opinion and Order dated September 28, 2011 ("Mem."), p. 6. If the parties could not agree, they were ordered to submit separate proposed injunction orders. *Id*. The Court did not specify what ordinance or conduct the proposed injunction orders were to address, the scope of any such orders, or whether they should be for preliminary or permanent injunctive relief.

For the reasons set forth in its Motion, which the City incorporates herein, the City respectfully disagrees with the Court's finding that the case is not moot and that Plaintiffs may file

an amended complaint before this Court challenging provisions of the current ordinance. Notwithstanding the Court's finding on mootness, however, there is no basis in law to support the issuance of an injunction in this case, either enjoining the repealed MCC § 8-20-280 or the newly enacted and as-of-yet unchallenged July 6, 2011 Ordinance, portions of which were amended on September 8, 2011.[1] Therefore, for the reasons stated below, the City cannot submit a proposed injunction order.

## OBJECTIONS

**A.   MCC § 8-20-280 Cannot Be Enjoined Because It Has Been Repealed.**

On July 6, 2011, when the Seventh Circuit issued its opinion directing the Court to enter a preliminary injunction enjoining the enforcement of MCC § 8-20-280 (the ban on shooting ranges), and certain other provisions impacting the ability to handle and shoot guns at a range, the ordinance still remained on the books. When City Council repealed MCC § 8-20-280 later the same day and enacted a new gun ordinance specifically allowing for firing ranges to operate within the City, and amending other provisions so as to allow the use of guns at a range, it necessarily mooted the injunctive relief ordered by the Seventh Circuit. *See, e.g., Federation of Advertising Ind. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) ("a repeal, expiration, or significant amendment to challenged legislation ends the ongoing controversy and renders moot a

---

[1] On July 6, City Council enacted an ordinance allowing for gun ranges within the City, subject to certain regulations. On September 8, City Council amended the ordinance to change certain of these regulations, such as (1) reducing the required distance between gun ranges and sensitive areas such as churches, schools and liquor stores from 1,000 ft to 500 ft; (2) reducing the licensing fee from $4000 to $2000; and (3) permitting operators to choose from a variety of ventilation systems rather than requiring that a specific ventilation system be used. In their response to the City's Motion, Plaintiffs outlined numerous provisions of the July 6 ordinance that they intended to challenge (including the three provisions listed above that have already been changed), but many of those provisions are no longer operative due to the Sept. 8 amendments.

plaintiff's request for injunctive relief."); *Rembert v. Sheahan,* 62 F.3d 937, 940 (7th Cir. 1995) ("The complete repeal of a challenged statute naturally renders a request for an injunction against application of that statute moot.").

Simply stated, an injunction against enforcement of a statute or law cannot lie where that law no longer is in effect. True, there is an exception to the rule that a case is moot when a challenged law has been repealed, where "there is evidence creating a reasonable expectation that the City will reenact the ordinance or one substantially similar." *Federation,* 326 F.3d at 930. But such an exception does not apply to the issuance of prospective injunctive relief on a repealed law. The exception concerns whether jurisdiction over the *case* should be relinquished because the issues are moot or whether the plaintiff may challenge the newly enacted provisions; it does not concern or allow for the entering of an injunction on a law no longer in existence.[2]

In short, the Court cannot enjoin the enforcement of a repealed ordinance, MCC § 8-20-280 and the related prior provisions because they are no longer in effect and there is no evidence that the City will re-enact them. The City therefore cannot submit a proposed injunction order on this basis.

**B.      It Would Be Premature and Improper to Enjoin the Sept. 8 Ordinance.**

Furthermore, it would be entirely improper for the Court to enjoin any provisions of the current ordinance at this time. Plaintiffs have not yet filed an amended complaint challenging the July 6 Ordinance or its Sept. 8 amendments (and, pursuant to this Court's Order, have until October 15 to do so); thus, there are no live claims concerning the new ordinance, much less any motion for

---

[2] Moreover, this case does not involve a situation where a repealed law has not been replaced with new legislation and there is evidence that the municipality, once the case is resolved, will simply re-enact the same law. Indeed, Plaintiffs agree that "the former law is unlikely to return." Mem., p. 3.

injunctive relief regarding it. Until Plaintiffs file an amended complaint, it is impossible to know what provisions of the Ordinance they might challenge, the legal bases for such challenges, and what relief they might seek. Moreover, the Court must allow the City an opportunity to present its factual and legal defense to any such claims, and ensure that the legal standards for injunctive relief have been met, before entering an injunction. Thus, without these initial, required, and essential steps of litigation, Defendants simply cannot propose language for an injunction order concerning the July 6 or Sept. 8 Ordinances. Indeed, this Court has recognized that "whether the new ordinance's restrictions are so burdensome as to effectively ban firing ranges or invade an individual's Second Amendment rights is an issue that must be hashed out in litigation," (Sept. 28 Order, p.5), and that "the Court cannot conclude that the new ordinance is the same as the old without further litigation..." *Id.*, p. 6.

The fact that the Seventh Circuit remanded the case with instructions to enter a preliminary injunction does not – and cannot – translate into an automatic preliminary injunction based on the current July 6 and Sept. 8 ordinances. As discussed above, the Seventh Circuit's opinion concerned only MCC § 8-20-280 and certain related prior provisions; indeed, it enumerated those provisions as the ones to be enjoined and stated that "[t]hose are the bounds of the proposed preliminary injunction ..." *Ezell v. City of Chicago*, – F.3d –, 2011 WL 2623511, *20 (7th Cir. July 6, 2011). Those provisions no longer exist, and, beyond those "bounds," there is nothing left to enjoin under the Seventh Circuit's order.

Accordingly, for these reasons, the City objects to the entry of any injunction order in this case at this time.

Date: September 30, 2011 Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel for the City of Chicago

By: /s/ Rebecca Alfert Hirsch
Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Rebecca Alfert Hirsch, an attorney, hereby certify that on this, the 30th day of September, 2011, I caused a copy of **Defendant's Objection to the Entry of a Preliminary Injunction** to be served by ECF, on:

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street | Corporate West I |
| Suite 405 | 4300 Commerce Court, Suite 300-3 |
| Alexandria, VA 22314 | Lisle, IL 60532 |

/s/ Rebecca Alfert Hirsch