**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, | ) | |
| WILLIAM HESPEN, ACTION TARGET, INC., | ) | |
| SECOND AMENDMENT FOUNDATION, INC., | ) | |
| and ILLINOIS STATE RIFLE ASSOCIATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10 CV 5135 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | **AMENDED COMPLAINT** |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action

Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, by and

through undersigned counsel, and complain of the Defendant as follows:

### THE PARTIES

1. Plaintiff Rhonda Ezell is a natural person and a citizen of the United States

residing in Chicago, Illinois.

2. Plaintiff Joseph I. Brown is a natural person and a citizen of the United States

residing in Chicago, Illinois.

3. Plaintiff William Hespen is a natural person and a citizen of the United States

residing in Chicago, Illinois.

4. Plaintiff Action Target, Inc., is a Delaware corporation having its primary place of

business in Utah. Action Target is a leading designer and builder of gun ranges, and renowned

manufacturer and seller of gun range equipment and supplies. Action Target is engaged in the

gun range business throughout the United States, including in Chicago, where it constructed a gun range on the seventeenth floor of the Federal Reserve Bank of Chicago, located at 230 South LaSalle Street; a gun range for the United States Postal Inspectors at 743 South Canal Street; and a gun range for Brinks, located at 919 South California Avenue. Action Target has bid on the retrofitting of two other gun ranges within Chicago currently being operated by the federal government.

5.     Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including many in Chicago. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

6.     Plaintiff Illinois State Rifle Association ("ISRA") is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has over 17,000 members and supporters in Illinois, including many in Chicago. The purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. ISRA brings this action on behalf of itself and its members.

7.     Defendant City of Chicago is a municipal entity organized under the Constitution and laws of the State of Illinois.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

2

9.      Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Gun Ranges' Role in American Tradition and Chicago's Safety Policy*

10.      Familiarity with firearms, and proficiency in their use, promotes public safety. Gun owners trained in and familiar with the operation of their guns are less likely to be involved in accidental shootings, and more likely to successfully use their firearms in self-defense in case of need.

11.      Recreational shooting is a traditional lawful use of firearms in the United States.

12.      The promotion of civilian marksmanship has been a priority of the federal government throughout American history, beginning with the Second Militia Act of 1792 and continuing through today with the modern implementation of the Civilian Marksmanship Program through the federally-chartered Corporation for the Promotion of Rifle Practice and Firearms Safety, 36 U.S.C. §§ 40701, et seq.

13.      Defendant City of Chicago recognizes the value of firearms training and proficiency. The City mandates, as a condition of firearms ownership, that all individuals undergo at least one hour of firearms training on a gun range.

14.      Chicago residents wishing to lawfully possess firearms in the city must first obtain a Chicago Firearms Permit ("CFP"). Chi. Mun. Code § 8-20-110(a).

15.      An application for a CFP "shall include . . . (7) an affidavit signed by a firearm instructor certified by the State of Illinois to provide firearm training courses attesting that the applicant has completed a firearm safety and training course, which, at a minimum, provides one hour of range training . . ." Chi. Mun. Code § 8-20-120(a).

3

16.     Chicago firearm registrants must obtain a CFP, and the requisite training, in order to renew their firearm registration. Chi. Mun. Code § 8-20-110(d). If a registration is not timely renewed, the subject firearm may become unregisterable to the current owner and must be disposed of. Chi. Mun. Code §§ 8-20-145(c), 8-20-170(c).

17.     Gun ranges open to the public exist in virtually every major American city in a variety of architectural settings.

18.     Properly designed and operated, gun ranges are compatible with many typical commercial uses of property.

19.     At least eleven gun ranges currently operate within the City of Chicago. However, none are open to the public. Six ranges are operated by the Chicago Police Department, including at the Police Academy.  The federal government maintains four gun ranges. And each of two private security companies operate gun ranges for their own purposes.

20.     Historically, gun ranges open to the public have operated in Chicago without adverse impact on the community. The gun ranges that operate in Chicago today do not adversely impact the community.

*Chicago's Prohibition of Gun Ranges, Recreational Shooting, and Firearms Training*

21.     Chicago Municipal Code § 8-20-280 previously read: "Prohibition on shooting galleries and target ranges," provides: "Shooting galleries, firearm ranges, or any other place where firearms are discharged are prohibited; provided that this provision shall not apply to any governmental agency. The discharge of a firearm in an area where hunting is permitted shall not be a violation of this section."

22.     On July 6, 2011, Plaintiffs obtained a judicially-ordered change in the relationship among the parties to this litigation, when the Seventh Circuit Court of Appeals ordered that a

4

preliminary injunction be issued against enforcement of the provisions initially challenged by this litigation. Plaintiffs are therefore, as of July 6, 2011, prevailing parties for purposes of 42 USC §1983.

23.     On July 6, 2011, on the same date the City's prohibition on gun ranges was ruled unconstitutional by the Seventh Circuit Court of Appeals, the City enacted a new range Ordinance, which went into effect on or about July 16, 2011 (hereinafter "the July 2011 Ordinance"). Thereafter, the July 2011 Ordinance was amended by yet another Ordinance, enacted and taking effect on September 8, 2011 (hereinafter "the September 2011 Ordinance").

24.     All matters pled and alleged in the original complaint in this matter are hereby restated as though fully set forth herein, including, specifically, Plaintiffs' objection to former Chi. Mun. Code § 8-20-280 and all other provisions that have been since been modified following the Seventh Circuit Court of Appeals' decision of July 6, 2011 in this case. This amended complaint does not abandon any claim to relief awarded July 6, 2011 by the Court of Appeals, but rather, consistent with the Court's opinion that the controversy is not apparently mooted, seeks to preserve Plaintiffs' rights against the newly manifested forms of Defendant's infringement of Plaintiffs' rights.

25.     The July 2011 Ordinance, as amended by the September 2011 Ordinance, purports to allow gun ranges to open and operate in the City, but a variety of its sections work to effectively prohibit ranges from opening and operating by unjustifiably burdening their construction, operation and use. In the alternative, to the extent range construction, operation and use might be technically feasible under the ordinance, such construction, operation and use is unjustifiably burdened by the challenged provisions. These include:

- Chi. Mun. Code §§ 4-151-010 and 4-151-030, which require all range managers,

employees, and "applicants" be fingerprinted and have a Chicago Firearms Permit

("CFP") and an Illinois Firearms Owners Identification Card ("FOID"). "Applicants" are

defined by Section 4-151-010 to include all persons who are "required to be disclosed

pursuant to section 4-151-030(b),"— meaning, individuals, partners of partnerships,

LLC managers and/or members, corporate officers and directors, *and* their attorneys,

accountants, consultants, expediters, promoters, and lobbyists.  This is unjustifiably

burdensome and effectively bars out of state ownership or assistance, since only Illinois

residents are eligible to obtain FOID cards.

- Chi. Mun. Code § 4-151-030(f) provides the Commissioner unbridled discretion

  to deny a range license application if the license "would have a deleterious

  impact on the health, safety and welfare of the community in which the shooting

  rage facility is or will be located," and presumes that a "deleterious impact"

  exists "whenever there have been a substantial number of arrests within 500 feet

  of the applicant's premises . . . ."

- Chi. Mun. Code § 4-151-090 restricts ranges to operate only between 8 a.m. and 9

  p.m., every day.

- Chi. Mun. Code § 4-151-100(d) bars range patrons under the age of 18.

- Chi. Mun. Code. § 4-151-100(g)(1) forbids any person who does not have a CFP

  and FOID card from using a range, unless it for the one hour CFP training.  This

  effectively bars anyone who does not live in Chicago, be they suburbanites or

  out-of-state visitors, from patronizing a gun range in Chicago, regardless of

  whether they have a FOID card or the equivalent from another State, because the

  burden of obtaining a CFP just to visit a range will be too burdensome for most

6

non-residents. Further, out-of-state residents are ineligible to obtain a FOID card, so the restriction bars them from patronizing a range in the City.

- Chi. Mun. Code § 4-151-120 prohibits gun ranges from locating 500 feet from any other gun range, residential district, school, day-care facility, park, place of worship, alcohol retailer, "children's activities facility," library, museum, or hospital.

- Chi. Mun. Code § 8-20-110 prohibits the possession of a firearm without a CFP, including the possession of firearms by shooting range patrons other than a one-time, one-hour exemption for taking a class. These provisions bar individuals from (1) practicing with or sampling different firearms, (2) practicing the use of firearms without purchasing and registering a firearm, (3) purchasing ammunition for self-defense, and (4) replacing older ammunition, by firing it at the range and then departing with fresh replacements.

- Chi. Mun. Code § 4-151-170 prohibits the loaning or renting of firearms, other than for a one-hour class, and prohibits range patrons from leaving with ammunition sold by the gun range.

- Chi. Mun. Code § 13-96-1200(b)(2) requires a maximum decibel level of 55db emanating from shooting ranges, which is lower than many ordinary human conversations, ambient noise from traffic, and numerous commercial uses permitted within the city.

- Chi. Mun. Code § 13-96-1200(b)(7) requires that the floors of the shooting range be constructed to slope at a minimum of 1/4 inch per foot from the firing line to the backstop/bullet trap.

7

26.     Violation of any provisions, rules or regulations of Chapter 4-151 of the Chicago Municipal Code results in a fine of $500.00 to $5000.00 per offense, and/or incarceration up to 180 days.  The Code considers each day of a violation to be a separate offense.  Chi. Mun. Code § 4-151-190.

27.     Every day in which an individual transfers, loans, borrow, gives or rents firearms or ammunition in violation of Chi. Mun. Code § 8-20-100; or possesses an unregistered firearm in violation of Chi. Mun. Code § 8-20-140, is considered a separate and distinct offense. The penalty for a first offense in violation of these provisions is a fine ranging from $1,000 to $5,000 and/or incarceration ranging from 20 to 90 days. A subsequent offense carries a fine ranging from $5,000 to $10,000 and/or incarceration ranging from thirty days to six months. Chi. Mun. Code § 8-20-300(b).

28.     Every day in which an individual possesses a firearm without a CFP in violation of Chi. Mun. Code § 8-20-110 is considered a separate and distinct offense. The penalty for violating this provision is a fine ranging from $1,000 to $5,000 and/or incarceration ranging from 20 to 90 days.

29.     Discharging a firearm other than in self-defense or defense of another person, in violation of Chi. Mun. Code § 8-24-010, carries a penalty ranging from $500 to $1000.

*The Impact of Chicago's Range Prohibition on Plaintiffs and the Public*

30.     Plaintiff Rhonda Ezell has been the victim of three attempted burglaries at her Chicago home. She applied for a Chicago Firearms Permit in order to register her handgun, but had to travel to a range in Dundee, Illinois, a significant distance from her home, in order to obtain the training mandated by Chi. Mun. Code § 8-20-120(a),

31.     Plaintiff Ezell suffers from interstitial lung disease, lupus, and end stage renal

8

disease, for which she is currently awaiting a kidney transplant. Ezell would like to continue recreational shooting, but given her condition finds it difficult to travel outside the city for that purpose. Ezell would utilize a gun range inside the city of Chicago were one accessible to her.

32. Plaintiff Joseph I. Brown is an honorably-discharged U.S. Army veteran. Plaintiff Brown served in the Pacific and European theaters during the Second World War, and was among the liberators of the infamous Dachau concentration camp. Brown is currently the Chairman of the Marksmanship Committee for the Department of Illinois, American Legion. He is also the Secretary and Treasurer of the Cook County Rifle League, and until recently instructed a winter shooting league for junior shooters (boys and girls ages 12-20) that met at the now-closed six-point indoor gun range located at the Morton Grove, Illinois American Legion Post 134.

33. Plaintiff Brown was forced to leave the City to obtain his mandatory CFP range training. He would engage in recreational shooting within the City of Chicago, and promote and provide instruction in the shooting sports, and marksmanship, to his Chicago neighbors at a local range, if one were made available to him.

34. Plaintiff William Hespen is a retired Chicago Police detective. Plaintiff Hespen was forced to leave the City to obtain his mandatory CFP training. Plaintiff Hespen would also engage in recreational shooting within the City of Chicago, and promote and provide instruction in the shooting sports, and marksmanship, to his Chicago neighbors at a local range, if one were made available to him.

35. Various qualified customers of Plaintiff Action Target have expressed to Action Target their desire to retain the company to construct gun ranges within the city limits of

Chicago. Action Target is unjustifiably inhibited from entering into these contracts, and from supplying range equipment and supplies in Chicago, owing to the ordinances complained of in this action. But for these prohibitions, Action Target would successfully market its services and products in Chicago to non-governmental entities.

36.     Plaintiff ISRA has long operated a gun range approximately sixty miles outside Chicago for the benefit of its members and the public at large. ISRA would operate a range within the City of Chicago, to further its chartered purposes of promoting the shooting sports, educating the public about firearms, training individuals to become better and safer shooters, enabling individuals to comply with training requirements such as that recently enacted by the City of Chicago, and generally serving its members.

37.     Plaintiffs SAF and ISRA have members and supporters within the City of Chicago who require range training in order to obtain CFPs and thus lawfully keep firearms. It is squarely within the educational and public service missions of SAF and ISRA to provide firearms training, especially to the extent such training is required as a condition of gun ownership.

38.     SAF and ISRA expend their resources advising and counseling current and prospective Chicago gun owners with respect to Chicago's gun laws, including the city's range training requirement.

39.     Every day, current firearms registrants, including the members and supporters of Plaintiffs SAF and ISRA, are forced to obtain CFPs to continue exercising their right to keep arms in the City of Chicago, as registration certificates issued under the previous Chicago firearms ordinance expire, and as Chicago residents wish to exercise their rights to possess and train with firearms. It is urgent that such individuals immediately obtain the city-mandated

training, lest their firearms become unregisterable to them and they become subject to criminal penalties.

40.     Numerous individuals within Chicago, including the members and supporters of Plaintiffs SAF and ISRA, require the city-mandated training so that they may timely obtain CFPs and gun registrations for possession, self-defense and training.

41.     But for the criminal enactments challenged in this complaint, SAF and ISRA would begin educating individuals in the use of firearms, including by providing the training required by Defendant City of Chicago, operating a gun range within the City of Chicago, but refrain from doing so due to potential criminal penalties and the burdensome Code sections complained of herein.

42.     The criminal enactments and burdensome requirements and restrictions contained in the Ordinances challenged in this complaint unjustifiably inhibit ISRA's efforts to construct and operate gun ranges within the City of Chicago.

43.     But for the criminal enactments and burdensome requirements and restrictions contained in the Ordinances challenged in this complaint, Plaintiffs Ezell, Brown and Hespen would frequent a Chicago gun range for recreational shooting, and to maintain and improve their proficiency with firearms.

## COUNT I
## RIGHT TO KEEP AND BEAR ARMS
## U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983

44.     Paragraphs 1 through 43 are incorporated as though fully stated herein.

45.     The Second Amendment, which applies against defendant City of Chicago by operation of the Fourteenth Amendment, secures the right to operate firearms at a range, for purposes of learning about firearms, gaining proficiency with firearms, obtaining any training

11

required as a condition of firearms ownership, recreation, and competition; and the right to own

and operate a range for these purposes.

46.     Chicago's laws effectively prohibit the operation of gun ranges, thereby

prohibiting numerous traditional lawful uses of firearms. The range ban and associated laws also

impede gun ownership itself by frustrating compliance with the city's firearm registration

program and barring access to useful information and experience inherently necessary to the

exercise of Second Amendment rights.  In the alternative, to the extent ranges are allowed, the

complained-of provisions unjustifiably inhibit their construction and operation.

47.     By so burdening the owning and operation of a gun range within the City limits,

and by effectively banning the loan, rental, and borrowing of functional firearms at ranges open

to the public, the City is effectively prohibiting gun ranges from opening to the public.  In the

alternative, to the extent ranges are allowed, the complained-of provisions unjustifiably inhibit

their construction and operation.  Defendant currently under color of law deprives individuals,

including the Plaintiffs, of their right to keep and bear arms, in violation of the Second and

Fourteenth Amendments to the United States Constitution.  Plaintiffs are thus damaged in

violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to declaratory and preliminary and

permanent injunctive relief against continued enforcement and maintenance of Defendant's

unconstitutional customs, policies, and practices.

## COUNT II
## FREE SPEECH
## U.S. CONST., AMENDS. I AND XIV, 42 U.S.C. § 1983

48.     Paragraphs 1 through 47 are incorporated as though fully stated herein.

49.     The First Amendment, which applies against defendant City of Chicago by

operation of the Fourteenth Amendment, secures the right to provide and receive education and

instruction in the use of firearms, including the right to provide and receive the training required by defendant as a prerequisite to owning firearms.

50. By so burdening the owning and operation of a gun range within the City limits, and by effectively banning the loan, rental, and borrowing of functional firearms at ranges open to the public, the City is effectively prohibiting gun ranges from opening to the public. In the alternative, to the extent ranges are allowed, the complained-of provisions unjustifiably inhibit their construction and operation. Defendant currently under color of law deprives individuals, including the Plaintiffs, of their right to free speech, in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendant's unconstitutional customs, policies, and practices.

## PRAYER FOR RELIEF

Plaintiffs request judgment be entered in their favor and against Defendant as follows:

1. An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Chicago Municipal Code §§ 4-151-010 and 4-151-030, requiring all range managers, employees, and "applicants" have a Chicago Firearms Permit ("CFP") and an Illinois Firearms Owners Identification Card ("FOID"); 4-151-030(f); 4-151-090; 4-151-100(d); 4-151-120; 4-151-170; 8-20-110 as applied to firearms temporarily borrowed or rented by shooting range patrons, 13-96-1200(b)(2) and 13-96-1200(b)(7), or any other law, as against the ordinary operation and use of gun ranges open to the public and the loan or rental of functional firearms within gun ranges open to the public;

2. Attorney Fees and Costs, including for all relief already awarded by the Seventh Circuit Court of Appeals since the initiation of this litigation, pursuant to 42 U.S.C. § 1988;

3. Declaratory relief consistent with the injunction;

13

4.      Costs of suit; and

5.      Any other further relief as the Court deems just and appropriate.


Dated: October 15, 2011                        Respectfully submitted,

Alan Gura (Admitted *pro hac vice*)            David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC                         Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405              739 Roosevelt Road, Suite 304
Alexandria, VA 22314                           Glen Ellyn, IL 60137
703.835.9085/Fax 703.997.7665                  630.452.4547/Fax 630.596.4445


                                               By:   /s/David G. Sigale
                                                     David G. Sigale


14