IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, ) <br> WILLIAM HESPEN, ACTION TARGET, INC., ) <br> SECOND AMENDMENT FOUNDATION, INC. ) <br> and ILLINOIS STATE RIFLE ASSOCIATION., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, ) <br> ) <br> Defendant. ) | Case No. 10 CV 5135 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO THE ENTRY
OF A PRELIMINARY INJUNCTION**

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, and submit their Response to the Defendant's Objections to the Court entering a Preliminary Injunction, per the Seventh Circuit's ruling of July 6, 2011.

On September 28, 2011, this Court said it was ". . . to enter an injunction forbidding the City from enforcing the firing range ban, as well as the other ordinance sections that prevented Chicagoans from using ranges." Order of Court of 9/28/11 (citing *Ezell v. City of Chicago*, --- F.3d ---, [2011 U.S.App. LEXIS 14108], at *66 (7th Cir. Jul. 6, 2011)).

Plaintiffs requested such a preliminary injunction against those provisions of the City's new Ordinances that unjustifiably inhibited the opening and operation of ranges (Ordinance dated July 6, 2011 as amended by separate Ordinance dated September 8, 2011). Those challenged provisions are discussed both in the Plaintiffs' Amended Complaint and in the

1

proposed Injunction Order submitted to the Court on September 30, 2011. Plaintiffs are obviously not challenging the now defunct Chi. Mun. Code § 8-20-280, though Plaintiffs assert (just as they did in opposing the City's Motion to Dismiss) that the new Ordinances effectively ban firing ranges, even if they are technically not barred on their face, and even if the new gun range provisions do not effectively impose a complete range ban, they nonetheless infringe Plaintiffs' rights.

> To win a preliminary injunction, a party must show that it has (1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits. If the moving party meets these threshold requirements, the district court weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied.

*Ezell*, at \*16-\*17 (citations omitted).

The irreparable harm analysis cannot be, and is not, changed by the City Council. The current Ordinance plainly burdens the exercise of Second Amendment rights. Analogizing to the First Amendment, the Seventh Circuit held in this case that infringement of the Second Amendment constitutes irreparable harm *per se.* "The Second Amendment protects similarly intangible and unquantifiable interests . . . Infringements of this right cannot be compensated by damages." *Ezell*, at \*32 (citations and footnote omitted).

Plaintiffs also have a significant likelihood of success on the merits. The Seventh Circuit struck down the City's prior ban due, in part, due to the lack of any empirical evidence by the City of a ". . . close fit between the range ban and the actual public interests it serves, and also that the public's interests are strong enough to justify so substantial an encumbrance on individual Second Amendment rights." *Id.* at \*61, *See also, generally, Id.* at \*60-\*62.

The City made no mention of any empirical evidence, nor any other type of defense, to support any of the provisions listed in Plaintiffs' proposed injunction, despite having the opportunity to do so in its Objection to which Plaintiffs are now responding. The City has known what Plaintiffs intended to challenge ever since Plaintiffs' Response to the City's Motion to Dismiss as Moot. In truth, the City knows the July 6, 2011 Ordinance was rushed through to try and beat the Seventh Circuit's Opinion. The City tried to backtrack on some of its new requirements and restrictions with the September 8 Ordinance, which in and of itself is empirical evidence that City could not justify its July 6 Ordinance.

Since the City's objection to the lack of an amended complaint has been resolved by Plaintiffs' timely-filed Amended Complaint, the City's only other remaining objection appears to be that, at this point, further litigation is required before concluding whether the new Ordinance is likewise an unconstitutional burden on Plaintiffs' Second and Fourteenth Amendment rights.

The City's objection is critically flawed in two respects. First, this position conflates the issue of a preliminary injunction with one of a permanent injunction, a distinction the City emphasized in opposing Plaintiffs' request for relief under F.R.Civ.P. 65(a)(2) but is now content to gloss over. Plaintiffs agree that at this stage of the proceedings, a permanent injunction cannot be entered, at least as against all the challenged provisions, if only because the City might yet hypothetically locate some "actual, reliable evidence," *Ezell* at *62, justifying some portions of the new Ordinance.

But the request for a preliminary injunction is still extant, and an award of a *preliminary* injunction is not predicated on a *final* adjudication of the merits. Rather, the Plaintiffs need only

establish the four familiar elements for preliminary injunctive relief, the first being likelihood of success on the merits, not final success on the merits. And at this stage, it is plainly evident that each of the challenged provisions is highly unlikely to survive further litigation.

May the City bar out-of-state lawyers and accountants from assisting gun ranges? May it require anyone advertising or lobbying for, or investing in a gun range, to obtain a CFP? Considering the overwhelming evidence already adduced in this case relating to the compatibility of gun ranges with other property uses—and the complete and total lack of any contrary empirical evidence—may the City arbitrarily throw about distance restrictions, a thousand feet on July 6, 2011, five hundred feet a few weeks later, for gun ranges?

Since the Seventh Circuit's opinion makes it crystal clear that operating and accessing a gun range is protected by the Second Amendment, may the operation of a gun range be left to the complete, unbridled discretion of the police commissioner? The Seventh Circuit has just expressed itself, in no uncertain terms, that individuals may access gun ranges where they live. May the City thus seriously be heard to argue that it can bar non-residents from Chicago gun ranges?

May the City, while ostensibly allowing gun ranges to open, bar such mundane and obvious gun range activity as gun rental and ammunition sales? Plaintiffs do not contend that children should be able to buy or carry guns, but firearm sports have traditionally been, and remain, quite common among American youth. May the City prohibit all range access and use by individuals under 18, even with parental supervision or in a parentally-authorized supervised class, without running afoul of traditional Second Amendment rights?

These are not hard questions. As predicted by Plaintiffs, First Amendment zoning

standards apply in the Second Amendment context. Prior restraint doctrine, and a significant level of heightened scrutiny—"a more rigorous showing than [intermediate scrutiny], if not quite 'strict scrutiny,'" *Ezell* at *60—will apply as well. Plaintiffs have not challenged every single restriction imposed on gun ranges, just as they have not challenged every aspect of Chicago's post-*McDonald* gun ordinance. Plaintiffs understand the distinction between what they might dislike and what is unconstitutional. The provisions challenged in the Amended Complaint are extreme—interfering with core aspects of Second Amendment rights in ways that are either on their face incompatible with traditional understandings of the right to keep and bear arms or plainly demanding a significant level of empirical support that the City has repeatedly failed to adduce.

In any event, it is not Plaintiffs' responsibility to demonstrate an absence of evidence justifying the restrictions. Even under intermediate scrutiny, which is too low a standard here, the City would carry the burden of proof in justifying its laws. As the challenged provisions now stand, to read them is to entertain serious doubts about their constitutionality, and that is all that the likelihood of success standard for preliminary injunctive relief requires.

Second, just as the City confuses the standards for preliminary and permanent injunctive relief, so too does the City assume the wrong benchmark for what would constitute success in this litigation. As the Amended Complaint makes clear, Plaintiffs are not merely contending that the new gun range ordinance renders all range construction, operation and use impossible, as if they have to prove complete impossibility to prevail. To be sure, Plaintiffs are skeptical that any gun range could operate for very long, if at all, under the new restrictions. But the Amended Complaint also challenges each of these provisions simply for placing

5

unjustifiable burdens on Second Amendment rights. Courts routinely enjoin ordinances that excessively regulate the exercise of constitutional rights, even if they do not amount to complete prohibitions. The City's binary "all or nothing" approach is simply not reflected in the Amended Complaint. The Court does not have to conclude that the new law, or any part of it, effects a complete prohibition on gun ranges in order to determine that the law goes too far in infringing Second Amendment rights.

## CONCLUSION

Plaintiffs do not have to prove, at this stage, that they will absolutely prevail in proving the challenged provisions effectuate a complete ban and/or unconstitutional infringement on gun ranges. Plaintiffs have to establish only a likelihood of success on the merits of their claims, which include that the challenged provisions go too far in restricting Second Amendment rights. The other prongs—irreparable harm, the public interest, and the balance of harms—are not even addressed in the City's objections.

Respectfully, the challenged provisions should be preliminarily enjoined as set forth in the proposed Order. If the City wishes to litigate its burden of proving that the laws are not unconstitutional, it is of course free to move for summary judgment.

WHEREFORE, the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, respectfully request this Honorable Court to overrule Defendant's objections, and to enter the Preliminary Injunction as Plaintiffs proposed and requested on September 30, 2011, and to grant Plaintiffs any and all relief deemed just and proper.

Respectfully submitted,

/s/ David G. Sigale
One of the Attorneys for Plaintiffs

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1. On October 18, 2011, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

          /s/ David G. Sigale
One of the Attorneys for Plaintiffs