IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZELL, ET AL., | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No. 10-CV-5135 |
| | ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, | ) | |
| | ) | |
|     **Defendant.** | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS OBJECTION
TO THE ENTRY OF A PRELIMINARY INJUNCTION**

Defendant City of Chicago, by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby files its reply in support of its Objection to the Entry of a Preliminary Injunction ("Objection").

**I.  Plaintiffs Concede that No Injunction Should Issue on Now-Repealed MCC § 8-20-280.**

When this Court directed the parties to submit proposed injunction orders on September 28, 2011, it was clearly doing so based on the complete and total ban on firing ranges in the now-repealed MCC § 8-20-280. *See* September 28 Memorandum Opinion and Order, p. 2 (recognizing that, pursuant to the Seventh Circuit's opinion, the Court was to "enter an injunction forbidding the City from enforcing *the firing range ban*...") (emphasis added). Indeed, at the time the Court issued its order, Plaintiffs had not yet filed any claims challenging the newly-enacted July 6 and September 8 ordinances permitting firing ranges (the "Ordinances"), nor sought injunctive relief based on any of those yet-to-be-filed claims.

As Defendant explained in its Objection, however, a preliminary injunction order based on MCC § 8-20-280 (together with the other, related provisions insofar as they would have prevented

the use of firearms at shooting ranges) is no longer appropriate relief because the ordinance was repealed. *See Federation of Advertising Ind. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) ("a repeal, expiration, or significant amendment to challenged legislation ends the ongoing controversy and renders moot a plaintiff's request for injunctive relief."); *Rembert v. Sheahan,* 62 F.3d 937, 940 (7th Cir. 1995) (same). And Plaintiffs agree. In their response, Plaintiffs concede that they "are obviously not challenging the now defunct Chi. Mun. Code § 8-20-280," (Plfs.' Resp., p. 2), and they do not even try to argue that injunctive relief against this repealed ordinance remains a valid form of relief.

Thus, the injunctive relief previously referenced by the Court is no longer appropriate and should not be entered by the Court.

**II.      Plaintiffs' Response Further Highlights Why the Court Cannot Enter a Preliminary Injunction on the New Ordinances at this Time.**

When Defendant conferred with Plaintiffs regarding the possible submission of an agreed proposed injunction order (pursuant to this Court's request), it became clear that Plaintiffs believed they were entitled to an injunction of the *new* Ordinances. Accordingly, Defendant included a short argument in its Objection demonstrating why the entry of any such preliminary injunction would be premature and inappropriate at this time, since there was no amended complaint or motion for injunctive relief on file yet. As a result, the issues have not been briefed and no hearing has been held. Plaintiffs' proposed injunction order, together with their response to Defendant's Objection, confirms Plaintiffs' position, but this position is fatally flawed in several respects.

**A.     Plaintiffs Are Not Exempt From the Rules and Procedures of the Court.**

Plaintiffs blow past the procedural requirements and legal standards for preliminary

injunctive relief as if they simply do not apply, and as if Plaintiffs are summarily entitled to whatever relief they request. Plaintiffs' wishful thinking aside, this is not how federal courts operate.

No party is entitled to preliminary injunctive relief unless it first establishes that it: (1) will suffer irreparable harm; (2) has no adequate remedy at law; (3) has a likelihood of success on the merits; and (4) the balance of harms is in its favor. *See Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Furthermore, the Court cannot grant or deny an injunction without setting forth in detail its specific reasons, with supporting findings of fact and conclusions of law. FED. R. CIV. P. 65(d)(1); *see also* FED. R. CIV. P. 52(a)(2). Plaintiffs apparently believe that, because their amended complaint is now on file and because there is an "extant" motion for preliminary injunction (Plfs.' Resp., p. 3), they have done all they need to do. But there is no "extant" motion for injunctive relief pending. Only one motion for preliminary injunction has been filed in this case, a request to enjoin MCC § 8-20-280, which banned the operation of firing ranges in Chicago (and the related provisions necessary to operate a firearm at a firing range). As discussed, after that motion was decided by this Court and addressed by the Seventh Circuit, MCC § 8-20-280 was then repealed, and any claims or motion for injunctive relief based on it are now moot. Plaintiffs' previously filed motion has no relevancy to, and does not reach, the new claims Plaintiffs bring to the regulatory scheme created by the new Ordinances.

Plaintiffs also mistakenly believe that, by arguing that the new Ordinances operate as a *de facto* ban on firing ranges, they are simply interchangeable with MCC § 8-20-280. But they are of an entirely different nature altogether: MCC § 8-20-280 *banned* firing ranges, and the new Ordinances *allow* firing ranges. Plaintiffs do not contend that the provision of the Ordinances which allow firing ranges to operate in Chicago is unconstitutional; rather, they are separately challenging

at least ten[1] of the regulatory conditions imposed, either because the provisions allegedly work together to effectively prohibit the construction, operation and use of firing ranges, or because "such construction, operation, and use is unjustifiably burdened by the challenged provisions." Plfs.' Amended Complaint, ¶ 25. Challenging specific zoning, permitting, or environmental regulations on the operation of a business is very different from challenging an outright ban, and will require very different legal arguments and factual showings. Indeed, to show that Defendant's new permissive regime as to firing ranges operates, in fact, as a ban, Plaintiffs would need to proffer extensive evidence from range operators and industry experts that Defendant's requirements cannot realistically be complied with. Needless to say, this would require a substantial amount of hearing time devoted to the technical and financial details of range operation, to establish both what compliance with each of the numerous regulations would entail, and why would-be operators cannot comply with them.

Furthermore, whether Plaintiffs challenge each separate regulation as violating their constitutional rights, or the cumulative effect of the regulations as a *de facto* ban, in both cases Plaintiffs will have to show that each regulation does, in fact, impose a burden on them. Plaintiffs pay lip service to this burden only, devoting three paragraphs to rhetorically posed questions about the validity of *some* of the challenged regulations, with no case law, argument, or facts supporting their position. *See* Plfs.' Resp., p. 4. It goes without saying that posing hypothetical questions and responding to them with a conclusory "[t]hese are not hard questions" (*id.*), does not satisfy any

---

[1] It is difficult to determine exactly how many of the provisions Plaintiffs are in fact challenging. Their amended complaint "includes" challenges to at least ten provisions in bullet-point form, but does not claim to be the entire list, and some of the bullet-points include multiple challenges. *See* Plfs.' Amended Complaint, pp. 5-7.

burdens or entitle Plaintiffs to get an injunction and go home, case closed. And requiring further development of the issues and the record does not "conflate the issue of a preliminary injunction with one of a permanent injunction," (Plfs.' Resp., p. 3), as Plaintiffs accuse Defendant of doing. Indeed, this Court itself recognized that further litigation was necessary, and not just for the issuance of permanent relief, stating that "[f]or example, without further litigation, the Court does not know whether requiring gun ranges to be in certain types of zones and 1,000 feet from residential areas, churches, and liquor stores (among other places) leaves any areas for gun ranges."[2] *See* September 28 Order, pp. 5-6.

**B.      Defendants Must be Afforded an Opportunity to Defend Against the Entry of a Preliminary Injunction.**

As discussed, Plaintiffs have not come close to satisfying their burden of establishing, in the first instance, that they are entitled to the extraordinary relief of a preliminary injunction, including that they have a likelihood of success on the merits. *See Walker*, 453 F.3d at 859.

Nevertheless, to the extent that Defendant will bear the burden of justifying that the regulations contained in the new Ordinance are reasonable, Defendant must be given an opportunity to develop the evidentiary record and submit its defense to the Court. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) ("the right to present evidence is basic to a fair hearing"); *Jenkins v. McKeithen*, 395 U.S. 411, 429 (1969) ("The right to present evidence is, of course, essential to the fair hearing required by the Due Process Clause."). Indeed, in most cases, preliminary injunctions require not just the submission of legal arguments and factual support, but also an evidentiary hearing. *See, e.g., Medeco Sec. Locks, Inc. v. Swiderek,* 680 F.2d 37, 38 (7th Cir. 1981) (grant of

---

[2] The September 8 Ordinance changed this distance from 1,000 to 500 feet.

preliminary injunction vacated where district court had not held evidentiary hearing: "It is well established that, in general, a motion for preliminary injunction should not be resolved on the basis of affidavits alone."); *see also Lowen Group Intern. Inc. v. Haberichter*, 912 F. Supp. 388, 394-95 (N.D. Ill. 1996) (disputed issues regarding reasonableness of radius restrictions, duration, and scope of covenant not to compete, even though ultimately question of law, required evidentiary hearing at preliminary injunction stage). This is particularly true in this case, where Plaintiffs challenge numerous specific regulations: Plaintiffs should have to present evidence showing that these regulations are tantamount to a total ban on firing ranges, or are each too burdensome to comply with individually. Moreover, the Court should not grant a preliminary injunction without allowing Defendant to present evidence justifying each regulation.

      Plaintiffs appear to recognize this principle while at the same time dismissing it, absurdly stating that "the City made no mention of empirical evidence, nor any type of defense, to support any of the provisions listed in Plaintiffs' proposed injunction, despite having the opportunity to do so in its Objection to which Plaintiffs are now responding." Plfs.' Resp., p. 3. As an initial matter, when Defendant filed its Objection, Plaintiffs had not even filed their proposed injunction yet, and Defendant certainly cannot be expected to respond to claims not yet made.[3] More importantly, however, Defendant did not raise any substantive defenses or produce empirical evidence because: (1) it would have been premature and improper to do so, since Plaintiffs had not yet filed an

---

[3] Plaintiffs claim that Defendant has known for awhile what provisions of the new Ordinances Plaintiffs would challenge. But simply because Plaintiffs may have indicated certain provisions that they "intended" to challenge, Defendant could not have known all of the provisions that Plaintiffs would, in actuality, challenge until they filed their amended complaint. Furthermore, Defendant was under no obligation to provide defenses or produce evidence in response to claims that were not yet live or formally raised.

amended complaint or a motion for preliminary injunction setting forth their legal and factual support to which Defendant could respond; and (2) Defendant requires, and are entitled to, an opportunity to develop their factual record, including through discovery, with empirical data, or any other evidence supporting the reasonableness of the regulations contained in the Ordinance.

Defendant should not be deprived of these basic rights simply because Plaintiffs unilaterally declare that whether the City may impose zoning or operational restrictions on firing ranges "are not hard questions." Plfs.' Resp., p. 4. Moreover, at this point, the Court would not be able to issue an injunction order that satisfies the requirements set forth in FED. R. CIV. P. 65(d)(1). Accordingly, for all of these reasons, Defendant objects to the entry of any preliminary injunction at this time and without further litigation.

Date: October 25, 2011

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel for the City of Chicago

By: /s/ Rebecca Alfert Hirsch
Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I, Rebecca Alfert Hirsch, an attorney, hereby certify that on this, the 25th day of October, 2011, I caused a copy of **Defendant's Reply in Support of Its Objection to the Entry of a Preliminary Injunction** to be served by ECF, on:

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street | Corporate West I |
| Suite 405 | 4300 Commerce Court, Suite 300-3 |
| Alexandria, VA 22314 | Lisle, IL 60532 |

/s/ Rebecca Alfert Hirsch