# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5135 | **DATE** | 11/10/2011 |
| **CASE TITLE** | Ezell et al vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the below reasons, the Court will not enter Ezell's proposed injunction order.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

At the Court's request, Plaintiff Rhonda Ezell filed a proposed injunction order in light of (1) the Seventh Circuit's reversal of the Court's denial of Ezell's request for an order enjoining the City's ordinance banning firing ranges; and (2) the Chicago City Council's approval of a new ordinance allowing firing ranges, albeit with restrictions. For the below reasons, the Court will not enter Ezell's proposed injunction order.

**I.      PROCEDURAL HISTORY**

After the Supreme Court struck down the City of Chicago's de facto ban on handgun possession in *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010), the Chicago City Council passed a gun ordinance that allowed Chicagoans to possess guns in their homes, provided that they secure a gun permit. The ordinance required an hour of firing-range training to secure the permit, but, at the same time, banned publicly accessible firing ranges from operating in the City. Ezell and others sued the City, and asked the Court for a preliminary injunction blocking the ordinance's provisions banning firing ranges. The Court denied that preliminary injunction, and the Seventh Circuit reversed, instructing the Court to enter an injunction along the following guidelines:

> To be effective, however, the injunction must also prevent the City from enforcing other provisions of the Ordinance that operate indirectly to prohibit range training. The plaintiffs have identified several provisions of the Ordinance that implicate activities integral to range training: Chi. Mun.Code §§ 8–20–020 (prohibiting the possession of handguns outside the home), 8–20–030 (prohibiting the possession of long guns outside the home or business), 8–20–080 (prohibiting the possession of ammunition without a corresponding Permit and registration certificate), 8–20–100 (prohibiting the transfer of firearms and ammunition except through

**STATEMENT**

> inheritance), 8–24–010 (prohibiting the discharge of firearms except for self-defense, defense of another, or hunting). To the extent that these provisions prohibit law-abiding, responsible citizens from using a firing range in the city, the preliminary injunction should include them as well. Similarly, the injunction should prohibit the City from using its zoning code to exclude firing ranges from locating anywhere in the city.
>
> Finally, because range training is required for the issuance of a Chicago Firearm Permit, a registration certificate, and ultimately, for lawful possession of any firearm, *see* Chi. Mun.Code §§ 8–20–110(a), 8–20–140(a)–(b), the firing-range ban implicates not only the right to train at a range but also the core Second Amendment right to possess firearms for self-defense. Accordingly, the preliminary injunction should include sections 8–20–110(a) and 8–20–140(a) to the extent that those provisions operate to prohibit otherwise eligible persons from "carry[ing] or possess[ing] a firearm" at a range without a Permit or registration certificate while they are trying to complete the range-training prerequisite for lawful firearm possession.
>
> Those are the bounds of the proposed preliminary injunction, which should be entered upon remand

*Ezell v. City of Chicago*, 651 F.3d 684, 710-11 (7th Cir. 2011). Just a short time later the day the Seventh Circuit handed down its decision, the City Council passed a new gun ordinance ("new ordinance"), which deleted § 8-20-280, the provision banning firing ranges, and tweaked the other provisions at issue that affected the ability of firing ranges to operate.[1] The new ordinance also imposed new restrictions on gun ranges, including licensing fees, permit requirements, and geographical and zoning restrictions on where they can operate. (*See* Doc. 122.)

After the City Council passed the new ordinance, the City moved to dismiss the case as moot, asserting that the provisions Ezell had called into question had been either deleted or changed. Ezell disagreed, pointing to the new thicket of firing range restrictions, which, according to Ezell, amounted to a new de facto ban on gun ranges. The Court denied the City's motion to dismiss, noting that it was unclear, without further litigation, whether the new restrictions identified by Ezell would operate as a ban on firing ranges or whether those restrictions would improperly invade Ezell and her fellow Chicagoans' Second Amendment rights. *See id.* at 709 (noting the City's health and safety concerns "can be addressed through sensible zoning and other appropriately tailored regulations.") The Court also took the practical view that the case should stay with the Court, rather than going to another judge with less familiarity with the issues. When it denied the motion to dismiss, the Court instructed Ezell to file her amended complaint identifying all the sections of the new ordinance she wished to challenge going forward (which she did). The Court also requested the parties to submit a proposed injunction order, or separate orders if they could not agree on an order, to address anything from the Seventh Circuit's opinion that the City Council did not address in the new ordinance. Ezell submitted a proposed injunction; the City opted to not submit proposed injunctive language given its position that no injunction should be entered because the new ordinance gave Ezell what she sought in her original complaint. The parties then briefed the injunction issue.

**STATEMENT**

**II.  DISCUSSION**

The injunction outlined by the Seventh Circuit concerned specific ordinance provisions that are no longer in effect. Ezell's proposed injunction makes clear that there is nothing left to be done with respect to the regulations she originally challenged and took to the Seventh Circuit. Indeed, rather than asserting that the new ordinance does not clean up those original restrictions, Ezell's proposed injunction makes clear that she wants the Court to fast forward the litigation and enter a preliminary injunction against the new ordinance's thicket of regulations, based on the Seventh Circuit's guidance in *Ezell*. Ezell's proposed order enjoins the following provisions of the new ordinance:

1. the requirement that all range managers, employees, and "applicants" have Chicago gun permits as well as other licenses (Chi. Mun. Code §§ 4-151-010, 4-151-030);

2. the Commissioner's discretion to deny a range license because it would have "deleterious impact" on the surrounding area based on the number of arrests in the area (§ 4-151-030(f));

3. limiting range operating hours to 8 am to 9pm (§ 4-151-090);

4. forbidding minors from being in gun ranges (§ 4-151-100(d));

5. forbidding ranges from operating within 500 feet of any other range, a school a park, a church, or various other public and private places (§ 4-151-120);

6. prohibiting loaning or renting firearms (as well as sampling guns) and preventing range patrons from taking home ammunition bought at the range (§§ 4-151-170, 8-20-110);

7. imposing a 55 decibel sound restriction on firing ranges (§ 12-96-1200(b)(2)).

In short, Ezell's proposed injunction asks the Court to enjoin the City's new regulations that were not part of the litigation before, not tested in discovery, and not considered by the Seventh Circuit. Again, as noted in the Court's September 28, 2011 order, while it is entirely possible that these new restrictions effectively prevent firing range training—the clear concern expressed by the Seventh Circuit in *Ezell*—the Court cannot say, without the benefit of further discovery and litigation, whether they are improper infringements on Chicagoans' gun rights or whether they are the "sensible zoning and other appropriately tailored regulations" alluded to by the Seventh Circuit.

Given that this area of law is generally unsettled and *Ezell* was the first appellate-level decision addressing run range access as a part of a citizen's core Second Amendment rights, the parties must be allowed to take discovery on these new restrictions, which are very different than the outright ban the Seventh Circuit addressed in *Ezell*. For instance, *Ezell* stated that the City cannot use its zoning restrictions to prevent firing

**STATEMENT**

ranges from operating anywhere in the City. The new ordinance forbids the ranges from operating 500 feet from a number of different places, but the Court does not know (because there has been no discovery or motion practice on the issue) whether that operates as a de facto ban or whether large swathes of the City remain eligible for firing ranges. Consequently, the Court will not enter Ezell's proposed preliminary injunction order and the parties will proceed on the discovery schedule entered by the Court for further preliminary injunction proceedings.

---

1. The Court summarized the new ordinance's changes in a chart in its September 28, 2011 opinion. (*See* Doc. 122 at 3.)