1

2

3

4          UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ILLINOIS
5               EASTERN DIVISION

6

7

   RHONDA EZELL, et al.,          Case No. 1:10-cv-05135
8
      Plaintiffs,                 Chicago, Illinois
9                                 October 26, 2011
      v.                          Status Conference
10
   CITY OF CHICAGO,
11
   Defendant.
12   ----------------------------

13
              TRANSCRIPT OF STATUS CONFERENCE
14     BEFORE THE HONORABLE VIRGINIA M. KENDALL
            UNITED STATES DISTRICT JUDGE
15

16
   APPEARANCES:
17

18
   For the Plaintiffs:   Law Firm of David G. Sigale, P.C.
19                       By:  David G. Sigale
                         4300 Commerce Ct., Ste. 300-3
20                       Lisle, IL 60532
                          (630) 452-4547
21

22

23

24

25



```
 1

 2
        APPEARANCES:
 3

 4
        For the Defendant:      Chicago Corporation Counsel
 5                              By:  William M. Aguiar,
                                     Rebecca A. Hirsch, and
 6                                   Michael A. Forti
                                30 N. LaSalle Street
 7                              Chicago, IL 60602
                                (312) 744-2784
 8

 9
        COURT REPORTER:         FEDERAL OFFICIAL COURT REPORTER
10                              April M. Metzler, RPR, CRR, FCRR
                                219 South Dearborn St., Rm. 2318-A
11                              Chicago, IL 60604
                                (312) 408-5154
12                              April_Metzler@ilnd.uscourts.gov

13

14

15

16

17

18

19

20

21

22

23

24
        Proceedings recorded by mechanical stenography; transcript
25      produced by notereading.
```

| | | |
|---|---|---|
| 09:03:57 | 1 | (Commenced at 9:03 a.m.) |
| 09:03:57 | 2 | THE CLERK:  This is case 10C5135, Ezell versus City |
| 09:04:02 | 3 | of Chicago. |
| 09:04:02 | 4 | MR. AGUIAR:  Good morning, your Honor.  William |
| 09:04:04 | 5 | Aguiar, A-g-u-i-a-r, for City of Chicago. |
| 09:04:07 | 6 | THE COURT:  Good morning. |
| 09:04:08 | 7 | MS. HIRSCH:  Good morning Rebecca Hirsch. |
| 09:04:10 | 8 | MR. FORTI:  Good morning, your Honor.  Michael Forti |
| 09:04:12 | 9 | on behalf of the City. |
| 09:04:12 | 10 | THE COURT:  Okay.  Do we have anybody here for Ezell? |
| 09:04:15 | 11 | THE CLERK:  They called and said they would be |
| 09:04:17 | 12 | running late. |
| 09:04:18 | 13 | THE COURT:  Okay.  So apparently they gave a call. |
| 09:04:22 | 14 | Are you going someplace else? |
| 09:04:23 | 15 | MR. AGUIAR:  Certainly, your Honor. |
| 09:04:24 | 16 | THE COURT:  Okay.  Make yourselves at home. |
| 09:04:26 | 17 | MR. FORTI:  Thank you, Judge. |
| 09:04:26 | 18 | THE COURT:  Thanks. |
| 09:56:46 | 19 | (Recess taken.) |
| 09:56:46 | 20 | THE CLERK:  Case number 10C5135, Ezell versus City of |
| 09:56:51 | 21 | Chicago. |
| 09:56:51 | 22 | MR. AGUIAR:  Good morning, your Honor.  William |
| 09:56:52 | 23 | Aguiar on behalf of the City of Chicago. |
| 09:56:53 | 24 | THE COURT:  Good morning. |
| 09:56:54 | 25 | MS. HIRSCH:  Rebecca Hirsch. |

| | | |
|---|---|---|
| 09:56:56 | 1 | THE COURT:  Good morning. |
| 09:56:56 | 2 | MR. FORTI:  And Michael Forti on behalf of the City. |
| 09:56:57 | 3 | THE COURT:  Good morning. |
| 09:56:58 | 4 | MR. SIGALE:  Good morning, your Honor.  David Sigale, |
| 09:57:00 | 5 | S-i-g-a-l-e, on behalf of the plaintiff. |
| 09:57:02 | 6 | THE COURT:  Okay.  Good morning. |
| 09:57:04 | 7 | MR. SIGALE:  Good morning. |
| 09:57:06 | 8 | THE COURT:  One more thing to say.  Aren't you late? |
| 09:57:09 | 9 | MR. SIGALE:  I do apologize. |
| 09:57:11 | 10 | (Laughter.) |
| 09:57:12 | 11 | THE COURT:  Because they have been sitting here |
| 09:57:13 | 12 | for -- since 9:00 o'clock, which something tells me they've |
| 09:57:16 | 13 | got a few other things on their plate. |
| 09:57:18 | 14 | MR. FORTI:  Thank you, Judge. |
| 09:57:19 | 15 | MR. SIGALE:  And if I had known I was going to learn |
| 09:57:21 | 16 | about the Digital Copyright Act and the pro se employment |
| 09:57:27 | 17 | discrimination, I would have driven on the shoulder, but ... |
| 09:57:30 | 18 | (Laughter.) |
| 09:57:30 | 19 | MR. SIGALE:  But I do apologize. |
| 09:57:32 | 20 | THE COURT:  Okay.  There we go. |
| 09:57:35 | 21 | Now, let's get down to where we stand with -- I know |
| 09:57:40 | 22 | that Ezell and company are chomping at the bit to have me to |
| 09:57:48 | 23 | enter a preliminary injunction immediately.  I've already |
| 09:57:51 | 24 | given you one order on this, and now we are having to try to |
| 09:57:55 | 25 | sort through what is left and how we are going to go about |

| | | |
|---|---|---|
| 09:57:59 | 1 | doing it. |
| 09:57:59 | 2 | And I know that you filed, was it last night or |
| 09:58:03 | 3 | yesterday, that proposed injunction and order? |
| 09:58:06 | 4 | MR. SIGALE: No, your Honor. We filed it on |
| 09:58:07 | 5 | September 30th. I received -- or I e-mailed it -- |
| 09:58:10 | 6 | THE COURT: Oh, it was the reply brief, right, right, |
| 09:58:12 | 7 | right, right. |
| 09:58:13 | 8 | MR. SIGALE: We received a phone call from one of |
| 09:58:15 | 9 | your clerks that for some reason it wasn't -- you didn't have |
| 09:58:19 | 10 | it. So I just resent it. |
| 09:58:21 | 11 | THE COURT: It wasn't on the electronic. It wasn't a |
| 09:58:25 | 12 | CM/ECF. |
| 09:58:25 | 13 | MR. SIGALE: No. We sent it as a proposed order to |
| 09:58:28 | 14 | your proposed order e-mail address on September 30th. |
| 09:58:32 | 15 | THE COURT: Okay. |
| 09:58:32 | 16 | MR. SIGALE: And then I spoke with Jeff yesterday |
| 09:58:35 | 17 | afternoon, so -- and he said you didn't have it, so I just |
| 09:58:39 | 18 | resent the e-mail. |
| 09:58:40 | 19 | THE COURT: Okay. All right. Well, here's the |
| 09:58:42 | 20 | situation. |
| 09:58:44 | 21 | After looking through that, I, of course, to give you |
| 09:58:51 | 22 | some -- I don't even know if we need to go through the |
| 09:58:53 | 23 | background, of course. |
| 09:58:55 | 24 | But the Seventh Circuit case, which has reversed my |
| 09:59:03 | 25 | order is not as much of a slam-dunk, I don't think, for you |

| | | |
|---|---|---|
| 09:59:08 | 1 | and your clients to suddenly have me just eradicate the new |
| 09:59:14 | 2 | regulations, based upon that order. |
| 09:59:17 | 3 | Because the injunction, outlined by the Seventh |
| 09:59:22 | 4 | Circuit, concerned specific ordinance provisions that are no |
| 09:59:25 | 5 | longer in effect.  And your proposed injunction makes clear |
| 09:59:30 | 6 | that there's nothing left to be done with respect to the |
| 09:59:33 | 7 | regulations originally challenged.  And rather than asserting |
| 09:59:37 | 8 | that the new ordinance doesn't clean up those original |
| 09:59:40 | 9 | restrictions, your proposed injunction says that you want the |
| 09:59:43 | 10 | Court to, like, fast-forward the litigation and enter this |
| 09:59:48 | 11 | preliminary injunction against all of the new ordinance's |
| 09:59:52 | 12 | regulations, which there are many, based upon the Seventh |
| 09:59:58 | 13 | Circuit's guidance in Ezell. |
| 09:59:59 | 14 | So your proposed order enjoins, I'm going to say, |
| 10:00:05 | 15 | seven different provisions; the requirement that the range |
| 10:00:10 | 16 | managers and employees and applicants have gun permits as well |
| 10:00:14 | 17 | as other licenses; the commissioner's discretion to deny a |
| 10:00:18 | 18 | range license, because it would have deleterious impact on the |
| 10:00:23 | 19 | surrounding area; the -- limiting the range operating hours |
| 10:00:28 | 20 | from 8:00 to 9:00; forbidding minors from being in the gun |
| 10:00:32 | 21 | ranges; forbidding the ranges from operating within 500 feet |
| 10:00:36 | 22 | of any other range, school, park, church, et cetera; |
| 10:00:40 | 23 | prohibiting the loaning or renting of firearms; and imposing |
| 10:00:44 | 24 | that 55 decibel sound restriction. |
| 10:00:47 | 25 | So those -- your proposed injunction asks the Court |

| | | |
|---|---|---|
| 10:00:52 | 1 | to enjoin the new regulations that were not part of that |
| 10:00:54 | 2 | litigation before.  They haven't been tested in discovery yet, |
| 10:00:58 | 3 | and they weren't considered by that Seventh Circuit opinion. |
| 10:01:03 | 4 | While it is possible that these new restrictions effectively |
| 10:01:07 | 5 | prevent firing range training, possible, the clear concern |
| 10:01:12 | 6 | expressed by the Seventh Circuit in Ezell, I can't say, at |
| 10:01:16 | 7 | this stage without discovery and litigation, whether they are |
| 10:01:21 | 8 | improper infringement on the Chicagoan's gun rights or whether |
| 10:01:24 | 9 | they have the sensible zoning and other appropriately tailored |
| 10:01:28 | 10 | regulations that are alluded to by the Seventh Circuit. |
| 10:01:32 | 11 | Given that the area of the law is generally unsettled |
| 10:01:34 | 12 | still, in spite of the fact that we have this guidance, and |
| 10:01:38 | 13 | Ezell was the first appellate-level decision addressing this |
| 10:01:43 | 14 | range access as part of the core Second Amendment rights, I'm |
| 10:01:48 | 15 | going to require that you be given discovery on the new |
| 10:01:51 | 16 | restrictions, which are different from the outright ban that |
| 10:01:54 | 17 | was addressed in the Ezell opinion. |
| 10:01:57 | 18 | For instance, Ezell stated that the City can't use |
| 10:02:00 | 19 | its zoning restrictions to prevent firing ranges from |
| 10:02:03 | 20 | operating anywhere in the city.  The new ordinance forbids a |
| 10:02:09 | 21 | range from operating 500 feet from a number of different |
| 10:02:10 | 22 | places.  But I don't know, because there's no discovery or |
| 10:02:13 | 23 | motion, whether that operates as a de facto ban or whether it |
| 10:02:18 | 24 | is giving an eligibility for more ranges.  And so I refuse to, |
| 10:02:24 | 25 | at this stage, enter that proposed preliminary injunction, |

| | | |
|---|---|---|
| 10:02:28 | 1 | because I think it is overly broad and not tailored at this |
| 10:02:32 | 2 | point to the facts that I have.  So the motion for that is |
| 10:02:36 | 3 | denied. |
| 10:02:37 | 4 | Which leaves us now, I think, from my previous |
| 10:02:40 | 5 | opinion and this now, we just have to get down to the bottom |
| 10:02:43 | 6 | of this once more.  And there's nothing I would rather do than |
| 10:02:47 | 7 | get to the bottom of that. |
| 10:02:48 | 8 | (Laughter.) |
| 10:02:49 | 9 | THE COURT:  So what do we need to do, folks?  Who |
| 10:02:51 | 10 | wants to propose the type of discovery or issues that we need |
| 10:02:55 | 11 | to get to? |
| 10:02:55 | 12 | MR. SIGALE:  Your Honor, if I may, your Honor, first |
| 10:02:59 | 13 | if I can ask the Court, is the -- the motion for preliminary |
| 10:03:04 | 14 | injunction that we originally filed that was denied, you know, |
| 10:03:09 | 15 | and the Seventh Circuit made its ruling, is the Court |
| 10:03:13 | 16 | considering that preliminary injunction motion still pending, |
| 10:03:17 | 17 | but now with these provisions that we're asking for relief? |
| 10:03:23 | 18 | Or is the Court requiring -- |
| 10:03:24 | 19 | THE COURT:  I don't know how you can say it's still |
| 10:03:27 | 20 | pending, because I have a completely different statute now. |
| 10:03:30 | 21 | MR. SIGALE:  I mean -- |
| 10:03:31 | 22 | THE COURT:  Right now the way of the law is, is that |
| 10:03:34 | 23 | I made a finding originally that there was no irreparable |
| 10:03:38 | 24 | injury, and, therefore, the City's restrictions on the firing |
| 10:03:42 | 25 | ranges was okay.  And then the Seventh Circuit told me, That's |

| | | |
|---|---|---|
| 10:03:48 | 1 | a de facto ban.  They found that it came down to a core right |
| 10:03:53 | 2 | under the Second Amendment. |
| 10:03:55 | 3 | In the meantime -- literally within hours of each |
| 10:03:59 | 4 | other -- the opinion came down and the statute was revised. |
| 10:04:08 | 5 | And now the statute is not the statute that was pending in the |
| 10:04:11 | 6 | first case, and you've proposed a second preliminary |
| 10:04:16 | 7 | injunction telling me to get rid of the new statute and all of |
| 10:04:22 | 8 | these provisions in the new statute. |
| 10:04:24 | 9 | So just because the first one was reversed, doesn't |
| 10:04:31 | 10 | follow that all of those new restrictions are now wrong.  I |
| 10:04:35 | 11 | think I need to look at that. |
| 10:04:36 | 12 | MR. SIGALE:  No.  And, really -- I'm sorry, your |
| 10:04:39 | 13 | Honor.  But my question is, is whether the Court is -- would |
| 10:04:45 | 14 | require us to file another motion for a preliminary injunction |
| 10:04:49 | 15 | based on this, or is the Court saying, Okay different, you |
| 10:04:55 | 16 | know, same -- you know, same shape different size.  There's a |
| 10:04:58 | 17 | motion for preliminary injunction pending.  Now, it's just |
| 10:05:01 | 18 | these, though, that are affected and the previous -- |
| 10:05:05 | 19 | THE COURT:  It would be improper for me to be carving |
| 10:05:08 | 20 | out that type of ruling at this stage, now that we have a |
| 10:05:11 | 21 | completely new statute with all new regulations that I have |
| 10:05:15 | 22 | never looked at, and that literally came down -- I have not |
| 10:05:19 | 23 | looked at this new statute.  It's never been proposed to me. |
| 10:05:23 | 24 | The Seventh Circuit opinion literally came down within an hour |
| 10:05:26 | 25 | or so of the statute's change. |

| | | |
|---|---|---|
| 10:05:28 | 1 | MR. SIGALE:  Sure. |
| 10:05:28 | 2 | THE COURT:  And so right now we're in a different |
| 10:05:30 | 3 | ball game.  And for you to come in and say, Give me a |
| 10:05:34 | 4 | preliminary injunction on what's going on the day that the |
| 10:05:36 | 5 | opinion came down is not proper. |
| 10:05:38 | 6 | MR. SIGALE:  All right.  Well, we can file another -- |
| 10:05:41 | 7 | we can file another motion -- |
| 10:05:42 | 8 | THE COURT:  I'm sure you will. |
| 10:05:44 | 9 | MR. SIGALE:  It'll look similar to the last one, |
| 10:05:46 | 10 | obviously, except with the new things. |
| 10:05:48 | 11 | THE COURT:  But I think we're going to have a |
| 10:05:52 | 12 | discussion about discovery then, because we're not in a |
| 10:05:54 | 13 | situation, which was an emergency motion before, based upon |
| 10:05:57 | 14 | when that statute was going to be put into effect. |
| 10:06:00 | 15 | And I can't imagine what emergency you would have at |
| 10:06:04 | 16 | this stage of the game, now that firing ranges have not been |
| 10:06:06 | 17 | banned and they are merely being restricted in certain ways. |
| 10:06:10 | 18 | So I don't know what your emergency situation would be. |
| 10:06:13 | 19 | And with that in mind -- and I'm saying this off the |
| 10:06:16 | 20 | cuff from your request to me today -- and I know you haven't |
| 10:06:21 | 21 | even opened your mouth yet. |
| 10:06:21 | 22 | MR. FORTI:  Judge, we don't need to. |
| 10:06:23 | 23 | (Laughter.) |
| 10:06:23 | 24 | THE COURT:  But what I'm saying today is, I would not |
| 10:06:27 | 25 | be in the same situation we were in last summer, when I was |

| | | |
|---|---|---|
| 10:06:31 | 1 | working on this and moving this out the door for you, based |
| 10:06:34 | 2 | upon the time crunch. |
| 10:06:36 | 3 | MR. SIGALE:  Sure. |
| 10:06:36 | 4 | THE COURT:  Because now what is your injury?  They |
| 10:06:39 | 5 | are allowed to train.  You can still challenge it.  But |
| 10:06:41 | 6 | there's no need for me to be on that fast track, so I would |
| 10:06:44 | 7 | like to have the discovery on it.  And I'll take this all in |
| 10:06:48 | 8 | writing.  This is not a previewing -- |
| 10:06:50 | 9 | MR. SIGALE:  Sure. |
| 10:06:50 | 10 | THE COURT:  -- of coming attractions.  You can give |
| 10:06:52 | 11 | me all of this in writing, but that's the way I'm looking at |
| 10:06:56 | 12 | it from this perspective today. |
| 10:06:57 | 13 | MR. SIGALE:  And just very quickly to that, your |
| 10:07:00 | 14 | Honor, first, we do have some written discovery requests that |
| 10:07:03 | 15 | we do plan to issue very, very soon -- |
| 10:07:06 | 16 | THE COURT:  Okay. |
| 10:07:06 | 17 | MR. SIGALE:  -- to the defendants -- to defendant. |
| 10:07:10 | 18 | Having said that, it is still our position that -- and, you |
| 10:07:17 | 19 | know, without waiving any particular avenues of seeking |
| 10:07:23 | 20 | relief, it is -- as the proposed order that we submitted on |
| 10:07:28 | 21 | September 30th makes clear, it is our position that the new |
| 10:07:31 | 22 | ordinance, you know, might look better but effectwise it's the |
| 10:07:37 | 23 | same old thing. |
| 10:07:40 | 24 | THE COURT:  I figured as much. |
| 10:07:40 | 25 | MR. SIGALE:  Yeah, so -- |

|         |    |                                                              |
|---------|----|--------------------------------------------------------------|
| 10:07:40 | 1  | THE COURT:  I mean, I figured that that would be your        |
| 10:07:42 | 2  | opinion.                                                     |
| 10:07:42 | 3  | MR. SIGALE:  Sure.                                            |
| 10:07:43 | 4  | THE COURT:  Okay.  Let me hear from the other side,          |
| 10:07:44 | 5  | please.  Who wants to go?                                     |
| 10:07:46 | 6  | MR. FORTI:  Mr. Aguiar.                                       |
| 10:07:47 | 7  | MR. AGUIAR:  Your Honor, I think the first point is          |
| 10:07:49 | 8  | the amended complaint was filed.  We have yet to answer that |
| 10:07:52 | 9  | complaint.  I think that's the first order of business.  We  |
| 10:07:55 | 10 | need to answer that complaint, and we would like 21 days to do |
| 10:07:57 | 11 | that.                                                        |
| 10:07:57 | 12 | THE COURT:  That's granted.                                  |
| 10:07:58 | 13 | MR. AGUIAR:  And the I think the next order of               |
| 10:07:59 | 14 | business is for plaintiff [sic] to file his motion for       |
| 10:08:03 | 15 | preliminary injunction.  Whenever he does that, then I think |
| 10:08:06 | 16 | the parties can sit down and actually have a joint status    |
| 10:08:08 | 17 | report.  We don't know what they are going to move on.       |
| 10:08:11 | 18 | We need to see the motion, consider it, confer with          |
| 10:08:13 | 19 | them, decide what, kind of, discovery is required, how much  |
| 10:08:15 | 20 | time it's going to take, then come back to the Court, and then |
| 10:08:19 | 21 | determine what an appropriate discovery schedule would be.   |
| 10:08:21 | 22 | That's what we would propose.                                |
| 10:08:23 | 23 | MR. FORTI:  The only thing I would add to that,             |
| 10:08:25 | 24 | Judge, though, is perhaps because of the last time we were all |
| 10:08:26 | 25 | rushed, given the circumstances, is that absent a motion for |

| | |
|---|---|
| 10:08:32 | 1 |
| 10:08:34 | 2 |
| 10:08:37 | 3 |
| 10:08:40 | 4 |
| 10:08:42 | 5 |
| 10:08:43 | 6 |
| 10:08:43 | 7 |
| 10:08:45 | 8 |
| 10:08:46 | 9 |
| 10:08:48 | 10 |
| 10:08:52 | 11 |
| 10:08:55 | 12 |
| 10:08:58 | 13 |
| 10:09:01 | 14 |
| 10:09:02 | 15 |
| 10:09:10 | 16 |
| 10:09:16 | 17 |
| 10:09:23 | 18 |
| 10:09:28 | 19 |
| 10:09:31 | 20 |
| 10:09:36 | 21 |
| 10:09:37 | 22 |
| 10:09:39 | 23 |
| 10:09:43 | 24 |
| 10:09:46 | 25 |

1 preliminary injunction being filed by the plaintiffs, I would
2 suggest we follow your normal --
3          THE COURT:  Oh, no, that's why I'm at.  I mean, why
4 are we waiting for preliminary injunction?  That's a strategy
5 on his part.
6          MR. FORTI:  Right.
7          THE COURT:  I mean, maybe he'll do it, maybe he
8 won't.  I don't know.
9          MR. FORTI:  Let's just follow your rules and act as
10 this is a normal case, and if and when the plaintiff chooses
11 to file the preliminary injunction, we'll all respond
12 accordingly.  But in the absence, let's follow your rules and
13 try to get a discovery plan as appropriate.
14          THE COURT:  I agree.
15          All right.  Fact discovery is ordered closed on
16 April 20th, and any expert discovery is ordered closed on
17 June 22nd, any dispositive motion shall be filed on July 13th,
18 with responses August 10th and replies August 24th.
19          I would like to see you again the day after the close
20 of fact discovery, and was that the --
21          THE CLERK:  23rd.
22          THE COURT:  That would be the 23rd, it would be then.
23          So April 23rd, and that is for a substantive
24 conversation about whether or not you want to have some kind
25 of settlement discussion with me.

| | | |
|---|---|---|
| 10:09:47 | 1 | In the meantime, if there are motions on discovery or |
| 10:09:51 | 2 | preliminary injunctions or whatever else may come in, I'm here |
| 10:09:54 | 3 | every day, and I will review it and we'll respond to it as we |
| 10:09:58 | 4 | see fit, and you have 21 days to respond to the complaint. |
| 10:10:02 | 5 | All right. Anything else we need to address? |
| 10:10:05 | 6 | (No response.) |
| 10:10:05 | 7 | THE COURT: Understand -- because you were on the |
| 10:10:07 | 8 | fast track before -- I don't usually give you the deadlines |
| 10:10:10 | 9 | internally on the expert discovery, that two-month period. I |
| 10:10:13 | 10 | allow you, as attorneys, to work that out as far as when |
| 10:10:16 | 11 | you're getting your report over to the other. Just because |
| 10:10:19 | 12 | experts are persnickety with their schedules, it's easier for |
| 10:10:23 | 13 | you to work with it. |
| 10:10:26 | 14 | MR. FORTI: Understood. |
| 10:10:26 | 15 | MR. SIGALE: Thank you, your Honor. |
| 10:10:26 | 16 | Your Honor, is the Court granting 21 days from |
| 10:10:28 | 17 | today's date to answer -- |
| 10:10:28 | 18 | THE COURT: I am. |
| 10:10:29 | 19 | MR. SIGALE: -- because there's still ten days left |
| 10:10:32 | 20 | in the normal rule -- |
| 10:10:32 | 21 | THE COURT: I am, I'm giving him 21 days from today. |
| 10:10:35 | 22 | MR. SIGALE: Okay. |
| 10:10:35 | 23 | THE COURT: Okay. Anything else? |
| 10:10:36 | 24 | MR. FORTI: Thank you very much. |
| 10:10:37 | 25 | THE COURT: All right. Thanks, folks. |

10:10:38  1        MR. SIGALE:  Thank you, your Honor.

10:10:39  2        (Concluded at 10:10 a.m.)

3                          - - -

4

5

6

7

8

9                    C E R T I F I C A T E

10

11     I certify that the foregoing is a correct transcript from

12  the record of proceedings in the above-entitled matter.

13

14  /s/April M. Metzler, RPR, CRR, FCRR   October 26, 2011

15  April M. Metzler, RPR, CRR, FCRR      Date

16  Official Federal Court Reporter

17

18

19

20

21

22

23

24

25