IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | Case No.: 10 CV 5135 |

**PLAINTIFFS' MOTION FOR F.R.CIV.P. 26 (c) PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENAS AND NOTICES**

COME NOW the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, by and through undersigned counsel, and move pursuant to Fed. R. Civ. Proc. 26(c) and 45 for the entry of an Order quashing any deposition notices served on Plaintiffs, and certain subpoenas served on third parties. In support thereof, Plaintiffs state as follows:

1. On March 22, 2012, Plaintiffs' counsel received Notices of Deposition for all six Plaintiffs, and subpoenas for fifteen third-parties. These depositions are scheduled for virtually every weekday between April 2, 2012 and April 17, 2012. Though Plaintiffs' counsel already has previous scheduling conflicts with a number of dates, which has been communicated to Defendant's counsel, that is not the issue of this Motion.

2. Rather, the problem, besides the Defendant's violation of F.R.Civ.P. 30(a)(2)(A)(i), is that every Plaintiff has been deposed in this case for anywhere from four to six

hours in September, 2011. Plaintiff Julianne Versnel was deposed twice, and was forced to come in from Washington State to do so.

3. Plaintiff Action Target's representative came in from Utah to be deposed, and had to spend most of the day doing so, into the evening, when the team of attorneys for the Defendant booked multiple depositions for the same time, forcing Plaintiff's counsel to pause Chris Hart's deposition, attend a different deposition down the hall in Defendant's attorney's office, and then continue Mr. Hart's deposition hours later.[1]

4. The further party depositions, besides being already taken, are not being for any purpose other than harassment and to make the litigation as burdensome and expensive as possible for Plaintiffs. The three individual Plaintiffs, and Ms. Versnel, already testified they are not building a firing range in the City, have no intention to build a firing range in the City, do not know any details about anyone who is (Ms. Versnel knows what Action Target does, of course, and that ISRA is looking into building a range, but knows no details, and specifically told the Defendant to review their Answers for information).

5. There is literally nothing any of these Plaintiffs could add to the discussion and no legitimate reason to depose them again. SAF continues to fight for constitutional rights for its members, and the individuals would still like to patronize a range in the City if one ever came into being. They are not attorneys or real estate developers. It is an irrelevant and harassing exercise and the depositions of Rhonda Ezell, Joseph I. Brown, William Hespen and Julianne

---

[1] Apparently the other deponent showed up at Defendant's attorney's office early and stated he had to leave at a certain time. Defendant's counsel made it clear that Plaintiffs' counsel was free to stay with Mr. Hart and continue with his deposition, but the deposition of the other witness was going to proceed down the hall whether Plaintiffs' counsel attended or not.

Versnel should be quashed.

6.	As for the remaining parties, their further testimony is irrelevant. The City has the burden of justifying its restrictions. *See Ezell v. City of Chicago*, 651 F.3d 684, 708-09 (7th Cir. 2011). Once determining the Plaintiffs have standing, "[i]t is enough that '[w]e have only the [statute] itself' and the 'statement of basis and purpose that accompanied its promulgation.'" *Ezell*, 651 F.3d at 697. There is nothing Chris Hart or Richard Pearson could add to that issue. Further, to the extent the City wants to know about the difficulty of building a range, the City need only look to the number of ranges built or approved within the City limits. Upon information and belief the number is still zero.

7.	Along those lines, the City is also deposing every potential customer to whom Chris Hart of Action Target has spoken. Besides being potentially detrimental to Hart's business, it is burdensome and harassing that everyone who has the audacity to even think of opening a range within the City limits receives a subpoena. Just like the potential landlords for the mobile range who canceled the deal upon being deposed in September, 2011 (even before the issue eventually was mooted), the fact that everyone with the idea or thought gets deposed is just wrong.

8.	Additionally, one of those deponents is Andre Queen of the Fidelity Investigative and Training Academy. He was deposed in September, 2011. Any further deposition of him should be quashed, as should be the deposition of his business partner, Joe Rodriguez.

9.	The Defendant has also subpoenaed the realtors contacted by ISRA. These depositions are harassing and unduly burdensome, and should be quashed, or at least severely limited in their scope.

10. Finally, while the depositions of Rhonda Ezell, Joseph I. Brown, William Hespen and Julianne Versnel should be quashed outright, the remaining depositions, especially those of persons who were previously deposed, should be severely limited in scope so as to avoid harassment and undue burden to Plaintiffs and the witnesses.

11. Further, each subpoena has a lengthy and unduly burdensome Rider, which demands documents going back to 2005, even though under the issue of the litigation a range was not even allowed under law until, at best, July, 2011. These deponents, virtually all of whom have had no formal contact with the City and whose only connection to the case was talking to Chris Hart, are asked to give private business plan information to the City, and undergo a burdensome document production procedure, for no relevant reason.

12. In *Bartholomew v. UNUM Life Ins. Co.*, 579 F. Supp.2d 1339 (W.D. WA 2008), an ERISA case, the Court struck down discovery requests because: "Plaintiff makes no showing of how her interrogatories and RFPs are narrowly tailored to lead to the discovery of admissible evidence. As pointed out, her arguments suggest that she is hoping to find something admissible amidst all the information she's seeking. And some of her requests (seeking information spanning a 10-year period) are overly broad and burdensome." *Id.* at 1342.

13. Likewise, the City's scorched-earth technique of deposing everyone whose name is mentioned, no matter how tangential, and demanding years' worth of documents, and deposing the Plaintiffs for a second or third time, is as overly broad and burdensome as can be.

14. Pursuant to F.R.Civ.P. 26(c), the Court can enter a protective Order and quash and/or limit the scope of the depositions for harassment, and when they cause undue burden and/or expense. That is the situation here.

15. Due to the timing issue of the scheduled depositions, and the fact that Plaintiffs' counsel was leaving town from March 25 through April 1, 2012, Plaintiff's counsel felt it was necessary to file the Motion. On March 22, 2012, during a telephone conference with Defendant's counsel, and a follow-up e-mail, Plaintiff's counsel voiced his objections to the depositions as described above. The respective counsel agreed to discuss the matter once Defendant's counsel received this Motion, if there was anything to talk about. If the parties reach any agreement regarding any of the issues in this Motion, Plaintiffs will alter their prayer for relief accordingly and notify the Court.

WHEREFORE, the Plaintiffs request this Honorable Court:

1. Quash the depositions of Rhonda Ezell, Joseph I. Brown, William Hespen and Julianne Versnel as duplicative and irrelevant;

2. Quash the depositions of Chris Hart and Richard Pearson as duplicative and irrelevant, or in the alternative, limit the scope to avoid repetitiveness, undue burden and harassment;

3. Quash the depositions of the persons who contacted Chris Hart as harassing and unduly burdensome, and the depositions of the realtors ISRA contacted as irrelevant, or in the alternative, limit the scope to avoid repetitiveness, undue burden and harassment;

4. Grant Plaintiffs any and all further relief as this Court deems just and proper.

Dated: March 23, 2012 | Respectfully submitted,

Alan Gura (admitted *pro hac vice*) | David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405 | 739 Roosevelt Road, Suite 304
Alexandria, VA 22314 | Glen Ellyn, IL 60137
703.835.9085/Fax 703.997.7665 | 630.452.4547/Fax 630.596.4445

By: /s/ Alan Gura | By: /s/ David G. Sigale
      Alan Gura |       David G. Sigale

  | Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney of record for the Plaintiffs, hereby certifies that on March 23, 2012, he served a copy of the above Motion, and this certificate of service, on:

  Michael A. Forti, Esq.
  Mardell Nereim, Esq.
  William Macy Aguiar, Esq.
  Andrew W. Worseck, Esq.
  Rebecca Alfert Hirsch, Esq.
  City of Chicago Department of Law
  30 North LaSalle Street, Suite 1230
  Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).


        /s/ David G. Sigale
        David G. Sigale