**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, | ) | |
| WILLIAM HESPEN, ACTION TARGET, INC., | ) | |
| SECOND AMENDMENT FOUNDATION, INC., | ) | |
| and ILLINOIS STATE RIFLE ASSOCIATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10 CV 5135 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFFS' F.R.CIV.P. RULE 37(a)(3)(B) MOTION TO COMPEL**</u>

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION

TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE

ASSOCIATION, by and through undersigned counsel, and move pursuant to Fed. R. Civ. Proc.

37(a)(3)(B) for the entry of an Order compelling Defendant to provide Answers and /or

Responses to Plaintiffs' discovery requests described herein.  The Defendant's Rule 33, Rule 34

and Rule 36 Answers/Responses, which also incorporate the respective requests, are attached

hereto.

**<u>F.R.Civ.P. 33 Interrogatories</u>**

- **Ints. ##1 and 2** – In Interrogatory #1, Plaintiffs seek the identity of the individuals

who participated in the process of creation of the Gun Range Ordinance (defined herein as the

July 6, 2011 Amendment to the Responsible Gun Owners Ordinance of 2010).  In Interrogatory

#2, Plaintiffs seek a description of each persons' participation.

Defendant claims the request is vague and irrelevant, but it is not well-taken to refuse

to list anyone's name who participated (which has a common and ordinary meaning) in the Gun

Range Ordinance. People wrote it, and maybe researched it in the process of writing it, and

people (maybe different or the same) were involved with it in Committee. If any of the 50

Alderman had anything to do with the Ordinance other than vote on it, that should be disclosed

as well (Defendant should be able to turn over an attendance and voting record sheet to know

who was at the City Council meeting on July 6, 2011 and what they voted). Defendant disclosed

information regarding the July 5, 2011 Public Safety Committee meeting, but has not done so

for the July 6, 2011 City Council meeting. Finally, Defendant refers to the challenged law as "an

otherwise constitutional ordinance." While there may be principles regarding such a piece of

legislation, that conclusion is in dispute in this case, hence this litigation and the discovery

requests.

"Because the Federal Rules contemplate liberal discovery, 'relevancy' for Rule 26

purposes is extremely broad." *Hahn v. Downers Grove*, 1999 U.S. Dist. LEXIS 8145, 10-11 (N.D.IL

1999) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (stating "relevancy

has been construed broadly to encompass any matter that bears on, or that reasonably could

lead to other matter that could bear on, any issue that is or may be in the case."); citing also

*AM International, Inc. v. Eastman Kodak Company*, 100 F.R.D. 255, 257 (N.D.IL 1981) (stating

"the test for relevance in the discovery area is an extremely broad one.")). "It is not too strong

to say that a request for discovery should be considered relevant if there is any possibility that

the information sought may be relevant to the subject matter of the action." *Hahn*, 1999 U.S. Dist. LEXIS 8145 at 11.

Once determining the Plaintiffs have standing, "[i]t is enough that '[w]e have only the [statute] itself' and the 'statement of basis and purpose that accompanied its promulgation.'" *Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011). Here, however, there is no statement of basis or purpose that accompanied the amendment's promulgation. The Amendment is silent on the issue, which leaves (1.) the statement in the original 2010 Responsible Gun Owners Ordinance, and what has already been offered to this Court, which was already deemed insufficient by the Seventh Circuit. *See Ezell*, 651 F.3d at 709 ("At this stage of the proceedings, the City has not come close to satisfying this standard. In the district court, the City presented no data or expert opinion to support the range ban, so we have no way to evaluate the seriousness of its claimed public-safety concerns. Indeed, on this record those concerns are entirely speculative. . . .")

In discussing the former range ban, the Seventh Circuit noted: "To be appropriately respectful of the individual rights at issue in this case, the City bears the burden of establishing a strong public-interest justification for its ban on range training: The City must establish a close fit between the range ban and the actual public interests it serves, and also that the public's interests are strong enough to justify so substantial an encumbrance on individual Second Amendment rights. Stated differently, the City must demonstrate that civilian target practice at a firing range creates such genuine and serious risks to public safety that prohibiting range training throughout the city is justified." *Id.* at 708-09. Plaintiffs contend the new range

3

requirements effectively ban ranges in the City, and that the City bears the burden of justifying this at a high level of almost-strict scrutiny.

While the Court may not ultimately rely on the motives of the various persons involved, the identities of the persons, and the level of their participation, is certainly discoverable.  The information sought is relevant, and may, at the least, lead to relevant information, whether to seek additional documentary evidence, or to inquire further of certain persons during deposition.  While the City puts a lot of stock in Judge Chang's decision in the *Illinois Ass'n. of Firearms Retailers v. Chicago* (10-CV-4184), this case is not that one.  The issues are different, and Plaintiffs' counsel almost certainly has their own litigation strategies and methods than counsel in the other-referenced case.  Further, the 10 CV 4184 plaintiffs are still challenging the Responsible Gun Owners Ordinance, which at least has a preamble with stated purposes, such as they are.  The challenged Amendment at issue here offers nothing.

- **Ints. ## 4 & 5** – Interrogatory 4 requests an answer to the following question: Regarding the firing ranges already in the City of which it is aware, would they be in compliance with the noise, zoning and construction requirements of the new Range Ordinance if it were applied to them?  Interrogatory 5 asks for specifics of any would-be zoning violations if the zoning requirements applied.  The City objected as to vagueness, that it does not possess the information, and that CPD ranges are not subject to the Ordinance.

These Interrogatories are not vague.  Further, the City certainly has the zoning information as to the CPD ranges.  Though it answered as to some, it did not as to the rest.  If it

4

does not have the other information, and has not since found out, it should just answer "Unknown." In any event, Defendants should provide answers to the Interrogatories.

- **Int. #6** – Plaintiff asked whether the City plans to close any currently-existing ranges in the City that do not comply with the Range Ordinance. The City answered for tis CPD ranges, but not for the Brinks range, the federal government ranges, and any other range within City limits of which the City has knowledge. Defendant should be ordered to do so.

- **Int. #11 & 12** – These Interrogatories ask about the CPD ranges' compliance with the environmental standards of the Range Ordinance, and efforts to bring them into compliance. Plaintiffs' counsel told City counsel to refer to Section 13-96-1210 when answering. The City has not answered, and should, even if just to say "Unknown." Of course, if it has information it should be provided.

- **Int. #13** – This Interrogatory asks for locations in the City where a range may be placed, given the zoning and other location restrictions. This can easily be answered. At the July 5, 2011 Committee meeting, the City produced a color-coded map of available locations, indicating that someone had quickly done the research as to this issue. Though the map was for 1000 feet in the original 4-151-120, presumably the information can be determined for a 500 foot restriction. The City offered to attempt to locate and produce the map, but to date Plaintiffs have heard nothing more on the subject.

- **Int. #14** – This Interrogatory seeks information regarding any law upon which the Gun Range Ordinance is modeled. Defendant claims the word "modeled" is vague, but the word has a common meaning ("something that is copied or used as the basis for a related idea,

5

process, or system") and should be answered thusly. Further, Defendant claims the same

objections as to Interrogatory No. 1, above, but the request is relevant to the issue of

Defendant's justification for its heavy restrictions, and at a minimum may lead to discoverable

evidence. Defendant should answer the Interrogatory.

- **Int. #15** – This Interrogatory sought information about the reasons for the various categories of persons to be disclosed in the firing range license application process. Unfortunately, Plantiffs' counsel made a typo of section 4-151-010(b) instead of the correct 4-151-**030(b)**, and Defendant claimed it could not answer. When this correction was pointed out, the City offered to amend its Answer but has not done so. The City should answer the Interrogatory.

- **Int. #16** – This Interrogatory regards the Commissioner of Business Affairs and Consumer Protection, who has the right to deny or revoke a gun range's license if it has a "deleterious impact" on the community. Plaintiffs asked for the criteria to be used in making such a determination, but have received no response. Such an inquiry is relevant and discoverable, and Defendant should provide and answer.

- **Int. #17** – Similarly, Interrogatory 17 questions the criteria to be used by the Commissioner of Business Affairs and Consumer Protection in determining what constitutes a "substantial number of arrests," as this is one of the definitions of "deleterious impact" on the community that can result in the denial or revocation of a firing range license. Plaintiffs request an answer to this relevant inquiry.

- **Int. #18** – Plaintiffs request the listing of all uses of property in the City that are permitted to operate above 55dB. Defendant refers to the Chicago Municipal Code, but Plaintiffs wish a clarification of what section(s) of the Code to which the Defendant is referring, *i.e.*, if it is 11-4-2700, *et seq*. of the Chicago Municipal Code, or whether Defendant is instead (or additionally) referencing other sections. As it is the Defendant's ordinance, it should be able to easily answer this instead of generally referring Plaintiffs to the Code in its entirety.

### F.R.Civ.P. 34 Requests for Document Production

- **Request No. 1** – Defendant refuses to produce documents relied upon in the formulation of the Gun Range Ordinance, citing relevancy. Yet, it has offered arbitrary criteria for denying and revoking licenses (*See* the "deleterious impact" definition of Section 4-151-030(f) of the Ordinance). As noted in this Motion with respect to Interrogatory Nos. 1 and 2, while this Court's decision may not hinge on the City's motives, the materials it relied upon in drafting the Ordinance is relevant to the inquiry as to Defendant's justification (*See Hahn v. Downers Grove*, 1999 U.S. Dist. LEXIS 8145, 10-11 (N.D.IL 1999)), especially as the Seventh Circuit made it very clear that the City must supply actual evidence to support its restrictions of constitutional rights, and especially since it has so far offered none.

The City also cites vagueness, undue burden and overbreadth to justify not disclosing the documents, but these objections are not well taken. The request has a common meaning, the City knows who drafted the Ordinance and whom to ask, and the Request is as pinpoint as can be.

Additionally, while Defendant supplied the transcript of the Public Safety Committee meeting of July 5, 2011, it did not supply a transcript or any other materials of the City Council meeting on July 6, 2011. That should be supplied as well.

- **Request No. 3** – The City offered to produce all non-privileged documents form the City's Police Department, Department of Housing and Economic Development, Department of Buildings, Department of Environment, and Department of Business Affairs and Consumer Protection. Though the City disclosed some documents, Plaintiffs have received no response to its inquiry whether such production was complete. Plaintiffs request an answer and/or the documents.

In Request for Admission No. 6 (discussed more fully below), the City denied it lacks "scientific studies and/or empirical evidence" regarding secondary effects of firing ranges justifying the restrictions in the Gun Range ordinance. Defendant should then be able to produce them, especially as Plaintiff presumes Defendant will be attempting to introduce them to the Court during this litigation.

- **Request No. 4** – Plaintiff requested all documents reflecting the "actual threat" to public health, welfare and safety caused by the operation of any gun range currently in use in the City. As Defendant has the burden of justifying its restrictions, such an inquiry is relevant. Further, despite the City's objection, the phrase "actual threats" is not vague, and refers to threats that go beyond the speculative, hypothetical or imaginary. As with Request No. 3, above, the City offered to produce all non-privileged documents form the City's Police Department, Department of Housing and Economic Development, Department of Buildings,

8

Department of Environment, and Department of Business Affairs and Consumer Protection. Though the City disclosed some documents, Plaintiffs have received no response to its inquiry whether such production was complete. Plaintiffs request an answer and/or the documents.

**F.R.Civ.P. 36 Requests for Admission**

- **RFA 1** – The City claims it cannot answer whether the six CPD ranges are within 500 feet of a prohibited location per 4-15-120, but this information is relevant and should be readily available to the Department of Zoning or some other City Department. Plaintiffs ask that the Defendant be ordered to answer Request No. 1.

- **RFA 3** – Plaintiffs seeks an admission that the six CPD ranges do not comply with the construction standards of the Gun Range Ordinance. Ultimately, Defendant claims it lacks such information, but as the ranges are in the City's control, and the City is in charge of determining whether a range in general complies with the requirements, the City should be able to admit or deny the Request, as the claim of "insufficient information" rings hollow. Indeed, the Request specifically asks Defendant for information which is readily available as soon as somebody looks.

- **RFA 4** – Plaintiffs seek an admission that the six CPD ranges do not meet the environmental standards of the gun Range Ordinance. The argument for RFA 3, above, is equally applicable here.

- **RFA 6** – The Request seeks an admission that Defendant lacks "scientific studies or other empirical evidence demonstrating secondary effects of gun ranges justifying the

9

restrictions [of] the Gun Range Ordinance." The Defendant replied by denying it lacks "any information supporting the Gun Range Ordinance." However, the request did not regard "any information," but regards scientific studies or empirical evidence. The City then claims the terms are vague, but that is untrue, and is in fact much narrower than what Defendant offered. Defendant should revise its Answer to RFA 6 so as to answer the actual Request.

- **RFA 12** – Plaintiffs seek an admission that an individual's ability to sample firearms prior to purchasing them is in the interest of public safety. The Defendant refuses to answer RFA 12 on the grounds that the terms "interest of public safety" and "sample" are too vague. However, "public safety" has the same meaning given to it by the Seventh Circuit in this case, which is to say the same "public interest" the City is invoking when restricting the Plaintiffs' constitutional rights. "Sample" is commonly defined as to test or judge by a small part of anything or one of a number, intended to show the quality, style, or nature of the whole. Defendant should be ordered to answer the Request.

- **RFA 13** – Plaintiffs seek an admission that the City allows many uses of property that exceed 55db. Defendant refused to answer, claiming vagueness of the terms "many" and "uses." However, these terms have common meanings, and the context of the words as used in the Request is clear. Defendant should be ordered to answer the request.


By electronic signature below, the undersigned certifies that he has in good faith conferred or attempted to confer with the Defendant's counsel, through written correspondence (on or about December 21, 2011) and multiple telephone conferences (on or

about January 10, 2012 and February 8, 2012) , in an effort to obtain the above-requested

information and documents without Court action.

Dated: March 25, 2012                    Respectfully submitted,

Alan Gura (admitted *pro hac vice*)        David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC                   Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405        4300 Commerce Court, Suite 300-3
Alexandria, VA 22314                     Lisle, IL 60532
703.835.9085/Fax 703.997.7665           630.452.4547/Fax 630.596.4445


By:____/s/ Alan Gura_____      By: _____/s/ David G. Sigale_____
        Alan Gura                               David G. Sigale

                                        Attorneys for Plaintiffs



### CERTIFICATE OF SERVICE

        The undersigned, an attorney of record for the Plaintiffs, hereby certifies that on March 25, 2012, he served a copy of the above Motion, and this certificate of service, on:

        Michael A. Forti, Esq.
        Mardell Nereim, Esq.
        Andrew W. Worseck, Esq.
        William Macy Aguiar, Esq.
        Rebecca Alfert Hirsch, Esq.
        City of Chicago Department of Law
        30 North LaSalle Street, Suite 1230
        Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).


        _____/s/ David G. Sigale_____
                David G. Sigale