## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **EZELL, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-CV-5135** |
| | ) | **Judge Virginia M. Kendall** |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT CITY OF CHICAGO'S RESPONSES
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby submits its responses to Plaintiffs' First Set of Interrogatories.

## GENERAL OBJECTIONS

A.     The City objects to the relevancy of Plaintiffs' interrogatories to the extent they seek information regarding the facts the Chicago City Council had or knew at the time it enacted either the July 6, 2011 ordinance or the September 8, 2011 ordinance or that otherwise relate to the legislative process associated with those ordinances. Pursuant to the decisions of the United States Court of Appeals for the Seventh Circuit in *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 1675 (2011), and *Ezell v. City of Chicago*, --- F.3d ----, No. 10-3525, 2011 WL 2623511 (7th Cir. July 6, 2011), the constitutionality of both ordinances does not turn on whether and how much or what kind of specific information was presented to or considered by the City at the time it enacted the ordinances. Instead, the Court may uphold the ordinances based on facts, studies, or information that was not before the City Council or otherwise possessed by the City, including

that which post-dates the passage of the ordinances. Plaintiffs' interrogatories, to the extent they seek to discover whether the City possessed such information at the time of the enactment of the ordinances or at any point before or thereafter, therefore seek information that is not relevant.

B.      The City objects to each definition, instruction, and interrogatory to the extent that it attempts to impose discovery obligations which are greater than those required under the Federal Rules of Civil Procedure.

C.      The City objects to each definition, instruction, and interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

D.      The City objects to each definition, instruction, and interrogatory to the extent that it requests information relating to matters that are not relevant to the pending lawsuit or not reasonably calculated to lead to the discovery of admissible evidence or otherwise exceeds the scope and manner of discovery permitted by the Federal Rules of Civil Procedure.

E.      The City objects to each definition, instruction, and interrogatory to the extent that it seeks legal bases, legal conclusions, or opinions.

F.      The City objects to each interrogatory to the extent that it requests information outside the possession, custody, or control of the City.

G.      When the City states that it will produce responsive documents or provide information, it states so only to the extent responsive documents or information exist and are in its possession, custody, or control.

H.      The City reserves all objections to the admissibility of any information into evidence in this litigation (including information contained in the answers to these interrogatories), including,

2

without limitation, objections of relevance and materiality.

I.    The City reserves the right to seasonably supplement its responses to Plaintiffs' interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections, which are hereby incorporated into each response below as if set forth fully therein, the City responds to each of Plaintiffs' interrogatories as follows:

**INTERROGATORY NO. 1.** Identify all individuals who participated in the process of creation of the Gun Range Ordinance.

**ANSWER:**    The City objects to Interrogatory No. 1 to the extent it seeks the identity of all individuals who "participated" in the "process" of the "creation" of the Gun Range Ordinance because those words are too vague to permit the City to frame a response. The City objects to Interrogatory No. 1 as overly broad and unduly burdensome because any such "process" necessarily includes all 50 Alderman, any aldermanic staff who discussed the Gun Range Ordinance, and any employee within the City's executive departments who likewise discussed or consulted on the Gun Range Ordinance.

The City objects to Interrogatory No.1 in that it seeks evidence that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' amended complaint raises constitutional challenges to duly-enacted ordinances by the Chicago City Council, and it is the determination of the City Council embodied within the four corners of those ordinances that is subject to constitutional scrutiny. The process by which those ordinances came into existence, the individuals involved in those processes, and the subjective motivations or intent of those individuals are irrelevant. Neither *Heller* nor any of the cases decided by the United States Court of Appeals for

the Seventh Circuit regarding the Second Amendment examined such factors. Indeed, any such inquiry would be contrary to the well-settled principle that an otherwise constitutional ordinance can not be invalidated based on the motivations of the legislators, the mayor, or their staffs. For these reasons, any discovery regarding the process by which the Gun Range Ordinance was drafted or created, except for that information contained in its duly-constituted legislative history (in the form of City Council hearing transcripts and materials), is irrelevant and not likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2.** For each individual identified in response to interrogatory #1, describe that individual's participation.

**ANSWER:** For its answer to Interrogatory No. 2, the City incorporates its answer to Interrogatory No. 1 as if set forth fully herein.

**INTERROGATORY NO. 3.** Identify all gun ranges currently operating in the City of Chicago.

**ANSWER:** The City objects to Interrogatory No. 3 as overly broad and unduly burdensome to the extent it calls for the City to identify gun ranges of which it has no knowledge or information. Subject to, and without waiving, its objections, the City states that the Chicago Police Department (the "CPD") operates seven indoor ranges at six locations: (1) Area 1 Police Headquarters, 5101 South Wentworth; (2) Area 2 Police Headquarters, 727 East 111th Street; (3) Area 3 Police Headquarters, 2452 West Belmont; (4) Area 4 Headquarters, 3151 West Harrison; (5) Area 5 Police Headquarters, 5555 West Grand Avenue; and (6) two ranges at the CPD's Training Academy, 1300 West Jackson Boulevard. The City further states, on information and belief, that Brinks, Inc. maintains a firing range at its location at 919 S. California Avenue, Chicago, IL 60612. On information and belief, the City states that the United States government maintains firing ranges

4

at some of their facilities in Chicago, but the City lacks knowledge of the number or locations of such firing ranges.

**INTERROGATORY NO. 4.** For each gun range identified in response to interrogatory #3, state whether it would be in full compliance with all zoning, noise, and construction standards set forth in the Gun Range Ordinance were the Gun Range Ordinance applicable to it.

**ANSWER:** The City objects to Interrogatory No. 4 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence to the extent it seeks information related to compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 4 to the extent it seeks information regarding "full" compliance with "all zoning, noise, and construction standards" in the Gun Range Ordinance as those phrases are too vague to permit the City to frame a response. The City objects to Interrogatory No. 4 to the extent it seeks information related to any firing range not operated by the CPD because such information is not in the City's possession, custody, or control. The City objects to Interrogatory No. 4 as not likely to lead to the discovery of admissible evidence to the extent it requires the City to determine whether the ranges operated by the CPD are in compliance with any provision of the Gun Range Ordinance which, by operation of a stated exclusion or exemption, does not apply to those ranges.

**INTERROGATORY NO. 5.** For each gun range identified in response to interrogatory #3 that could not presently meet the zoning requirements set forth in the Gun Range Ordinance were they applicable to that Gun Range, identify all factors that would cause that Gun Range to not be in compliance with the zoning requirements.

**ANSWER:** The City objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence to the extent it seeks information related to compliance with any provision of the Gun Range Ordinance that is not specifically

5

challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 5 to the extent it seeks information regarding compliance with "the zoning requirements" of the Gun Range Ordinance as that phrase is too vague to permit the City to frame a response. The City objects to Interrogatory No. 5 to the extent it seeks information related to any firing range not operated by the CPD because such information is not in the City's possession, custody, or control. The City objects to Interrogatory No. 5 as not likely to lead to the discovery of admissible evidence to the extent it requires the City to determine whether any range identified by the City in response to Interrogatory No. 3 is in compliance with any provision of the Gun Range Ordinance which, by operation of a stated exclusion or exemption, does not apply to that range.

Subject to, and without waiving, its objections, the City states the ranges operated by the CPD which are identified as numbers (4), (5) and (6) in the City's response to Interrogatory No. 3 are not located on a property zoned with the M1, M2, or M3 zoning classification but states that the CPD's ranges do not have to be located in such a zoning classification because sections 17-5-0207 and 17-17-02155.5 of the Municipal Code of Chicago exempt the CPD's ranges from any of the requirements set forth in the Chapter 17 of the Municipal Code of Chicago. The City lacks knowledge or information sufficient to state whether any of the firing ranges operated by the CPD meet the requirements of section 4-151-120 of the Chicago Municipal Code because the City is without knowledge or information whether the CPD's firing ranges meet the requirements of section 4-151-120. The City states the CPD's firing ranges do no have to comply with section 4-151-120 pursuant to section 4-151-150 of the Municipal Code of Chicago.

The City states on information and belief that the range maintained by Brinks at 919 S. California is not located within a property zoned with the M1, M2, or M3 zoning classification but

6

the City is without knowledge or information as to whether the Brinks range meets the requirements of section 4-151-120. The City states on information and belief that the requirements of section 4-151-120 do not apply to Brinks's range at 919 S. California pursuant to section 4-151-150(3).

The City states that any range operated by the federal government is exempt from any of the requirements set forth in the Chapter 17 of the Municipal Code of Chicago pursuant to sections 17-5-0207 and 17-17-02155.5 of the Municipal Code of Chicago. The City lacks knowledge or information sufficient to admit or deny whether any firing range operated by the federal government meets the requirements of section 4-151-120 of the Chicago Municipal Code. The City states any range operated by the federal government does not have to comply with section 4-151-120 pursuant to section 4-151-150 of the Municipal Code of Chicago.

**INTERROGATORY NO. 6.** For each gun range identified in response to interrogatory #3 that could not presently meet the zoning requirements set forth in the Gun Range Ordinance were they applicable to that Gun Range, state whether you intend to close that Gun Range.

**ANSWER:** The City objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence to the extent it seeks information related to any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 6 to the extent it seeks information regarding "the zoning requirements" of the Gun Range Ordinance as that phrase is too vague to permit the City to frame a response. The City objects to Interrogatory No. 6 as not likely to lead to the discovery of admissible evidence because the ranges operated by the CPD and any operated by the federal government are exempt from any of the requirements set forth in the Chapter 17 of the Municipal Code of Chicago pursuant to sections 17-5-0207 and 17-17-02155.5 of the Municipal Code of Chicago and from the requirements of section 4-151-120 pursuant to section 4-151-150 of

7

the Municipal Code of Chicago. The City objects to Interrogatory No. 6 as argumentative because it is a contention interrogatory.

Subject to, and without waiving, its objections, the City states that it has no present intention to cease operation of any of the ranges operated by the CPD that are identified as numbers (1) through (6) in the City's response to Interrogatory No. 3.

**INTERROGATORY NO. 7.** For each gun range identified in response to interrogatory #3 that could not presently meet the noise control requirements set forth in the Gun Range Ordinance were they applicable to that Gun Range, identify the noise level emitted by operation of the Gun Range as would be measured by the Gun Range Ordinance standards.

**ANSWER:** The City objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence to the extent it seeks information related to compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 7 to the extent it seeks information regarding compliance with "the noise control requirements" of the Gun Range Ordinance as that phrase is too vague to permit the City to frame a response. The City objects to Interrogatory No. 7 to the extent it seeks information related to any firing range not operated by the CPD because such information is not in the City's possession, custody, or control. The City objects to Interrogatory No. 7 as not likely to lead to the discovery of admissible evidence to the extent it requires the City to determine whether the ranges operated by the CPD are in compliance with any provision of the Gun Range Ordinance which, by operation of a stated exclusion or exemption, does not apply to those ranges.

Subject to, and without waiving, its objections, the City states that it does not know what noise level is emitted from any of the ranges operated by the CPD, which are identified as numbers

8

(1) through (6) in the City's response to Interrogatory No. 3, but states that the CPD's ranges are exempt from the requirements of section 13-96-1200(b)(2) pursuant to section 13-196-010 of the Municipal Code of Chicago.

**INTERROGATORY NO. 8.** For each gun range identified in response to interrogatory #3 that could not presently meet the noise control requirements set forth in the Gun Range Ordinance were they applicable to that Gun Range, describe all steps scheduled to be taken to bring that Gun Range within the noise standards of the Gun Range Ordinance.

**ANSWER:** The City objects to Interrogatory No. 8 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence to the extent it seeks information related to compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 8 to the extent it seeks information regarding compliance with "the noise control requirements" of the Gun Range Ordinance as that phrase is too vague to permit the City to frame a response. The City objects to Interrogatory No. 8 to the extent it seeks information related to any firing range not operated by the CPD because such information is not in the City's possession, custody, or control. The City objects to Interrogatory No. 8 as not likely to lead to the discovery of admissible evidence to the extent it requires the City to determine whether the ranges operated by the CPD are in compliance with any provision of the Gun Range Ordinance which, by operation of a stated exclusion or exemption, does not apply to those ranges.

Subject to, and without waiving, its objections, the City states that it lacks knowledge or information regarding what noise level is emitted from any of the ranges operated by the CPD, which are identified as numbers (1) through (6) in the City's response to Interrogatory No. 3, but states that the CPD's ranges are exempt from the requirements of section 13-96-1200(b)(2) pursuant to section

13-196-010 of the Municipal Code of Chicago. The City further states that because the CPD's

ranges do not have to comply with section 13-96-1200(b)(2), there are no present plans to test the

CPD's ranges for noise emission or to alter them for compliance with section 13-96-1200(b)(2), if

they do not, in fact, meet those requirements.

**INTERROGATORY NO. 9.** For each gun range identified in response to interrogatory #3, owned, operated, and/or controlled by you, that does not presently meet the construction requirements set forth in the Gun Range Ordinance were they applicable to that Gun Range, identify the manner in which each such Gun Range would fail to meet the construction requirements set forth in the Gun Range Ordinance.

**ANSWER:** The City objects to Interrogatory No. 9 as overly broad, unduly burdensome,

and not likely to lead to the discovery of admissible evidence to the extent it seeks information

related to compliance with any provision of the Gun Range Ordinance that is not specifically

challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 9 to the extent

it seeks information regarding compliance with "the construction requirements" of the Gun Range

Ordinance as that phrase is too vague to permit the City to frame a response. The City objects to

Interrogatory No. 9 as overly burdensome to the extent it requires the City to determine in the first

instance whether any of the ranges operated by the CPD comply with provisions of the Gun Range

Ordinance. The City objects to Interrogatory No. 9 as not likely to lead to the discovery of

admissible evidence to the extent it requires the City to determine whether the ranges operated by

the CPD are in compliance with any provision of the Gun Range Ordinance that, by operation of a

stated exclusion or exemption, does not apply to those ranges.

Subject to, and without waiving, its objections, the City states that it does not know whether

any of the ranges operated by the CPD, which are identified as numbers (1) through (6) in the City's

response to Interrogatory No. 3, meet the requirements of section 13-96-1200(b)(7), but states that

the CPD's ranges are exempt from the requirements of section 13-96-1200(b)(7) pursuant to section 13-196-010 of the Municipal Code of Chicago.

**INTERROGATORY NO. 10.** For each gun range identified in response to interrogatory #3, owned, operated, and/or controlled by you, that does not presently meet the construction requirements set forth in the Gun Range Ordinance were they applicable to that Gun Range, describe all steps scheduled to be taken to bring that Gun Range within the construction standards of the Gun Range Ordinance.

**ANSWER:** The City objects to Interrogatory No. 10 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence to the extent it seeks information related to compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 10 to the extent it seeks information regarding compliance with "the construction requirements" of the Gun Range Ordinance as that phrase is too vague to permit the City to frame a response. The City objects to Interrogatory No. 10 as not likely to lead to the discovery of admissible evidence to the extent it requires the City to determine whether the ranges operated by the CPD are in compliance with any provision of the Gun Range Ordinance that, by operation of a stated exclusion or exemption, does not apply to those ranges.

Subject to, and without waiving, its objections, the City states that it lacks knowledge or information whether any of the ranges operated by the CPD, which are identified as numbers (1) through (6) in the City's response to Interrogatory No. 3, meet the requirements of Section 13-96-1200(b)(7) but states that the CPD's ranges are exempt from the requirements of section 13-96-1200(b)(7) pursuant to section 13-196-010 of the Municipal Code of Chicago. The City further states that because the CPD's ranges do not have to comply with section 13-96-1200(b)(7) and the City therefore does not know whether its ranges meet those requirements, there are no present plans

11

to test or alter the CPD's ranges for compliance with section 13-96-1200(b)(7).

**INTERROGATORY NO. 11.** For each gun range identified in response to interrogatory #3, owned, operated, and/or controlled by you, that does not presently meet the environmental standards set forth in the Gun Range Ordinance and its implementing regulations were they applicable to that Gun Range, identify the manner in which each such Gun Range would fail to meet the environmental standards set forth in the Gun Range Ordinance and its implementing regulations.

**ANSWER:** The City objects to Interrogatory No. 11 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence to the extent it seeks information related to compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 11 to the extent it seeks information regarding compliance with "the environmental standards" of the Gun Range Ordinance as that phrase is too vague to permit the City to frame a response. The City objects to Interrogatory No. 11 as not likely to lead to the discovery of admissible evidence to the extent it requires the City to determine whether the ranges operated by the CPD are in compliance with any provision of the Gun Range Ordinance that, by operation of a stated exclusion or exemption, does not apply to those ranges.

**INTERROGATORY NO. 12.** For each gun range identified in response to interrogatory #3, owned, operated, and/or controlled by you, that does not presently meet the environmental standards set forth in the Gun Range Ordinance and its implementing regulations were they applicable to that Gun Range, describe all steps scheduled to be taken to bring that Gun Range within the environmental standards of the Gun Range Ordinance.

**ANSWER:** The City objects to Interrogatory No. 12 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence to the extent it seeks information related to compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' amended complaint. The City objects to Interrogatory No. 12 to the extent it seeks information regarding compliance with "the environmental standards" of the Gun Range

12

Ordinance as that phrase is too vague to permit the City to frame a response. The City objects to Interrogatory No. 12 as not likely to lead to the discovery of admissible evidence to the extent it requires the City to determine whether the ranges operated by the CPD are in compliance with any provision of the Gun Range Ordinance that, by operation of a stated exclusion or exemption, does not apply to those ranges.

**INTERROGATORY NO. 13.** Identify all land parcels on which a "shooting range facility," as defined in the Gun Range Ordinance, could operate in compliance with the zoning requirements of the Gun Range Ordinance.

**ANSWER:** The City objects to Interrogatory No. 13 to the extent it seeks information related to all land parcels which on which a shooting range facility could operate in compliance with the "zoning requirements" because "zoning requirements" is too vague to permit the City to frame a response. The City objects to Interrogatory No. 13 as overly broad and unduly burdensome to the extent it requires the City to identify every piece of land on which a shooting range facility could locate in compliance with Chapter 17 of the Municipal Code of Chicago and section 4-151-120 of the Municipal Code of Chicago.

**INTERROGATORY NO. 14.** Identify any laws upon which the Gun Ran [sic] Ordinance is modeled.

**ANSWER:** The City objects to Interrogatory No. 14 to the extent it asks the City to identify any laws upon which the Gun Range Ordinance is "modeled" because that word is too vague to permit the City to frame a response. Further answering, Defendants incorporate their answer to Interrogatory No. 1 as if set forth fully herein.

**INTERROGATORY NO. 15.** For each category of persons who are required to be disclosed under Chi. Mun. Code § 4-151-010(b), identify any and all reasons for requiring the identification of that category of person.

13

**ANSWER:**    Subject to, and without waiving, its objections, Defendants state that there is no section 4-151-010(b) and that section 4-151-010 does not require the disclosure of any individuals but instead defines certain terms in the Gun Range Ordinance.

**INTERROGATORY NO. 16.** Identify the definition of "deleterious impact on the health, safety or welfare of the community" as that phrase is used in Chi. Mun. Code § 4-151-030(f), including the source of such definition. If the definition is within someone's discretion, identify the person or persons exercising the discretion and the criteria to be used during the decision-making process.

**ANSWER:**    Subject to, and without waiving, its objections, the City states that section 4-151-030(f) specifically states that "deleterious impact," as used in that section of the Gun Range Ordinance, has the same meaning ascribed to that term in section 4-60-010 of the Chicago Municipal Code, which is "an adverse effect on the value of any property, an increased risk of violations of law, or a risk of a substantial increase in noise, litter, or vehicular congestion." Pursuant to section 4-151-030(f), whether a shooting range facility will cause a "deleterious impact" is determined by the Commissioner of the City's Department of Business Affairs and Consumer Protection, although section 4-151-030(f) states that a deleterious impact is presumed to exist "whenever there have been a substantial number of arrests within 500 feet of the applicant's premises . . . within the previous two years, unless the applicant has adopted a plan of operation that will provide reasonable assurance that the issuance of the [shooting range facility] license will not have a deleterious impact."

**INTERROGATORY NO. 17.** Identify the definition of "substantial number of arrests" as that phrase is used in Chi. Mun. Code § 4-151-030(f), including the source of said definition. If the definition is within someone's discretion, identify the person or persons exercising the discretion and the criteria to be used during the decision-making process.

**ANSWER:**    Subject to, and without waiving, its objections, the City states that "substantial number of arrests," as that phrase is used in section 4-151-030(f) of the Gun Range Ordinance, is not

14

specifically defined in the Gun Range Ordinance. The City further states that what constitutes a "substantial number of arrests" is determined by the Commissioner of the City's Department of Business Affairs and Consumer Protection and that section 4-151-010(f) does not provide any criteria for the Commissioner to apply in making that determination.

**INTERROGATORY NO. 18.** Describe all uses of property that are permitted to operate above 55dB, as that sound level is defined by Chi. Mun. Code § 13-96-1200(b)(2).

**ANSWER:** The City objects to Interrogatory No. 18 as overly broad and unduly burdensome. The City objects to Interrogatory No. 18 to the extent it asks the City to "describe" all "uses" of property that are permitted to "operate" above 55db as those words are too vague to permit the City to frame a response. Subject to, and without waiving, its objections, the City states that any noise level requirements would be set forth in the Municipal Code of Chicago, which Plaintiffs are as equally capable of reviewing as the City.

Date: December 2, 2011

Respectfully submitted,

STEPHEN R. PATTON,
Corporation Counsel for the City of Chicago

By: _____
          Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216
Attorneys for Defendant