IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-5135 |
| | ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CITY OF CHICAGO'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby submits its responses to Plaintiffs' First Set of Requests for Production.

## GENERAL OBJECTIONS

A.  The City objects to the relevancy of Plaintiffs' document requests to the extent they seek information regarding the facts the Chicago City Council had or knew at the time it enacted either the July 6, 2011 ordinance or the September 8, 2011 ordinance or that otherwise relate to the legislative process associated with those ordinances. Pursuant to the decisions of the United States Court of Appeals for the Seventh Circuit in *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 1675 (2011), and *Ezell v. City of Chicago*, --- F.3d ----, No. 10-3525, 2011 WL 2623511 (7th Cir. July 6, 2011), the constitutionality of both ordinances does not turn on whether and how much or what kind of specific information was presented to or considered by the City at the time it enacted the ordinances. Instead, the Court may uphold the ordinances based on facts, studies, or information that was not before the City Council or otherwise possessed by the City, including

that which post-dates the passage of the ordinances. Plaintiffs' document requests, to the extent they seek to discover whether the City possessed such information at the time of the enactment of the ordinances or at any point before or thereafter, therefore seek information that is not relevant.

B.  The City objects to each definition, instruction, and document request to the extent that it attempts to impose discovery obligations which are greater than those required under the Federal Rules of Civil Procedure.

C.  The City objects to each definition, instruction, and document request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

D.  The City objects to each definition, instruction, and document request to the extent that it requests information relating to matters that are not relevant to the pending lawsuit or not reasonably calculated to lead to the discovery of admissible evidence or otherwise exceeds the scope and manner of discovery permitted by the Federal Rules of Civil Procedure.

E.  The City objects to each definition, instruction, and document request to the extent that it seeks legal bases, legal conclusions, or opinions.

F.  The City objects to each document request to the extent that it requests information outside the possession, custody, or control of the City.

G.  When the City states that it will produce responsive documents or provide information, it states so only to the extent responsive documents or information exist and are in its possession, custody, or control.

H.  The City reserves all objections to the admissibility of any information into evidence in this litigation (including information contained in the answers to these document requests),

2

including, without limitation, objections of relevance and materiality.

I. The City reserves the right to seasonably supplement its responses to Plaintiffs' document requests.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections, which are hereby incorporated into each response below as if set forth fully therein, the City responds to each of Plaintiffs' document requests as follows:

**REQUEST NO. 1.** All documents relied upon in the formulation of the Gun Range Ordinance.

**ANSWER:** The City objects to Document Request No. 1 to the extent it seeks documents "relied upon" in the "formulation" of the Gun Range Ordinance because those words are too vague to permit the City to frame a response. The City objects to Document Request No. 1 as overly broad and unduly burdensome because it would require the City to search the records of all 50 Alderman, any aldermanic staff who discussed the Gun Range Ordinance, and any employee within the City's executive departments who likewise discussed or consulted on the Gun Range Ordinance.

The City further objects to Document Request No. 1 in that it seeks material that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' amended complaint raises constitutional challenges to duly-enacted ordinances by the Chicago City Council, and it is the determination of the City Council embodied within the four corners of those ordinances that is subject to constitutional scrutiny. The process by which those ordinances came into existence, the individuals involved in those processes, or the subjective motivations or intent of those individuals are irrelevant. Neither *Heller* nor any of the cases decided by the United States Court

of Appeals for the Seventh Circuit regarding the Second Amendment examined such factors. Indeed, any such inquiry would be contrary to the well-settled principle that an otherwise constitutional ordinance can not be invalidated based on the motivations of the legislators, the mayor, or their staffs. For these reasons, any discovery regarding the process by which the Gun Range Ordinance was drafted or created, except for that information contained in its legislative history (in the form of City Council hearing transcripts and materials), is irrelevant and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 2.** All laws identified in response to interrogatory #14.

**ANSWER:** For its response to Document Request No. 2, the City incorporates its answer to Document Request No. 1 as if set forth fully herein.

**REQUEST NO. 3.** If Request for Admission #6 is denied, all documents justifying that denial.

**ANSWER:** The City incorporates as if set forth fully herein its objections to Request for Admission No. 6. The City objects to Request No. 3 as overly broad and unduly burdensome to the extent it requires the City to search the records of all members of City Council and all City Departments for responsive documents. Subject to, and without waiving, its objections, the City will produce non-privileged documents in the possession, custody, or control of the City's Police Department, Department of Housing and Economic Development, Department of Buildings, Department of Environment, and Department of Business Affairs and Consumer Protection.

**REQUEST NO. 4.** All documents reflecting the presence of actual threats to public health, welfare, or safety caused by the operation of any Gun Range in the City of Chicago, including but not limited to Gun Ranges in current operation, and without limitation as to time provided in instruction d, those which have operated historically, including but not limited to the Gun Ranges identified in the declaration of Plaintiff Joseph I. Brown.

4

**ANSWER:** The City objects to Document Request No. 4 to the extent it seeks documents reflecting the presence of "actual threats" to public health, welfare, or safety by any gun range because "actual threats" is too vague to permit the City to frame a response. The City objects to Request No. 4 as overly broad and unduly burdensome to the extent it seeks documents without regard to any time limitation. The City objects to Request No. 4 to the extent it seeks documents related to ranges identified in a declaration of Plaintiff Brown because no declaration is attached to Plaintiffs' document requests and no other information is provided by Plaintiffs regarding such declaration. The City objects to Request No. 4 as overly broad and unduly burdensome to the extent it requires the City to search the records of all members of City Council and all City Departments for responsive documents. Subject to, and without waiving, its objections, the City will produce non-privileged documents in the possession, custody, or control of the City's Police Department, Department of Housing and Economic Development, Department of Buildings, Department of Environment, and Department of Business Affairs and Consumer Protection.

Date: December 2, 2011                                Respectfully submitted,

STEPHEN R. PATTON,
Corporation Counsel for the City of Chicago

By: _____
Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216
Attorneys for Defendant