IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-5135 |
| ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT CITY OF CHICAGO'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby submits its responses to Plaintiffs' First Set of Requests for Admission.

## GENERAL OBJECTIONS

A. The City objects to the relevancy of Plaintiffs' requests for admission to the extent they seek admissions regarding the information or facts the Chicago City Council had or knew at the time it enacted either the July 6, 2011 ordinance or the September 8, 2011 ordinance or that otherwise relate to the legislative process associated with those ordinances. Pursuant to the decisions of the United States Court of Appeals for the Seventh Circuit in *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 1675 (2011), and *Ezell v. City of Chicago*, --- F.3d ----, No. 10-3525, 2011 WL 2623511 (7th Cir. July 6, 2011), the constitutionality of both ordinances does not turn on whether and how much or what kind of specific information was presented to or considered by the City at the time it enacted the ordinances. Instead, the Court may uphold the ordinances based on facts, studies, or information that was not before the City Council or otherwise

possessed by the City, including that which post-dates the passage of the ordinances. Plaintiffs' requests for admissions, to the extent they seek to establish whether the City possessed such information at the time of the enactment of the ordinances or at any point before or thereafter, therefore seek admissions regarding information that is not relevant.

    B.    The City objects to each definition, instruction, and request for admission to the extent that it attempts to impose discovery obligations which are greater than those required under the Federal Rules of Civil Procedure.

    C.    The City objects to each definition, instruction, and request for admission to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

    D.    The City objects to each definition, instruction, and request for admission to the extent that it requests information relating to matters that are not relevant to the pending lawsuit or not reasonably calculated to lead to the discovery of admissible evidence or otherwise exceeds the scope and manner of discovery permitted by the Federal Rules of Civil Procedure.

    E.    The City objects to each definition, instruction, and request for admission to the extent that it seeks legal bases, legal conclusions, or opinions.

    F.    The City objects to each request for admission to the extent that it requests information outside the possession, custody, or control of the City.

    G.    The City reserves all objections to the admissibility of any information into evidence in this litigation (including information contained in the answers to, or produced in response to, Plaintiffs' requests for admission), including, without limitation, objections of relevance and materiality.

H. The City reserves the right to seasonably supplement its responses to Plaintiffs' requests for admission and to proffer other information, beyond that in the legislative record, that the City may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions.

### SPECIFIC RESPONSES AND OBJECTIONS

Without waiving its General Objections, which are hereby incorporated into each response below as if set forth fully therein, the City responds to each of Plaintiffs' requests for admission as follows:

**REQUEST NO. 1.** You own, control and/or operate gun ranges that would not comply with the zoning standards of the Gun Range Ordinance were they applicable to those gun ranges.

**ANSWER:** The City objects to Request No. 1 to the extent it seeks an admission regarding the "zoning standards" of the Gun Range Ordinance because "zoning standards" is too vague to permit the City to frame a response. The City objects to Request No. 1 as not seeking the admission or denial of a fact that is relevant to Plaintiffs' claims as stated in their Amended Complaint. The City objects to Request No. 1 to the extent it seeks an admission regarding compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' Amended Complaint. The City objects to Request No. 1 to the extent it does not ask the City to admit or deny a fact in existence but instead asks the City to admit or deny a hypothetical.

Subject to, and without waiving, its objections, the City admits that it operates seven firing ranges at six locations in Chicago which were in existence and operational before the Gun Range Ordinance was passed and are under the exclusive control of the Chicago Police Department (the "CPD") for use by the CPD and other CPD-approved local, state, and federal law enforcement

organizations. The City admits that three of the locations at which the CPD operates a firing range are not located within an M1, M2, or M3 zoning classification but deny that the CPD's ranges must be located in such a zoning classification because sections 17-5-0207 and 17-17-02155.5 of the Municipal Code of Chicago exempt the CPD's ranges from any of the requirements set forth in the Chapter 17 of the Municipal Code of Chicago. The City lacks knowledge or information sufficient to admit or deny whether any of the firing ranges operated by the CPD meet the requirements of section 4-151-120 of the Chicago Municipal Code because the City has not studied or evaluated whether the CPD's firing ranges meet those requirements and the information the City knows or can readily obtain is insufficient to enable it to admit or deny it. Moreover, the CPD's firing ranges do no have to comply with section 4-151-120 because section 4-151-150 of the Municipal Code of Chicago exempts the CPD's ranges from any of the requirements in Chapter 4-151 of the Municipal Code of Chicago.

**REQUEST NO. 2.** You own, control and/or operate gun ranges that would not comply with the noise standards of the Gun Range Ordinance were they applicable to those gun ranges.

**ANSWER:** The City objects to Request No. 2 to the extent it seeks an admission regarding the "noise standards" of the Gun Range Ordinance because "noise standards" is too vague to permit the City to frame a response. The City objects to Request No. 2 as not seeking the admission or denial of a fact that is relevant to Plaintiffs' claims as stated in their Amended Complaint. The City objects to Request No. 2 to the extent it seeks an admission regarding compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' Amended Complaint. The City objects to Request No. 2 to the extent it does not ask the City to admit or deny a fact in existence but instead asks the City to admit or deny a hypothetical.

4

Subject to, and without waiving, its objections, the City admits that it operates seven firing ranges at six locations in Chicago which were in existence and operational before the Gun Range Ordinance was passed and are under the exclusive control of the CPD for use by the CPD and other CPD-approved local, state, and federal law enforcement organizations. The City lacks knowledge or information sufficient to admit or deny whether any of the CPD's firing ranges meet the requirements of section 13-96-1200(b)(2) of the Municipal Code of Chicago because the City has not studied or evaluated whether the CPD's firing ranges meet those requirements and the information the City knows or can readily obtain is insufficient to enable it to admit or deny it. Moreover, the CPD's firing ranges do no have to comply with section 13-96-1200(b)(2) because section 13-196-010 of the Municipal Code of Chicago exempts the CPD's firing ranges from compliance with section 13-96-1200(b)(2).

**REQUEST NO. 3.** You own, control and/or operate gun ranges that would not comply with the construction standards of the Gun Range Ordinance were they applicable to those gun ranges.

**ANSWER:** The City objects to Request No. 3 to the extent it seeks an admission regarding the "construction standards" of the Gun Range Ordinance because "constructions standards" is too vague to permit the City to frame a response. The City objects to Request No. 3 as not seeking the admission or denial of a fact that is relevant to Plaintiffs' claims as stated in their Amended Complaint. The City objects to Request No. 3 to the extent it seeks an admission regarding compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' Amended Complaint. The City objects to Request No. 3 to the extent it does not ask the City to admit or deny a fact in existence but instead asks the City to admit or deny a hypothetical.

Subject to, and without waiving, its objections, the City admits that it operates seven firing

ranges at six locations in Chicago which were in existence and operational before the Gun Range Ordinance was passed and are under the exclusive control of the CPD for use by the CPD and other CPD-approved local, state, and federal law enforcement organizations. The City lacks knowledge or information sufficient to admit or deny whether any of the CPD's firing ranges meet the requirements of section 13-96-1200(b)(7) of the Municipal Code of Chicago because the City has not studied or evaluated whether the CPD's firing ranges meet those requirements and the information the City knows or can readily obtain is insufficient to enable it to admit or deny it. Moreover, the CPD's firing ranges do no have to comply with section 13-96-1200(b)(7) because section 13-196-010 of the Municipal Code of Chicago exempts the CPD's firing ranges from compliance with section 13-96-1200(b)(7).

**REQUEST NO. 4.** You own, control and/or operate gun ranges that would not comply with the environmental standards of the Gun Range Ordinance were they applicable to those gun ranges.

**ANSWER:** The City objects to Request No. 4 to the extent it seeks an admission regarding the "environmental standards" of the Gun Range Ordinance because "environmental standards" is too vague to permit the City to frame a response. The City objects to Request No. 4 as not seeking the admission or denial of a fact that is relevant to Plaintiffs' claims as stated in their Amended Complaint. The City objects to Request No. 4 to the extent it seeks an admission regarding compliance with any provision of the Gun Range Ordinance that is not specifically challenged in Plaintiffs' Amended Complaint. The City objects to Request No. 4 to the extent it does not ask the City to admit or deny a fact in existence but instead asks the City to admit or deny a hypothetical.

Subject to, and without waiving, its objections, the City admits that it operates seven firing ranges at six locations in Chicago which were in existence and operational before the Gun Range

Ordinance was passed and are under the exclusive control of the CPD for use by the CPD and other CPD-approved local, state, and federal law enforcement organizations. The City lacks knowledge or information sufficient to admit or deny whether any of the CPD's firing ranges meet the requirements of section 13-96-1210 of the Municipal Code of Chicago because the City has not studied or evaluated whether the CPD's firing ranges meet those requirements and the information the City knows or can readily obtain is insufficient to enable it to admit or deny it. Moreover, the CPD's firing ranges do no have to comply with section 13-96-1210 because section 13-196-010 of the Municipal Code of Chicago exempts the CPD's firing ranges from compliance with section 13-96-1210.

**REQUEST NO. 5.** The Gun Range Ordinance is designed and intended to be as restrictive as possible.

**ANSWER:** The City objects to Request No. 5 to the extent it seeks an admission or denial that the Gun Range Ordinance is "designed and intended" to be as "restrictive" "as possible" because the quoted words and phrases are too vague and ambiguous to permit the City to frame a response. The City objects to Request No. 5 as not seeking the admission or denial of a fact that is relevant to Plaintiffs' claims as stated in their Amended Complaint. Subject to, and without waiving, its objections, the City denies Request No. 5.

**REQUEST NO. 6.** You lack any scientific studies or other empirical evidence demonstrating secondary effects of gun ranges justifying the restrictions set forth in the Gun Range Ordinance that are challenged by the First Amended Complaint.

**ANSWER:** The City objects to Request No. 6 to the extent it seeks an admission or denial that the City lacks "scientific studies" or other "empirical evidence" demonstrating "secondary effects" of gun ranges because "scientific studies," "empirical evidence," and "secondary effects"

7

are too vague to permit the City to frame a response. The City objects to Request No. 6 because, as set forth above in General Objection A, the Court may uphold the ordinances based on facts, studies, or information that was not before the City Council or otherwise possessed by the City, including that which post-dates the passage of the ordinances. Subject to, and without waiving, its objections, the City denies that it lacks any information supporting the Gun Range Ordinance.

**REQUEST NO. 7.** The Gun Range Ordinance was first directly introduced in Committee and rushed through to passage in the hope of fending off an adverse appellate decision.

**ANSWER:** The City objects to Request No. 7 to the extent it seeks an admission or denial that the Gun Range Ordinance was "rushed through to passage" because that phrase is too vague to permit the City to frame a response. The City lacks knowledge or information sufficient to form a belief as to whether the City Council "rushed" its passage of the July 6, 2011 ordinance or why it voted to pass the ordinance because the information the City knows or can readily obtain is insufficient to enable it to admit or deny it. The City admits that the ordinance passed by the City Council on July 6, 2011 was first introduced to the City Council's Committee on Public Safety on July 5, 2011. The City denies that the ordinance passed by the City Council on September 8, 2011 was first introduced to the Committee on Public Safety or any other committee of the City Council.

**REQUEST NO. 8.** There is no public safety reason for requiring all individuals investing in or providing services to range businesses, including all individuals requires to be disclosed by Chi. Mun. Code § 4-151-030(b), to have a Chicago Firearms Permit and/or an Illinois Firearms Owner Identification Card.

**ANSWER:** The City objects to Request No. 8 to the extent it seeks the admission or denial of a fact that is not relevant to Plaintiffs' claims as stated in their Amended Complaint. Subject to, and without waiving, its objections, the City denies Request No. 8.

**REQUEST NO. 9.** Shooting sports are traditionally enjoyed by Americans under 18 years

8

of age.

**ANSWER:** The City objects to Request No. 9 to the extent it seeks an admission or denial regarding "shooting sports" that are "traditionally enjoyed" because those phrases are too vague and ambiguous to permit the City to frame a response. The City objects to Request No. 9 as not seeking the admission or denial of a fact that is relevant to Plaintiffs' claims as stated in their Amended Complaint. The City objects to Request No. 9 because it does not seek the admission or denial of a fact that is within the City's knowledge or information. Subject to, and without waiving, its objections, the City states that it lacks knowledge or information sufficient to admit or deny Request No. 9 because the information the City knows or can readily obtain is insufficient to enable it to admit or deny Request No. 9.

**REQUEST NO. 10.** Gun ranges traditionally rely on income from the rental of firearms.

**ANSWER:** The City objects to Request No. 10 to the extent it seeks an admission or denial regarding what gun ranges "traditionally rely" upon because that phrase is too vague and ambiguous to permit the City to frame a response. The City objects to Request No. 10 as not seeking the admission or denial of a fact that is relevant to Plaintiffs' claims as stated in their Amended Complaint. The City objects to Request No. 10 because it does not seek the admission or denial of a fact that is within the City's knowledge or information. Subject to, and without waiving, its objections, the City states that it lacks knowledge or information sufficient to admit or deny Request No. 10 because the information the City knows or can readily obtain is insufficient to enable it to admit or deny Request No. 10.

**REQUEST NO. 11.** Individuals visiting gun ranges traditionally expect to be able to rent, borrow and share firearms.

9

**ANSWER:** The City objects to Request No. 11 to the extent it seeks an admission or denial regarding what individuals visiting gun ranges "traditionally expect" because that phrase is too vague and ambiguous to permit the City to frame a response. The City objects to Request No. 11 as not seeking the admission or denial of a fact that is relevant to Plaintiffs' claims as stated in their Amended Complaint. The City objects to Request No. 11 because it does not seek the admission or denial of a fact that is within the City's knowledge or information. Subject to, and without waiving, its objections, the City states that it lacks knowledge or information sufficient to admit or deny Request No. 11 because the information the City knows or can readily obtain is insufficient to enable it to admit or deny Request No. 11.

**REQUEST NO. 12.** It is in the interest of public safety that individuals be able to sample firearms prior to purchasing them.

**ANSWER:** The City objects to Request No. 12 to the extent it seeks an admission or denial that it is in the "interest of public safety" that individuals be able to "sample" firearms prior to purchase because those words and phrases are too vague and ambiguous to permit the City to frame a response.

**REQUEST NO. 13.** You permit many uses of property that exceed a maximum of 55dB, as that sound level is defined in Chi. Mun. Code § 13-96-1200(b)(2).

10

**ANSWER:** The City objects to Request No. 13 to the extent it seeks an admission or denial that the City permits "many" "uses" of property that exceed a certain sound level because "many" and "uses" are too vague and ambiguous to permit the City to frame a response.

Date: December 2, 2011                    Respectfully submitted,

STEPHEN R. PATTON,
Corporation Counsel for the City of Chicago

By: _____
Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendant

11