IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br> Defendant. | Case No.: 10 CV 5135 |

## MOTION TO QUASH SUBPOENAS
## OR ALTERNATIVELY FOR PROTECTIVE ORDER

**NOW COME** Non-Parties, SCOTT OSANTOWSKI and SECURITY DYNAMICS CORPORATION ("SDC"), by and through their attorney, ANDREW A. MUCHONEY, of McKEOWN, FITZGERALD, ZOLLNER, BUCK, HUTCHISON & RUTTLE, and states as follows in support of this motion pursuant to Fed. R. Civ. Proc. 26(c) and 45 to quash subpoenas, or, alternatively, for a Protective Order.

1. On March 22, 2012, Mr. Osantowski and SDC received separate Subpoenas (the "Subpoenas") to testify in the above captioned action (the "Case") without specifying the nature of the testimony called for (see attached Exhibits 1 and 2).

2. The Case, for purposes of the instant motion, seems essentially to involve a regulatory scheme adopted by the City of Chicago (the "City") which prohibits privately operated firearms ranges, thus effectively curtailing the ability of individually named Plaintiffs, Chicago residents, to secure the necessary Chicago Firearms Permit ("CFP") to lawfully possess firearms within the City; and that said scheme, by thus impairing upon the ability of Action Target, Second Amendment Foundation ("SAF") the Illinois State Rifle Association ("ISRA") to provide the means for Chicago residents to obtain CFPs, and the means of such residents to secure CFPs, also unduly impinges on the Second Amendment.

3. SDC is a private armed security company and Mr. Osantowski is its President.

1

4. The Subpoenas call for the production by both Respondents (the "Respondents") of any and all documents and materials dating back some seven years, to August 1, 2005, including generally the following:

    a). "All documents related to any communication or application by you to the City [of Chicago] with respect to the licensing, retrofitting, construction, operation, and/or use of a firearms range within Chicago" (Subpoenas, ¶ 1).

    b). "All documents related to the desire, . . . and/or plan by you to retrofit, construct, operate, or use of a firearms range in the Chicago, including all documents relating to or describing: (a) . . . business plans, sales or profit projections;" (b) projected or actual costs of the business; (c) "the location, size, type and nature of the business; (d) the inventory, goods, and/or services to be offered by the business, including . . . prices ...," and (e) and (f) essentially any and all contracts or communications with anyone relating to the proposed business (Subpoenas, ¶ 2).

    c). All documents relating to any attempt by Respondent to comply with evaluate, or analyze portions of the Chicago Municipal Code ("MCC") challenged by Plaintiffs, including nine separate provisions of the MCC enumerated by the Subpoenas (Subpoenas, ¶ 3).

    d). All documents relating to any attempt by Respondent to implement, evaluate, or analyze standards articulated in the nine separate MCC provisions enumerated by the Subpoenas with regard to any firearms ranges whatsoever (Subpoenas, ¶ 4).

    e). All documents relating to any communication, including any contract or plan between Respondent an "any Illinois resident meeting the definition of "applicant" under MCC § 4-151-010 [without this legal term being anywhere defined by the Subpoenas themselves], concerning retrofitting, construction, operation, and/or use of a firearms range in the Chicago" (Subpoenas, ¶ 5).

    f). "All documents relating to communications between you and Action target, ISRA, or SAF, or any other firing range manufacturer, contractor, consultant, builder or operator, regarding the retrofitting, construction, operation, and/or use of a firearms range in the Chicago" (Subpoenas, ¶ 6).

    g). "All documents relating to any firearms range standard, requirement, protocol, custom or practice in any jurisdiction relating to ten separately enumerated factors, including permits, licensing, hours of operation, minimum age, and so on (Subpoenas, ¶ 7).

5. Leaving aside the overbroad character of the Subpoenas that appears on their face, it bears emphasis that:

    a). SDC never applied to open a firearms range in Chicago, a fact that the City can readily ascertain (Subpoenas, ¶¶ 1, 3, 4 and 6).

    b). The effort to pry into Respondents' business plans, sales or profit projections, projected or actual costs outlays, inventories, prices, contracts and other internal business matters is not only unduly invasive but also totally irrelevant to a case involving damages to Constitutional rights as opposed to money damages (Subpoenas, ¶ 2).

    c). The request for all documents relating to communications, contracts or plans between Respondent and "any Illinois resident meeting the definition of "applicant" under MCC § 4-151-010" is not only deficient insofar as it requires Respondents to form legal opinions on the meaning of the MCC as to "applicants," but again impermissibly seeks to pry into Respondents' business plans by inquiring into matters which have nothing to do with Respondents' activities in Chicago (Subpoenas, ¶ 5).

    d). The request for "[a]ll documents relating to any firearms range standard, requirement, protocol, custom or practice in any jurisdiction" is completely overbroad to the same degree that the practices of other jurisdictions besides Chicago is irrelevant to the Constitutionality of Chicago's own practices. Nor is it at all clear how, if it is necessary Respondents to opine on such matters, that everyone in the United States who has any familiarity with firearms ranges should not also testify (Subpoenas, ¶ 7).

6. Respondents join the arguments of Plaintiffs' own previous motion to quash, that the latest notices in this matter are not properly calculated to secure relevant information given that the City has the burden of justifying its firearms restrictions. *See Ezell v. City of Chicago*, 651 F.3d 684, 708-09 (7th Cir. 2011). As also suggested previously by Plaintiffs, once it is determined that the Plaintiffs have standing, "[i]t is enough that '[w]e have only the [statute] itself' and the 'statement of basis and purpose that accompanied its promulgation'" (*Ezell*, 651 F.3d at 697); and there is nothing that can be added by further testimony that the City does not already know about the scheme that it has itself set in place.

7. Respondents also echo the arguments of Plaintiffs' previous motion to quash that the City's sweeping subpoenas to non-parties such as Respondents is an unduly burdensome and seemingly vindictive exercise toward everyone who has ever had the audacity to even think, or possibly think, about opening a firearms range within Chicago's City limits. This is especially the case here where Mr. Osantowski appears to have received a separate personal Subpoena just because he happens to be the President of SDC.

3

8. Respondents finally join a third argument of Plaintiffs' previous motion to quash, that the Subpoenas' requests for documents and materials dating back to 2005 is improper since the issue of the litigation a range was not even allowed under law until, at best, July 2011.

9. In addition to joining in Plaintiffs' previous motion to quash, Respondents reiterate the points raised in the foregoing paragraphs 4 and 5, and refer to other matters raised herein, to contend that the Subpoenas are harassing and are unduly burdensome; Respondents also argue that said Subpoenas should be quashed, or at least severely limited in their scope (see *Bartholomew v. UNUM Life Ins. Co.*, 579 F. Supp.2d 1339 (W.D. WA 2008)).

10. In the event that the Court does not quash both Subpoenas, all of the foregoing militates in favor of a Protective Order pursuant to F.R.Civ.P. 26(c) and/or a limitation upon the scope of any Subpoena that remains.

**WHEREFORE**, Non-Parties, SCOTT OSANTOWSKI and SECURITY DYNAMICS CORPORATION, respectfully pray that this Court:

a). Quash the Subpoenas to Scott Osantowski and Security Dynamics Corporation, or, in the alternative, issue a Protective Order pursuant to F.R.Civ.P. 26(c) and/or a limitation upon the scope of any Subpoena that remains; and

b). Confer such other relief as this Court deems just and appropriate.

McKEOWN, FITZGERALD, ZOLLNER
BUCK, HUTCHISON & RUTTLE

BY: s/ Andrew Muchoney
Andrew Muchoney,
One of Plaintiff's attorneys

McKEOWN, FITZGERALD, ZOLLNER
BUCK, HUTCHISON & RUTTLE
2455 Glenwood Avenue
Joliet, IL 60435
(815) 729-4800
#6217227
andrew@mckeownlawfirm.com