AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
**Northern District of Illinois**

| RHONDA EZELL, at al., | ) | |
|---|---|---|
| *Plaintiffs* | ) | |
| v. | ) | Civil Action No. 10 C 5135 |
| | ) | |
| CITY OF CHICAGO | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | _____ District of _____ ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Scott Osantowski
17900 South Dixie Hwy, Suite 12, Homewood, Illinois 60430

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | City of Chicago, Department of Law<br>30 North LaSalle Street, Suite 1230<br>Chicago, Illinois 60602 | Date and Time:<br>April 6, 2012 at 1:30 pm |
|---|---|---|

The deposition will be recorded by this method: Stenography

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

****SEE EXHIBIT A ATTACHED HERETO FOR DOCUMENT DESCRIPTIONS****

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3 - 20 - 2012

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **defendant City of Chicago** , who issues or requests this subpoena, are:

Andrew W. Worseck, City of Chicago Department of Law, 30 North LaSalle Street, Suite 1230, Chicago, Illinois 60602,   aworseck@cityofchicago.org   (312)744-7129

Exhibit 2

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 10 C 5135

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

## DEFINITIONS

A. "City" means the City of Chicago, its departments, officers, employees, representatives, attorneys, agents, and any other person or entity acting on its behalf or at its direction.

B. "ISRA" means the Illinois State Rifle Association, its departments, officers, employees, members, representatives, attorneys, agents, and any other person or entity acting on its behalf or at its direction.

C. "SAF" means the Second Amendment Foundation, Inc., its departments, officers, employees, members, representatives, attorneys, agents, and any other person or entity acting on its behalf or at its direction.

D. "Action Target" means Action Target, Inc., its departments, officers, employees, representatives, attorneys, agents, and any other person or entity acting on its behalf or at its direction.

E. "Action" means case number 10 C 5135 filed in the Untied States District Court for the Northern District of Illinois and styled *Ezell, et al. v. City of Chicago*.

F. "Amended Complaint" means Plaintiffs' Amended Complaint, filed in this Action on October 15, 2011.

G. "Document" means every writing or recording of every kind of description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, electronic, or electrical means whatsoever, including but not limited to investigative reports, books, articles, monographs, curriculum vitae, records, papers, pamphlets, correspondence,

emails, text messages, communications, memorandum, notes, notebooks, worksheets, reports, lists, analyses, summaries, written memorials of oral communications, photographs, photographic slides or negatives, films, filmstrips, video tapes, audio tapes, recordings, computer tapes, discs, compact discs (CDs) and any matter stored on any computer system or hard drive. "Document" shall also include any and all nonidentical copies of a document.

H. "Identify" when used with reference to a document, means to set forth the date, author or originator, persons to whom the document was addressed or sent, type of document (*e.g.* letter, contract, chart, etc.), subject matter, and the present or last known custodian of the original and any copies.

I. "Identify" when used with reference to a natural person, means to state his or her present or last-known full name, home address, home telephone number, business affiliation, business address, and business telephone number.

J. "Identify" when used with reference to a person other than a natural person, means to set forth the full name of the person, the form of the person (*e.g.*, corporation, joint venture, partnership, sole proprietorship, etc.), the partners, officers, directors, or other principals, and the present or last-known place of business.

K. "Person" means any natural person, corporation, partnership, association, governmental unit, or other entity.

L. "Relate," "related," and "relating" means directly or indirectly referring, reflecting, containing, constituting, describing, discussing, stating, assessing, recording, or otherwise connected with the matter described.

M. "Including" means including, but not limited to.

N.  "Plaintiff" means Plaintiff Rhonda Ezell, Plaintiff Joseph Brown, Plaintiff William Hespen, Plaintiff Action Target, Plaintiff SAF, and/or Plaintiff ISRA.

O.  "Individual Plaintiff" means Plaintiff Rhonda Ezell, Plaintiff Joseph Brown, and/or Plaintiff William Hespen.

P.  "Corporate Plaintiff" means Plaintiff Action Target, Plaintiff SAF, and/or Plaintiff ISRA.

Q.  "MCC" means the Municipal Code of Chicago.

## INSTRUCTIONS

A.  Unless otherwise stated, the time frame for each request shall be from August 1, 2005 to the present.

B.  If any document has been destroyed, lost, misplaced, or is otherwise unavailable, identify the document, state whether the document was lost, destroyed or misplaced, and identify the person who last had custody of the document.

C.  If any document is withheld on the basis of privilege, identify the document, describe the subject matter of the document, and state the privilege invoked.

D.  Any ambiguity in these requests or interrogatories shall be resolved so as to construe these requests and interrogatories as broadly as possible.

E.  Any word in the singular shall be understood to refer to the singular and/or plural forms of the word. Any word used in the plural shall be understood to refer to the singular and/or plural forms of the word.

F.  The terms "and" and "or" shall be construed conjunctively or disjunctively so as to give the broadest possible response to any request.

G. These requests are to be regarded as continuing and you are to seasonably supplement your responses to the extent you or anyone acting on your behalf obtains additional information.

## DOCUMENT REQUESTS

1. All documents related to any communication or application made by you to the City with respect to the licensing, retrofitting, construction, operation, and/or use of a firearms range within Chicago, including any City response to, or denial of, such communication or application.

2. All documents relating to the desire, intention, anticipation, proposal, and/or plan by you to retrofit, construct, operate, or use a firearm range in Chicago, including all documents relating to or describing: (a) bids, business plans, sales or profit projections or forecasts, and market or customer analyses or studies, whether contemplated, anticipated, projected, or actual; (b) the cost or other investment or outlay entailed in the business, whether contemplated, anticipated, projected, or actual; (c) the location, size, type, and nature of the business; (d) the inventory, goods, and/or services to be offered at the business, including the prices at which they will be offered to the public; (e) purchase contracts, leases, architectural renderings, or other documents relating to the acquisition and/or use of land in Chicago on which the business would be operated; (f) communications, contracts, or agreements with investors, attorneys, real estate agents, accountants, bankers, construction contractors, vendors, suppliers, governmental licensing or permitting authorities, or any other person regarding the business; or (g) project timelines.

3. For each of the following requirements in the MCC challenged by Plaintiffs, all

4

documents relating to any attempt by you to comply, or any inquiry, evaluation, or analysis regarding potential compliance, with the requirement:

    a.    the requirement that all range managers, employees, and "applicants" be fingerprinted and have a Chicago Firearms Permit and an Illinois Firearms Owners Identified Card (MCC §§ 4-151-010 & 4-151-030);

    b.    the requirement that ranges operate only between 8 a.m. and 9 p.m. (MCC § 4-151-090);

    c.    the requirement that range patrons be 18 years of age or older (MCC § 4-151-100(d));

    d.    the requirement that patrons possess a CFP and FOID card, unless they are receiving the one hour of CFP training (MCC § 4-151-100(g)(1));

    e.    the requirement that ranges be located more than 500 feet from any other gun range, residential district, school, day-care facility, park, place of worship, alcohol retailer, "children's activities facility," library, museum, or hospital (MCC § 4-151-120);

    f.    the requirement that possessors of firearms possess a CFP, insofar as this requirement bars range patrons from practicing with or sampling different firearms, practicing the use of firearms without purchasing and registering a firearm, purchasing ammunition for self defense, or replacing older ammunition by firing it at the range and then departing with fresh replacements (MCC § 8-20-110);

    g.    a prohibition on the loaning or renting of firearms, other than for a one-

5

        hour class, and/or a prohibition on range patrons leaving with ammunition sold by the gun range (MCC § 4-151-170);

    h.    the requirement of a maximum decibel level of 55db emanating from shooting ranges (MCC § 13-96-1200(b)(2));

    i.    the requirement that floors at a range be constructed to slope at a minimum of 1/4 inch per foot from the firing line to the backstop/bullet trap (MCC § 13-96-1200(b)(7)).

4.    For each of the following attributes or standards, all documents relating to: (i) any retrofitting, construction, operation, and/or use of a firearms range in any jurisdiction by you containing, satisfying, or meeting, in whole or in part, the attribute or standard; or (ii) any inquiry, evaluation, analysis, or attempt to retrofit, construct, operate, and/or use a firearms range in any jurisdiction by you that contains, satisfies, or meets, in whole or in part, the attribute or standard:

    a.    that all range managers, employees, and applicants/owners (including individuals, partners of partnerships, LLC managers, LLC members, corporate officers, corporate directors; and including their attorneys, accountants, consultants, expediters, promoters, and lobbyists) be fingerprinted and have a municipal and/or state-required firearm possession permit or license;

    b.    hours of operation between 8 a.m. and 9 p.m.;

    c.    a minimum age requirement of 18 years for range patrons;

    d.    a requirement that patrons possess a municipal and/or state-required

        firearm possession permit or license in order to use the range;

e.    location of the range more than 500 feet from any other gun range, residential district, school, day-care facility, park, place of worship, alcohol retailer, children's activities facility, library, museum, or hospital;

f.    a requirement that possessors of firearms (whether owned or not by the possessor) or purchasers of ammunition at the range possess a municipal and/or state-required firearm possession permit or license;

g.    a prohibition on the loaning or renting of firearms at the range, other than for an initial one-hour class, and/or a prohibition on range patrons leaving with ammunition sold by the range;

h.    a maximum decibel level of 55db emanating from the range;

i.    floors constructed to slope at a minimum of 1/4 inch per foot from the firing line to the backstop/bullet trap.

5.    All documents relating to any communication, including any plan, solicitation, request, proposal, bid, or contract, between you and any Illinois resident meeting the definition of "applicant" under MCC § 4-151-010, concerning the retrofitting, construction, operation, and/or use of a firearms range in Chicago.

6.    All documents relating to communications between you and Action Target, ISRA, or SAF, or any other firing range manufacturer, contractor, consultant, builder, or operator, regarding the retrofitting, construction, operation, and/or use of a firearms range within Chicago, including communications relating to plans, solicitations, requests, proposals, bids, contracts, or documents referencing or relating in any way to the requirements contained in the MCC

provisions challenged in the Amended Complaint, including documents evaluating or analyzing those requirements or relating to efforts to comply with those requirements.

7. All documents relating to any firearms range standard, requirement, protocol, custom, or practice in any jurisdiction relating to:

    a. Permits or licenses required of range managers, employees, or applicants/owners (including individuals, partners of partnerships, LLC managers, LLC members, corporate officers, corporate directors; and including their attorneys, accountants, consultants, expediters, promoters, and lobbyists);

    b. Hours of operation;

    c. The minimum age of range patrons;

    d. Permits or licenses required of range patrons to use the range or buy ammunition at the range;

    e. Patrons' state or locality of residence;

    f. Range proximity to other uses, including requirements concerning proximity to other firearms ranges, residences, schools, day-care facilities, parks, places of worship, alcohol retailers, children's activities facilities, libraries, museums, or hospitals;

    g. Purchase, loan, rental, transfer, and/or use of firearms at the range;

    h. Purchase, loan, rental, transfer, and/or use of ammunition at the range;

    i. The maximum noise level inside or emanating from the range;

    j. The slope of range floors from the firing line to the backstop/bullet trap;