**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, | ) | |
| WILLIAM HESPEN, ACTION TARGET, INC., | ) | |
| SECOND AMENDMENT FOUNDATION, INC., | ) | |
| and ILLINOIS STATE RIFLE ASSOCIATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10 CV 5135 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' F.R.CIV.P. RULE 37(a)(3)(B)**</u>
<u>**MOTION TO COMPEL**</u>

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION

TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE

ASSOCIATION, by and through undersigned counsel, and FOR THEIR Reply to Defendant's

Response to their Fed. R. Civ. Proc. 37(a)(3)(B) Motion for the entry of an Order compelling

Defendant to provide Answers and /or Responses to Plaintiffs' discovery requests described

herein, state as follows:


NOTE:  This Reply only addresses discovery requests still disputed in Defendant's Response.

Defendant has offered to answer certain disputed discovery requests by May 4; this is

acceptable to Plaintiffs.

**ARGUMENT**

**The legislative process is relevant material in discovery (Interrogatories ## 1, 2)**

The Defendant, in an attempt to circumvent a certain adverse decision from the Seventh Circuit Court of Appeals, drafted a comprehensive firing range scheme on or about July 3, 2011, rushed it through the Public Safety Committee on July 5, 2011, and passed it through the City Council mid-to-late morning on July 6, 2011.  It was reportedly put together by two attorneys on a rush basis, with no stated basis for doing so (that quickly) other than they knew the Seventh Circuit was about to rule against the Defendant.

Plaintiffs maintain, as they have throughout this case, that the range ordinance bans firing ranges from being built and operated within the City limits, originally outright, now by piling on so many restrictions and requirements that a ban is effectively still in place.  As the Seventh Circuit noted in its opinion of July 6, 2011 (Defendants was correct about the Opinion being adverse to it), this (effective) ban strikes at a core Second Amendment right of possession in the home for self-defense.  It does this by placing an unconstitutional roadblock in the path of its requirement that range training is mandated in order to obtain a Chicago Firearms Permit and thus obtain a firearm for home possession, and by infringing on the right to train with a firearm, thus making one more proficient in exercising the right of self-defense.

Because of this, the Seventh Circuit held, laws that infringe on a core Second Amendment right are "categorically unconstitutional."  *Ezell v. City of Chicago*, 651 F.3d 684, 703 (7th Cir. 2011).  For the range ban at issue in the case, the Court held that

> "[t]o be appropriately respectful of the individual rights at issue in
> this case, the City bears the burden of establishing a strong public-

> interest justification for its ban on range training: The City must establish a close fit between the range ban and the actual public interests it serves, and also that the public's interests are strong enough to justify so substantial an encumbrance on individual Second Amendment rights. Stated differently, the City must demonstrate that civilian target practice at a firing range creates such genuine and serious risks to public safety that prohibiting range training throughout the city is justified." *Id.* at 708-09.

The Court ultimately described the level applied as ". . . not quite 'strict scrutiny.'" *Id.* at 708.

The Court determined the City's stated reasons for the range ban were speculative, lacking in evidence to show they were realistic, and that any concerns could be addressed ". . . through sensible zoning and other appropriately tailored regulations." *Id.* at 709.

Plaintiffs allege that the new range ordinance was not sensible, is tantamount to a ban, and still restricts the same Second Amendment rights, in the same manner, as the ban did. Defendants, however, refuse to offer any justification for the new restrictions, other than the Assistant Corporation Counsel's statements at the July 5, 2011 Public Safety Committee hearing that they wanted to get it done before the Seventh Circuit ruled. Beyond that, Plaintiffs can only guess the City will refer to the Preamble of the Responsible Gun Owner's Ordinance of 2010, and to its previous arguments in this case. This effort by Plaintiffs to discern the City's supposed substantial interest, and how the proverbially back-breaking restrictions and requirements are allegedly a "close fit" with those claimed interests, are at the core of the disputed discovery requests.

If the interests identified above are the only ones, and Defendant identifies them as such, and has offered all the evidence in support of those interests that it plans to use in this

case, then that will obviate the need for further inquiry. However, Plaintiffs have a right to ask for this information, and not be surprised at a subsequent hearing or proceeding, and the City should be required to disclose it. Thus, Plaintiffs seek the identities of those involved with drafting the range ordinance, and the reasons for, and further explanations of, certain provisions of the range ordinance. Plaintiffs would like to depose these persons, in order to determine their reasons and claimed interests for passing the ordinance.

The City points to various other cases where the legislative history was not at issue, or allegedly not sought out, but this does not mean the information is irrelevant, especially where Defendant cites to cases where documents not part of the legislative record, and created after the law's enactment, were used for review. (*See* p.3 of Defendant's Response). If, as can be implied from Defendant's argument, it plans to introduce such materials to supports its interests, then Plaintiffs have the right to explore what the supposed interests are, and to obtain that information from the people involved. Defendant is well aware of the difference between "admissible at trial" and "discoverable," but wants this Court to ignore that difference.

Defendant claims the Ordinance's lack of statement of purpose is "neither here nor there," (*See* p.5 of Defendant's Response), but what Defendant is really seeking is an excuse to concoct theories at the last minute to sandbag Plaintiffs. This is not allowed in discovery or the litigation process, but by seeking to deny Plaintiffs from making such inquiries, Defendant is seeking license to do just that. It is telling that Defendant argues that ". . . the City will have to make a showing in court based on logic, data and/or other evidence." (*See* p.5 of Defendant's Response). Plaintiffs are attempting to determine if any exists. It is also worth reiterating that

4

no statement of purpose accompanied the July 6, 2011 range Ordinance.

Defendant also claims discovery of the legislative process is unduly burdensome, but this is completely disingenuous from the party that has issued four or five written discovery requests to each Plaintiff, deposed each Plaintiff once or twice and still has demanded to take all their depositions again, and has issued at least 15 subpoenas for depositions of non-parties. In contrast, Plaintiffs have asked the Interrogatories of who was involved, and a description of their involvement. Defendant could simply send an e-mail blast to the departments at issue to get an answer to the questions, and then it could be determined whose depositions are necessary.[1] This is not burdensome.

Further, Plaintiffs have received the transcript from July 5, 2011 Public Safety Committee Hearing, but not from the July 6, 2011 City Council Meeting, or any meeting regarding the September 8, 2011 amendment. At a minimum, Defendant should produce the transcripts. Defendant produced the voting record for the two ordinances, but that is not the information sought here.

**If the Defendant does not have certain information requested of it, claiming lack of knowledge, and the Court does not compel the information, then Defendant should be stuck with that lack of knowledge. (Interrogatories ## 4, 5, 6, 11, 12; Requests For Admission ## 1, 3, 4)**

Plaintiffs requested certain information regarding the Chicago Police Department firing ranges, and the other private shooting ranges within the City limits. These Interrogatories regarded noise output, and other safety and construction standards. Defendant claims it does

not know the answers to the questions, in part because it has never sought out the

information, and should not be compelled to do so now.

Plaintiffs assert the information is relevant to determining the "close fit" between the

restrictions and the "strong" actual interests the City must establish, especially if the other

ranges in the City do not meet those requirements. If the Defendant under oath does not know

the information one way or the other, and the Court does not compel the information, the

Court should also rules that the Defendant cannot offer it later in such a manner that is unfairly

prejudicial to the Plaintiffs.

**The Defendant has the information about where a range may be located. (Interrogatory #13)**

Defendant states it will turn over what it has on this issue, so there may be no dispute in

the end. For the time being, however, Plaintiffs have not received anything. Defendant claims

it is being asked to create information, but it is not; Plaintiffs are asking Defendant to provide

information within its knowledge. This issue is not whether Plaintiffs can go look at a map, as

Defendant cynically suggests; the issue is whether the City's Zoning Department, or some other

Department, already has the information. Defendant should answer, to the extent the

promised documents do not do so.

---

[1] Plaintiffs would be quite frankly surprised if anyone other than the two Assistant Corporation Counsel who spoke at the July 5, 2011 Public Safety Committee Hearing had anything to do with the drafting of the Ordinance, but if others were involved, Plaintiffs claim a right to know.

**The Commissioner of Business Affairs and Consumer Protection should answer the criteria he/she will use in determining "deleterious impact" and "substantial number of arrests." (Interrogatories ## 16, 17)**

The Defendant had a representative from the Zoning Department and the Police Department answer certain Interrogatories within their knowledge. These Interrogatories ask for information within the purview of the Commissioner of Business Affairs and Consumer Protection, but that person has not answered. If the Defendant does not know the answers generally, the Commissioner should be asked, and his or her answer submitted under oath. That would answer the questions.

**Defendant can cite to a code section. (Interrogatory #18)**

Defendant has the burden of justifying its Ordinance, including the noise restrictions. A request for a clarification of what section(s) of the Code to which the Defendant is referring for its noise restriction, *i.e.*, if it is 11-4-2700, *et seq*. of the Chicago Municipal Code, or whether Defendant is instead (or additionally) referencing other sections, is reasonable and is not creating information. Defendant should answer.

**Plaintiffs have not, to their knowledge, received scientific studies or other empirical evidence. (Request For Admission #6)**

Plaintiffs seek an admission regarding "scientific studies or other empirical evidence demonstrating secondary effects of gun ranges justifying the restrictions [of] the Gun Range Ordinance" in Defendant's possession. Defendant claims the dispute over this Request to Admit is moot because it has disclosed the documents relevant to this request as part of its Response to Request for Production ## 3 and 4. However, Plaintiffs are not aware of any documents identified as being responsive specifically to said document requests. Defendant

7

produced some documents to be sure, but none attributed to those Requests. If Defendant

responds/has responded to the Request by turning over all the relevant documents in its

possession, this is sufficient. However, Plaintiffs cannot confirm this is so.

**Request For Admission # 12** – Defendant still maintains that the phrases "public safety" and

"sample" are vague, when they have common meanings, and "public safety" is supposedly one

of the Defendant's justifications for the Ordinance in the first place. Defendant should be

compelled to answer the Request.

Dated: April 24, 2012                    Respectfully submitted,

    Alan Gura (admitted *pro hac vice*)    David G. Sigale (Atty. ID# 6238103)
    Gura & Possessky, PLLC    Law Firm of David G. Sigale, P.C.
    101 N. Columbus Street, Suite 405    739 Roosevelt Road, Suite 304
    Alexandria, VA 22314    Glen Ellyn, IL 60137
    703.835.9085/Fax 703.997.7665    630.452.4547/Fax 630.596.4445

    By:____/s/ Alan Gura_____    By: _____/s/ David G. Sigale_____
        Alan Gura        David G. Sigale

        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record for the Plaintiffs, hereby certifies that on April 24, 2012, he served a copy of the above Motion, and this certificate of service, on:

> Michael A. Forti, Esq.
> Mardell Nereim, Esq.
> Andrew W. Worseck, Esq.
> William Macy Aguiar, Esq.
> Rebecca Alfert Hirsch, Esq.
> City of Chicago Department of Law
> 30 North LaSalle Street, Suite 1230
> Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).


<u>        /s/ David G. Sigale        </u>
        David G. Sigale