IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | Case No.: 10 CV 5135 |

### PLAINTIFFS' F.R.CIV.P. 37(a)(3)(B) MOTION TO COMPEL

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, by and through undersigned counsel, and move pursuant to Fed. R. Civ. Proc. 37(a)(3)(B) for the entry of an Order compelling Defendant to provide Answers and/or Responses to Plaintiffs' discovery requests described herein. The Requests are attached hereto.

**Previously Pending Motion to Compel**

Plaintiffs' counsel erroneously believed that the last Court date was July 10, 2012, and had even commented on such to Defendant's counsel, usually in the context of the date before this Court being the day after a scheduled Court date before the District Court Judge, which had been scheduled for July 9, 2012. Plaintiff's counsel not appearing was an inadvertent docketing error, and Plaintiffs respectfully request that the then-pending matters be reinstated and heard by the Court.

**Request For Admission #12**

Previously, on or about May 10, 2012, the Court ordered Plaintiff to rephrase their Request for Admission #12 according to the discussion in open Court, which Plaintiffs did, and for Defendant to answer it two weeks later. The new request read:

> It is in the interest of public safety (defined herein as "preventing, and protecting the public from, significant danger, injury or harm that could endanger the safety of the general public"), that individuals be allowed to try firearms before purchasing them, in order to make sure the individual is purchasing the best one for him or her to both minimize the likelihood of accidents, and maximize the likelihood of successful self-defense in a time of need.

Instead of answering, Defendant objected to the Request as irrelevant, seeking an opinion, and vague and ambiguous. However, as noted, Plaintiff rephrased the Request pursuant to the discussion in Court, and Defendant can answer.

**New Motion to Compel**

**F.R.Civ.P. 33 Interrogatories**

**Ints. 1 and 2** – In Interrogatory #1, Plaintiffs seek the justifications for each of the challenged ordinances passed on July 6, 2011, regarding firing ranges. Plaintiff ask for the justifications as of the date of passage, and, if different, the justifications as of the date of answering the Interrogatories. Interrogatory #2 seeks the bases for the claimed justifications.

"Because the Federal Rules contemplate liberal discovery, 'relevancy' for Rule 26 purposes is extremely broad." *Hahn v. Downers Grove*, 1999 U.S. Dist. LEXIS 8145, 10-11 (N.D.IL 1999) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (stating "relevancy

2

has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."); citing also *AM International, Inc. v. Eastman Kodak Company*, 100 F.R.D. 255, 257 (N.D.IL 1981) (stating "the test for relevance in the discovery area is an extremely broad one.")). "It is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Hahn*, 1999 U.S. Dist. LEXIS 8145 at 11.

Defendant has objected to delineating between the two timeframes, saying it is irrelevant when the Defendant claimed a certain justification. Plaintiffs wish to know when the City decided to claim a justification as such (for example, at the Committee meeting on July 5, 2011, the only justification cited was trying to beat the Seventh Circuit's Opinion).

The Seventh Circuit ruled in this case that "[i]t is enough that '[w]e have only the [statute] itself' and the 'statement of basis and purpose that accompanied its promulgation.'" *Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011).

In discussing the former range ban, the Seventh Circuit noted: "To be appropriately respectful of the individual rights at issue in this case, the City bears the burden of establishing a strong public-interest justification for its ban on range training: The City must establish a close fit between the range ban and the actual public interests it serves, and also that the public's interests are strong enough to justify so substantial an encumbrance on individual Second Amendment rights. Stated differently, the City must demonstrate that civilian target practice at a firing range creates such genuine and serious risks to public safety that prohibiting range

3

training throughout the city is justified." *Id.* at 708-09. Plaintiffs contend the new range requirements effectively ban ranges in the City, and that the City bears the burden of justifying this at a high level of almost-strict scrutiny.

Specifically, in evaluating in part the City's claimed justifications, it is relevant whether something was in mind at the time of passage, or whether it was conceived for the purpose of litigation. In short, though the timing of claiming a justification may not be the only factor in determining the constitutionality of the challenged ordinances, timing is a relevant factor in evaluating the seriousness and good faith of a claimed justification.

**Ints. 3 and 4** – In Interrogatory #3, Plaintiffs request all information "regarding a link (negative or positive) between the existence of public gun ranges and crime rates in that geographical area, whether the "information" defines the geographical area as the same city, neighborhood, or other." In Interrogatory #4, Plaintiffs seek information regarding a link between public gun ranges and any justification used to defend the Ordinances. Defendant claims the phrase "link (negative or positive)" and "geographic area" are too vague.

However, "link (negative or positive)" has a clear meaning, and "geographic area" is defined within the questions. There is no vagueness in Interrogatories 3 and 4, and Defendant should provide the requested information.

**F.R.Civ.P. 34 Requests for Document Production**

**Request No. 1** – Plaintiff requested the Defendant make the CPD ranges available for inspection, testing and photographs. Defendant is refusing, citing relevance, since the CPD ranges are exempt from the ordinances. However, the peaceful co-existence of the CPD ranges

4

in all the locations currently forbidden to commercial ranges raises the question of the structural, environmental and noise impacts of the CD Ranges. In earlier discovery requests, the Defendant claimed it could not supply such information because it had not done any inspections or testing and thus did not have the information. Plaintiffs seek leave to find out for themselves.

**F.R.Civ.P. 30(b)(6) Notice of Deposition**

Defendant has objected to the following subjects on which Plaintiffs wish to determine a Rule 30(b)(6) witness for deposition:

**Subjects 1 and 14** – Plaintiffs seek a disclosed witness as to "the drafting of the Gun Range Ordinance" (#1) and "the empirical evidence relied upon by [the City] in drafting the Gun Range Ordinance." (#14). Defendant claims they are irrelevant, but asking about the justifications for enacting the Ordinances, the evidence allegedly supporting these justifications, and any means discussed that were less restrictive but rejected, are relevant lines of inquiry. The City claims it cannot answer whether the six CPD ranges are within 500 feet of a prohibited location per 4-15-120, but this information is relevant and should be readily available to the Department of Zoning or some other City Department. Plaintiffs ask that the Defendant be ordered to answer Request No. 1.

**Subjects 2-11, 13** – These subjects pertain to the bases (defined synonymously with "reasons" and "justifications") for enacting the various challenged Ordinances (##2-11), the evidence supporting them (#13), and any evidence of links between public gun ranges and the purported justifications for enacting the Ordinances (#21, similar to Interrogatories #3 and 4).

These subjects are not limited in time to the moment of enactment. Defendant claims this is irrelevant, but this is exactly what Defendant needs to prove to uphold its Ordinances. The Court previously stated that the Defendant does not need to disclose everyone involved in the process of enacting the Ordinances, but Plaintiffs are just asking for the Defendant to name one. Further, the Defendant has cited to *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010) (*en banc*) in its objection, but *Skoien* has nothing to do with this topic. Defendant should disclose the witness(es).

**Subjects 15 and 16** – These subjects concern the occurrence of firearm-related crime (#15), injuries and/or death (#16) in and around the gun ranges currently in existence in the City. The Defendant claims the request is irrelevant, vague and ambiguous. However, to the extent the Defendant is claiming crime and/or safety as justifications for the Ordinances, the topic is highly relevant. Further, there is nothing vague about the topic. If such information exists, Defendant should be able to produce a witness to testify about it.

**Subject 19** – Plaintiffs seek a witness as to the available locations to operate a public gun range in the City. Though Defendant claims it does not know, and Plaintiffs can go look it up, even if true this does not mean Defendant should not have to disclose a witness to answer questions about it. Plaintiffs assume it will be an employee with the Department of Zoning, but Defendant should have to disclose the witness.

**Subjects 20 and 21** – These subjects concern any link (negative or positive) between public gun ranges and crime rates, or any justification claimed by Defendant in enacting the challenged Ordinances. These are similar to Interrogatories Nos. 3 and 4, and as Defendant is

6

objecting to alleged vagueness, this objection should be overruled. If such information exist, Defendant should be able to produce a witness.

By electronic signature below, the undersigned certifies that he has in good faith conferred or attempted to confer with the Defendant's counsel, through written correspondence by telephone conference in June, 2012 following a May 31, 2012 correspondence by Defendant, in an effort to obtain the above-requested information and documents without Court action.

Dated: July 16, 2012                          Respectfully submitted,

Alan Gura (admitted *pro hac vice*)           David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC                        Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405             739 Roosevelt Road, Suite 304
Alexandria, VA 22314                          Glen Ellyn, IL 60137
703.835.9085/Fax 703.997.7665                 630.452.4547/Fax 630.596.4445
alan@gurapossessky.com                        dsigale@sigalelaw.com

By:     /s/ Alan Gura                         By:      /s/ David G. Sigale
            Alan Gura                                      David G. Sigale

                                              Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record for the Plaintiffs, hereby certifies that on July 16, 2012, he served a copy of the above Motion, and this certificate of service, on:

>Michael A. Forti, Esq.
>Mardell Nereim, Esq.
>Andrew W. Worseck, Esq.
>William Macy Aguiar, Esq.
>Rebecca Alfert Hirsch, Esq.
>City of Chicago Department of Law
>30 North LaSalle Street, Suite 1230
>Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).


                                    /s/ David G. Sigale
                                    David G. Sigale