IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZELL, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-5135 |
| | ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

### AGREED PROTECTIVE ORDER

This matter coming to be heard by stipulation of the parties and third-party deponents Scott Osantowksi and Security Dynamics (collectively, "Osantowski"), by their respective counsel, who believe that discovery in this action could involve the disclosure by Osantowski of confidential proprietary business information and that it would therefore be appropriate to conduct third party discovery of Osantowski under a protective order pursuant to Fed. R. Civ. P. 26(c), and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

1. **Definition of Confidential.** As used herein, the term "confidential" will refer to any answer, testimony, document, article, thing, or any portion or portions thereof, produced or disclosed in discovery in this action that contain business, commercial, or financial information for which Osantowski has a good faith basis for believing is confidential or proprietary.

2. **Form and Manner of Designation.** Osantowski shall identify or otherwise designate any matter as confidential by placing "CONFIDENTIAL" on each applicable page of a responsive document or on a cover page for a group of documents. For deposition testimony, Osantowski shall designate the specific testimony as confidential at the time of the deposition or within thirty (30)

calendar days of receiving the transcript of the deposition. In the absence of any such identification or designation at the time of production or revelation, the matter produced or revealed shall be deemed to be produced or revealed without restriction. Notwithstanding the foregoing, a party producing documents for inspection prior to copying may designate such documents as confidential by so stating in writing prior to the inspection so long as the "CONFIDENTIAL" legend is applied to the documents before production of copies.

3. **Use and Disclosure of Confidential Information.** As to any matter designated by Osantowski as confidential:

    (a) All such matter shall be used solely for purposes of this lawsuit.

    (b) The parties shall not disclose such matter except to the following persons:

        (i) All legal counsel for the parties and their respective legal assistants, stenographic and clerical employees, as well as outside copying, graphic, computer services and court reporters performing services in conjunction with this litigation;

        (ii) the Court and the Court's staff;

        (iii) technical, financial, or legal advisors and/or experts, as are deemed necessary, in the judgment of counsel, to the conduct of the litigation, provided the receiving party first complies with the requirements of Paragraph 4 set forth below; and

        (iv) the parties and their respective assistants and employees.

4. **Disclosure to Advisors and Experts.**

    (a) Any party who receives confidential information may disclose such information to technical, financial, or legal advisors and/or experts provided, prior to such disclosure, the party informs the advisor/expert of the existence of this Protective Order and instructs that

confidential information may not be used other than in connection with this litigation and may not be disclosed to anyone other than those persons permitted by this Protective Order. All such individuals shall, prior to such disclosure, acknowledge in writing in the form attached hereto as Exhibit A that he or she has been informed of this Protective Order, agrees not to use or disclose to anyone any of the contents of the confidential material received, and to be bound by the terms of this Protective Order. The original of all such acknowledgments shall be retained by counsel for the party who provided the matter to the individual.

5. **Court Filings.** The Clerk of the Court is requested to maintain under seal only those pages of documents and transcripts of deposition testimony filed with this Court in this litigation by any party which are designated as confidential, including all pages of deposition or hearing transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The person filing such material shall advise the Clerk that a designated portion thereof is subject to this Protective Order and is to be kept under seal.

6. **Use at Hearing or Trial.** If at a hearing in connection with any motion in this action or at trial, a party intends to offer into evidence any item, material, or information designated as confidential that has been produced by Osantowski, that party shall inform Osantowski of its intent at least five days in advance so that Osantowski may take steps he deems reasonably necessary to preserve the confidentiality of the item

7. **Independent Receipt of Confidential Information.** The restrictions of this Protective Order shall not apply to any information which is made known to a party on a non-confidential basis by Osantowski, or which is made known to a party on any basis by any source other than Osantowski; further, said restrictions shall not apply to any information which the party is able to reasonably establish was already known to it without any restriction as to confidentiality

3

at the time of disclosure, or has been or becomes a matter of public knowledge through no act of the receiving party, or has become publicly available subsequent to disclosure through no act of the receiving party.

8. **Challenge to Designation as Confidential.** A party shall not be obligated to challenge the propriety of any confidential classification at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to Osantowski written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the confidential classification may request appropriate relief from the Court.

9. **Inadvertent Production.** The inadvertent production of any information or document without it being marked confidential shall not be deemed a waiver of any claim of confidentiality in such information or document. If Osantowski inadvertently produces any confidential material without marking it as such in accordance with the provisions of this Protective Order, Osantowski may furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such material is deemed confidential and should be treated as such in accordance with the provisions of this Protective Order. Each receiving party must treat such information as confidential from the date such notice is received. Disclosure of such confidential material before the receipt of such notice shall not be deemed a violation of this Protective Order.

10. **Maintenance of Confidential Information.** The parties shall maintain information designated as confidential by Osantowksi in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of confidential information, so as to prevent the

unauthorized or inadvertent disclosure of any confidential material.

11. **Return or Destruction of Confidential Information.** Upon final determination of the above-captioned civil action, including all appeals, all copies of all documents containing designated confidential material shall either be returned to counsel of record for Osantowski or destroyed. Return or destruction shall take place within 60 days of the final determination of the action. Notwithstanding these obligations, counsel for the parties may retain a single copy of any documents containing designated confidential information that were filed with the Court for any reason or were admitted into evidence at trial, which copy/ies shall not be disclosed by said counsel except upon successful petition for such disclosure with due notice to Osantowski's counsel of record.

12. **Attorney Client Privilege and Work Product Privilege.** Any materials provided by Osantowski which fall within the ambit of attorney client privilege or attorney work product ("Privileged Materials") are not intended to be disclosed. In the event Privileged Materials are disclosed by Osantowski, such disclosure shall be inadvertent and shall not constitute a waiver of any privilege, protection or right. The party receiving any Privileged Materials shall immediately notify Osantowski's counsel of record in writing, and return such materials without making any disclosure of any Privileged Materials to any person or entity whatsoever besides Osantowski's counsel of record.

Date: 7-25-12

ENTERED:

Judge Virginia M. Kendall

### EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EZELL, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-5135 |
| ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF _____

I, _____, hereby state as follows:

1. I have received and carefully read a copy of the Protective Order entered in the above-captioned litigation, and I understand its terms and conditions.

2. I agree to be bound by and to comply with all the terms of this Protective Order and by such other orders as the Court may issue regarding the confidential treatment to be accorded documents and other materials in this litigation.

3. I agree to hold in confidence and not to disclose to any person not similarly bound by this Protective Order any confidential information disclosed to file in the course of this litigation.

4. I agree to return any documents containing "CONFIDENTIAL" information to counsel who requested that I complete this Affidavit, at the conclusion of this litigation.

FURTHER AFFIANT SAITH NAUGHT.

_____
Signature

_____
Printed or Typed Name

DATED: _____

SWORN to before me and subscribed in my presence this _____ day of

_____, 2012.

_____
Notary Public