**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EZELL, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-CV-5135** |
| | ) | **Judge Virginia M. Kendall** |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S MOTION TO STRIKE INTERROGATORY**
**RESPONSES AND BAR PLAINTIFFS FROM INTRODUCING NEW CLAIMS.**

Defendant City of Chicago (the "City"), by its attorney Stephen R. Patton, Corporation Counsel for the City of Chicago, respectfully moves this Court to strike Plaintiffs' interrogatory responses and bar Plaintiffs from introducing new claims. In support of its motion, the City states as follows:

**INTRODUCTION**

On October 19, 2012, by way of interrogatory responses, Plaintiffs informed the City for the first time of their intent to challenge several additional provisions of Chicago's Gun Range Ordinance (the "Ordinance") that are not specifically identified in their Amended Complaint. Plaintiffs' tardy and improper attempt to pursue new claims at this late date – after they (1) delayed their response to the City's interrogatories for *months* (indeed, until after the close of fact discovery); (2) testified that they were not challenging any other provisions of the Ordinance except for those listed in the Amended Complaint; and (3) failed to adhere to the federal pleading requirements – should not be allowed. For these reasons, discussed fully below, the Court should strike Plaintiffs'

1

October 19, 2012 Answers to Defendant City of Chicago's Amended Third Set of Interrogatories and bar Plaintiffs from pursuing any other challenges to the Ordinance that Plaintiffs did not included in their Amended Complaint.

## PROCEDURAL HISTORY

On October 15, 2011, Plaintiffs filed their Amended Complaint ("Am. Compl."), in which they claim that certain provisions of the Ordinance violate their rights under the First, Second, and Fourteenth Amendments. The Amended Complaint states that the "challenged provisions. . . include" eleven provisions of the Ordinance that are specifically enumerated in paragraph 25. Am. Compl., ¶ 25 (attached as Exhibit A). In their prayer for relief, they ask that the Court declare these eleven provisions unconstitutional and enjoin the City from enforcing them. *Id.* at p. 13. Plaintiffs additionally ask the Court to enjoin the City from enforcing "any other law, as against the ordinary operation and use of gun ranges open to the public and the loan or rental of functional firearms within gun ranges open to the public." *Id.* at p. 13.

On March 16, 2012, Plaintiffs produced to the City the report prepared by their experts, Lorin D. Kramer and Jack J. Giordano. In that report, Plaintiffs' experts offer opinions regarding provisions of the Ordinance that are not specifically enumerated in Plaintiffs' Amended Complaint. Thus, on April 20, 2012, the City issued to Plaintiffs a supplemental set of interrogatories in which the City asked Plaintiffs to identify all provisions of the Ordinance that they believe are unconstitutional. *See* Defendant's Third Request for Production of Documents and Third Set of Interrogatories, pp.4-5 (attached as Exhibit B). After receiving multiple extensions from the City, Plaintiffs responded on July 16, 2012 by objecting to the City's interrogatories. *See* Plaintiff's Answers to Defendant's Third Request for Production of Documents and Third Set of

2

Interrogatories, p. 4 (attached as Exhibit C).

After the parties conducted a discovery conference pursuant to Local Rule 37.2, Plaintiffs agreed to answer the City's supplemental interrogatories and identify any provisions of the Ordinance they are challenging that are not specifically mentioned in the Amended Complaint. In the meantime, on May 25, 2012, Plaintiffs issued their interrogatories asking for the City's governmental purposes supporting the Ordinance and a Fed. R. Civ. P. 30(b)(6) Deposition Notice requesting that the City produce a witness to testify as to those governmental purposes. *See* Plaintiffs' May 25, 2012 First Set of Supplemental Fed. R. Civ. P. 33 Interrogatories, Interrogatory No. 1 (attached as Exhibit D); Plaintiffs' May 25, 2012 Notice of F. R. Civ. P. 30(b)(6) Deposition to Defendant (attached as Exhibit E). Those discovery requests identified as topics *only* those provisions specifically listed in paragraph 25 of the Amended Complaint. Likewise, when Plaintiffs' depositions proceeded in June and July, none of the Plaintiffs identified any other provisions of the Gun Range Ordinance that they are challenging other than those listed in paragraph 25 of the Amended Complaint.

Plaintiffs requested several extensions of time to answer the City's Third Set of Interrogatories, as amended by agreement of the parties. The City, based on the deposition testimony of Plaintiffs who did not identify any other provisions of the Ordinance they were challenging beyond those specifically listed in their Amended Complaint, and in the interests of cooperation, agreed to extend the time for Plaintiffs to respond. Finally, on October 19, 2012 – *six months* after they were first served – Plaintiffs answered the outstanding discovery. *See* Plaintiffs' Answers to Defendant's Amended Third Set of Interrogatories (attached as Exhibit F). Therein, Plaintiffs identify fourteen new provisions of the Ordinance that they are challenging in addition to the eleven

3

specifically listed in paragraph 25 of the Amended Complaint. These include restrictions on, or regulation of, firearm sales, ammunition storage, surface treatment, ventilation system requirements, and enclosure construction. *See* Ex. F, pp. 4, 5. (These additional challenges are herein collectively referred to as the "Additional Claims"). For each provision they identify in their interrogatory answers, Plaintiffs reference the experts' report and state that it was "previously disclosed." *Id.,* pp. 4-5.

## ARGUMENT

**I.      The Additional Claims Identified By Plaintiffs in Their Interrogatory Responses Are Not Properly Part of This Lawsuit and Should Be Stricken.**

As an initial matter, Plaintiffs' Amended Complaint failed to put the City on proper notice of their intent to challenge any of the provisions of the Ordinance other than those specifically delineated in paragraph 25. A plaintiff's complaint necessarily defines for both the court and the opposing parties the scope of the claims being brought. While Fed. R. Civ. P. 8 does not require a plaintiff to set forth specific facts and legal theories in his complaint, "pleading is still vitally important to inform the opposing party of the grounds upon which a claim rests." *Conner v. Illinois Dep't of Nat'l Resources*, 413 F.3d 675, 679 (7th Cir. 2005). Thus, a complaint is adequate "only if it fairly notifies a defendant of matters sought to be litigated." *Id.* at 679 (citing *Sundstrand Corp. v. Standard Kollsman Indus., Inc.*, 488 F.2d 807, 811 (7th Cir. 1973)). To meet this requirement, (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint's factual allegations "must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a speculative level." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl.*

4

*Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007)).

Plaintiffs' Amended Complaint fails to give *any*, much less fair, notice of their intent to challenge the Additional Claims now implicated by their interrogatory responses. With the phrase "[t]hese include" in their Amended Complaint, Plaintiffs apparently attempted to cover as many potential and unnamed challenges to the Ordinance as they fancied. But such an attempt does not cut it. The Ordinance has numerous provisions and components that address a wide array of topics which, if challenged separately, could amount to a vast number of different claims. And the Additional Claims do not merely expand on factual bases or legal theories already in the case; Plaintiffs purportedly seek to invalidate entirely new provisions of the Ordinance that have different, and in some cases highly technical, factual bases and support. For example, Plaintiffs now claim that they are challenging aspects of: (1) the range recordkeeping requirements; (2) ventilation system requirements; (3) ammunition storage requirements; (4) range enclosure construction; (5) range surface treatment; and (6) the prohibition of firearms sales. *See* Ex. F, pp. 4-5. These additional issues have not been explored or developed in discovery because, based on Plaintiffs' Amended Complaint, the City had no notice that these 14 additional provisions were "included" in their lawsuit. This is precisely why Fed. R. Civ. P. 8 requires fair notice of what claims Plaintiffs are pursuing, and why Plaintiffs here have failed to meet this standard. *See, e.g., Conner,* 413 F.3d at 679.

Nor can Plaintiffs circumvent the pleading requirements by relying on belated discovery responses to supplement or amend their complaint. Plaintiffs may only expand the scope of their complaint after a responsive pleading has been served by seeking leave to amend their complaint, or through written consent of the adverse party. *See* FED. R. CIV. P. 15(a). Discovery responses –

5

especially those served late, after the close of discovery – do not amend complaints. *See, e.g.*, *Baron v. Chehab*, Case No. 05 C 3240, 2007 WL 3302432, * 2 (C.D. Ill. Nov. 6, 2007) (supplemental interrogatory responses that include new allegations of fraud and misrepresentation not in complaint are not properly part of case). *See also Shananan v. City of Chicago* , 82 F.3d 776, 781 (7th Cir. 1996) (plaintiff may not raise new claims after discovery has begun without amending complaint); *Car Carrier Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984) (same); *Cloaninger ex rel. Estate of Cloaninger v. McDevitt,* 555 F.3d 324, 336 (4th Cir. 2009) (collecting cases from the Fourth Fifth, Sixth, Seventh, and Eleventh Circuits which hold that new claims may be raised or added to a complaint only by amending the complaint).

Furthermore, Plaintiffs cannot plausibly argue that the City was on "notice" of the Additional Claims when they provided the City with their expert report on March 16, 2012. First, as discussed above, the fact that Plaintiffs' experts opined about certain issues beyond those listed in the complaint does not officially put the City on notice of these claims, because the City is entitled to rely on the scope of the claims as set forth in the Amended Complaint and cannot be forced to speculate as to which other claims mentioned in discovery Plaintiffs may or may not ultimately wish to pursue. *See, e.g.*, *Shananan,* 82 F.3d at 781; *Baron*, 2007 WL at 3302432 at *2.

Second, and more importantly, other than these issues being identified by Plaintiffs' experts in their written report, Plaintiffs never raised, asserted, or pursued these additional challenges in discovery until they submitted their belated interrogatory answers. To the contrary, none of the Plaintiffs, each of whom was deposed *after* the March 16 experts' report, identified any of the Additional Claims as bases for their challenges to the Ordinance. For example, Christopher Hart of Action Target, Inc. (arguably the Plaintiff with the most actual knowledge about the design and

operation of firing ranges), specifically stated that, other than the transport of firearms (a provision not being challenged by Plaintiffs), he could not think of any other provisions in the Ordinance "beyond what is listed" in paragraph 25 of the Amended Complaint as being unduly burdensome on the opening or construction of a range in the City of Chicago. *See* June 14, 2012 Deposition of Christopher Hart, pp. 10-12 (attached as Exhibit G). *See also* June 11, 2012 Deposition of Julianne Versnel (Second Amendment Foundation, Inc.), pp. 91-93 (attached as Exhibit H) (other than the provisions explicitly identified, "[t]here are no specific points that I can recall at this time that are not covered in the Amended Complaint.").

Furthermore, when Plaintiffs issued their interrogatories and Fed. R. Civ. P. 30(b)(6) Deposition Notice concerning the City's governmental purposes supporting the Gun Range Ordinance – both of which were issued subsequent to Plaintiffs' expert report – they identified *only those provisions specifically enumerated in the Amended Complaint as topics*. *See* Ex. D, Interrogatory No. 1 (seeking City's justifications for each of the challenged provisions of the Gun Range Ordinance listed on pages 5-7 of Plaintiffs' Amended Complaint); Ex. E (seeking City representative(s) to speak to same challenged provisions of the Gun Range Ordinance only). Plaintiffs' failure in their own discovery requests to seek any evidence from the City regarding the Additional Claims further confirms that the Additional Claims were simply not part of Plaintiffs' lawsuit.

The City has proceeded, throughout discovery and in its defense of this case, based on the claims included and identified in Plaintiffs' Amended Complaint, as is their right. Plaintiffs' attempt to make them a part of this case now, through discovery responses, is wholly inadequate. Therefore, this Court should strike Plaintiffs' untimely discovery responses, served after the close of discovery,

7

and should not consider any of these Additional Claims as part of Plaintiffs' case.

**II.**     **Plaintiffs Should be Barred From Pursuing the Additional Claims or From Seeking Any Relief Related to Them.**

Not only have Plaintiffs failed to properly include the Additional Claims as a part of their case, but they should not be allowed to do so at this point in the litigation. Plaintiffs can offer no excuse for their year-long delay in specifically identifying all Ordinance provisions at issue in the case, and allowing them to add these claims now would cause undue prejudice to the City.

While Rule 15(a) reflects a liberal attitude towards amendment, the right to amend a complaint is not absolute. Leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). *See also Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). The decision to grant or deny leave to amend rests with the sound discretion of the court, and the party seeking amendment carries the burden of showing that no prejudice will result to the non-moving party. *See, e.g.*, *Conner,* 413 F.3d at 679; *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

Unjustified delay that prejudices an opposing party by requiring new, additional, or expensive discovery warrants denial of a motion for leave to amend. *See, e.g., Feldman v. American Memorial Life Ins. Co.,* 196 F.3d 783, 793 (7th Cir. 1999) (affirming denial of motion for leave to amend complaint where discovery had closed and parties were on eve of summary judgment proceedings); *Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 353 (7th Cir. 1982) (finding no abuse of discretion in denying motion to amend where motion filed after close of discovery and not based on newly

discovered evidence); *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2003 WL 22848968, \*2 (N.D. Ill. 2003) (denying leave where plaintiff waited one year after filing first complaint and until after close of fact discovery).

Plaintiffs have no good reason for why they could not have included the Additional Claims in their Amended Complaint on October 15, 2011, or, at the very least, brought the claims into the case before the close of discovery. Each of the provisions Plaintiffs now seek to challenge was a part of the Ordinance as passed on July 6, 2011 and amended on September 8, 2011, and no new facts or newly discovered evidence could have prompted Plaintiffs to suddenly become aware of these provisions. Indeed, Plaintiffs were aware of the alleged "issues" implicated by the Additional Claims as early as March 16, 2012, when they received their expert report, but failed to timely comply with the applicable federal rules to formally include them in their case at that time. This type of unjustified delay should not be allowed. *See, e.g.*, *Ocean Atlantic*, 2003 WL 22848968 at \*4 (whether delay "results from bad faith or mere absentmindedness, a district judge may act to deter such artificial protraction of litigation, and its costs to all concerned, by denying the amendment[ ]") (citing *Feldman*, 850 F.2d at 1225-26).

The City would certainly be unduly prejudiced by having to defend against these new claims. Discovery has closed, and when discovery was still open, Plaintiffs gave the City every indication that they were not challenging anything beyond the provisions listed in paragraph 25. The Additional Claims are not simply new legal theories that rely on facts already gathered – they are challenges to provisions of the Ordinance that implicate entirely new subject matter, such as ventilation systems, gun sales, and ammunition storage. The City would thus be entitled, at the very least, to re-open fact discovery and re-depose Plaintiffs on these new claims (assuming that, if such

claims were even allowed in the case at this late date, they would not be dismissed as a matter of law). *See, e.g.*, *National Union Fire Ins. Co. of Pittsburgh v. Westport Ins. Co.*, Case No. 10 C 6096, 2012 WL 698540, *3 (N.D. Ill. Feb. 29, 2012) (Because parties approach discovery consistent with theory of case as framed in pleadings, "the defendant has the right to obtain information regarding the new claims through additional discovery."); *Fry v. UAL Corp.*, 895 F. Supp. 1018, 1025 n.32 (N.D. Ill. 1995) ("Any experienced litigator is well-aware that a deposition cannot be adequately conducted or defended without a solid understanding of the theory of the case."). In addition, the City would have to gather its own evidence and prepare its own witnesses to defend against these new claims, which would likely also include retaining outside expert witnesses not previously contemplated. (For example, the City would likely engage an expert witness to opine on the ban of sales of handguns).

The City has already deposed the named Plaintiffs twice in this case, and the discovery cut-off has already been extended several times. The additional time and expense of re-opening discovery, which could have been avoided if Plaintiffs had timely amended their complaint, results in undue prejudice to the City and is reason enough to bar Plaintiffs from pursing these Additional Claims. *See, e.g.*, *Ocean Atlantic*, 2003 WL 22848968 at *5 (denying leave to amend because it "would now necessitate reopening discovery which, as determined above, would cause an unnecessary and prejudicial expenditure of time and money, causing undue prejudice to both the other party and the judicial system."); *Hoopla Sports & Entertainment, Inc. v. Nike, Inc.*, 1998 WL 60776, *4 (N.D. Ill. Feb. 5, 1998) (denying plaintiff leave to amend to assert new theory after discovery closed because defendant would be forced to duplicate discovery efforts). In addition, the burden on the Court caused by Plaintiffs' unjustified delay should also be taken into consideration.

10

*See, e.g., Fort Howard Paper Co v. Standard Havens, Inc*. 901 F.2d 1373, 1380 (7ᵗʰ Cir. 1990) ("[A] trial court can deny amendment when concerned with the costs that protracted litigation places on the courts."); *Tamari v. Bache & Co., S.A.L.*, 838 F.2d 905, 909 (7ᵗʰ Cir. 1988) (delay impairs the "public interest in the prompt resolution of legal disputes. The interests of justice go beyond the interests of the parties to the particular suit...").

## CONCLUSION

WHEREFORE, for all of these reasons, the Court should bar Plaintiffs from seeking to add the Additional Claims into the lawsuit or from seeking any relief arising from these claims.

Date: November 2, 2012                        Respectfully submitted,

STEPHEN R. PATTON,
Corporation Counsel for the City of Chicago

By:      /s/ Rebecca Alfert Hirsch
         Assistant Corporation Counsel

Mardell Nereim
William Macy Aguiar
Rebecca Alfert Hirsch
Andrew W. Worseck
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0260

Attorneys for Defendants