IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10 CV 5135 |
| v. | ) ) ) | |
| CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE INTERROGATORY RESPONSES AND BAR PLAINTIFFS FROM INTRODUCING NEW CLAIMS**

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, and submit their Response to the Defendant's Motion to Strike Interrogatory Responses and Bar Plaintiffs from Introducing New [sic] Claims.

**INTRODUCTION**

Defendant's Motion simply represents the sour grapes of asking a question, receiving an utterly predictable if undesired answer, and then trying to employ a back-door avoidance to the reality described by that answer. Plaintiffs placed Defendant on notice since October, 2011, that they are challenging provisions of the Gun Range Ordinance for unconstitutionally impairing Plaintiffs' rights, including some non-exclusive examples listed in the Amended Complaint. Defendant chose not to challenge the adequacy of the Complaint, such as by seeking a more definite statement, or otherwise timely claiming some problem with the Complaint.

Instead Defendant proceeded with discovery and, a very long time ago, learned everything there is to know about the specific nature and extent of Plaintiffs' claims. Defendant discovered the balance of the specifically challenged sections upon receiving Plaintiffs' expert report, seven and one-half months ago, by e-mail. Plaintiffs also sent a hard copy of said report to Defendant two weeks later. When Defendant then asked for clarification as to the totality of what was being challenged in this suit, Plaintiffs referred Defendant to the expert report. Defendant than *canceled* the experts' depositions, where it could have explored the details of these claims, to instead file this Motion.

Defendant still may take the experts' depositions, though Plaintiffs submit that for the sections at issue no further non-expert depositions would be necessary. Further, Plaintiffs are open to Defendant disclosing additional witnesses, should it deem this necessary, although Defendant has yet to designate any expert, and some limit on its time to do so is practically necessary. Finally, Plaintiffs are willing to file a Second Amended Complaint for the purposes of clarification, and seek leave to do so under F.R.Civ.P. 15(a)(2) should the Court deem this appropriate. Plaintiffs are simultaneously filing a separate Motion to do so, with the proposed Second Amended Complaint attached, for the purposes of a complete record.

Defendant's Motion to Strike or Bar should be denied.

### STATEMENT OF FACTS

1. On October 15, 2011, in response to the City's amendments to the Responsible Gun Owners' Ordinance, said amendment following closely on the heels of the Seventh Circuit's July 6, 2011, Opinion in this matter, Plaintiffs filed their pending Amended Complaint (Doc. #126).

2.      Paragraph 25 of the Amended Complaint included several bullet-pointed *examples* of alleged constitutional infirmities of the new Ordinance—those portions of the Ordinance which most readily appeared unlawful. The Amended Complaint seeks an injunction against these examples ". . . or any other law, as against the ordinary operation and use of gun ranges open to the public . . . " (*See* p.13 of Amended Complaint).

3.      On April 11, 2012, Plaintiffs e-mailed the expert report of their disclosed experts, Lorin Kramer and Jack Giordano (*See* April 11, 2012 e-mail, attached hereto as Exhibit 1). On April 25, 2012, Plaintiffs also sent a hard copy of the report to the Defendant (*See* April 25, 2012 correspondence, attached hereto as Exhibit 2).[1] There is no apparent dispute that Defendant received the report at those times (*See* Expert Report, attached hereto as Exhibit 3).

4.      The e-mail from April 11, 2012, and the letter of April 25, 2012, state of the expert report: "They may testify as to any fact and/or opinion contained in the attached report, as well as to any fact and/or opinion discussed in any deposition taken of them. In addition, these opinions may be amended/supplemented based on the City's ultimate discovery disclosures."

5.      These witnesses, and the subject of their testimony, had actually been disclosed earlier, on April 2, 2012, in an e-mail, attached hereto (*See* April 2, 2012 e-mail, attached hereto as Exhibit 4).

6.      As to Defendant's referenced supplemental discovery request from April 20, 2012, there were no discussions about them until Plaintiffs responded to these requests with

---

[1] The City has stated it received the report on March 16, 2012. Plaintiffs are unsure how that could have happened, but will not question the veracity of the statement.

3

overall objections to same on July 16, 2011. In the interim, numerous depositions were scheduled and taken (including, again, all six Plaintiffs), and there were also multiple appearances before Judge Denlow.

       7.     During Chris Hart's deposition, who is the closest person to an expert witness among the Plaintiffs, he testified as follows on June 12, 2012:

```
20  Are there any other provisions of the
21  ordinance that you believe prohibited ranges from
22   opening and operating because they burden the
23   construction, operation and use of ranges that's
24   not listed in paragraph 25?
 1       A.      There are.  One would be the transport
 2   of firearms.
 3       Q.      And any others?
 4       A.      Any that would unduly impact range
 5   business.
 6       Q.      Do you have any in mind as sit here
 7   today?
 8       A.      Not off the top of my head. The biggest
 9   one is the transport clause, but there could be
10   other sections of the code that I have not seen
11   that affect ranges as well.
```

*See* Deposition of Chris Hart, pp. 10-11.

       8.     Counsel spoke regarding Plaintiff's objections on July 24, 2012, and there were communications regarding the same during the following week, including while Plaintiff's counsel was on vacation. After numerous other depositions and related issues, Plaintiffs determined whether there were going to be other issues raised in this case beyond what is contained in the expert report. Having concluded not to pursue any such extraneous issues in this suit, Plaintiffs notified Defendant they would be standing on the issues raised in the expert report months earlier.

9. Before the Plaintiff's experts were scheduled to travel to Chicago to give depositions on November 14 and 15, 2012, Defendant canceled their depositions and filed the instant Motion. Between then and now, the Court has temporarily suspended expert discovery.

**ARGUMENT**

Plaintiffs are unaware of how the Court would strike Answers to Interrogatories – Plaintiffs simply responded to the questions asked by Defendant. There is also no cause to bar the claims against the challenged Ordinance sections at issue – they were raised by Plaintiffs months ago, including well before any depositions were taken. Further, Defendant *knew* there were sections of the Gun Range Ordinance being challenged beyond the examples in the Amended Complaint, or it would never have asked the further clarifying question of which provisions were being challenged. While Defendant is entitled to rely on Plaintiffs' disclosures, it cannot complain when it never acted on them.

Procedurally, this motion is something of a mystery. If Defendant believed the Complaint was too vague, it could have moved for a more-definite statement. If Defendant believed the Complaint did not state a claim for relief, it could have filed an appropriate motion as well. But instead the Defendant *answered* the Complaint, and took discovery to flesh out the details of Plaintiffs' case. If Defendant believes there exists an evidentiary defect in Plaintiffs' evidence, it can move *in limine*. And of course – if Defendant believes the expert reports and testimony do not justify, or even defeat, any claim made by the Plaintiffs, it can move for summary judgment at the appropriate time. But Defendant cannot begrudge Plaintiffs' right to make a record, to assert claims, and to provide any substantive discovery responses accurately reflecting Plaintiffs' views and understandings.

5

And most certainly, Defendant cannot complain that it did not have the information spelled out in the expert report disclosed over seven months ago.

Nevertheless, Plaintiffs will amend their Complaint, and seek leave to do so under F.R.Civ.P. 15(a)(2), should the Court deem it proper, and will acquiesce to any reasonable request for an extension of expert discovery.

**The sections of the Gun Range Ordinance that are the subject of this Motion having been disclosed to the Defendant for months, Defendant's request to bar these challenges is without merit.**

Plaintiffs could not find any grounds for striking an Interrogatory Answer, nor any example of it ever happening. Defendant did not cite any, either. As for barring the claims, as Defendant requests, in *Baron v. Chebab*, 2007 U.S. Dist. LEXIS 82169 (C.D.IL Nov. 6, 2007), the Court allowed additional claims when " . . . the Supplemental Responses are timely and the information set forth therein has already been developed elsewhere in discovery. The Court sees no reason to strike them." *Id*. at *3. Nor should Plaintiffs' non-issuance of discovery regarding those sections matter, either. However, should Defendant wish to disclose additional witnesses as to these topics, Plaintiffs will consent, while reserving the right to inquire as to the purported governmental purposes for its restrictions, as well as to any empirical data Defendant possesses as to said purposes. Plaintiffs are eager to obtain this information as expeditiously as possible, including the avoidance of any unnecessary depositions.

However, Plaintiffs' agreeability on this point does not change the fact that the information to which Defendant objects has been on the table for months. If Defendant had any confusion, instead of asking vague and otherwise objectionable supplemental discovery requests, Defendant should have just asked if Plaintiffs were challenging all the Ordinances

6

listed in the expert report, or just the ones listed as examples in the Amended Complaint. Plaintiffs would have said yes to the former, and that would have been the end of it. Instead, Defendant nibbled around the edges of the issue until the parties finally had a discussion at the end of July/beginning of August. This took place while Plaintiffs' counsel was out of town, and while numerous depositions were already taking place.

As for discovery, the Plaintiffs' experts still need to be deposed. There is nothing stopping Defendant from asking the experts for all their opinions, and bases therefor, at their depositions. There is nothing additional required as far as Plaintiffs' disclosures go. If Defendant wishes to disclose additional witnesses, Plaintiffs will not object, which should allay Defendant's concerns. Further, any delay does not affect Defendant, as this is not a case where Defendant's ability to defend its case diminishes over time. The challenged sections are not going anywhere, the issues are those solely of law and of expert opinion, and do not involve any witnesses who have disappeared or move away. Actually, the delay aids Defendant, as it will get to keep its unconstitutional laws in place at least a little longer.

**Plaintiffs should be allowed to file a Second Amended Complaint should it Court deem it proper.**

The meat of Defendant's Motion concerns Rule 15, since Defendant has attempted to frame the issue as one of "new" claims, when as noted the Gun Range Ordinance sections have actually been at issue for almost eight months. It is for this reason that Plaintiffs have not sought leave to amend; to their understanding the sections at issue were already part of the case, and that there was no need to amend their Complaint. Nevertheless, because Plaintiffs

7

are seeking to amend their Complaint should the Court deem it appropriate for the litigation, Plaintiffs will respond to Defendant's arguments here.

It is well-settled that "[u]nder Rule 15(a) of the Federal Rules of Civil Procedure, the district court may grant leave to amend pleadings and such leave 'shall be freely given when justice so requires.'" *Feldman v. American Memorial Life Insurance Company*, 196 F.3d 783, 793 (7th Cir. 1999) (citing F.R.Civ.P. 15(a)). This case involves constitutional issues, all involving the Gun Range Ordinance, that are ongoing and that will not be corrected without Court intervention. Justice, as well as judicial economy, requires that all the offending sections be tried in this action, which has already progressed in this Court.

Defendant claims any amendment would either cause an undue delay, or would unduly prejudice it. In reality, neither is true. "Fact" depositions in this case took place from late May, 2012 through November 20, 2012, when Defendant's last Rule 30(b)(6) witness was deposed. There are only two expert witnesses, both disclosed by Plaintiff, and they have not been deposed yet. Therefore, given the sections at issue, any additional discovery would involve the minimal additional preparation for the depositions of the same expert witnesses Defendants already plan to depose[2] (*See, e.g.*, *Savoy v. White*, 139 F.R.D. 265, 269 (D.MA 1991) ("A four month delay is not inordinate.")). "If a non-moving party could defeat a motion for leave to amend merely by showing that the new allegations would be inconvenient, then the command

---

[2] Defendant claims the Plaintiffs and others will need to be re-deposed, but that is simply not true. All the sections at issue are technical or "professional" in nature, and there would be nothing gained from questioning the Plaintiffs, or any lay-witness, again. Rhonda Ezell knows she wants to use a gun range. She has nothing to offer on construction standards, aside from hoping, like anyone, that the people who built whatever building she enters knew what they were doing.

that such leave be freely given would have little effect." *Roessner v. Employee Term Life*, 589 F. Supp. 2d 174, 177 (D.CT 2008). While the parties have made every effort to comply with the discovery schedule that has been given, the availability of witnesses and the extremely high volume of depositions occasioned by Defendant have made requests for extensions necessary in the past. The end result is that fact discovery only recently closed, with the Court suspending expert discovery while these issues are resolved. Any further delay by this point is not unduly prejudicial to Defendant, and would hopefully be minimal in any event.

In *Feldman*, the Court denied a plaintiff leave to amend her complaint to add a new defendant and new claim. The Seventh Circuit stated: "The prejudice to the new defendant and the delay to Prairie States, well after the close of discovery and on the eve of summary judgment proceedings, justified the district court's denial of Feldman's motion." *Id. Feldman* involved an extreme case; nothing of the sort exists in this case.

Further, there is no undue prejudice here. Defendant characterizes the Ordinance sections at issue as not being included until now, but they have been part of the case since the day the Complaint was filed and were specifically disclosed over half a year ago, ever since Plaintiffs referenced them all in their expert report, and again confirmed as much more than a month prior to the time expert depositions were to take place.

Further, in case Defendant attempts to argue the issue, the proposed amendments are also not futile. "A proposed amendment is futile if it serves no legitimate purpose or is without legal merit." *Savoy*, 139 F.R.D. at 267. The sections at issue in this Motion serve a legitimate purpose for this litigation, as they serve to deny Chicago's citizens their constitutional rights of training at a firing range for self-defense. Further, the Plaintiffs' claims have legal merit, as

9

evidenced by the expert report Defendant has had since April. *See*, *e.g.*, *United States ex rel. Ven-A-Care of the Fla. Keys, Inc. v. Abbott Labs., Inc. (In re Pharm. Indus. Average Wholesale Price Litig.)*, 538 F. Supp. 2d 392, 397 (D. MA 2008) ("Here, Abbott has been on notice of the additional claims in this complaint since June 4, 2007 when the government initially filed its amended complaint, and the discovery period has since been extended to March 31, 2008. Accordingly, Abbott's argument of excessive delay and prejudice is unpersuasive."). In any event, the purpose of any amendment would be to provide additional clarity, not to alter the substance of the litigation, which has been clear to Defendant for some time now.

In pre-emptively arguing against amendment, Defendant cites to *Shanahan v. City of Chicago*, 82 F.3d 776 (7th Cir. 1996), but the extreme example of that case does not apply here. In *Shanahan*, the Court ruled:

> As a final matter, Shanahan's attempt to amend his complaint by way of a footnote in his response to defendants' motion for summary judgment was properly denied by the district court . . . The [District] court clearly did not abuse its discretion. First, the form of the request--a passing reference in a footnote of his response to defendants' motion for summary judgment--was improper. Second, the request was untimely--discovery had been closed for over a year. In any event, the request was meritless and futile. His amended complaint still suffered from the same defects which ultimately caused summary judgment to be entered against him.

*Shanahan v. City of Chicago*, 82 F.3d at 781. None of those events have occurred here.

Defendant also cited to *Park v. City of Chicago*, 297 F.3d 606 (7th Cir. 2002), but in that case, ". . . the district court determined that amendment would be futile because Ms. Park had not exhausted the available administrative remedies and because the request, filed on the eve

10

of trial, was untimely." *Park*, 297 F.3d at 613. Neither of those two factors is present here, so the *Park* case is likewise inapplicable.

The real surprise at issue here is not any allegedly-new claims. The surprise is why Defendant never addressed any pleading deficiencies in a timely manner contemplated by the rules designed for that purpose. Defendant knew the examples listed in the Complaint were just that—examples—which is why it knew to confirm what was readily obvious: Plaintiffs retained experts to write a report about the other provisions because those provisions are at issue in the litigation. That information was disclosed repeatedly, a very long time ago, and Defendant had – and still has – the opportunity to take discovery on it.

Defendant also retains the ability to file a dispositive motion, to oppose Plaintiffs' forthcoming dispositive motion, and to challenge Plaintiffs' evidence. But it is unclear how Plaintiffs' *Interrogatory Answers* prejudice Defendant, nor how interrogatory answers provided in proper form could be stricken.

## **CONCLUSION**

The Court should deny Defendant's Motion, both to strike Plaintiffs' Answers to Defendant's Interrogatories, and to bar the challenges to the sections at issue. These sections have been disclosed to the Defendants since early April, and Defendant's cynical effort to rely on cherry-picked statements of the lay witnesses, rather than the disclosures by the expert witnesses who will actually testify about the Ordinances, should not sway the Court. While this may result in the Defendant disclosing more witnesses, there should not be any further depositions of the Plaintiffs' witnesses beyond the same experts who have yet to be deposed, anyway. Additionally, Plaintiffs are willing to agree to a reasonable extension of the discovery

schedule to accommodate Defendant's concerns.

Further, should the Court deem it appropriate, Plaintiffs seek leave to amend their Complaint to reflect the issues previously-disclosed in the expert report. Such an amendment is allowed under F.R.Civ.P. 15(a)(2).

WHEREFORE, the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, respectfully request this Honorable Court to deny Defendant's Motion in its entirety, and to grant Plaintiffs any and all relief deemed just and proper, including leave to file a Second Amended Complaint pursuant to F.R.Civ.P. 15(a)(2) to fully list the issues in Plaintiffs' previously-disclosed expert report, should the Court deem it necessary.

Respectfully submitted,

_____/s/ David G. Sigale_____
One of the Attorneys for Plaintiffs

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1. On November 28, 2012, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                /s/ David G. Sigale
                                             One of the Attorneys for Plaintiffs