IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION,  Plaintiffs, v. CITY OF CHICAGO,  Defendant. | Case No. 10 CV 5135 |

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW COME the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, and, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (F.R.Civ.P. 15(a)(2)), move this Honorable Court to grant Plaintiffs leave to file their Second Amended Complaint in this matter. In support thereof, Plaintiffs state as follows:

### STATTEMENT OF FACTS

1. On October 15, 2011, in response to the City's amendments to the Responsible Gun Owners' Ordinance, said amendment following closely on the heels of the Seventh Circuit's July 6, 2011, Opinion in this matter, Plaintiffs filed their pending Amended Complaint (Doc. #126).

2. Paragraph 25 of the Amended Complaint included several bullet-pointed examples of alleged constitutional infirmities of the new Ordinance—those portions of the Ordinance which most readily appeared unlawful. The Amended Complaint seeks an injunction

against these examples "... or any other law, as against the ordinary operation and use of gun ranges open to the public ... " (See p.13 of Amended Complaint).

3. On April 11, 2012, Plaintiffs e-mailed the expert report of their disclosed experts, Lorin Kramer and Jack Giordano (See April 11, 2012 e-mail, attached hereto as Exhibit 1). On April 25, 2012, Plaintiffs also sent a hard copy of the report to the Defendant (See April 25, 2012 correspondence, attached hereto as Exhibit 2). There is no apparent dispute that Defendant received the report at those times (See Expert Report, attached hereto as Exhibit 3).

4. The e-mail from April 11, 2012, and the letter of April 25, 2012, state of the expert report: "They may testify as to any fact and/or opinion contained in the attached report, as well as to any fact and/or opinion discussed in any deposition taken of them. In addition, these opinions may be amended/supplemented based on the City's ultimate discovery disclosures."

5. These witnesses, and the subject of their testimony, had actually been disclosed earlier, on April 2, 2012, in an e-mail, attached hereto (See April 2, 2012 e-mail, attached hereto as Exhibit 4).

6. In response to certain discovery requests of Defendant, after which there were multiple objections and discussions, as well as other depositions and related issues, Plaintiffs notified Defendant they would be standing on the issues raised in the expert report months earlier.

7. Before the Plaintiff's experts were scheduled to travel to Chicago to give depositions on November 14 and 15, 2012, Defendant canceled their depositions and filed a

pending Motion to bar these long-disclosed challenges. Between then and now, the Court has temporarily suspended expert discovery.

**ARGUMENT**

8. As a preliminary matter, Plaintiffs assert that none of their legal challenges to the Gun Range Ordinance were improperly or untimely raised, or that an amendment to their Complaint is necessary to make the legal challenges contained in their expert report and disclosed many months ago.

9. However, should the Court deem the filing of a Second Amended Complaint appropriate for the proper presentation of Plaintiffs' claims, or for the Court record, then it is well-settled that "[u]nder Rule 15(a) of the Federal Rules of Civil Procedure, the district court may grant leave to amend pleadings and such leave 'shall be freely given when justice so requires.'" *Feldman v. American Memorial Life Insurance Company*, 196 F.3d 783, 793 (7th Cir. 1999) (citing F.R.Civ.P. 15(a)). This is especially since the amendments would not unfairly surprise or prejudice Defendants (*See, e.g., Toth v. USX Corp.*, 883 F.2d 1297 (7th Cir. 1989)). (*See* proposed Second Amended Complaint, attached hereto as Exhibit 5).

10. This case involves constitutional issues, all involving the Gun Range Ordinance, that are ongoing and that will not be corrected without Court intervention. Justice, as well as judicial economy, requires that all the offending sections be tried in this action, which has already progressed in this Court.

11. Defendant has claimed that an amendment would either cause an undue delay or would unduly prejudice it, but "fact" depositions took place from late May, 2012 through November 20, 2012, when Defendant's last Rule 30(b)(6) witness was deposed. There are only

3

two expert witnesses, both disclosed by Plaintiff, and they have not been deposed yet. Therefore, given the sections that have been listed as examples in the proposed Second Amended Complaint, any additional discovery would involve the minimal additional preparation for the depositions of the same expert witnesses Defendants already plan to depose. "If a non-moving party could defeat a motion for leave to amend merely by showing that the new allegations would be inconvenient, then the command that such leave be freely given would have little effect." *Roessner v. Employee Term Life*, 589 F. Supp. 2d 174, 177 (D.CT 2008). While the parties have made every effort to comply with the discovery schedule that has been given, the availability of witnesses and the extremely high volume of depositions occasioned by Defendant have made requests for extensions necessary in the past. The end result is that fact discovery only recently closed, with the Court suspending expert discovery while these issues are resolved. Any further delay by this point is not unduly prejudicial to Defendant, and would hopefully be minimal in any event.

12. Further, there is no undue prejudice here. Defendant has characterized the Ordinance sections to be specifically listed as not being included until now, but they have been part of the case since the day the Complaint was filed and were specifically disclosed over half a year ago, ever since Plaintiffs referenced them all in their expert report, and again confirmed as much more than a month prior to the time expert depositions were to take place.

13. Further, in case Defendant attempts to argue the issue, the proposed amendments are also not futile. "A proposed amendment is futile if it serves no legitimate purpose or is without legal merit." *Savoy*, 139 F.R.D. at 267. The sections at issue in this Motion serve a legitimate purpose for this litigation, as they serve to deny Chicago's citizens

4

their constitutional rights of training at a firing range for self-defense. Further, the Plaintiffs' claims have legal merit, as evidenced by the expert report Defendant has had since April. See, e.g., *United States ex rel. Ven-A-Care of the Fla. Keys, Inc. v. Abbott Labs., Inc.* (*In re Pharm. Indus. Average Wholesale Price Litig.*), 538 F. Supp. 2d 392, 397 (D. MA 2008) ("Here, Abbott has been on notice of the additional claims in this complaint since June 4, 2007 when the government initially filed its amended complaint, and the discovery period has since been extended to March 31, 2008. Accordingly, Abbott's argument of excessive delay and prejudice is unpersuasive."). In any event, the purpose of any amendment would be to provide additional clarity, not to alter the substance of the litigation, which has been clear to Defendant for some time now.

14. In pre-emptively arguing against amendment, Defendant has cited to *Shanahan v. City of Chicago*, 82 F.3d 776 (7th Cir. 1996), but the extreme example of that case does not apply here. In *Shanahan*, the Court ruled:

> As a final matter, Shanahan's attempt to amend his complaint by way of a footnote in his response to defendants' motion for summary judgment was properly denied by the district court . . . The [District] court clearly did not abuse its discretion. First, the form of the request--a passing reference in a footnote of his response to defendants' motion for summary judgment--was improper. Second, the request was untimely--discovery had been closed for over a year. In any event, the request was meritless and futile. His amended complaint still suffered from the same defects which ultimately caused summary judgment to be entered against him.

*Shanahan v. City of Chicago*, 82 F.3d at 781. None of those events have occurred here.

15. Defendant has also cited to *Park v. City of Chicago*, 297 F.3d 606 (7th Cir. 2002), but in that case, ". . . the district court determined that amendment would be futile because

5

Ms. Park had not exhausted the available administrative remedies and because the request, filed on the eve of trial, was untimely." *Park*, 297 F.3d at 613. Neither of those two factors is present here, so the Park case is likewise inapplicable.

16. There is no surprise at issue here, and no allegedly "new" claims. Plaintiffs have made clear that the examples listed in the Amended Complaint were just that, and Plaintiffs retained experts to write a report about the other challenged sections because those sections are at issue in the litigation. That information was disclosed repeatedly, a very long time ago, and Defendant had – and still has – the opportunity to take discovery on it. Defendant also retains the ability to file a dispositive motion, to oppose Plaintiffs' forthcoming dispositive motion, and to challenge Plaintiffs' evidence.

WHEREFORE, the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, request this Honorable Court to grant Plaintiffs' F.R.Civ.P. 15(a)(2) Motion for leave to file their Second Amended Complaint, *instanter*, as well as any and all further relief as this Court deems just and proper.

Dated: December 3, 2012                    Respectfully submitted,

By: _____/s/David G. Sigale_____
　　　　David G. Sigale

Alan Gura (Admitted pro hac vice)　　David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC　　　　　　　Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405　　739 Roosevelt Road, Suite 304
Alexandria, VA 22314　　　　　　　　 Glen Ellyn, IL 60137
703.835.9085/Fax 703.997.7665　　　　630.452.4547/Fax 630.596.4445
alan@gurapossessky.com　　　　　　　 dsigale@sigalelaw.com

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

    1.    On December 3, 2012, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

    2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


                                                                                            /s/ David G. Sigale
                                                                                           Attorney for Plaintiffs


| | |
|---|---|
| Alan Gura (Admitted pro hac vice) | David G. Sigale (Atty. ID# 6238103) |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street, Suite 405 | 739 Roosevelt Road, Suite 304 |
| Alexandria, VA 22314 | Glen Ellyn, IL 60137 |
| 703.835.9085/Fax 703.997.7665 | 630.452.4547/Fax 630.596.4445 |
| alan@gurapossessky.com | dsigale@sigalelaw.com |