IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZELL, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 10-CV-5135 |
| | ) Judge Virginia M. Kendall |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S COMBINED REPLY IN SUPPORT OF MOTION TO
BAR PLAINTIFFS FROM INTRODUCING NEW CLAIMS AND RESPONSE TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby files this combined reply in support of its motion to bar Plaintiffs from introducing new claims and response to Plaintiffs' motion for leave to file an amended complaint.[1]

**I.      THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR LEAVE TO AMEND.**

Plaintiffs' motion for leave to file their second amended complaint, which seeks to add approximately eleven new challenges (the "Additional Claims") to Chicago's Gun Range Ordinance (the "Ordinance"), should be denied. Plaintiffs have been aware of these provisions since they filed their current complaint (the "Amended Complaint" or "Am. Comp.") over a year ago, and aware of any potential challenges based on these provisions since at least March. Plaintiffs have no excuse

---

[1] The City's initial motion also sought to strike Plaintiffs' October 19, 2012 answers to the City's third set of interrogatories because the City wanted to make the record clear that it did not acquiesce to these additional claims being a part of Plaintiffs' case. Because the City's motion to bar and its opposition to Plaintiffs' motion for leave to amend their complaint make the same argument, the City no longer seeks to strike Plaintiffs' interrogatory responses from the record.

for waiting so long – until after fact discovery closed – to seek amendment, and the City would be unduly prejudiced by having to engage in additional, costly discovery, much of which could have been avoided if Plaintiffs had timely sought amendment.

### A. The Additional Claims Are Not At Issue In This Case.

Despite seeking leave to file a second amended complaint, Plaintiffs remain steadfast in their assertion that no amendment is necessary, because the Additional Claims "have been part of this case since the day the Complaint was filed and were specifically disclosed over half a year ago, ever since Plaintiffs referenced them all in their expert report." Plfs.' Mot., p. 4. Plaintiffs' position ignores rudimentary pleading requirements and has no merit.

First, Plaintiffs cannot seriously contend that using the prefatory term "include" before specifically identifying certain provisions of the Ordinance automatically put the eleven Additional Claims at issue. *See* Plfs.' Am. Comp., ¶ 25. If this were true, every single provision of the Ordinance could theoretically be at issue in the case, which is absurd. In *Valley Entertainment, Inc. v. Freisen*, 691 F. Supp.2d 821 (N.D. Ill. 2010), the district court dismissed a very similar argument. There, the plaintiff argued that his copyright infringement claim, based on a copyright specifically identified in his complaint, also extended to another copyright *not* specifically listed. *Id*. at 825-26. The court rejected this claim, finding that because "[d]efendants were not placed on adequate notice of [Plaintiff's] reliance" on the other copyright, "[plaintiff] has not shown that its proposed amendments should be treated as if they were originally included in the complaint." *Id*. *See also Conner v. Illinois Dep't of Nat'l Res.*, 413 F.3d 675, 679 (7th Cir. 2005) (complaint adequate "only if it fairly notifies a defendant of matters sought to be litigated."). The same holds true here.

Second, Plaintiffs cannot rely on the March 16, 2012 expert report to avoid their pleading

obligations. The claims at issue in a case are governed by the complaint, and new claims cannot be added through interrogatory responses, deposition testimony, or arguments in briefs, much less through opinions offered in an expert report. *See* City's Mot., p.6 (collecting cases). *See also Valley Entertainment,* 691 F. Supp.2d at 826 (refusing to consider complaint amended through briefing or discovery). Plaintiffs cite no cases supporting the notion that discovery responses can expand the claims in a complaint without amendment, and there are none. In fact, the City found only one recognized exception to the requirement to formally amend pleadings, and that exception has no relevance here because it applies only where there has been "constructive" amendment based on consent by the parties and the claims having been actually litigated at trial. *See, e.g., Torry v. Northrup Grumman Corp.*, 399 F.3d 876, 878 (7th Cir. 2005). Therefore, without amending their complaint, the Additional Claims are not – and have never been – a part of Plaintiffs' case.

   **B.**  **Plaintiffs' Unjustified Delay Will Cause Undue Prejudice To The City.**

   Plaintiffs offer no excuse (and they have none) for their delay in seeking to amend their complaint, other than their mistaken belief that the rules of civil procedure do not apply to them. Instead, Plaintiffs simply argue that there has been no delay, since the City has been "on notice" of these Additional Claims since Plaintiffs disclosed their expert report in March. *See* Plfs.' Resp., p. 6; Plfs.' Mot., p. 4.

   Plaintiffs confuse the issue. Whether or not the City had notice that Plaintiffs would be pursuing these Additional Claims (which it did not, for the reasons discussed below), the undeniable fact is that Plaintiffs did not seek to bring these claims into the case until they filed their motion for leave on December 3, 2012. Plaintiffs were aware of all of the provisions in the Ordinance when they first filed their Amended Complaint almost fourteen months earlier on October 15, 2011. At

the very latest, Plaintiffs should have sought leave to amend their complaint in March 2012, after they received their experts' report and realized that it addressed additional provisions of the Ordinance not included in their Amended Complaint. It is Plaintiffs' job – not the City's – to formally add these provisions, or choose not to pursue them. Plaintiffs' attempt to evade this unjustified, eight-month delay by improperly shifting the focus to what the City should have known, or when, fails.[2]

Courts in this circuit have repeatedly held that similar unjustified delays are reason enough to deny motions to amend. *See, e.g., Johnson v. Cypress Hill,* 641 F.3d 867, 872 (7th Cir. 2011) (affirming denial of leave to amend where proposed amendments came seven months after discovery revealed basis for amendment); *Feldman v. American Mem. Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (affirming denial of motion to amend based on five-month delay after discovery of basis for amendment); *Johnson v. Methodist Med. Ctr of Ill.,* 10 F.3d 1300, 1304 (7th Cir. 1993) (affirming denial of motion to amend where proposed amendments based on information learned during depositions that occurred five months before); *Ty, Inc. v. Publ'ns Int'l Ltd*, 2004 WL 2359250, *2 (N.D. Ill. Oct. 19, 2004) (denying motion for leave to amend where movant "possessed the same facts as it does now" and failed to amend previously); *Fry v. UAL Corp.*, 895 F. Supp. 1018, 1051 (N.D. Ill. 1995) (denying motion to amend where "it is apparent to the Court ...that all of the evidence supporting Plaintiff's duty to update claim was in their hands many many months if not

---

[2] Plaintiffs also try to shift their pleading obligations to the City by blaming the City for "failing to address any pleading deficiencies in a timely manner contemplated by the rules designed for that purpose." Plfs.' Mot., p. 11. But this argument misses the point. Plaintiffs' Amended Complaint is not, in and of itself, *deficient*; it states some claims, and not others, like all complaints. That is very different from the City's argument here, that the Amended Complaint *never included* any other claims.

years before the close of discovery..."); *Profile Racing, Inc. v. Profile for Speed, Inc.*, 1995 WL 549108, * 1-2 (N.D. Ill. Sept. 11, 1995) (denying leave to amend where movant had all information supporting the proposed amendment for over a year).

Furthermore, Plaintiffs' argument that the City was on "notice" of the Additional Claims is unfounded. Until Plaintiffs belatedly answered the City's interrogatories on this topic, all the City knew was that Plaintiffs' experts had opined on multiple provisions of the Ordinance not challenged in the Amended Complaint. As explained above, this did not –and cannot – put the City on notice that Plaintiffs intended to *challenge* the additional provisions in their lawsuit as separate bases for relief. And even if (giving Plaintiffs the entire benefit of the doubt) Plaintiffs' expert report put the City on notice in March, Plaintiffs' subsequent course of conduct between March and October eviscerated such notice and telegraphed precisely the opposite intent. When deposed under oath, none of the Plaintiffs identified any of the Additional Claims as bases for their challenges to the Ordinance. *See* City's Motion, pp. 6-7. And when Plaintiffs issued interrogatories and sought to depose the City's 30(b)(6) witnesses on the governmental purposes supporting the Ordinance, they did so *only* with regard to the provisions specifically enumerated in their Amended Complaint. *Id.*

Thus, Plaintiffs' "notice" argument requires the City to have correctly guessed that Plaintiffs intended to pursue all of the issues identified in their expert report, even though the actual complaint on file, and all of Plaintiffs' other discovery efforts in the six months *following* the expert report, contradict such intention. Pleading requirements are specifically designed to avoid such impossible guesswork. *See Valley Entertainment*, 691 F. Supp.2d at 826 ("It is not incumbent on Defendants to guess [plaintiff's] copyright infringement claim. Nor would it have been proper for Defendants to make assumptions concerning the intention of [plaintiff] to rely on Copyright No. SR 107-850 as

5

the basis for its claims...").

Because the City validly focused its discovery efforts only on those claims listed in the Amended Complaint, it would be severely prejudiced if it had to defend against the Additional Claims and engage in time-consuming and costly additional discovery. Courts routinely deny motions to amend when they are brought, like here, at or after the close of discovery. *See, e.g., Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (affirming denial of leave to amend complaint brought three days before the close of discovery); *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (affirming denial of leave to amend where amended complaint filed 14 months after original complaint and after close of discovery); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995) (affirming denial of leave to amend brought after close of discovery and where party seeking leave offered no explanation for delay); *Coleman v. Ramada Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) (affirming denial of leave to amend brought at close of discovery); *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2003 WL 22848968, *2 (N.D. Ill. 2003) (denying leave where plaintiff waited one year after filing first complaint and after close of fact discovery).

Plaintiffs bear the burden of proving the absence of prejudice to the City if the amendment were allowed. *See, e.g., King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994) (the party "seeking amendment bears the burden of proof in showing that no prejudice will result to the nonmoving party."). Plaintiffs attempt to negate the need for more discovery by disingenuously claiming that "the purpose of any amendment would be to provide additional clarity, not to alter the substance of the litigation." *Id.*, p. 5. In other words, Plaintiffs contend that the Additional Claims add nothing *new* to the litigation, so there is no need for additional discovery and thus no undue prejudice to the City. This contention is quickly dispelled by a simple look at the proposed amendments themselves.

Plaintiffs seek to add *eleven* new challenges to the Ordinance, doubling the number of provisions already included in the Amended Complaint (which themselves have already consumed almost a year in discovery). The new topics run the gamut from restrictions on firearm sales, ammunition storage, floor surface treatment, ventilation system requirements, range master requirements, and enclosure construction, and would thus inject dozens of new factual issues and legal theories into the case that were not previously explored in discovery. *See* Plfs.' Proposed Second Amended Complaint, pp. 6-8. *See also infra*, pp. 9-10 (discussing potential areas of new discovery). Far from simply augmenting the current complaint, the proposed amendments would radically expand the scope of the case and demand time-consuming, additional discovery – including the retaking of depositions which could have been avoided if Plaintiffs had amended their complaint before those depositions occurred.

Tellingly, Plaintiffs cite no case law where leave to amend was granted in similar circumstances.[3] Instead, Plaintiffs attempt to distinguish two of the cases cited by the City as being "extreme examples" and thus not applicable. *See Shanahan v. City of Chicago*, 82 F.3d 776 (7th Cir. 1996) (attempt to amend was made in footnote in brief and year after close of discovery), and *Park v. City of Chicago*, 297 F.3d 606 (7th Cir. 2002) (attempt to amend was made on eve of trial and futile). But the City cited *Shanahan* primarily to show that it is improper to add claims to a suit through briefs or discovery. *See* City's Mot., p. 6. And both cases support the general proposition

---

[3] Curiously, Plaintiffs do cite to one district court case from Massachusetts, *In re Pharm. Indus. Average Wholesale Price Litig.*, 538 F. Supp. 2d 392, 397 (D. Mass. 2008). Far from supporting their position, however, this case only further underscores why the Court should deny Plaintiffs' motion for leave to amend, because there: (1) the government had filed an amended complaint including the new claims five months earlier (before it realized it needed to seek leave); (2) discovery had not yet closed; and (3) the government had a justifiable reason for its delay based on newly discovered evidence. 538 F. Supp. 2d at 395-97.

that a combination of unexcused delay and the close of fact discovery – two factors that are present here – are valid grounds to deny amendment. Moreover, Plaintiffs do not even try (nor can they) to distinguish the numerous other cases the City cited that support denial of leave to amend in very similar circumstances to those here. *See* City's Motion, pp. 8-10. *See also Johnson,* 641 F.3d at 872; *Hukic,* 588 F.3d at 432; *Soltys,* 520 F.3d at 743; *Sanders,* 56 F.3d at 775; *Ty, Inc.,* 2004 WL 2359250 at *2; *Fry,* 895 F. Supp. at 1051.

Accordingly, because Plaintiffs have no excuse for why they waited so long to add the Additional Claims to their lawsuit, and because fact discovery has been closed for over two months, Plaintiffs' motion to amend their complaint should be denied.

**II.     If Plaintiffs Are Allowed To File Their Second Amended Complaint, The City Must Be Given A Full And Fair Opportunity To Defend Itself Against The New Claims.**

If, however, the Court is inclined to grant Plaintiffs leave to file their Second Amended Complaint, then the City must be allowed its full rights to defend against the new claims, notwithstanding Plaintiffs' attempts to thwart those rights. To begin with, the City would have a right to respond to the amended complaint – whether by filing an answer or a motion to dismiss. *See* FED. R. CIV. P. 15(a)(3). Only after the City responds will the parties properly be at issue regarding the new challenges Plaintiffs mount to the Ordinance.

Next, should the claims survive a motion to dismiss, the City has a right to defend against them through the discovery process. Due process requires that the City be allowed to depose all relevant witnesses on *all relevant topics,* especially on claims and theories that Plaintiffs intend to pursue at trial. Accordingly, where amended complaints are filed after the close of discovery, discovery should be re-opened to allow defendants a full and fair opportunity to obtain evidence necessary to defend against the new claims or theories asserted. *See, e.g.*, *National Union Fire Ins.*

8

*Co. of Pittsburgh v. Westport Ins. Co.*, Case No. 10 C 6096, 2012 WL 698540, *3 (N.D. Ill. Feb. 29, 2012) (because parties approach discovery consistent with theory of case as framed in pleadings, "the defendant has the right to obtain information regarding the new claims through additional discovery."); *McCann v. Frank Hall & Co.*, 109 F.R.D. 363, 368 (N.D. Ill. 1986) (fact discovery re-opened when complaint was amended at close of discovery, including giving defendant right to re-depose witnesses on new subject matter).

Plaintiffs cavalierly brush aside this right by concluding that no additional fact discovery is necessary, since "the sections at issue are technical or 'professional' in nature, and there would be nothing gained from questioning the Plaintiffs, or any lay witnesses, again." Plf.'s Resp., p. 8, fn. 2. Plaintiffs' position is baseless for at least three separate reasons.

First, not all of the Additional Claims are simply "technical or 'professional' in nature," such that Plaintiffs would have no probative testimony on them. For example, while the challenge to the prohibition on the sale of firearms by a gun range (Chicago Mun. Code § 8-20-100), does have a 'professional' component, it also affects all persons who wish to patronize gun ranges. How this prohibition burdens Plaintiff Ezell's Second Amendment rights, whether she would be more likely to frequent gun ranges in the City if they allowed gun sales, and whether or not she would purchase any firearms (and if so, how many), would be highly relevant issues, and the City would have a right to ask her about them. Likewise, some of the other requirements Plaintiffs challenge, such as ammunition and firearms storage (Chicago Mun. Code § 13-96-1190(c)(2)(d)), ventilation (Chicago Mun. Code § 13-96-1210(d)), and floor cleaning methods (Chicago Mun. Code § 13-96-1220(b)), have direct impacts on the health and safety of firing range patrons. It may be that Plaintiff Ezell, far from believing these requirements burden her constitutional rights, is more comfortable (and thus

would frequent gun ranges more often) knowing that such health-related regulations are in place. The same is true for all Plaintiffs. Moreover, given that both Mr. Brown and Mr. Hespen have experience either training or teaching at other firing ranges, they may well possess relevant knowledge on these and many other of the Additional Claims.

Second, Plaintiffs completely ignore the fact that one of the named Plaintiffs – Action Target, Inc. – is in the professional business of designing and constructing firing ranges. *See* Am. Compl., ¶ 4 ("Action Target is a leading designer and builder of gun ranges, and renowned manufacturer and seller of gun range equipment and supplies."). Action Target has constructed gun ranges throughout the country, and it (through Christopher Hart) has extensive knowledge not just on the technical specifications related to construction of ranges, but also on issues relating to the operation and profitability of ranges. At his deposition, Mr. Hart testified that he could not think of any other provisions that would unduly burden the firing range business other than those specifically listed in paragraph 25 (Hart Dep., pp. 10-12, Ex. G to City's Motion), and thus the City had no reason to explore any additional issues with him. Now that Plaintiffs have sought to include the Additional Claims, however, the City must be given an opportunity to delve into these topics with Mr. Hart, who undoubtedly possesses relevant information and testimony. *See, e.g., Fry,* 895 F. Supp. 1018 at 1025 n.32 (only when contours of case are understood can deposition be adequately conducted).

And third, the City has a right to test Plaintiffs' knowledge of these Additional Claims, even if it turns out, in the end, that they have no relevant knowledge. Plaintiffs cannot deprive the City of this right by simply declaring, in a footnote in a brief, that it would be redundant or unnecessary. The Court in *McCann* explains:

> The plaintiff's attempt to shrug off the amount of additional discovery necessitated by the amended complaint is unconvincing. [Plaintiff] mistakenly assumes that just

10

> because the tort theories involve similar claims that have already been raised as contract claims, no additional discovery will be necessary. This assumption belies the fact that parties conduct discovery – depositions, interrogatories, documents requests, etc. – in order to obtain information regarding *the claims in a complaint*. The parties pursue discovery consistent with their respective theories of the case, *as they are framed in the pleadings*. If the pleadings change, the theory of the case also changes, and the parties' approach to discovery can shift dramatically. When a complaint's theories of liability and recovery are altered after discovery is substantially completed, the defendant has the right to obtain information regarding the new claims through additional discovery. Depositions which have already been taken may have to be repeated to pursue these additional claims.

109 F.R.D. at 368 (emphasis added). Indeed, the very fact some of the Plaintiffs may have no relevant knowledge regarding the Additional Claims is, in and of itself, probative evidence, and the City has a right to have that *lack* of knowledge on the record.

Finally, the City would have the right to defend against the Additional Claims by identifying, consulting with, and preparing its own witnesses on these topics. Plaintiffs state that, should the City have its own new witnesses, they would "graciously" consent to the City disclosing them, "while reserving the right to inquire as to the purported governmental purposes for its restrictions, as well as to any empirical data Defendant possesses as to said purpose." Plfs.' Resp., p. 6. In other words, Plaintiffs audaciously propose that the City cannot examine *Plaintiffs* on the Additional Claims, but Plaintiffs can examine the *City's* witnesses on those claims, as well as seek any additional documents and empirical evidence from the City. This position untenable, and demonstrates that Plaintiffs do not wish to have a level playing field. But it also proves the very point that the new claims will require new fact discovery. Therefore, should the Court grant Plaintiffs' motion for leave to amend, it should at the very least re-open fact discovery – including allowing the City to re-depose Plaintiffs – to allow for evidence to be obtained on the new claims. Expert discovery should then be scheduled accordingly.

**CONCLUSION**

For all of these reasons, the Court should bar Plaintiffs from seeking to add the Additional Claims into the lawsuit and deny Plaintiffs' motion for leave to file their second amended complaint.

Date: December 13, 2012

Respectfully submitted,
STEPHEN R. PATTON,
Corporation Counsel for the City of Chicago

By: /s/ Rebecca Alfert Hirsch
    Assistant Corporation Counsel

Mardell Nereim
William Macy Aguiar
Rebecca Alfert Hirsch
Andrew W. Worseck
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0260

Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I, Rebecca Hirsch, an attorney, hereby certify that on this, the 13th day of December, 2012, I caused a copy of the foregoing **Defendant's Combined Reply in Support of Motion to Bar Plaintiffs From Introducing New Claims and Response to Plaintiffs' Motion for Leave to File Second Amended Complaint** via electronic notification on the following counsel of record:

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street | 739 Roosevelt Road |
| Suite 405 | Suite 304 |
| Alexandria, VA 22314 | Glen Ellyn, IL 60137 |

                                              Rebecca Hirsch