IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | ) ) ) ) No. 10 C 5135 ) ) The Honorable Virginia M. Kendall ) ) ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

Defendant City of Chicago (the "City") has moved to strike certain interrogatory responses served by Plaintiffs Rhonda Ezell, Joseph Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association (collectively, the "Plaintiffs") and to bar the Plaintiffs from asserting new challenges to a City ordinance, which imposes certain restrictions on the opening and operation of a firing range within the City's limits. Plaintiffs oppose the City's Motion; however, they have also moved for leave to amend their complaint to specifically assert the new challenges to the City's ordinance identified in the City's Motion.[1] For the reasons set forth below, the City's motion is denied in majority part and granted in limited part. The Plaintiffs are granted leave to file their amended complaint.

---

[1] The City withdrew its request to strike the interrogatory responses in its reply brief. (*See* Doc. 197 at 1, n. 1.) Accordingly, the Court will only consider the questions of: (1) whether the Plaintiffs are asserting new claims; and if so, (2) should they be granted leave to assert those new claims.

1

**BACKGROUND**

After the Supreme Court struck down the City's de facto ban on handgun possession in *McDonald v. City of Chicago,* 130 S. Ct. 3020 (2010), holding that an individual's Second Amendment right to possess a handgun in the home for self-defense applied to the states, the City passed a new gun ordinance. That ordinance required individuals to receive training before they could purchase a firearm; however, at the same time, it banned the operation of publicly-accessible gun ranges within the City's limits. The Plaintiffs filed a complaint alleging that the sections of the ordinance that banned firing ranges and their operation were unconstitutional.

In July 2011, the City amended the ordinance by deleting the sections that offended the Constitution. The new ordinance (the "Ordinance") allowed firing ranges to operate in the City; however, that allowance was subject to a number of restrictions and requirements.[2] The Plaintiffs then filed an amended complaint that alleged that eleven provisions of the Ordinance violated their rights under the First, Second and Fourteenth Amendments. (Doc. 126.) These provisions are:

- MCC §§ 4-151-010 and 4-151-030, which require all range managers, employees and "applicants" to be fingerprinted and have a Chicago Firearms Permit ("CFP") and an Illinois Firearms Identification Card ("FOID"). "Applicants" are defined by Section 4-151-010 to include all persons who are "required to be disclosed pursuant to section 4-151-030(b)." – meaning, individuals, partners of partnerships, LLC managers and/or members, corporate officers and directors, and their attorneys, accountants, consultants, expediters, promoters, and lobbyists;

- MCC § 4-151-030(f), which provides the Commissioner with discretion to deny a range license application if the license "would have a deleterious impact on the health, safety and welfare of the community in which the shooting range facility is or will be located." A deleterious impact exists "whenever there have been a

---

[2] The Ordinance was subsequently amended again by the City in September 2011.

2

- substantial number of arrests within 500 feet of the applicant's premises…";

- MCC § 4-151-090, which restricts ranges to operate only between 8 a.m. and 9 p.m., every day;

- MCC § 4-151-100(d), which bars range patrons under the age of 18;

- MCC § 4-151-100(g)(1), which forbids any person who does not have a CFP and FOID card from using a range, unless it is for the one hour CFP training;

- MCC § 4-151-120, which prohibits a gun range from locating 500 feet from any other gun range, residential district, school, day-care facility, park, place of worship, alcohol retailer, children's activities facility, library, museum or hospital;

- MCC § 8-20-110, which prohibits the possession of a firearm without a CFP, including the possession of firearms by shooting range patrons other than a one-time, one-hour exemption for taking a class;

- MCC § 4-151-170, which prohibits the loaning or renting of firearms, other than for a one-hour class, and prohibits range patrons from leaving with ammunition sold by the gun range;

- MCC § 13-96-1200(b)(2), which requires a maximum decibel level of 55db emanating from shooting ranges; and

- MCC § 13-96-1200(b)(7), which requires that the floors of the shooting range be constructed to slope at a minimum of ¼ inch per foot from the firing line to the backstop/bullet trap.

(Doc. 126 at ¶ 25.)

In their prayer for relief, the Plaintiffs asked the Court to declare the eleven provisions unconstitutional and to enjoin the City from enforcing them. Plaintiffs also asked this Court to enjoin the City from enforcing "any other law, as against the ordinary operation and use of gun ranges open to the public and the loan or rental of functional firearms within gun ranges open to the public." (*Id.* at 13.)

3

The Court set a discovery schedule for the case. That schedule was subsequently extended so that fact discovery closed on September 27, 2012. (Doc. 178.) Expert discovery was supposed to close on November 13, 2012. (Doc. 181.) On March 16, 2012, Plaintiffs provided the City with a report prepared by their experts, Lorin D. Kramer and Jack J. Giordano. In that report, Plaintiffs' experts opined that in addition to the provisions in the Ordinance that are identified in Plaintiffs' Amended Complaint, other provisions in the Ordinance also operate to effectively prohibit ranges from opening in the City because they unjustifiably burden their construction, operation and use. The provisions identified by Messrs. Kramer and Giordano are:

- MCC § 8-20-100, which prohibits the sale of firearms by a gun range;

- MCC §§ 4-151-010 and 4-151-100(n), which requires recordkeeping of all shooting range patrons;

- MCC § 4-151-100(b), which requires the range master to be on duty during all hours the shooting range facility is in operation;

- MCC § 11-4-260(b), which creates a regulatory scheme that is allegedly unconstitutionally vague;

- MCC § 13-96-1160(a), which requires that doors into the shooting range behind the firing line to be in the rear wall and that doors behind the bullet trap need to be armor plated;

- MCC § 13-96-1190(c)(2)(d), which requires that firearms and ammunition be stored in the same manner as explosive or hazardous materials;

- MCC §§ 13-96-1200(b)(7) and 13-96-1200(b)(2). These sections are allegedly in conflict because § 13-96-1200(b)(7) requires that the floors, ceilings and walls must be constructed with smooth non-porous materials while § 13-96-1200(b)(2) requires that construction of floors, ceilings and walls must also be constructed with air-borne sound absorbing materials;

- MCC § 13-96-1210(d), which requires that each individual shooting range have a separate ventilation and exhaust system;

- MCC § 13-96-1210(e), which requires that shooting range supply and exhaust systems be electronically interlocked to turn on each system at the same time;

- MCC §§ 13-96-1220(b) and 13-96-1220(c), which require the shooting range to have hose bibs and floor drains; and

- MCC § 17-5-0207, which requires that shooting ranges may only be operated in a manufacturing district, with special use approval.

In response to the report, the City served Plaintiffs with a set of supplemental interrogatories on April 20, 2012 in which the City asked Plaintiffs to identify all provisions of the Ordinance that they believe are unconstitutional. (Doc. 188 at Ex. B.) After objecting to the City's interrogatories, Plaintiffs finally tendered responses to these interrogatories on October 19, 2012. (Doc. 188 at Ex. F.) In their responses, Plaintiffs identified fourteen provisions in the Ordinance that were not listed in the Amended Complaint to which Plaintiffs were raising a constitutional challenge. (*Id.*) These were the fourteen additional provisions identified in the Plaintiffs' expert's report. (*Id.*)

In the interim, on May 25, 2012, Plaintiffs issued interrogatories to the City asking for information regarding the City's governmental purposes supporting the Ordinance. (Doc. 188 at Ex. D.) They also issued a deposition notice to the City pursuant to Federal Rule of Civil Procedure 30(b)(6) in which they asked the City to produce a witness who could testify as to those governmental purposes. (Doc. 188 at Ex. E.) However, the Plaintiffs' discovery requests only asked for information regarding the provisions of the Ordinance specifically cited in the Amended Complaint. Plaintiffs did not seek any discovery regarding the City's governmental purpose in passing the additional provisions of the Ordinance that were first identified as unconstitutional in the Plaintiffs' expert's report.

5

After receiving the responses to its supplemental interrogatories, the City filed the instant motion to strike those responses and bar Plaintiffs from claiming that the provisions of the Ordinance not specifically identified in the Amended Complaint render the Ordinance unconstitutional. (Doc. 188.) Plaintiffs have opposed the City's motion but have also requested leave from this Court to amend their Complaint to include a challenge to those newly identified provisions of the Ordinance as well. (Docs. 191, 194.) The Court has stayed expert discovery during the pendency of these motions. (Doc. 190.)

## **LEGAL STANDARD**

A party adequately states a claim for relief in a complaint by providing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted).

Federal Rule of Civil Procedure 15(a)(2) directs a district court to grant leave to amend a complaint "when justice so requires." *See also Indep. Trust Corp v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 943 (7th Cir. 2012). In interpreting this, the Supreme Court and Seventh Circuit have held that district courts should only refuse to grant leave where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009); *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008).

**DISCUSSION**

I.    **Leave to Amend is Granted**

In analyzing the merits of the City's motion, the Court must first determine whether the challenges to the provisions of the Ordinance first identified in Dr. Kramer's report, and subsequently identified in Plaintiffs' responses to the City's supplemental interrogatories, are encompassed within the Plaintiffs' Amended Complaint. If they are, the City's motion is meritless and will be denied. If not, the Court then must determine whether the Plaintiffs should be allowed to amend their complaint to add the claim that these additional provisions cause the Ordinance to violate the Constitution. After a review of the pleading, the Court concludes that the Plaintiffs' Amended Complaint does not challenge the validity of the Ordinance provisions first identified in Dr. Kramer's report.

The scope of a case is framed by the pleadings. Here, Plaintiffs' Amended Complaint identified eleven separate provisions of the Ordinance that it alleges operate to inhibit the construction and operation of shooting ranges in the City of Chicago. This put the City on notice that these provisions were at issue. However, specifically challenging the constitutionality of a portion of a statute does not put a party on notice that a complaint is also challenging the constitutionality of another portion of the same statute. *See, e.g., Wisconsin Vendors, Inc. v. Lake County, Illinois,* No. 99 C 8340, 2003 WL 366580, at *6 (N.D. Ill. Feb. 19, 2003) (denying motion for leave to amend to add a challenge to the constitutionality of an additional part of an ordinance regulating adult-oriented businesses because "plaintiff could have raised these allegations at the beginning of [the] lawsuit."). Indeed, there would be no reason for the City to suspect that because

7

the Ordinance's hour restriction allegedly unconstitutionally inhibits the operation of a shooting range, the ventilation requirements also allegedly unconstitutionally inhibit the operation of a shooting range. Plaintiffs' argument to the contrary flies in the face of the requirements imposed by Federal Rule of Civil Procedure 8. Accordingly, the Court concludes that the provisions of the Ordinance that the Plaintiffs wish to challenge that are not specifically cited in the Amended Complaint are new claims for purposes of this case.

Since the provisions of the Ordinance identified in Dr. Kramer's report were not encompassed within the Amended Complaint, the next question is whether the Court should grant Plaintiffs leave to amend their complaint to challenge these provisions. As described above, leave to amend should be freely granted when justice requires. However, the Court may deny the motion when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman,* 371 U.S. at 182. Ordinarily delay alone is not a reason to deny a proposed amendment; rather, delay should be coupled with some other reason, such as prejudice. *See George v. Kraft Foods Global, Inc.,* 641 F.3d 786, 791 (7th Cir. 2011); *Feldman v. Allegheny International, Inc.,* 850 F.2d 1217, 1225 (7th Cir. 1988). However, "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case." *Johnson v. Methodist Medical Center,* 10 F.3d 1300, 1304 (7th Cir. 1993).

The City asks this Court to deny Plaintiffs' motion for leave on the basis of undue delay. There is merit to the City's position. Plaintiffs learned that the additional

provisions in the Ordinance may affect the constitutionality of the Ordinance when Dr. Kramer issued his report in March 2012. However, they did not seek leave to amend their complaint at that time to include these provisions. In fact, they did not even disclose to the City that they intended to challenge these provisions until October 16, 2012. This was almost a month after the close of fact discovery on September 27, 2012. Then they waited another two months to move for leave to amend. The Seventh Circuit has affirmed denials of motions for leave to amend based on similar sets of facts. *See, e.g., Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009) (affirming denial of leave to amend complaint brought three days before the close of discovery); *Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008) (affirming denial of leave to amend where amended complaint was filed 14 months after original complaint and after close of discovery); *Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 775 (7th Cir. 1995) (affirming denial of leave to amend brought after close of discovery and where party seeking leave offered no explanation for delay); *Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 353 (7th Cir. 1982) (finding no abuse of discretion in denying motion to amend complaint where motion was filed after discovery was completed and sought to inject a new theory into the litigation).

However, despite Plaintiffs' delay in seeking leave to amend their complaint, the Court grants the motion because the unusual subject matter of this case substantially reduces the prejudice to the City caused by Plaintiffs' delay. This case involves whether certain provisions of the Ordinance operate together to effectively prohibit shooting ranges from opening within the City's limits in violation of the First and Second Amendment. If the provisions identified in Dr. Kramer's report, but not identified in the

9

Amended Complaint, are excluded from consideration in this case, there is nothing to prevent these Plaintiffs, or other potential plaintiffs, from filing a new case against the City attacking these additional restrictions. The City would then be required to defend against these same claims, and incur all of the attendant costs, in an entirely new case. Allowing such a scenario is contrary to the principles of finality and judicial economy. It would require another judge to spend valuable time educating himself or herself on the facts and legal issues of this case when this Court is already well versed in those issues.

As a practical matter, and in the interests of judicial economy, it makes sense to grant the Plaintiffs leave to amend now so that every potential constitutionally infringing provision of the Ordinance is at issue here; rather than addressing certain issues now and then having the parties start over and address these additional provisions at another time. Accordingly, the motion for leave to amend is granted.

## II.     Defendants Are Entitled to Additional Discovery

Because this Court grants Plaintiffs' motion for leave, it will also give the City additional time to take discovery on Plaintiffs' new claims. This is because "[t]he parties pursue discovery consistent with their respective theories of the case, as they are framed in the pleadings. If the pleadings change, the theory of the case also changes, and the parties' approach to the discovery can shift dramatically." *McCann v. Frank B. Hall & Co., Inc.,* 109 F.R.D. 363, 368 (N.D. Ill. 1986).

Plaintiffs contend that the only additional discovery that is warranted is that the City should take the depositions of its two experts, Messrs. Kramer and Giordano. The Court disagrees. The City is entitled to take the discovery that is reasonably necessary, including re-deposing the Plaintiffs, to determine whether these provisions of the

Ordinance actually prevent firing ranges from opening and operating within the City's limits. *See, e.g., National Union Fire Ins. Co. of Pittsburgh v. Westport Ins. Co.,* No. 10 C 6096, 2012 WL 698540, *3 (N.D. Ill. Feb. 29, 2012) (because parties approach discovery consistent with theory of case as framed in pleadings, "the defendant has the right to obtain information regarding the new claims through additional discovery.").

For example, Plaintiff Action Target Inc. is in the business of designing and constructing firing ranges. Representatives of Action Target will likely have extensive knowledge on both the technical specifications related to the construction of ranges as well as on issues relating to the operation and profitability of ranges.[3] Therefore, it is likely that these representatives would be able to provide evidence on whether the newly identified provisions do effectively operate to prohibit the opening of a range within the City's limits.

While the Court re-opens fact discovery for the purpose of allowing the City to take discovery regarding these newly identified provisions, the Plaintiffs are prohibited from seeking additional document discovery and from seeking to re-depose witnesses regarding these additional provisions. It is clear that Plaintiffs knew that these provisions may render the Ordinance unconstitutional by no later than March 2012. They had plenty of time to take discovery on these issues. They will not be afforded the opportunity to take additional discovery as a result of their own delay. However, if the City discloses new witnesses with knowledge regarding these provisions that it plans to call at trial, the Plaintiffs may move this Court for leave to take their depositions.

---

[3] Indeed, in their briefing, Plaintiffs describe an Action Target Inc. representative, Mr. Christopher Hart, as being akin to an expert witness. (Doc. 191 at 4.)

11

## CONCLUSION

For the reasons set forth above, the City's Motion to Strike Interrogatory Responses and Bar Plaintiffs from Introducing New Claims is denied, in part, and granted in part. The Plaintiffs' Motion for Leave to File an Amended Complaint is granted. The City is granted leave to take additional fact discovery. That limited fact discovery is ordered closed by April 1, 2012. The Expert Discovery Schedule is amended so that expert discovery is now ordered closed by April 29, 2012.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 22, 2013