**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EZELL, ET AL., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )   No. 10-CV-5135 |
| | )   Judge Virginia M. Kendall |
| CITY OF CHICAGO, | ) |
| | ) |
|     Defendant. | ) |

### DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby files this motion to stay further proceedings in this case until the City has enacted legislation allowing for, and setting reasonable restrictions on, the sale and transfer of firearms. In support of this motion, the City states as follows.

**I.    The Court Should Stay Further Proceedings In This Case Until The New Regulations Are Enacted Because They Will Impact Plaintiffs' Entire Case.**

Plaintiffs challenge numerous provisions of the City's regulatory scheme allowing shooting ranges to open and operate in the City, including Chicago Mun. Code § 8-20-100(a), which prohibits the sale and transfer of firearms. Plaintiffs allege that all of the challenged regulatory provisions operate together as a *de facto* ban, making it impossible for a gun range to open in the City. Second Am. Compl., ¶ 25. Plaintiffs also argue that, to the extent range construction, operation and use might be "technically feasible," each challenged regulation, on its own, unjustifiably burdens their Second Amendment rights. *Id*.

Less than three weeks ago, another court in this district declared § 8-20-100(a) unconstitutional and permanently enjoined the City from enforcing it (although the effect of the

injunction has been stayed for 180 days).  The City has represented that, rather than appeal, it will abide by this decision and enact new legislation permitting gun sales and transfers. And because Plaintiffs' legal theory relies, at least in part, on the continued existence of § 8-20-100(a), and because the replacement regulations for that provision – which will allow gun sales and transfers in some form – have not yet been enacted, it is not possible to reach the merits of Plaintiffs' claim of a *de facto* ban at this time.  Therefore, for the reasons discussed below, the City requests that the Court stay any further proceedings until the new regulations have been adopted by the Chicago City Council and the parties and the Court can determine how those regulations impact Plaintiffs' remaining claims.

On January 6, 2014, Judge Chang issued a summary judgment order declaring Chicago Mun. Code § 8-20-100(a) (prohibiting gun sales and transfers) and § 17-16-0201 (prohibiting construction and operation of gun stores) unconstitutional under the Second Amendment. *See Illinois Association of Firearm Retailers, et al. v. City of Chicago*, Case No. 10-cv-4184 (N.D. Ill. Jan. 6, 2014) (J. Chang) (Memorandum Opinion and Order ("Order") attached as Exhibit A).  Judge Chang stayed the effect of the judgment until, at the very least, the City determined whether it would appeal the decision or "consider and enact other sales-and-transfer restrictions short of a complete ban." Order, Ex. A, p. 35.  On January 13, the City filed a motion informing the court of its decision not to appeal and requesting a six-month stay of any injunctive relief awarded to the plaintiffs in order to provide the City sufficient time to adequately consider, draft, support, and enact appropriately-tailored regulations.  *See* Defendants' Motion to Stay and Delay the Effective Date of Any Injunction, and For Relief Under Fed. R. Civ. P. 59(e), attached as Exhibit B.  On January 14, the court granted the City's request and issued an order permanently enjoining the City from enforcing Chicago Mun.

Code §§ 8-20-100(a) and 17-16-0201, but staying the effect of the injunction until July 14, 2014. *See* January 14 Minute Order, attached as Exhibit C.

Because §8-20-100(a) has been held unconstitutional, and because there are not yet regulations taking its place, Plaintiffs' challenge to this provision in the context of gun ranges cannot be determined, and the claim should be stayed until regulations are proposed or enacted by the City by July 14, 2014. At that time, the claim will be moot, and it would be a waste of judicial resources to proceed with briefing Plaintiffs' challenge to that provision, much less deciding it, in the few months prior to the amendment. At this point, while it is certain that the ordinance will be replaced by regulations permitting gun sales, it is uncertain what the regulations will be and whether they will, in fact, allow gun sales at gun ranges. Therefore, until the regulations are enacted, there exists only a hypothetical legal issue that is not appropriate for judicial resolution. "A court's opinion on hypothetical statutes . . . would be difficult to characterize as anything but advisory." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 447 (1993). The jurisdictional requirements of Article III ensure that "resources of the federal judiciary are not expended on advisory opinions and hypothetical disputes." *Wisconsin Right to Life v. Schrober,* 366 F.3d 485, 488 (7th Cir. 2004). *See also Jones v. Griffith*, 870 F.2d 1363, 1366 (7th Cir.1989) (dispute "must have ripened into a legal case before a federal court can act; the case must not lie merely in the future").

And because Plaintiffs' challenge to § 8-20-100(a) should be stayed, the rest of the case should be stayed as well. For one, it would be inefficient to proceed with briefing the rest of Plaintiffs' challenges while holding off on § 8-20-100(a); Plaintiffs' claims should be decided all at once rather than piecemeal. Any summary judgment ruling on the individual provisions would be,

3

by definition, incomplete, and final judgment could not be entered. A further round of briefing would then be necessary to address whatever regulations replaced the moot sales ban (assuming Plaintiffs amended their complaint to challenge the new regulations). Accordingly, the logical course is to stay all of the proceedings, and any further briefing by the parties, until the landscape of the new regulatory scheme is known.

Furthermore, Plaintiffs' challenge to § 8-20-100(a) is inextricably intertwined with Plaintiffs' primary legal theory. The main thrust of Plaintiffs' complaint is that the City's firing range regulations, taken as a whole, render the construction and operation of ranges so burdensome and economically infeasible that they act in concert as a *de facto* ban. *See* Second Am. Compl., ¶ 25 (the regulations "work to effectively prohibit ranges from opening and operating by unjustifiably burdening their construction, operation, and use"). The prohibition of firearms sales at firing ranges is a major component of this theory; indeed, other than the two zoning regulations which Plaintiffs discuss together, Plaintiffs devote more space to the sales ban in their summary judgment brief than any other single provision. *See* Memorandum in Support of Plaintiffs' Motion For Summary Judgment, pp. 12-17; see also p. 4, ¶ 11 ("Gun sales are an integral part of the business plan of indoor commercial ranges . . . The lack of firearms sales could make a range unprofitable."). And because that component will be amended, the picture is simply incomplete. It is impossible to know the full scope and impact of a new regulatory scheme for firearms sales on the ability of range operators to build and operate a range until it is known what the regulations will allow and prohibit. In addition, it is possible that the regulatory scheme enacted for firearms sales would impact some of the other related, individual provisions Plaintiffs challenge. Provisions regarding the sale of ammunition (MCC § 4-151-170(b)), or the storage of firearms and ammunition (MCC § 13-96-

4

1190(c)), for example, might be amended or incorporated into the regulations drafted for firearm sales generally. For this reason, the Court should not (and cannot) decide Plaintiffs' claim on the collective impact of the firing range regulations at present.

## II. In the Alternative, Defendant Requests Additional Time to Submit Its Response Brief.

In the alternative, should the Court decide to proceed with the remainder of the case and address the regulations regarding gun sales at firing ranges at a later date (if necessary), the City respectfully requests an additional thirty days, up to and including March 7, 2014, to file its response brief in opposition to Plaintiffs' motion for summary judgment. In addition to their usual workloads, since the last week of December 2013, all three of the City's attorneys primarily responsible for this matter have been involved in TRO hearings: *CityEscape v. City of Chicago*, Case No. 13-CH-28425 (J. Pantle, Circuit Court of Cook County) (William Aguiar and Mary Eileen Cunniff Wells); *Beley v. City of Chicago*, Case No. 12-cv-9714 (J. Wood) (Rebecca Hirsch); and *Friedman, et al. v. City of Chicago*, Case No. 13-cv-7622 (J. Darrah) (Mary Eileen Cunniff Wells). For this reason, as well as considering the impact of the *Illinois Association of Firearms Retailers* decision on the claims in this case, the City needs more time to adequately respond to the issues raised in Plaintiffs' motion.

WHEREFORE, for the reasons set forth above, the City respectfully requests that the Court stay any further proceedings in this case until July 14, 2014 – the date by which the City is scheduled to have enacted a new regulatory scheme allowing for the sale and transfer of firearms – or, in the alternative, that the Court grant the City an additional thirty days, up to and including March 7, 2014, to file its brief in opposition to Plaintiffs' motion for summary judgment.

Stephen R. Patton<br>
Corporation Counsel City of Chicago

By:   /s/ Rebecca Hirsch
       One of Its Attorneys

Mardell Nereim
William M. Aguiar
Andrew W. Worseck
Rebecca Alfert Hirsch
Mary Eileen Cunniff Wells
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0260
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I, Rebecca Hirsch, an attorney, hereby certify that on this, the 24th day of January, 2014, I caused a copy of the forgoing **Defendant's Motion to Stay Proceedings** to be served via electronic notification on:

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street | 739 Roosevelt Road, Suite 304 |
| Suite 405 | Glen Ellyn, IL 60137 |
| Alexandria, VA 22314 | Fax No. 630-596-4445 |
| Fax No. 703-997-7665 | |

                        /s/ Rebecca Alfert Hirsch