**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, ) <br> WILLIAM HESPEN, ACTION TARGET, INC., ) <br> SECOND AMENDMENT FOUNDATION, INC., ) <br> and ILLINOIS STATE RIFLE ASSOCIATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, ) <br> ) <br> Defendant. ) | Case No.: 10 CV 5135 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

NOW COME the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, by and through undersigned counsel, and, for their Response to Defendant's Motion to Stay Proceedings, state the following:

**Plaintiffs consent to a 30 day extension.**

Plaintiffs consent to Defendant's request for a thirty-day extension, based upon its counsel's representations of necessity due to pressing business.

**Plaintiffs oppose a stay based on the *Illinois Association of Firearms Retailers* decision.**

However, a stay of proceedings of any length is unwarranted and, in fact, inappropriate. The City claims that because its total prohibition on gun sales, Chicago Mun. Code § 8-20-100(a), was struck down in *lllinois Association of Firearm Retailers, et al. v. City of Chicago*, Case No. 10-cv-4184 (N.D. Ill. Jan. 6, 2014) (hereinafter "*Retailers*"), and the City has decided not to appeal that decision, this case should be stayed through July 14, 2014, the date on which the

injunction entered in *Retailers* against the current prohibition would go into effect. The City's argument is essentially one against piecemeal litigation. Since, the City claims, Plaintiffs' various claims are intertwined, there would be no point in resolving some of Plaintiffs' claims now, and resolving their challenge to the gun retail prohibition's application to gun ranges later.

But the City's own words demonstrate the fallacy of this proposition. The City claims that "[a]t *that* time," meaning July 14, 2014, "the claim will be moot." Def. Mot. At 3 (emphasis added). The claim is not moot *now*, because the ordinance is still in effect. And critically, the City *does not commit to the mootness of the claim*, because it argues, "it is uncertain what the regulations will be and whether they will, in fact, allow gun sales at gun ranges." *Id.* This admission completely belies the City's later claim that "until the regulations are enacted, there exists only a hypothetical legal issue . . . ." Def. Mot. At 3. There is no hypothetical issue, only the actual state of the law, in which gun sales at firing ranges are completely banned. The only hypothetical is whether the City will capitulate on this issue as to firing ranges, and given the City's history as to this issue, that is unlikely.

In other words, the state of the law is the same as it is at any time, in any constitutional challenge. The government *might* change the law in the future. So what. That is not mootness. The sentiment is appreciated, but Plaintiffs' rights are being violated today, and they have been violated on every day since the law's enactment. The controversy with respect to Section 8-20-100(a) remains live: may the City prohibit the sale of guns at gun ranges? Nothing in the City's pleading reflects an abandonment of that position. The fact that on July 14, 2014, the City's challenged practice may be assigned a different location within the Municipal Code is meaningless.

When the City wants to change its gun ordinance, it has demonstrated the ability to do so in rapid fashion. The post-*McDonald* ordinance was enacted within a space of four days. The firing range ordinance that replaced the ban struck down by the Seventh Circuit in this case was passed in two days. If the City truly wants to moot the challenge to the gun range sales prohibition, it can enact a law that ends the gun range sales prohibition at any time, starting yesterday and continuing through and beyond July 14. In the meantime, the controversy is live and Plaintiffs are entitled to a judgment.

Indeed, if anything, the decision in *Retailers* means that this Court's job, at least with respect to the gun range sales prohibition, is much easier. Because the City has made it crystal clear that it had no reason to prohibit the sale of guns at gun ranges as opposed to at any other retail location. As stated in Plaintiffs' summary judgment motion, Defendant's alleged expert admitted that his entire theory that gun stores are harmful is indistinguishable from the general objection to guns. Cook Deposition, p. 157-60, 203. Likewise, the Defendant's alleged expert admitted that he could not distinguish the harms from gun sales at gun ranges from gun sales at any other location. *Id.* at 209, l. 3-9; *see also* p. 59, l. 5-17; p. 159, l. 16 - 160, l. 2. "[I]f you have a dealer, whether they're located in a shooting range or anywhere else, you have the possibility of those guns going directly into crime in a variety of ways, including the fact that a dealer may be corrupt rather than law-abiding and there may be the possibility of a burglary of that stash of guns." *Id.* at 161, l. 1-7.

In fact, the City's alleged expert had no data at all regarding gun sales from, specifically, gun ranges. Cook Dep., p.71, ln. 9-14. And indeed, the very theory that gun stores, at ranges or otherwise, would lead to increased crime, or that such crime on balance would outweigh the

3

benefits of gun ownership, was merely a matter of pure speculation. *Id.* at p.84, ln.22 – p.85, ln. 7; *Id.* at p.211, ln.23 – p.212, ln.12. The City's alleged expert did not even purport to conduct any cost-benefit analysis. *Id.* at p.92, ln.2-9.

There is no point of allowing the City another five months to possibly reconfirm the gun range sales ban, which has already been litigated here for quite some time, and for which, in the end, the City could locate *no support* beyond that which would support the total sales ban that has been struck down, and which the City will not defend on appeal. A stay on these facts would be a fantastic waste of time for all concerned.

Therefore, the deadlines for opposing the current summary judgment motions should be extended by no more than thirty days.

                            Respectfully submitted,

                            _____/s/ David G. Sigale_____
                            One of the Attorneys for Plaintiffs

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

4

**CERTIFICATE OF SERVICE**

     The undersigned, an attorney of record for the Plaintiffs, hereby certifies that on January 29, 2014, he served a copy of the above Response to Motion to Stay Proceedings, and this certificate of service, on:

     Mardell Nereim, Esq.
     William Macy Aguiar, Esq.
     Andrew W. Worseck, Esq.
     Rebecca Alfert Hirsch, Esq.
     Mary Eileen Cunniff Wells, Esq.
     City of Chicago Department of Law
     30 North LaSalle Street, Suite 1230
     Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF).


                                              /s/ David G. Sigale
                                              David G. Sigale