# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | Case No.: 10 CV 5135 |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF FACTS

NOW COME the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, by and through undersigned counsel, and in Response to Defendant's Local Rule 56.1 Statement of Facts, states as follows:

1. Admit.

2. Admit, except that Brown is aware that the ordinance theoretically allows firing ranges in the City (Defendant's Exh. 3 at 18).

3. Admit, except that Hespen had to undergo a training class to be a Range Safety Officer (Defendant's Exhibit 4 at 17).

4. Admit, except that the Action Target range is also open to guests of the company (Defendant's Exh. 6 at 23).

5. Admit.

6. ISRA allows guests to use its Bonfield range (Defendant's Exh. 8 at 14), and Pearson testified that if the regulations were suitably eliminated, ISRA would do the research and business plans to attempt to open a firing range in Chicago (Defendant's Exhibit 8 at 115-16). Admit remainder of Paragraph 6.

7. Admit.

8. Plaintiffs' Second Amended Complaint speaks for itself, and Plaintiffs object as to any legal conclusions and make no answer thereto.

9. Admit, except Plaintiffs assert that whatever other purpose the City had in enacting the July, 2011 gun range ordinance, it was done in the hopes that passage would moot this suit (Defendant's Exh. 10 at 4), since an unfavorable (to the Defendant) Opinion from the Seventh Circuit was a "distinct possibility." *Id.* at 6.

10. Admit, except that Kramer will get involved in business planning of his clients in the context of whether a particular site would be a good business location for a firing range." Kramer Dep. (Plaintiffs' SJ Exh.9), p.53-54.

11. Admit.

12. Admit.

13. Admit.

14. Admit, except that Valenziano does not know how many parcels are in the City (Defendant's Exh. 18 at 48).

15. Admit.

16. Admit.

17. Admit that Paragraph 17 reflects Scudiero's testimony, but Scudiero has no data that any "criminal activity" impact would actually occur (Defendant's Exh. 20 at 44).

18. Admit first and second sentences. Admit the remainder is Lt. Johnson's testimony, but that it is all speculation and he has no data to support any of it (Defendants' Exh. 21 at 169).

19. Admit, but gun ranges are also compatible with commercial uses (Plaintiffs' Exh. 10 at 288-89).

20. Admit, though Plaintiffs acknowledge that lead containment and filtration is important, and that the articles in Defendants' Exhibit 25 are irrelevant, as two isolated incidents are not probative of anything. Further, one fire described in Exhibit 25 is exactly one reason why Plaintiffs maintain floor drains are unsafe and should not be required (Plaintiffs' Exh. 10 at pp.231-232). The other was caused by unauthorized bullets that are not an issue in this case.

21. Admit, though Hart testified the zoning ordinance is very limiting in where a firing range could locate (Defendant's Exh. 26 at 68). Further, to Plaintiffs' knowledge, regardless of whether Deon Roebuck found a location within the zoning and location requirements, to Plaintiffs' knowledge Mr. Roebuck has not opened a range.

22. Admit.

23. Plaintiffs assert the referenced documents speak for themselves.

24. Admit the testimony and assert that the referenced documents speak for themselves.

25. Admit, but Hart also testified that the City's regulations make opening a gun range a higher risk that increases the unlikelihood of securing funding (Defendants' Exh.6 at 45).

26. Deny. Hart's statement that his estimate was a guess was not a guess that opening a gun range in Chicago would cost more than doing it elsewhere, but only as to the extent and degree (*See* Defendants' Exhibit 6 at 164). Admit remainder.

27. Admit.

28. Objection, Fahlstrom was not disclosed to speak on 13-96-1160 (Plaintiffs' Exh. 12 at 15-16). To the extent such testimony is not objectionable, Fahlstrom's declaration speaks for itself.

29. Deny. Fahlstrom was testifying as to documents he reviewed, not what went into the Building Code. Admit remainder.

30. Plaintiffs assert the referenced documents speak for themselves. Deny statement of Hart, as he said while he has heard of back wall impacts from range owners, he has not seen it (Defendant's Exh. 6 at 88). Admit remainder.

31. Admit.

32. Admit first sentence. Deny as mischaracterizing Kramer's testimony as to pages 188-190. Admit remainder.

33. Objection, Fahlstrom was not disclosed to testify regarding 13-96-1210(d). To the extent his declaration is not objectionable, it speaks for itself, as does the ordinance. Admit remainder.

34. Objection, Fahlstrom was not disclosed to testify regarding 13-96-1210(d). To the extent his declaration is not objectionable, it speaks for itself, as does the ordinance.

35. Plaintiffs assert the referenced documents speak for themselves.

36. Admit.

37. Admit, except that Kramer's objection to 17-96-1210(d) is also that it is largely unnecessary (Defendant's Exh. 17 at 254.

38. Plaintiff asserts the Ordinance speaks for itself.

39. Objection, Fahlstrom was not disclosed to testify regarding 13-96-1210(e). To the extent his declaration is not objectionable, it speaks for itself, as does the ordinance.

40. Plaintiffs assert that the referenced documents speak for themselves.

41. Admit.

42. Admit.

43. Plaintiffs assert the Ordinance speaks for itself.

44. Plaintiffs assert all referenced documents speak for themselves, but deny the wet cleaning method is preferred or even safe (*See* Plaintiffs' Exh. 9 at 274-76). The Lafayette, Indiana statute (Defendant's Exh. 37) is from 1983, well before the safety standards changed. The New Jersey statute (Defendant's Exh. 34) is from 1994. Admit remainder.

45. Admit.

46. Admit.

47. Admit the first sentence. Deny the remainder because while the 8:00PM-8:00AM time period for noise enforcement would seem to exempt firing ranges, the language of the range ordinance requires firing ranges to comply with the noise restrictions at all times, making it the only type of business with such a restriction.

48. Admit.

49. Admit the first sentence, though Giordano still testified the noise restriction is unfair to the firing range as every other business in manufacturing zones is exempt from noise requirements (Defendant's Exh.16 at 203-04). Admit remainder.

50. Admit.

51. Plaintiffs assert the ordinance speaks for itself.

52. Admit, except that no one is aware of any material that is both smooth and non-porous and simultaneously sound-absorbent.

53. Admit the Hart statement, and assert the referenced documents speak for themselves.

54. Admit.

55. Plaintiffs assert the ordinance speaks for itself.

56. Objection, Fahlstrom was not disclosed to testify regarding 13-96-1190(c)(2)(d). To the extent his declaration is not objectionable, it speaks for itself, as does the ordinance.

57. Admit.

58. Admit.

59. Plaintiffs assert the ordinance speaks for itself.

60. Admit the testimony and assert the referenced document speaks for itself.

61. Admit.

62. Admit.

63. Admit the testimony, and assert the referenced document speaks for itself.

64. Plaintiffs assert the ordinance speaks for itself.

65. Object to the use of a self-serving Interrogatory answer as supposed evidence. To the extent the offering is not objectionable, admit. Admit the Kramer testimony.

66. Admit.

67. Admit.

68. Plaintiffs assert the ordinance speaks for itself.

69. Admit the fact of Krimbel's testimony but deny its accuracy, as she admits it is speculation (Plaintiffs' Exh. 11 at 147), and is not aware of any other city where a shooting range

open past 8:00pm had any negative impact on public health and safety (*Id.* at 149). Further, Plaintiffs object to the use of a self-serving Interrogatory answer as supposed evidence. To the extent the offering is not objectionable, admit.

70. Admit.

71. Admit.

72. Plaintiffs assert the ordinance speaks for itself.

73. Admit Cook's experience and that he has opinions regarding the sale of firearms. However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

74. Admit. However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

75. Admit that this paragraph contains Cook's testimony. However, Cook is not personally concluding that there should be a ban on gun sales in Chicago (Plaintiffs' Exh. 18 at 79). He is not opining that the solution to the high rate of minority-on-minority homicide is to ban law-abiding people from being able to purchase firearms for self-defense. Nor is he opining that the solution is to ban law-abiding people from selling firearms to other law-abiding people for self-defense purposes (*Id.* at 89-90). However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on

this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

76. Admit the stated testimony but Johnson also testified that when straw purchasing happens it is the straw purchaser's fault, not the gun store (Defendant's Exh. 21 at 44). However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

77. Admit, though Johnson is unaware of any instance where the location of a firing range increased the risk to public safety or resulted in a criminal act (Defendant's Exh.21 at 161). Also, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

78. Plaintiffs assert the referenced documents speak for themselves. However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

79. Admit, though none of the examples offered by Defendant are for-profit commercial ranges, and the ISRA range is a non-profit enterprise. However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

80. Admit, though the ranges mentioned by Hart were brand new and to remains to be seen whether they are profitable (Defendant's Exh. 6 at 61). However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

81. Admit. However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on firearms sales at ranges in the City is unconstitutional.

82. Plaintiffs assert the ordinance speaks for itself.

83. Admit.

84. Admit.

85. Plaintiffs assert the ordinance speaks for itself.

86. Object to the use of a self-serving Interrogatory answer as supposed evidence. To the extent the offering is not objectionable, admit. Plaintiffs deny the ammunition restrictions serve any governmental interest, but admit the remainder. However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on ammunition sales at ranges in the City is unconstitutional.

87. Admit as to SAF; Admit as to ISRA except that ISRA attempted to look for locations and stopped due to the restrictions. However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184,

the law on this issue should be held to be the same in this matter, namely, that the outright ban on ammunition sales at ranges in the City is unconstitutional.

88. Admit. However, in light of Judge Chang's ruling on January 6, 2014 in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184, the law on this issue should be held to be the same in this matter, namely, that the outright ban on ammunition sales at ranges in the City is unconstitutional.

89. Plaintiffs assert the ordinance speaks for itself.

90. Object to the use of a self-serving Interrogatory answer as supposed evidence. To the extent the offering is not objectionable, admit except for the characterization of "undesirable" in the first sentence. Admit remainder.

91. Admit testimony and assert the referenced ordinances speak for themselves.

92. Admit.

93. Admit.

94. Admit.

95. Objection, irrelevant as the examples cited have nothing to do with commercial public ranges. To the extent the offering is not objectionable, admit.

96. Admit as of the time the testimony was given.

Respectfully submitted,

    /s/ David G. Sigale    
One of the Attorneys for Plaintiff

Alan Gura (Admitted pro hac vice)     David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC     Law Firm of David G. Sigale, P.C.
105 Oronoco Street, Suite 305     739 Roosevelt Road, Suite 304
Alexandria, VA 22314     Glen Ellyn, IL 60137
703.835.9085/Fax 703.997.7665     630.452.4547/Fax 630.596.4445
alan@gurapossessky.com     dsigale@sigalelaw.com

## CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

1. On March 7, 2014, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                /s/ David G. Sigale
                                                One of the Attorney for Plaintiffs

| | |
|---|---|
| Alan Gura (Admitted pro hac vice) | David G. Sigale (Atty. ID# 6238103) |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 105 Oronoco Street, Suite 305 | 739 Roosevelt Road, Suite 304 |
| Alexandria, VA 22314 | Glen Ellyn, IL 60137 |
| 703.835.9085/Fax 703.997.7665 | 630.452.4547/Fax 630.596.4445 |
| alan@gurapossessky.com | dsigale@sigalelaw.com |