IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 10-CV-5135 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS AS MOOT**

Defendant the City of Chicago (the "City"), by and through its counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby files this Motion to Dismiss Certain Claims as Moot. In support thereof, the City shows as follows.

On June 25, 2014, the Chicago City Council passed legislation allowing for the sale and transfer of firearms within the City, subject to reasonable regulations. *See* Authorizing Amendment of Municipal Code Titles 2, 4, 8, 13, 15, and 17 Concerning Sale and Transfer of Firearms (hereinafter the "Ordinance"), attached as Exhibit A. In addition to specifically allowing for firearm and ammunition sales at shooting range facilities, the Ordinance eliminates or amends several other provisions of the City's regulatory scheme for shooting ranges (collectively referred to as the "Shooting Range Ordinance") that Plaintiffs challenge, and that are before the Court on the parties' cross-motions for summary judgment.

The affected provisions are as follows:

**A. Firearm Sales**

Plaintiffs challenge § 8-20-100(a) to the extent that it prohibited firearm sales at shooting ranges. This prohibition has been eliminated, and the Ordinance now specifically allows for

1

firing ranges to sell firearms as part of their operations, so long as the combined sales of such firearms and ammunition does not exceed 20% of the total floor area of the facility. *See* Ex. A at 32 (§ 17-5-0207).

### B. Ammunition Sales

Plaintiffs challenge Chicago Mun. Code § 4-151-170(b), which provided that, while ammunition may be purchased at a shooting range, the licensee "shall ensure that no shooting range patron leaves the shooting range facility with any ammunition purchased from the licensee." The restriction on purchasing ammunition only for use at the range has been lifted: The Ordinance now provides that a "licensee may engage in the retail sale of ammunition or firearms when the licensee obtains a firearms dealer license pursuant to Chapter 4-144; provided that no more than 20% of the total floor area shall be used for the retail sale of firearm and ammunition." *See* Ex. A at 25 (§ 4-151-170(b)(1)).

### C. Cleaning Methods

The Shooting Range Ordinance previously required the "wet cleaning" method for the cleaning and removal of lead particulate from the floor and range surfaces, and provided for certain building requirements to ensure effective compliance with this method. In particular, the Shooting Range Ordinance required that: (a) the range floors slope at a minimum of ¼ inch per foot (§13-96-1200(b)(7)); and (b) the firing range have a hose with back flow protection and floor drains installed at the bullet traps to collect lead and other hazardous materials in a separate drainage system (§13-96-1220(b) and (c)). Plaintiffs challenge these requirements as unconstitutional because they argue that the "dry cleaning" method that utilizes a HEPA vacuum is the safer, and industry-preferred, cleaning method.

The Ordinance amends these provisions to no longer mandate "wet cleaning." Instead, it

allows for a choice between wet and dry cleaning methods. Specifically, it provides that "the shooting range facility shall be equipped with a lead particulate removal system, such as HEPA vacuum or other such system approved by the commissioner of public health, or a lead particulate removal system that removes the lead particulate using water…" Ex. A at 29 (§ 13-96-1200(b)(10)). It further provides that, if a shooting range uses a water-based removal system, it must include "a floor drain at the backstop/bullet trap that collects lead and other hazardous waste material in a separate drainage system to an approved collection device or treatment system that complies with applicable local, state or federal laws and standards." Ex. A at 29 (§ 13-96-1200(b)(11)).

In addition, the Ordinance eliminates the sloped floor requirement in §13-96-1200(b)(7) in its entirety. Ex. A at 28 (§13-96-1200(b)(7)).

### D. Deleterious Impact Standard

Plaintiffs challenge Chicago Mun. Code § 4-151-030(f), which provided that the commissioner may deny an application for a shooting range facility license "if the issuance or renewal of such license would have a deleterious impact on the health, safety or welfare of the community in which the shooting range facility is located." The Ordinance eliminates this provision in its entirety. *See* Ex. A at 21.

### E. Storage Requirements

Plaintiffs challenge Chicago Mun. Code §13-96-1190(c)(2)(d), which stated that a "shooting range facility shall include . . . if ammunition or firearms or stored, a magazine or hazardous storage facility appropriate for the type and amount of ammunition or firearms, as provided in the rules and regulations promulgated by the police or fire department." The Ordinance has eliminated the requirement that ammunition or firearms must be stored in a

3

magazine or other hazardous storage facility. *See* Ex. A at 27-28. Instead, it has been amended to provide that the fire commissioner shall promulgate rules and regulations that "shall require that the storage of ammunition at the licensed premises of firearms dealer or shooting range facility shall be stored in a separate enclosed area that is secure and equipped with an automatic sprinkler system." Ex. A at 30 (§15-4-985(b)(3)).

### F. Sound Absorbing Materials

Plaintiffs challenge §13-96-1200(b)(2), which required the shooting range facility to be equipped with "air borne and structure borne sound absorbing materials," as inconsistent with the Shooting Range Ordinance's other requirement that the floors, ceilings and walls of the shooting range "be constructed of smooth, non-porous materials to facilitate effective maintenance and cleaning and removal of lead particulate." §13-96-1200(b)(7). The Ordinance eliminates the sound-absorbing material requirement from §13-96-1200(b)(2) in its entirety. *See* Ex. A at 28.

\* \* \* \* \*

An injunction against enforcement of a statute or law cannot lie where that law is no longer in effect, and such claims automatically become moot. *See, e.g.*, *Federation of Advertising Ind. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) (a "repeal, expiration, or significant amendment to challenged legislation ends the ongoing controversy and renders moot a plaintiff's request for injunctive relief"); *Rembert v. Sheahan,* 62 F.3d 937, 940 (7th Cir. 1995) ("The complete repeal of a challenged statute naturally renders a request for an injunction against application of that statute moot."). The provisions Plaintiffs challenge above have either been completely eliminated, or substantively amended so as to remove the portions Plaintiffs challenge as unconstitutional in their motion for summary judgment. Accordingly, because Plaintiffs seek injunctive relief only, the above claims are now

moot and should be dismissed.

Moreover, these amendments confirm that Plaintiffs cannot succeed on their claim that the cumulative effect of the provisions of the Shooting Range Ordinance effectively creates a *de facto* ban on all shooting ranges within the City. As the City previously demonstrated, Plaintiffs have produced no evidence showing that a gun range would have been constructed and operated by a ready, willing, and able gun range owner, but for the combined effect of the regulatory provisions. *See, e.g.*, Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment at 35-37; Defendant's Response in Opposition to Plaintiffs' Motion for Summary Judgment at 2-6. Thus, Plaintiffs failed to substantiate their *de facto* ban claim, even when all of the challenged provisions were at issue. The elimination of the above provisions of the Shooting Range Ordinance can only reduce the overall regulatory impact on ranges, and therefore further closes the door on this claim and further supports summary judgment in favor of the City.

July 2, 2014                              Respectfully Submitted,

                                          Stephen R. Patton
                                          Corporation Counsel City of Chicago

                                          By:    /s/ Rebecca Hirsch
                                                 One of Its Attorneys

Mardell Nereim
William M. Aguiar
Andrew W. Worseck
Rebecca Alfert Hirsch
Mary Eileen Cunniff Wells
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0260
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I, Rebecca Hirsch, an attorney, hereby certify that on this, the 2nd day of July, 2014, I caused a copy of the forgoing **Defendant's Motion to Dismiss Claims as Moot** to be served via electronic notification on:

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street | 739 Roosevelt Road, Suite 304 |
| Suite 405 | Glen Ellyn, IL 60137 |
| Alexandria, VA 22314 | Fax No. 630-596-4445 |
| Fax No. 703-997-7665 | |

/s/ Rebecca Hirsch