IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10 CV 5135 |
| v. | ) ) | |
| CITY OF CHICAGO, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS AS MOOT**

COME NOW the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, by and through undersigned counsel, and submit their Response to the Defendant's Motion to Dismiss Certain Claims as Moot.

**INTRODUCTION**

Since the filing of Plaintiffs' current Second Amended Complaint and pending Motion for Summary Judgment, the City has continued to tweak its challenged gun range ordinances. This continues the periodic amending to the gun range ordinances the City has engaged in ever since it was originally passed in July, 2011. Most recently, on June 25, 2014, the City again repealed and/or amended certain of its gun range ordinances. As discussed herein, the Plaintiffs' challenges to the newly-repealed and/or newly-amended ordinances are mooted by the City's actions. However, this does not impact the challenges to the unaffected ordinances,

either when viewed individually or cumulatively.[1]

**ARGUMENT**

**Plaintiffs agree the claims regarding ordinances that have been repealed are moot.**

Plaintiffs acknowledge that the City has repealed some of the ordinances that are the subjects of the challenges of Paragraph 25 of the current Second Amended Complaint. Therefore, those claims are moot as Plaintiffs have already received the relief they sought in those Counts. These mooted claims are:

- Ban on firearm sales (MCC § 8-20-100(a));

- Ban on ammunition sales except for use at a range (MCC § 4-151-170(b));

- "Wet cleaning" and floor drain requirements (MCC § 13-96-1220(b),(c));

- Sloped Floor requirement (MCC § 13-96-1200(b)(7));

- "Deleterious impact" standard and discretion (MCC § 4-151-030(f));

- Storage Requirements (MCC § 13-96-1190(c)(2)(d));

- Sound Absorbing Material Requirement (MCC § 13-96-1200(b)(2)).

**That certain claims are mooted does not mean the remaining challenged-ordinances are constitutional, either by themselves or in conjunction with others.**

However, Defendant simply misstates Plaintiffs' arguments with regard to the effect of the repeal of the above-referenced challenged ordinances. Plaintiffs have never argued that all the challenged ordinances in a specific combination alone add up to unconstitutionality, as if removing one somehow negates the effect of all the others. Plaintiffs assert that each of the

---

[1] Further, Plaintiffs reserve their claim to Section 1988 fees as to the repealed/amended ordinances, though they acknowledge their argument against the Supreme Court's ruling in *Buckhannon* would need to be addressed by that Court.

challenged restrictions is unconstitutional. But if the Court were to believe that the impact of any of these restrictions does not rise to the level of being unconstitutional, nothing precludes the Court from considering the cumulative impact of these restrictions on range operation.

Plaintiffs specifically allege that the challenged provisions "work to effectively prohibit ranges from opening and operating by unjustifiably burdening their construction, operation and use. In the alternative, to the extent range construction, operation and use might be technically feasible under the ordinance, such construction, operation and use is unjustifiably burdened by the challenged provisions." (Dkt. 200 at p.5, ¶25; *See also* Dkt. 200 at pp.12-13, ¶¶46-47.) This is why Plaintiffs seek: "[a]n order preliminarily and permanently enjoining Defendant . . . from enforcing all sections of the Municipal Code of Chicago listed in Paragraph 25, above, or any other law, as against the ordinary operation and use of gun ranges open to the public." (Dkt. 200 at p.14.)

Put simply, there are still many aspects of the current gun range requirements, *both individually and cumulatively*, that work to place an unconstitutional burden on the construction, use and operation of a firing range. These include noise restrictions, zoning restrictions, location restrictions, FOID card requirement for patrons and employees, the ban on patrons under the age of 18 even with adult supervision, restrictions on hours of operation, as well the other operation and construction requirements.

Therefore, it is untrue that the elimination/amendment of the ordinances referenced in Defendant's Motion moot out the entire case or make the overall regulatory scheme somehow constitutional. While the elimination/amendment of certain ordinances of course lessens the burden, it is by no means eliminated or even reduced to constitutional limits.

WHEREFORE, the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, respectfully request this Honorable Court to deny Defendants' Motion beyond the directly repealed and/or amended ordinances, and to grant Plaintiffs any and all relief deemed just and proper.

Respectfully submitted,

/s/ David G. Sigale
One of the Attorneys for Plaintiffs

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

     1.     On July 24, 2014, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

     2.     Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                       /s/ David G. Sigale
                       One of the Attorneys for Plaintiffs