IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 10-CV-5135 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS CERTAIN CLAIMS AS MOOT**

Defendant the City of Chicago (the "City"), by its counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby files this Reply in Support of Its Motion to Dismiss Certain Claims as Moot.

Plaintiffs concede in their response that the claims affected by the Authorizing Amendment of Municipal Code Titles 2, 4, 8, 13, 15, and 17 Concerning Sale and Transfer of Firearms (hereinafter the "Ordinance"), enacted on June 25, 2014, are now moot. *See* R. 274, Plaintiffs' Response to Defendant's Motion to Dismiss Certain Claims as Moot ("Pls.' Resp.") at 2 ("Plaintiffs acknowledge that the City has repealed some of the ordinances that are the subjects of the challenges in Paragraph 25 of the Second Amended Complaint . . . Therefore, those claims are moot as Plaintiffs have already received the relief they sought in those Counts."). Accordingly, the City's Motion should be granted and the following claims dismissed as moot:

- Ban on firearm sales (MCC § 8-20-100(a));
- Ban on ammunition sales except for use at range (MCC § 4-151-170(b));
- "Wet cleaning" and floor drain requirements (MCC §§13-96-1220(b) and (c));
- Sloped floor requirement (MCC §13-96-1200(b)(7));

- Firearms and ammunition storage (MCC §13-96-1190(c)(2)(d));

- "Deleterious Impact" standard (MCC § 4-151-030(f)); and

- Sound absorbing materials requirement (MCC §13-96-1200(b)(2)).

Moreover, as the City explained in its motion, the removal of these provisions further diminishes Plaintiffs' claim that the cumulative effect of the regulations creates a *de facto* ban on all firing ranges within the City. And Plaintiffs agree: In their response, they acknowledge that the removal of these provisions weakens their *de facto* ban claim. *See* R. 274, Pls.' Resp. at 3 ("[w]hile the elimination/amendment of certain ordinances of course lessens the burden. . . ). Thus, while Plaintiffs already could not show that the regulations unconstitutionally burden their Second Amendment rights, either individually or collectively, the recent amendments further support summary judgment in the City's favor.

Dated: July 31, 2014                                      Respectfully Submitted,

                                                        Stephen R. Patton
                                                        Corporation Counsel City of Chicago

                                                        By:    /s/ Rebecca Hirsch
                                                               One of Its Attorneys

Mardell Nereim
William M. Aguiar
Andrew W. Worseck
Rebecca Alfert Hirsch
Mary Eileen Cunniff Wells
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0260
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I, Rebecca Hirsch, an attorney, hereby certify that on this, the 31st day of July, 2014, I caused a copy of the forgoing **Defendant's Reply in Support of Its Motion to Dismiss Claims as Moot** to be served via electronic notification on:

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street | 739 Roosevelt Road, Suite 304 |
| Suite 405 | Glen Ellyn, IL 60137 |
| Alexandria, VA 22314 | Fax No. 630-596-4445 |
| Fax No. 703-997-7665 | |

                                                      /s/ Rebecca Hirsch