**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RHONDA EZELL, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 10-CV-5135** |
| **v.** | ) | |
| | ) | **Judge Virginia M. Kendall** |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STATEMENT REGARDING MOOTED AND REMAINING CLAIMS**

Pursuant to the Court's order of August 4, 2014, the Parties hereby submit this joint statement of claims mooted by the Authorizing Amendment of Municipal Code Titles 2, 4, 8, 13, 15, and 17 Concerning Sale and Transfer of Firearms (the "Ordinance"), enacted on June 25, 2014, and the claims that remain at issue in the case.

**I.**     **Plaintiffs' Claims Mooted By The Ordinance.**

The following claims were mooted by passage of the Ordinance:

- the provision allowing the commissioner of the City's Department of Business Affairs and Consumer Protection to deny a shooting range license application based on the "deleterious impact" to the surrounding neighborhood (§ 4-151-030(f));

- the ban on firearm sales at ranges (MCC § 8-20-100(a));

- the requirement that ammunition and firearms be stored in a magazine or other hazardous storage facility appropriate for the type and amount, and as provided by rules and regulations promulgated by the police or fire department (§ 13-96-1190(c)(2)(d));

- the requirement that the floors, ceilings, and walls of the firing range be constructed with smooth, non-porous materials to effectuate maintenance and cleaning, and also have airborne and structure borne sound absorbing material suspended or applied (§13-96-1200(b)(2) and (7)), given the repeal of that portion of 13-96-1200(b)(2);

- the requirement that firing range floors slope at a minimum of 1/4 inch per foot (§ 13-96-1200(b)(7));

- the requirement that the firing range have a hose bib with backflow protection and floor drains installed at the bullet traps to collect lead and other hazardous materials in a separate drainage system (§§ 13-96-1220(b) and (c)); and

- the requirement that range patrons may not leave with ammunition purchased at the firing range (§ 4-151-170(b)).

## II. Claims Remaining In Controversy Between The Parties.

The following claims remain at issue between the parties in their pending cross-motions

for summary judgment:

- the requirement that shooting ranges may operate between 9 a.m. and 8 p.m., daily (§ 4-151-090);

- the requirement that a range master be present during all operating hours (§ 4-151-100(b));

- the requirement that range patrons must be 18 years or older (§ 4-151-100(d));

- the requirement that range patrons have FOID cards, if required by state law (§ 4-151-100(g)(1)) and that employees have FOID cards (§ 4-151-030(b)(6));

- the requirement that gun ranges be 500 feet from residential zones, schools, day-care facilities, places of worship, places licensed for the retail sale of alcohol, children's activity facilities, museums, libraries, or hospitals, and 100 feet from another gun range (§ 17-9-0120);

- the provision allowing the City's relevant commissioner to promulgate rules and regulations regarding the cleaning of, sound and air quality control at, and discharge of waste from firing ranges (§ 11-4-260);

- the requirement that the firing range be constructed with materials sufficient to stop all bullets or projectiles from penetrating beyond the enclosure (such as with armor plating) (§ 13-96-1160(a));

- the requirement that the maximum noise emanating from the firing range be no more than 55 db when measured from a distance of 100 feet or more from the source and no more than 70 db when measured from 10 feet or more from the source (§ 13-96-1200(b)(2));

- the requirement that where a shooting range facility contains multiple ranges at one location, it have separate ventilation and exhaust systems for each range (§ 13-96-1210(d));

- the requirement that the air supply and exhaust systems be electrically interlocked to turn on each system at the same time (§ 13-96-1210(e));

- the requirement that gun ranges be located only in manufacturing districts with special use approval (§ 17-5-0207); and

- the claim that the cumulative effect of the regulations creates a *de facto* ban on firing ranges within the City of Chicago.

Dated:  August 11, 2014                                    Respectfully submitted,

For Plaintiffs:                                                      For Defendant:

By:  /s/  David G. Sigale                                      Stephen R. Patton
     One of Their Attorneys                               Corporation Counsel City of Chicago

Alan Gura (admitted *pro hac vice*)                 By:      /s/ Mary Eileen Cunniff Wells
Gura & Possessky, PLLC                                         One of Its Attorneys
105 Oronoco Street, Suite 305
Alexandria, VA 22314                                         Mardell Nereim
703.835.9085                                                        William M. Aguiar
alan@gurapossessky.com                                 Andrew W. Worseck
                                                                         Rebecca Alfert Hirsch
David G. Sigale, Esq. (#6238103)                    Mary Eileen Cunniff Wells
LAW FIRM OF DAVID G. SIGALE, P.C.          City of Chicago, Department of Law
739 Roosevelt Road, Suite 304                       Constitutional and Commercial Litigation
Glen Ellyn, IL 60137                                         Division
630.452.4547                                                       30 North LaSalle Street, Suite 1230
dsigale@sigalelaw.com                                    Chicago, Illinois 60602
                                                                         (312) 742-0260

*Attorneys for Plaintiffs*
                                                                         *Attorneys for Defendant*