# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA EZELL, et al., | ) | Case No. 10-CV-5135 |
| | ) | |
| Plaintiffs, | ) | **NOTICE OF APPEAL** |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN** that Rhonda Ezell, Joseph I. Brown, William Hespen,

Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association,

plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the

Seventh Circuit from the final judgment, Dkt. 281, and the corresponding Memorandum Opinion

and Order, Dkt. 280, entered in this action on the 29th day of September, 2014.

By this appeal, Plaintiffs will ask the Court of Appeals to reverse the judgment and orders of

the district court and grant such other relief as they may be entitled to on this appeal.

Dated: October 21, 2014                    Respectfully submitted,

Alan Gura (admitted pro hac vice)          David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC                     Law Firm of David G. Sigale, P.C.
105 Oronoco Street, Suite 305              739 Roosevelt Road, Suite 304
Alexandria, VA 22314                       Glen Ellyn, IL 60137
703.835.9085/Fax 703.997.7665             630.452.4547/Fax 630.596.4445

By: /s/ Alan Gura/                         By: /s/ David G. Sigale/
    Alan Gura                                  David G. Sigale

                                           Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney of record for the plaintiffs, hereby certifies that on October 21, 2014, he filed the above Notice of Appeal, and this certificate of service, via CM/ECF, thereby effecting service on all counsel of record.


/s/ Alan Gura
Alan Gura

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:  10cv5135

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Rhonda Ezell, et al. | | City of Chicago |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | David G. Sigale | Name | Michael A. Forti |
| Firm | Law Firm of David G. Sigale, P.C. | Firm | Illinois Department of Transportation |
| Address | 799 Roosevelt Road Suite 207 Glenn Ellyn, IL 60137 | Address | 100 W. Randolph Street Suite 6-600 Chicago, IL 60601 |
| Phone | (630) 452-4547 | Phone | (312) 793-2255 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Virginia M. Kendall | Date Filed in District Court | 8/16/2010 |
| Court Reporter | G. McGuigan | Date of Judgment | 9/29/14 |
| Nature of Suit Code | 950 | Date of Notice of Appeal | 10/21/14 |

COUNSEL:        Appointed [  ]        Retained [ x ]        Pro Se [  ]

FEE STATUS:        Paid [ x ]        Due [  ]        IFP [  ]

IFP Pending [  ]        U.S. [  ]        Waived [  ]

Has Docketing Statement been filed with the District Court Clerk's Office?        Yes [  ]        No [ x ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [  ]        Denied [  ]        Pending [  ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshal number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RHONDA EZELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 10 C 5135 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Chicago residents Rhonda Ezell, Joseph Brown, and William Hespen, along with organizations, Action Target, Inc., Second Amendment Foundation, Inc., and the Illinois State Rifle Association brought this action against the City of Chicago, alleging that various regulations within the Municipal Code of Chicago ("MCC") regarding firing range facilities are unconstitutional. The Plaintiffs claim that the challenged regulations burden the installation of a range and therefore violate their Second Amendment right to acquire and maintain proficiency in the use of firearms. *See Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011) ("The right to possess firearms for protection implies a corresponding right to acquire and maintain proficiency in their use; the core right wouldn't mean much without the training and practice that make it effective."). The Plaintiffs specifically challenge eleven remaining regulations[1] generally falling

---

[1] A number of the Plaintiffs' claims were mooted by the City's amendments to its regulations, including the June 25, 2014 passage of the Authorizing Amendment of Municipal Code Titles 2, 4, 8, 13, 15, and 17 Concerning Sale and Transfer of Firearms. *See* Dkt. 278; *see also Illinois Ass'n of Firearms Retailers v. City of Chicago*, 961 F. Supp.2d 928, 947 (N.D. Ill. 2014) (holding City's banning of gun sales and transfers unconstitutional). The Plaintiffs' claims regarding MCC §§ 4-151-030(f) ("deleterious impact" standard for denying firing range application); 8-20-100(a) (ban on firearm sales at ranges); 13-96-1190(c)(2)(d) (hazardous storage facility requirement); 13-96-1200(b)(2) (smooth yet also sound absorbing construction requirement); 13-96-1200(b)(7)

into three categories: (1) zoning restrictions; (2) construction requirements; and (3) business operations. The Plaintiffs maintain that each challenged regulation is unconstitutional by itself, but alternatively argue that the cumulative effect of the regulations creates a *de facto* ban on firing ranges within the City. Additionally, the Plaintiffs allege that the regulations unconstitutionally infringe upon their First Amendment right to free speech. Both parties have moved for summary judgment. For the following reasons, the Plaintiffs' Motion for Summary Judgment (Dkt. 230) is granted in part and denied in part and the City's Motion for Summary Judgment (Dkt. 222) is granted in part and denied in part. The City's Motion to Dismiss Claims as Moot (Dkt. 269) is itself dismissed as moot pursuant to the parties' joint statement regarding remaining claims (Dkt. 278).

## FACTS

### A. Parties

Rhonda Ezell, Joseph Brown, and William Hespen are Chicago residents who want access to a firing range within the city. (Def. 56.1 St. ¶¶ 1-3; Pl. 56.1 St. ¶¶ 1, 2, 4). Action Target designs, builds, and furnishes firing ranges throughout the United States. (Def. 56.1 St. ¶ 4). The Second Amendment Foundation and the Illinois Rifle Association are nonprofit organizations that advocate for Second Amendment rights and the members of the organizations are firearms enthusiasts. (Def. 56.1 St. ¶¶ 5-6). The Illinois Rifle Association is interested in bringing a mobile firing range to Chicago; however, it is concerned with the current state of regulations and has yet to determine what a range in Chicago would cost. (*Id.*; Pl. 56.1 St. ¶ 5).

After the Seventh Circuit concluded that the Plaintiffs had a strong likelihood of success on their claim that a blanket ban on firing ranges within the City was unconstitutional, *see Ezell*

---

(sloped floor requirement); 13-96-1220(b) and (c) ("wet cleaning" requirement); and 4-151-170(b) (ammunition retention requirement) are no longer at issue.

*v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011), the City enacted a comprehensive regulatory scheme encompassing licensing provisions, construction requirements, environmental regulations, and zoning restrictions for firing ranges on July 6, 2011. (Def. 56.1 St. ¶ 9). The regulations were amended on September 8, 2011, January 17, 2013, September 11, 2013, and June 25, 2014. (*Id.*; *see also* Dkt. 278). While short of a complete ban on ranges, the Plaintiffs challenge the constitutionality of a number of the City's regulations.

### B. Zoning Restrictions

Under MCC § 17-5-0207, firing ranges may only be located in a manufacturing district as a special use. (Def. 56.1 St. ¶¶ 12, 16). The special use process requires a public hearing before the City's Zoning Board of Appeals to determine whether the use should be allowed. (Def. 56.1 St. ¶ 16; Pl. 56.1 St. ¶ 75). Section 17-9-0120 further provides that shooting ranges may not be located within 100 feet of another shooting range; 500 feet of any residential zoning district; or 500 feet of any pre-existing school, day-care facility, place of worship, premises licensed for the retail sale of liquor, children's activities facility, library, museum, or hospital. (*Id.*). Of the 32,000 acres zoned for business, commercial, and manufacturing uses, 3,386 acres of property meet the requirements of Sections 17-5-207 and 17-9-0120. (Def. 56.1 St. ¶ 14).

Patti Scudiero, the City's Zoning Administrator, testified that the City imposes zoning restrictions because the transportation and use of guns and ammunition could have an impact on the health, safety, and welfare of individuals surrounding a gun range. (Def. 56.1 St. ¶ 16). As a result, the City considers firing ranges to be "high impact," and restricting range locales to manufacturing districts offers "a distance away from the residential communities in most areas of the city." (*Id.*). The parties do not dispute that lead-contaminated air released outside a firing range and left unmanaged can contaminate waterways and pose hazards to people if the range is

3

located in a populated area. (Def. 56.1 St. ¶ 20; Dkt. 227, Ex. 24, Nat. Inst. for Occ. Health and Safety ("NIOSH") Alert Apr. 2009 at 15). Accordingly, the parties agree that ranges are compatible with industrial use, but the Plaintiffs maintain that ranges are also compatible with commercial use. (Def. 56.1 St. ¶ 19; Pl. Resp. ¶ 19). Plaintiffs' experts Lorin Kramer and Jack Giordano testified that they are aware of other jurisdictions where ranges are considered a commercial use and generally placed in commercial zones where there is retail traffic. (Pl. 56.1 St. ¶¶ 33, 57).

Scudiero further testified that because the movement of guns and ammunition creates a potential for criminal activity, the restrictions are intended to keep any criminal activity away from residential areas or areas where large assemblies of people gather. (Def. 56.1 St. ¶ 17). Sergeant Kevin Johnson of the Chicago Police Department testified that the presence of weapons and ammunition inherently endangers public safety. (Def. 56.1 St. ¶ 18). Specifically, Johnson testified that firing ranges provide criminals with an opportunity to steal firearms and the zoning requirements reduce the chance that any crime associated with a range would impact other areas. (Def. 56.1 St. ¶ 18). However, both Scudiero and Johnson testified that they had no data or empirical evidence that such a criminal impact would occur or that placing a range a certain distance away from any other use would affect any secondary effects. (Pl. 56.1 St. ¶ 76; Dkt. 227, Ex. 21, Johnson Dep. at 169). Johnson further testified that although the governmental purpose for disallowing firing ranges within 500 feet of a residential zone is public safety and that the safety issue is heightened in residential areas, any risk is due to the range's existence and is the same regardless of where the range is located. (Pl. 56.1 St. 72; Johnson Dep. at 146-48). Similarly, Kramer is unaware of any location where crime increased as a result of the addition of a gun range. (Pl. 56.1 St. ¶ 42). Richard Pearson, the Executive Director of the Illinois Rifle

4

Association, testified that he is unaware of any other range in the country that has to comply with similar zoning requirements. (Pl. 56.1 St. ¶ 6).

From July 6, 2011 to October 5, 2012, the Zoning Administration fielded approximately three to four inquiries regarding opening a firing range at specific addresses. (Pl. 56.1 St. ¶ 77). The Zoning Administration denied all the requests because the addresses were either not in manufacturing districts or were located within 500 feet of a restricted area. (*Id.*).

### C. Construction Requirements

Range designers, including Kramer, consult the National Rifle Association ("NRA") Source Book and NIOSH guidelines for information on construction. (Def. 56.1 St. ¶ 29; Pl. 56.1 St. ¶¶ 27, 45). Firing ranges carry with them the risk for contact with lead, fumes, dust, and ricocheting bullets. (Def. 56.1 St. ¶ 23). Among other things, these safety concerns make firing range construction significantly more expensive than typical construction. (Def. 56.1 St. ¶ 24). Indoor ranges can be particularly costly. (*Id.*). Although ranges are inherently expensive, one of Action Target's managers, Christopher Hart, guessed that opening a range in Chicago would cost two to three times more than elsewhere, partially due to a number of the City's regulations. (Hart Dep. at 164).

### 1. Ballistic-Proof Walls and Doors

Section 13-96-1160 of the MCC requires a firing range to be constructed with materials sufficient to stop all bullets or projectiles from penetrating beyond the enclosure, including the walls, floor, ceiling, and doors. (Def. 56.1 St. ¶ 27). The only exception to the requirement is the rear wall, which need only be constructed of materials capable of stopping the ricochet or fragment of a bullet from penetrating the wall. (*Id.*). According to Robert Fahlstrom, the

Manager of Regulatory Review in the City's Department of Buildings, the provision's purpose is to reduce the risk of injury to individuals congregating near a firing range. (Def. 56.1 St. ¶ 28).

The NRA Source Book states that indoor ranges must be "built of impenetrable walls, floor, and ceiling." (Def. 56.1 St. ¶ 30; Dkt. 227, Ex. 23, NRA Source Book at I-3-22). Hart admitted that all ranges should have ballistic walls and it is not uncommon for the rear wall to have "some kind of ballistic controls," although many do not. (*Id.*). The Plaintiffs estimate the cost of an armored door to be $7,000 to $10,000 and making the rear wall ballistic around $200 per linear foot of length in an existing building. (Def. 56.1 St. ¶ 32; Pl. 56.1 St. ¶ 35).

### 2. Separate Ventilation Systems

Section 13-96-1210(d) provides that "[w]here a shooting range facility contains multiple shooting ranges, each shooting range shall be provided with a separate ventilation and exhaust system." (Def. 56.1 St. ¶ 33). The stated purpose behind the provision is to minimize the potential lead exposure at firing ranges as much as possible. (Def. 56.1 St. ¶ 34). The NIOSH maintains that "[v]entilation is the most important engineering control for protection against primary lead exposure in indoor firing ranges." Additionally, the New Jersey Public Employees Occupational Safety and Health Act requires that each range have its own ventilation system. (Def. 56.1 St. ¶ 35). The Plaintiffs estimate the costs of an additional ventilation system to be between $65,000 and $75,000. (Def. 56.1 St. ¶ 37).

### 3. Interlocked Ventilation Systems

Section 13-96-1210(e) requires a range's supply and exhaust systems to be electrically interlocked so both systems turn on at the same time. (Def. 56.1 St. ¶ 38). Failure to operate both systems simultaneously increases the risk of toxic fumes within the range, and the City's purpose behind the provision is to eliminate this possibility. (Def. 56.1 St. ¶ 39). Interlocking the two

6

systems is standard practice in the industry. (Def. 56.1 St. ¶ 40). Both the NIOSH and the New Jersey Act mandate the interlocking of supply and exhaust fan systems. (*Id.*).

### 4. Sound Limit

Section 13-96-1200(b)(2) limits the maximum noise emanating from the range facility to 55 decibels when measured 100 feet or further from the range, or 70 decibels when measured 10 feet or further from the source. (Def. 56.1 St. ¶ 47). The noise limitations for any business in the City, including ranges, apply only between 8:00 p.m. and 8:00 a.m. (*Id.*; Def. Resp. Mem. at 9). If a shooting range is only open between 9:00 a.m. and 8:00 p.m., the noise ordinance does not apply. (Pl. St. Add'l Facts ¶ 69). Additionally, noise restrictions on businesses, including ranges, in manufacturing districts only apply if the noise spills into areas contiguous to the district. (Dkt. 228, Ex. 38, Schnoes Dep. at 27-28). Kevin Schnoes, a former Assistant Commissioner of the City's Department of Public Health, testified that the provision is meant to prevent Chicago residents from being disturbed by noise that is outside their control. (Def. 56.1 St. ¶ 48). The NRA Source Book states that existing laws commonly specify sound levels for particular land uses. (Def. 56.1 St. ¶ 48). Jack Giordano, a shooting range safety and health specialist, testified that it is unlikely that any sound emanating from a properly-designed range would exceed the limit proposed in the regulation. (Def. 56.1 St. ¶ 49; Dkt. 226, Ex. 16, Giordano Dep. at 204).

### 5. Promulgation of Rules by Commissioner

Section 11-4-260(b) provides that "[t]he commissioner [of the Department of Health] is authorized to promulgate rules and regulations for the cleaning of, sound and air quality control at, and discharge of particulate matter and waste from shooting ranges and shooting range facilities." (Def. 56.1 St. ¶ 59). The Plaintiffs concede that gun ranges are highly regulated because of the potentially dangerous activity conducted, and Giordano agreed that someone

should have the authority to establish new rules to address unforeseen health and safety concerns. (Def. 56.1 St. ¶¶ 60, 62).

### D. Business Operations

The City enacted a variety of ordinances directed at regulating the operation of a range because the manner in which a range is operated has "a very dramatic effect" on its overall safety. (Def. 56.1 St. ¶ 63; Giordano Dep. at 52). Because even a properly designed range can become a health or safety hazard if operated improperly, the NRA states that "[f]iring range safety implies … strict regulations on use coupled with strict enforcement." (*Id.*; NRA Source Book at I-4).

#### 1. Age Requirement

Under section 4-151-100(d), "[n]o person under the age of 18 shall be permitted in the shooting range facility." (Def. 56.1 St. ¶ 64). The City's offered purpose behind the provision is to protect the safety of minors. (Def. 56.1 St. ¶ 65). Although ranges commonly prohibit children under age six from visiting, Julianne Versnel of the Second Amendment Foundation testified that she is unaware of any other range in the country prohibiting those under the age of eighteen. (Def. 56.1 St. ¶ 66, Pl. 56.1 St. ¶ 18).

#### 2. Hours of Operation

Section 4-151-090 permits ranges to operate only between the hours of 9:00 a.m. and 8:00 p.m. (Def. 56.1 St. ¶ 68). Rosemary Krimbel, the Commissioner of the Department of Business Affairs and Consumer Protection, testified that the hours ordinance is related to the impact of ranges on communities, neighborhoods, and public health and safety while also reducing the number of hours that the Chicago Police Department would be called to a range. (Def. 56.1 St. ¶ 69). Krimbel testified that because crime is more frequent at night and guns are

often involved in crimes, the provision lessens any risk. (*Id.*). However, Krimbel also testified that although she based her opinion on her experience in licensing, any criminal impact is entirely speculative. (Pl. 56.1 St. ¶ 60; Dkt. 228, Ex. 39, Krimbel Dep. at 147). Krimbel additionally stated that she is unaware of any negative impact from ranges being open past 8:00 p.m. in any other city. (Krimbel Dep. at 149).

The City limits the hours of operation on businesses aside from ranges, including sidewalk cafes and outdoor patios, mobile food establishments, and liquor establishments. (Def. 56.1 St. ¶ 69). Pearson testified that he is aware of other ranges that operate similar hours to those in the provision. (Def. 56.1 St. ¶ 70). Hart testified that although he has customers whose ranges operate outside of the provision's mandated hours, public ranges are typically open from 9:00 a.m. to 9:00 p.m. (Pl. 56.1 St. ¶ 10; Def. 56.1 St. ¶ 70).

### 3. Range Master Presence

Section 4-151-100(b) requires a range master to be present during all operating hours of a range. (Def. 56.1 St. ¶ 82). A range master is responsible for insuring adherence to all regulations and the safety within the range. (*Id.*). Hespen testified that "sometimes people don't read [the rules]" at firing ranges, while Hart testified that supervision by a qualified range master is essential to minimize any risk of danger. (Def. 56.1 St. ¶ 83). The Plaintiffs agree that the City properly requires a range master during periods of live fire; they only object to requiring a range master's presence when there is no live fire. (Def. 56.1 St. ¶ 84; Pl. 56.1 St. ¶ 30).

### 4. Firearm Owners Identification ("FOID") Card Requirement

Section 4-151-030(b)(6) requires all range employees to have FOID cards. (Pl. 56.1 St. ¶ 59). The regulation mandates that any employee, whether he or she handles firearms, works

9

retail, or is a janitor, must have a FOID card. (Krimbel Dep. at 64-66). Only Illinois residents are eligible for the State's FOID card.

## LEGAL STANDARD

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). Summary judgment is particularly appropriate in this case because the disputed facts are not "adjudicative facts," or "simply the facts of the particular case." Fed. R. Evid. 201(a) Advisory Committee's Note. Instead, the parties dispute the facts and data justifying the City's Municipal Code ordinances. These "legislative facts" are facts "which have relevance to … the lawmaking process … in the enactment of a legislative body." *Id.* "Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the [Chicago] gun law." *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). Accordingly, "the constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial." *Id.*

## DISCUSSION

The Plaintiffs mount a facial attack on each of the City's regulations listed above, generally contending that none of the ordinances can survive heightened constitutional scrutiny. *See* Dkt. 232, Pl. Mem. at 10. In response, the City moves for summary judgment as well, and asks the Court to hold the ordinances to intermediate scrutiny. *See* Dkt. 223, Def. Mem. at 9. The parties do not dispute that the Second Amendment historically protected the right to maintain proficiency in the use of firearms, and for good reason. The Seventh Circuit has already concluded during the course of this case that the core right "to possess firearms for protection

10

implies a corresponding right to acquire and maintain proficiency in their use." *Ezell*, 651 F.3d at 704. So although the parties agree that the activity at issue falls within the scope of the Second Amendment, they differ on the level of constitutional scrutiny to be applied. The Plaintiffs want this Court to apply the same level of scrutiny the Seventh Circuit used originally to each of the newly challenged ordinances, s*ee id.* at 708 (severe burden on the core Second Amendment right of armed self-defense requires extremely strong public-interest justification and a close fit between the government's means and its end), while the City urges the Court to examine the regulations through an intermediate scrutiny lens because they no longer constitute an outright ban on firing ranges. *See id.* (laws that merely regulate rather than restrict may be more easily justified). Before addressing these arguments and selecting the appropriate standard of review, the Court first lays out the general analytical framework applied to Second Amendment challenges.

## I. Second Amendment Analytical Framework

The Supreme Court recognized the right to keep and bear arms for self-defense under the Second Amendment in *District of Columbia v. Heller*, 554 U.S. 570 (2008). The Supreme Court extended that protection against state and local government infringement through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 130 S. Ct. 3020 (2010). The issue presented here is whether a number of City ordinances that restrict and regulate, but do not categorically ban, the operation of firing ranges within the City conflict with the Plaintiffs' Second Amendment rights.

The framework for analyzing a Second Amendment challenge is two-fold. First, a district court must make a threshold inquiry into whether the restricted activity is protected by the Second Amendment. If so, the Court must then determine the level of scrutiny applicable to the

prohibition. *Ezell*, 651 F.3d at 700-03. Here, the first step is not in dispute: the Second Amendment's core right to bear arms for self-defense carries with it an important corollary right to maintain proficiency in the use of those firearms. Proceeding to the next step, the Court must examine the strength of the City's justifications for regulating that activity by evaluating the regulations the City has chosen to enact and the public-benefits ends it seeks to achieve. *Id.* at 703. The Seventh Circuit instructed, using First Amendment jurisprudence as an appropriate analogue, *see Heller*, 554 U.S. at 582; *McDonald*, 130 S. Ct. at 3045, that this means-end inquiry is a sliding scale and not fixed or static:

> First, a severe burden on the core Second Amendment right of armed self-defense will require an extremely strong public-interest justification and a close fit between the government's means and its end. Second, laws restricting activity lying closer to the margins of the Second Amendment right, laws that merely regulate rather than restrict, and modest burdens on the right may be more easily justified. How much more easily depends on the relative severity of the burden and its proximity to the core of the right.

*Ezell*, 651 F.3d at 708. Of utmost importance in this inquiry is the fact that no matter where the burden or challenged ordinance falls on the spectrum, the scrutiny to be applied is always stricter than rational basis review. *See Heller*, 554 U.S. at 628 n.27 ("If all that was required to overcome the right to keep and bear arms was a rational basis, the Second Amendment would be redundant with the separate constitutional prohibitions on irrational laws, and would have no effect."); *Ezell*, 651 F.3d at 701 ("[T]he Court specifically excluded rational-basis review."); *see also, e.g., Illinois Ass'n of Firearms Retailers v. City of Chicago*, 961 F. Supp.2d 928, 934 (N.D. Ill. 2014).

The breadth and burden of a challenged restriction is not only based on what activity is affected, but also who is affected. *Compare Moore*, 702 F.3d at 940 (State held to a higher standard where curtailment of gun rights affected the entire law-abiding adult population of Illinois); *with United States v. Williams*, 616 F.3d 685, 692 (7th Cir. 2010) (intermediate scrutiny

12

applied to Second Amendment challenge to provision of statute criminalizing possession of firearm by convicted felon) *and United States v. Skoien*, 614 F.3d 638, 641 (7th Cir. 2010) (intermediate scrutiny applied to Second Amendment challenge of law restricting gun ownership from domestic violence misdemeanants). Accordingly, laws that affect a greater proportion of the population or those that affect law-abiding citizens will be more closely scrutinized. *See Ezell*, 651 F.3d at 708 ("Here … the plaintiffs *are* the 'law-abiding, responsible citizens' whose Second Amendment rights are entitled to full solicitude under *Heller*").

This, then, is the framework that the Seventh Circuit has crafted for Second Amendment litigation. For each challenged MCC ordinance, the City must proffer sufficient evidence to justify the ordinance's burden on Second Amendment rights. In this means-end analysis, the quantity and persuasiveness of the evidence required to justify each ordinance varies depending on how much the ordinance affects the Second Amendment right and on whose right it affects. The greater the population it affects or the heavier the burden on the right, the stricter the scrutiny. If the City fails to sufficiently justify an ordinance, the ordinance is unconstitutional.

## II. Analysis

As a preliminary matter, the City makes much of the Plaintiffs' alleged lack of individualized evidence demonstrating a severe burden on their Second Amendment rights caused by the challenged ordinances. Accepting this proposition would improperly shift the burden of proof in this case. The Plaintiffs have challenged the various ordinances on their faces, not merely as applied in their particular circumstances. In a facial constitutional challenge, individual application facts do not matter. *Ezell*, 651 F.3d at 697. Because standing is not disputed, the Plaintiffs' personal situation is irrelevant. *Id.* "It is enough that '[w]e have only the [statute] itself' and the 'statement of basis and purpose that accompanied its promulgation.' " *Id.*

13

(citing *Reno v. Flores*, 507, U.S. 292, 300-01 (1993)). In facial constitutional challenges, the alleged constitutional violations are found in the terms of the ordinances, not their application. *See Ezell*, 651 F.3d at 698-99 ("That is, the City Council violated the Second Amendment when it made this law; its very existence stands as a fixed harm to every Chicagoan's Second Amendment right to maintain proficiency in firearm use by training at a range."). With this in mind, the Court turns to each of the challenged ordinances. Because some of the provisions entail a greater burden on Second Amendment rights than others, this Court will not apply a uniform level of scrutiny across the board.

### A. Zoning Restrictions: MCC §§ 17-5-0207 and 17-9-0120

The Plaintiffs challenge MCC § 17-5-0207, which permits firing ranges to be located only in manufacturing districts with special use approval, and MCC § 17-9-0120, which requires firing ranges to be located at least 500 feet from residential zones, schools, day-care facilities, places of worship, museums, libraries, or hospitals, and 100 feet from any other firing range. Before embarking on a review of the City's justifications for its zoning restrictions, the Court must determine the appropriate level of scrutiny to apply to each ordinance.

Without conceding its appropriateness, the City argues for the application of intermediate scrutiny, citing *Skoien*, 614 F.3d at 641, rather than the "close fit" required by the Seventh Circuit. *See Ezell*, 651 F.3d at 708. The City contends that because it has repealed its blanket ban on firing ranges within the city, any alleged burden on the Plaintiffs is lessened, and strict scrutiny is inapplicable. Although the City no longer enforces a universal ban on firing ranges, the individuals affected by the current regime are still "the entire law-abiding adult population of [Chicago]." *See Moore*, 702 F.3d at 940. Given who is impacted by the current MCC ordinances, intermediate scrutiny may still be insufficient depending on the severity of the encroachment.

With regard to the other variable on the sliding scale, the scope of the right affected, although the zoning ordinances no longer exile firing ranges to outside of City limits, they still severely limit locations where firing ranges can be located. Sections 17-5-0207 and 17-9-0120, taken in tandem, allow for the placement of a firing range in approximately 10.6% of the 32,000 acres currently zoned for business, commercial, and manufacturing uses. Def. 56.1 St. ¶ 14; Def. Mem. at 12. Put differently, the City still bans firing ranges from nearly 90% of the land zoned for business, commercial, and manufacturing uses. Although the amount of acreage available, standing alone, is largely irrelevant, zoning schemes must provide a "reasonable opportunity" to conduct the protected activity. *See North Ave. Novelties, Inc. v. City of Chicago*, 88 F.3d 441, 445 (7th Cir. 1996) (analyzing zoning challenge within First Amendment context) (internal citation and quotations omitted). Here, from July 6, 2011 to October 5, 2012, the City's Zoning Administration fielded approximately three to four inquiries regarding opening a firing range at specific addresses. Pl. 56.1 St. ¶ 77. All were denied for failing to comply with the zoning ordinances. *Id.* So even though the zoning ordinances do not categorically ban firing ranges from the City, the restrictions taken together are still closer to a "serious encroachment on the right to maintain proficiency in firearm use" than to a "law that merely regulate[s]" Second Amendment activity. *Ezell*, 651 F.3d at 708. Accordingly, to carry its burden, the City must establish something near a "close fit" between the zoning restrictions and the actual public interests it serves, and prove that the public's interests are strong enough to justify a substantial "encumbrance on individual Second Amendment rights." *Id.* at 708-09.

Here, the City fails to justify its ordinance restricting firing ranges to manufacturing districts only. Patti Scudiero testified that the manufacturing district ordinance is imposed primarily to avoid two secondary effects associated with the health, safety, and general welfare

15

of Chicago residents. Def. 56.1 St. ¶ 16. Specifically, the City's bases for relegating ranges to manufacturing districts are that (1) firing ranges attract thieves wanting to steal firearms; and (2) lead-contaminated air released outside a firing range and left unmanaged can contaminate waterways and pose hazards to people if the range is located in a populated area. Def. 56.1 St. ¶¶ 17, 20. While these are undoubtedly important governmental interests, *see United States v. Salerno*, 481 U.S. 739, 748 (1987) (government has obvious significant interest in protecting the safety of its citizens), the City has not sufficiently substantiated a connection between these interests and the ordinance.

Kevin Johnson of the Chicago Police Department testified that the presence of weapons and ammunition inherently endangers public safety; however, both he and Scudiero admitted that they had no data or empirical evidence that any criminal impact would occur due to the presence of a firing range or that it would be lessened by placing ranges in manufacturing districts. Pl. 56.1 St. ¶ 76; Johnson Dep. at 169. Neither Scudiero nor anyone from her department researched zoning ordinances on firing ranges in other cities. Pl. 56.1 St. ¶ 76. And although the City provided a list of sixteen instances of thefts from gun stores and firing ranges around the country since 2010, it provided no rationale tending to demonstrate that placement within a manufacturing district would preclude theft or reduce criminal impact. Def. 56.1 St. ¶ 78. Additionally, plaintiffs' expert Lorin Kramer testified that he was unaware of any location throughout the country where crime increased as a result of a gun range in a that location. Pl. 56.1 St. ¶ 42. The City's general proposition that firing ranges may pose a danger does not justify restricting ranges only to manufacturing districts without evidence that such a restriction would lessen that danger.

16

Regarding the City's issues with the environmental effects of ranges through lead residue disbursement, fires, or explosions, it produced no evidence to establish that these are realistic concerns. Of course, lead-contaminated air emanating from a firing range would be an environmental hazard, but the City needed to supply actual, reliable evidence that showed such a hazard is a legitimate problem. *See City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 438 (2002) (in First Amendment context, municipality defending zoning restrictions could not "get away with shoddy data or reasoning. The municipality's evidence must fairly support the municipality's rationale for its ordinance."). Because the City failed to "provide [the Court] with more than merely a rational basis for believing" that its restriction limiting firing ranges to manufacturing districts is "justified by an increase in public safety," it does not survive review. *See Moore*, 702 F.3d at 942.

The Plaintiffs maintain that firing ranges are entirely compatible with commercial zones as well as manufacturing districts, and in fact, Plaintiffs' experts Kramer and Jack Giordano both testified that they are aware of other jurisdictions where ranges are considered a commercial use and generally placed in commercial zones where there is retail traffic. Pl. 56.1 St. ¶¶ 33, 57. Because the City failed to present sufficient evidence that firing ranges are uniquely suited to manufacturing districts, the current incantation of the zoning ordinance is not supported by the record and section 17-5-207 is unconstitutional.

However, because section 17-9-0120, standing alone, is significantly less burdensome than section 17-5-0207, it survives this Court's review. The provision, which requires firing ranges to be at least 500 feet away from areas such as residential zoning districts, schools, day-care facilities, places of worship, premises licensed for the retail sale of liquor, children's activities facilities, libraries, museums, or hospitals is substantially similar to a "law forbidding

17

the carrying of firearms in sensitive places such as schools and government buildings." *See Heller*, 554 at 626-27 (opinion did not cast doubt on "longstanding prohibitions on the carrying of firearms in sensitive places"); *see also, e.g, Illinois Ass'n of Firearms Retailers*, 961 F. Supp.2d at 947 (although flat ban on gun sales was held unconstitutional, "nothing in [the] opinion prevents the City from considering other regulations"). Here, section 17-9-0120 places a meaningfully lesser burden on the exercise of the Plaintiffs' rights to maintain proficiency in the use of their firearms than section 17-5-0207, and is accordingly more easily justified. *See Ezell*, 651 F.3d at 708; *see also Moore*, 702 F.3d at 940 ("In contrast, when a state bans guns merely in particular places, such as public schools, a person can preserve an undiminished right of self-defense by not entering those places; since that's a lesser burden, the state doesn't need to prove so strong a need."). Because this provision seeks to protect the same important interests listed above and is less burdensome on individual Second Amendment rights, there need not be a perfect fit between the City's means and its ends. Furthermore, enforcement of section 17-9-0120 does not strip the Plaintiffs of reasonable locations to operate a firing range. *See, e.g., Ben's Bar, Inc. v. Vill. of Somerset*, 316 F.3d 702, 727 (7th Cir. 2003) (in First Amendment analogue, Constitution requires "reasonable opportunity" to disseminate speech at issue ) (internal citation and quotation marks omitted). Therefore, the City's regulation requiring ranges to be located at least 500 feet away from residential zoning districts, schools, day-care facilities, places of worship, premises licensed for the retail sale of liquor, children's activities facilities, libraries, museums, or hospitals is constitutional.

### B. Construction Requirements

The Plaintiffs challenge a number of the City's regulations concerning construction standards for firing ranges: MCC § 13-96-1160 (mandating a range be totally enclosed by

penetration-proof materials and that a rear wall be able to stop a ricochet of a bullet from penetrating beyond the wall); MCC § 13-96-1210(d) (requiring that where a facility contains multiple firing ranges, each range must be provided with a separate ventilation and exhaust system); MCC § 13-96-1210(e) (supply and exhaust systems must be electrically interlocked to turn on each system at the same time); MCC § 13-96-1200(b)(2) (limiting the maximum noise emanating from a range facility to 55 decibels when measured from a distance of 100 feet or more of from the source, or 70 decibels when measured from a distance of 10 feet or more from the source); and MCC § 11-4-260(b) (authorizing the relevant commissioner to promulgate rules and regulations for the cleaning of, sound and air control at, and discharge of particulate matter and waste from ranges). The Plaintiffs attack these provisions because they may impose additional start-up or operational costs.

The City's construction standards do not restrict any Second Amendment activity whatsoever. Instead, they are laws that "merely regulate" the construction of firing ranges, and subsequently, create only a minor encumbrance on individual Second Amendment rights to maintain proficiency in the use of firearms. *See Ezell*, 651 F.3d at 708 ("laws that merely regulate rather than restrict, and modest burdens on the right may be more easily justified"). Because the City's construction requirements restrict no Second Amendment activity and place only a minor burden on the construction of a range, they are more readily justified. *Id.* Although the Plaintiffs are still the "law-abiding, responsible citizens" entitled to full Second Amendment rights, because the construction regulations do not come close to implicating the core of their rights, intermediate scrutiny is appropriate. *See id.* ("the [City] must show at least that the statute directly advances a substantial governmental interest and that the measure is drawn to achieve that interest"). The City satisfies intermediate scrutiny if its "legislative conclusion was

19

reasonable and supported by substantial evidence in the record." *See Turner Broad. Sys., Inc. v. F.C.C.*, 520 U.S. 180, 211 (1997). Substantial evidence is found not only in the form of hard data. *See Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 555 (2001) (holding that challenged ordinances can be justified based on history, consensus, and simple common sense).

The City fares better in justifying its construction requirements for firing ranges not only because they impose a substantially lesser burden on individual Second Amendment rights, but also because the rationales for the requirements are significantly supported by the record. The universal purpose behind the City's challenged construction regulations is to ensure the safety of individuals within a range facility or congregated around a facility. *See Salerno*, 481 U.S. at 748 (interest in protecting the safety of citizens is substantial). The record justifies the City's means of attaining this interest.

### 1. Section 13-96-1160(a): Ballistic-Proof Walls and Doors

Section 13-96-1160 of the MCC requires a firing range to be constructed with materials sufficient to stop all bullets or projectiles from penetrating beyond the enclosure, including the walls, floor, ceiling, and doors. The only exception to the requirement is the rear wall, which need only be constructed of materials capable of stopping the ricochet or fragment of a bullet from penetrating the wall. The Plaintiffs object to these requirements, alleging that they impose thousands of dollars in additional costs unnecessarily.

While there is no dispute that the regulations increase costs, any burden is supported by the record. The NRA Source Book, an undisputed guide for firing range construction, states that "indoor ranges must be … built of impenetrable walls, floor, and ceiling." NRA Source Book at I-3-22. Additionally, Christopher Hart admitted that all ranges should have ballistic walls and that it is not uncommon for the rear wall of a range to have "some kind of ballistic controls."

Dkt. 233, Ex. 5, Hart Dep. at 82-83. Although Hart additionally testified that many ranges do not utilize a ballistic rear wall, the City researched the issue and reasonably concluded that impenetrable walls and doors most effectively protected the safety of people outside, but near, the range. The Court does not second-guess this decision. *See Turner Broad.*, 520 U.S. at 195 (as long as predictions reflect "reasonable inference based on substantial evidence," a government's predictions about the effect of a gun regulation is entitled to significant deference). Section 13-96-1160(a) is sufficiently supported and therefore constitutional.

### 2. Section 13-96-1210(d): Separate Ventilation Systems

Section 13-96-1210(d) provides that "[w]here a shooting range facility contains multiple shooting ranges, each shooting range shall be provided with a separate ventilation and exhaust system." The stated purpose behind the provision is to minimize the potential lead exposure at firing ranges as much as possible. Def. 56.1 St. ¶ 34. The Plaintiffs contend that because ventilation takes up a sizable portion of construction costs, requiring multiple ventilation systems in a facility with multiple ranges could make a facility unaffordable.

The Plaintiffs' objection is again belied by the record. The parties agree that exposure to lead is one of the most significant hazards in an indoor firing range and that the NIOSH has stated that "ventilation is the most important engineering control" against lead exposure. NIOSH Alert Apr. 2009 at 13. The National Institute of Building Sciences has similarly stressed that "the supply and exhaust system is critical to the operation of an indoor range and the health of building inhabitants." Dkt. 227, Ex. 29, Whole Building Design Guide at 1. Additionally, the New Jersey Public Employees Occupational Safety and Health Act requires that each range have its own ventilation system. *See* Dkt. 228, Ex. 34, N.J.A.C. § 12:100-8.5(e). Hart even told a potential customer that "it is good to have a separate [ventilation] system for each range bay."

21

Def. 56.1 St. ¶ 36. The City has therefore presented a plethora of evidence demonstrating the importance of separate ventilation systems. Because health organizations and industry guidelines support the City's legitimate concern of lead exposure in an indoor firing range, section 13-96-1210(d) is supported by substantial evidence and is therefore constitutional.

### 3. Section 13-96-1210(e): Interlocked Ventilation Systems

Section 13-96-1210(e) requires a range's supply and exhaust systems to be electrically interlocked so both systems turn on at the same time. Failure to simultaneously operate both systems increases the risk of toxic fumes within the range, and the City's purpose behind the provision is to eliminate this possibility. Def. 56.1 St. ¶ 39. The Plaintiffs object to requiring interlocking supply and exhaust systems, alleging that linking the systems would burden the power grid and potentially cause a grid failure.

To the extent that a power failure could theoretically impinge any individual Second Amendment rights, any burden is thoroughly justified by the City's evidence. The National Institute of Building Sciences states that "supply and exhaust fans must have control interlocks to ensure simultaneous operation." Whole Building Design Guide at 1. Similarly, the New Jersey Public Employees Occupational Safety and Health Act requires a firing range's ventilation systems to be interlocked, "thereby eliminating an error in turning one system on and not the other." N.J.A.C. § 12:100-8.5(f). In fact, Kramer's expert report stated that interlocking is standard practice in the industry. Dkt. 226, Ex. 15, KramerOne Report at 8. Both logic and data support the City's decision to require interlocking ventilation systems in indoor firing ranges. Accordingly, the regulation is justified.

#### 4. Section 13-96-1200(b)(2): Sound Limit

Section 13-96-1200(b)(2) limits the maximum noise emanating from the range facility to 55 decibels when measured 100 feet or further from the range, or 70 decibels when measured 10 feet or further from the source. The Plaintiffs object to the ordinance not because it creates a burden on the construction of a range, but because it allegedly singles out firing ranges as the only business subject to a noise restriction in Chicago prior to 8:00 p.m. and the only business subject to a noise regulation in a manufacturing district. Pl. Mem. at 11-12. But the ordinance states that "the noise emanating from the shooting range to areas outside the shooting range facility is subject to Chapter 8-32" of the MCC. Section 8-32-150 provides that noise limitations apply only between 8:00 p.m. and 8:00 a.m., while section 8-32-170(h) explicitly states that sound limits apply to businesses found in manufacturing districts only if the noise bleeds outside the manufacturing boundary. Additionally, the City unequivocally agreed that the noise regulation does not apply to ranges before 8:00 p.m. *See* Def. Mem. at 22. Because the sound ordinance leaves no room for confusion in concluding that firing ranges are not uniquely subject to a noise regulation that other businesses are not, the Plaintiffs' objection is meritless and the ordinance is upheld.

#### 5. Section 11-4-260(b): Promulgation of Rules by Commissioner

Section 11-4-260(b) provides that "[t]he commissioner [of the Department of Health] is authorized to promulgate rules and regulations for the cleaning of, sound and air quality control at, and discharge of particulate matter and waste from shooting ranges and shooting range facilities." The Plaintiffs argue that the ordinance impermissibly burdens range owners because these issues are already the subject of federal regulations and the City could potentially make contradictory rules. However, the Plaintiffs concede that their objection is hypothetical and that

the provision does not impact the design, construction, or installation of a range. Giordano Dep. at 178-79; Hart Dep. at 76. Giordano also acknowledged that someone should have the authority to establish new rules to address unforeseen health and safety concerns. Giordano Dep. at 187. The City was entitled to agree. Because the ordinance is drawn to achieve the City's important interest in addressing future public health or environmental concerns as they arise, it does not violate the Plaintiffs' Second Amendment rights.

All the information above leads to the conclusion that the City reasonably determined that the construction standards were necessary based on substantial evidence. The fact that the Plaintiffs disagree with the City's rationales or offer different opinions does not diminish the City's reliance on evidence in promulgating its construction requirements. *See Turner Broad.*, 520 U.S. at 211 ("the possibility of drawing two inconsistent conclusions from the evidence" does not prevent a finding from being supported by substantial evidence). The City's construction regulations are reasonable, drawn to directly advance its interest in protecting the safety of its citizens, and substantiated by evidence. Accordingly, they universally survive review.

### C. Business Operations

The Plaintiffs oppose a number of the City's ordinances regulating the day-to-day business operations of firing ranges: MCC § 4-151-100(d) (requiring range patrons to be 18 years or older); MCC § 4-151-090 (hours of operation limit); MCC § 4-151-100(b) (requiring range master to be present during all operating hours); and MCC §§ 4-151-100(g)(1), 4-151-030(b)(6), and 4-151-040(d) (FOID card requirements). As with the construction requirements, the City's provisions affecting the business operations of ranges do not restrict either the Plaintiffs' protected interest in maintaining proficiency in the use of firearms or their core right

24

to armed self-defense. The provisions regarding age requirements, FOID card requirements, hours of operation, and range master presence are laws that "merely regulate" the affairs of firing ranges and place, at most, a minor burden on the Second Amendment rights of the "the entire law-abiding adult population of [Chicago]," *see Moore*, 702 F.3d at 940. Because the laws do not involve the "central self-defense components of the right," they are subject to intermediate scrutiny. *See Ezell*, 651 F.3d at 708.

### 1. Section 4-151-100(d): Age Requirement

Under section 4-151-100(d), "[n]o person under the age of 18 shall be permitted in the shooting range facility." The City's purpose behind the provision is to protect minors from the potential dangers of lead exposure and firearm accidents. The safety of minors is undoubtedly an important governmental interest. *See Brown v. Entm't Merchs. Ass'n*, 131 S. Ct. 2729, 2767 (2011) (Supreme Court has consistently recognized "a compelling interest in protecting the physical and psychological well-being of minors.") (internal citation and quotation marks omitted). Without disputing the City's interest, the Plaintiffs offer two arguments against the ordinance: (1) range owners will lose business if minors are not allowed in a range; and (2) on behalf of the minors themselves, the City cannot justify the exclusion.

The Plaintiffs' argument that barring minors from ranges would negatively impact profitability fails because any minute burden is justified by the City's rationales for the provision. Hart admitted that the ordinance does not impact Action Target's interest in building a gun range in Chicago. Hart Dep. at 50. The parties do not dispute that ranges can be dangerous due to lead exposure, toxic fumes, exposure to high noise levels, and the ever-present chance of a misfired weapon or a ricocheting bullet. Def. 56.1 St. ¶ 23. Nor do the parties dispute that lead contamination is a significantly higher problem in indoor ranges or that children are most

25

susceptible to lead poisoning. *Id.* The City's rationale, although primarily comprised of common sense, is sufficient to justify the small burden that range owners may experience. *See Lorillard Tobacco*, 533 U.S. at 555 (challenged ordinances can be justified based on history, consensus, and simple common sense). Again, the Plaintiffs' contention that the Illinois Department of Natural Resources allows minors to hunt does not lead to the conclusion that the City failed to justify the regulation. *See Turner Broad.*, 520 U.S. at 211 ("the possibility of drawing two inconsistent conclusions from the evidence" does not prevent a finding from being supported by substantial evidence). The City logically determined that indoor firing ranges pose risks not found in an outdoor hunting setting, and the Court will not disturb that reasoned decision.

To the extent the Plaintiffs argue on behalf of Chicago minors, the argument fails because minors are not guaranteed Second Amendment rights. *See, e.g., Nat'l Rifle Ass'n of America v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 700 F.3d 185, 203 (5th Cir. 2012) (historically, Second Amendment protection was afforded to the virtuous citizen, and regulation or prohibition of firearms for those who were incapable of civic virtue, like minors, would have been supported); *United States v. Rene E.*, 583 F.3d 8, 16 (1st Cir. 2009) (law prohibiting juvenile possession of handguns did not violate Second Amendment in light of longstanding tradition of prohibiting juveniles from both receiving and possessing handguns); *Horsley v. Trame*, No. 13 CV 321, 2014 WL 3720933, at *3 (S.D. Ill. July 28, 2014) (FOID Card age restriction provision fell outside the scope of the Second Amendment). The City's ban is similarly "consistent with a long-standing tradition of age- and safety-based restrictions on the ability to access arms." *See Nat'l Rifle Ass'n of America*, 700 F.3d at 203 ("if a representative citizen of the founding era conceived of a 'minor' as an individual who was unworthy of the Second Amendment guarantee … then it stands to reason that the citizen would have supported

restricting a[] [minor's] right to keep and bear arms."). Because minors have no guaranteed Second Amendment core right to armed self-defense, they similarly have no right to maintain proficiency in the use of firearms.

### 2. Section 4-151-090: Hours of Operation

Section 4-151-090 permits ranges to operate only between the hours of 9:00 a.m. and 8:00 p.m. The City maintains that the ordinance is meant to reduce pedestrian and vehicle traffic and disturbances at night, reduce the number of hours that Chicago police officers would be called to a range in response to a firearm misuse or injury, and protect the safety of the range patrons because crime is more frequent at night. *See* Def. Mem. At 28. Although the Plaintiffs provide minimal evidence about any impact the regulation would impose on a range and agree that most public firing ranges utilize similar hours, the ordinance still does not survive scrutiny because the City fails to present substantial evidence that the ordinance's means lead to the desired effects.

Drawing on First Amendment jurisprudence, the Seventh Circuit has instructed that "government[s] must supply actual, reliable evidence to justify restricting protected [activity] based on secondary public-safety effects." *Ezell*, 651 F.3d at 709. Here, the City's hours of operation regulation falls short for the same reasons as the zoning ordinance restricting ranges to manufacturing districts does. Regarding the City's first two rationales, the City has provided no evidence tending to show that a range has a greater impact on traffic or police inquiries than any other business or location. Similarly, the City offered no proof that criminal activity involving a firing range can be expected to increase after 8 p.m. Krimbel testified that although she based her opinion on her experience in licensing, any criminal impact is entirely speculative. Pl. 56.1 St. ¶ 60; Krimbel Dep. at 147. Krimbel additionally stated that she is unaware of any negative impact

27

from ranges being open past 8:00 p.m. in any other city. Krimbel Dep. at 149. The City has presented no evidence other than speculation that firing ranges uniquely create an inordinate amount of traffic, that police officers can expect to be called to a range more often than any other location, or that allowing a range to remain open after 8 p.m. will lead to increased criminal activity. *See Annex Books, Inc. v. City of Indianapolis*, 624 F.3d 368, 369 (7th Cir. 2010) (affirming preliminary injunction where a city's "empirical support for [an] ordinance [limiting the hours of operation of an adult bookstore] was too weak."). Additionally, the City's argument that it similarly limits the hours of operation for other establishments like sidewalk cafes, outdoor patios, mobile foods, and liquor establishments is misplaced because none of those activities involve constitutional rights. Even though the City's interests in enacting the ordinance are legitimate, the City failed to sufficiently justify its means.

### 3. Section 4-151-100(b): Range Master Presence

Section 4-151-100(b) requires a range master to be present during all operating hours of a range. A range master is responsible for insuring adherence to all regulations and the safety within the range. Def. 56.1 St. ¶ 82. According to Giordano, the operation of a range has "a very dramatic effect" on its safety, and even a properly designed range can become a hazard if improperly operated. Giordano Dep. at 52. Accordingly, the City's purpose behind the provision is to minimize safety risks associated with the operation of a firing range. The Plaintiffs agree that the City properly requires a range master during periods of live fire; they only object to requiring a range master's presence when there is no live fire. The Plaintiffs maintain that the requirement unnecessarily adds costs to the operation of a range, but they failed to quantify what these costs would be.

28

The evidence presented by the parties does not allow for a finding of severe or even moderate burden. Furthermore, the City's evidence and rationale survive intermediate scrutiny. Plaintiff William Hespen, a range safety officer at an Illinois Rifle Association range, conceded that "sometimes people don't read [the rules] and sometimes people will forget certain things" while at a range. Dkt. 233, Ex. 3, Hespen Dep. at 18. Similarly, Hart testified that he prefers a range have a qualified safety program to minimize risks to gun range patrons and that "a qualified range master to supervise" is essential. Hart Dep. at 76, 183. This testimony establishes not only the importance of range master supervision, but also that issues can arise at ranges unexpectedly. Only requiring a range master's presence when live fire is present fails to account for this possibility. Because any burden on the operation of a firing range is minimal and the City's justifications are substantiated both by common sense and Hespen's own testimony, the ordinance survives review. *See Skoien*, 614 F.3d at 642 (where "logic and data" establish a substantial relation between an ordinance and an important governmental interest, intermediate scrutiny is satisfied).

### 4. Sections 4-151-100(g), 4-151-030(b)(6), and 4-151-040(d): FOID Card Requirements

Section 4-151-100(g) requires all firing range patrons to have a FOID Card, "if required to do so." In their briefs, the parties agree that this ordinance does not apply to out-of-state residents, who may patronize a firing range without a FOID Card. *See* Dkt. 263, Pl. Reply at 13. Accordingly, the issue is moot.

Section 4-151-030(b)(6), however, presents a different issue. The section requires all managers, range masters, and employees working at a range to possess FOID Cards. The City states that the purpose behind the law is to ensure that any individuals who may come into contact with firearms at a range are subject to criminal history and mental illness background

29

checks, two requirements to obtaining a FOID Card. *See* 430 ILCS 65/4 (applicant for a FOID Card must submit evidence that he or she has not been convicted of a felony nor been a patient in a mental health facility for the past five years). The Plaintiffs object to this ordinance, contending that it is overbroad and unjustifiably bans potential employees from out of state.

Whether the Plaintiffs raise this objection on behalf of themselves or hypothetical out-of-state employee applicants, it fails. The Plaintiffs' objection on behalf of themselves falls short because they have not asserted a burden on their Second Amendment rights whatsoever. Even accepting a theoretical burden on range owners by limiting the pool of employee applicants to Illinois residents, the City justifies the ordinance. The Plaintiffs "do not object to making sure one has no disqualifying criminal record or history of mental illness" before working at a firing range. Pl. Reply at 14. Application for a FOID Card requires those criteria be satisfied. Additionally, the City's contention that it is impossible to know which employees will come into contact with firearms and which will not, in mandating that every employee have a FOID Card, is entirely reasonable and based on common sense. Because the ordinance is drawn to achieve the City's substantial governmental interest in ensuring the safety of firing ranges, it survives review.

To the extent the Plaintiffs argue that the ordinance discriminates against out-of-state residents in violation of some principle of the Constitution, though they mention none, they have not demonstrated that they have standing to assert the rights of these hypothetical out-of-state residents. *Cf. Marin-Garcia v. Holder*, 647 F.3d 666, 670 (7th Cir. 2011) ("a person may litigate another's rights in his own cause so long as three criteria are satisfied: (1) the litigant must have suffered an injury in fact; (2) the litigant must have a close relation to the third party; and (3)

there must exist some hindrance to the third party's ability to protect his or her own interest"). The Plaintiffs have presented no evidence or argument that these elements are present here.

Finally, section 4-151-040(d) provides that no firing range license shall be issued if the applicant, the manager, range master, or any employee does not possess a valid FOID Card. The Plaintiffs take particular exception to the requirement that an applicant for a license must hold a FOID Card, arguing that this mandates even owners of a firing range to hold a FOID Card. In response, the City unequivocally maintains that owners are not required to have FOID Cards to own a range within Chicago, claiming that the September 11, 2013 amendment of the MCC did away with the requirement. Dkt. 247, Def. Resp. at 21. Because the City agrees that owners need not have FOID Cards, section 4-151-040(d) must be stricken to the extent it requires firing range license applicants to possess a FOID Card.

### D. Cumulative Effect

The Plaintiffs seem to contend that even if the regulations are constitutional individually, their cumulative impact creates a *de facto* ban on firing ranges within Chicago. *See* Pl. Mem. at 1. The Court dismisses this argument because the Plaintiffs failed to adequately develop the contention with either facts or case law. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (7th Cir. 2006) ("passing reference to an issue … will not suffice to bring that issue before this court") (internal citation omitted); *see also Kramer v. Bank of America Sec., LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004) ("perfunctory and undeveloped arguments that are un-supported by pertinent authority are waived (even where those arguments raise constitutional issues)") (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir, 1991)). The Court's decision is further bolstered by the fact that the City has repealed its "deleterious impact" ordinance and its ordinance restricting ammunition and firearms sales at ranges: two ordinances

that the Plaintiffs stated were "high on the list of 'dealbreaker' ordinances." *See* Pl. 56.1 St. ¶¶ 47, 57.

### E. First Amendment Analysis

The Plaintiffs additionally maintain, albeit superficially, that their First Amendment rights are also infringed upon by the City's firing range regulations. While there is no dispute that the right to hear and learn are protected by the First Amendment, *see Kleindienst v. Mandel*, 408 U.S. 753, 771 (1972), the ordinances do not preclude the Plaintiffs from participating in firearms training. Pursuant to the Court's analysis above, because the remaining regulations do not ban firing ranges within Chicago, they have no impact on gun education. The City's ordinances are aimed at locating firing ranges in suitable locations, ensuring proper construction, and guaranteeing safe operations; they do not preclude or even chill the Plaintiffs' desire or ability to participate in firearms training. *Contra, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 246-47 (4th Cir. 1999) (individual stated a valid First Amendment claim after he was suspended from his employment for teaching concealed handgun safety courses). The Court accordingly grants the City's Motion for Summary Judgment on this point.

### CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is granted in part and denied in part. Similarly, the City's Motion for Summary Judgment is granted in part and denied in part.

_____

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 29, 2014

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Ezell et al,

Plaintiff(s),

v.

City of Chicago,

Defendant(s).

Case No.  10 c 5135
Judge Virginia M. Kendall

## <u>JUDGMENT IN A CIVIL CASE</u>

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
and against defendant(s)
in the amount of $       ,

        which ☐ includes     pre–judgment interest.
               ☐ does not include pre–judgment interest.

    Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

    Plaintiff(s) shall recover costs from defendant(s).

---

☐     in favor of defendant(s)
and against plaintiff(s)

.

    Defendant(s) shall recover costs from plaintiff(s).

---

☒     other: For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is granted in part and denied in part. Similarly, the City's Motion for Summary Judgment is granted in part and denied in part. The City's motion to dismiss claims as moot [269] is itself dismissed as moot pursuant to the parties' joint statement regarding remaining claims.

---

This action was *(check one)*:

☐ tried by a jury with Judge Virginia M. Kendall presiding, and the jury has rendered a verdict.
☐ tried by Judge Virginia M. Kendall without a jury and the above decision was reached.
☒ decided by Judge Virginia M. Kendall on a motion

Date:  9/29/2014                   Thomas G. Bruton, Clerk of Court

Tresa Abraham, Deputy Clerk

APPEAL,MARTIN,PROTO,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:10-cv-05135
## Internal Use Only

Ezell et al., v. City of Chicago
Assigned to: Honorable Virginia M. Kendall
Case in other court: 10-03525
Cause: 42:1983 Civil Rights Act

Date Filed: 08/16/2010
Date Terminated: 09/29/2014
Jury Demand: None
Nature of Suit: 950 Constitutional -
State Statute
Jurisdiction: Federal Question

**Plaintiff**

**Rhonda Ezell**                    represented by    **David G. Sigale**
Law Firm of David G. Sigale, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
(630) 452-4547
Fax: (630) 596-4445
Email: dsigale@sigalelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
Gura & Possessky, PLLC
105 Oronoco Street
Suite 305
Alexandria, VA 22314
(703) 835-9085
Email: alan@gurapossessky.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph I. Brown**                 represented by    **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Hespen**                  represented by    **David G. Sigale**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Action Target, Inc.**          represented by   **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Second Amendment Foundation, Inc.**          represented by   **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Illinois State Rifle Association**          represented by   **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Gura**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City Of Chicago**          represented by   **Michael A. Forti**
Illinois Department of Transportation
100 W. Randolph Street
Suite 6-600

Chicago, IL 60601
(312)793-2255
Email: Michael.Forti@Illinois.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew W Worseck**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: aworseck@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Mardell Nereim**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: mnereim@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Mary Eileen Cunniff Wells**
City Of Chicago, Department Of Law
30 N. Lasalle
Suite 1230
Chicago, IL 60602
312 7440897
Email:
maryeileencunniff.wells@cityofchicago.org

*ATTORNEY TO BE NOTICED*

**Rebecca Alfert Hirsch**
City of chicago
30 N. LaSalle St
Suite 1230
Chicago, IL 60602
(312) 742-0260
Email: rebecca.alfert@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**William Macy Aguiar**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010

Email: waguiar@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Amicus**

**National Rifle Association**  represented by  **Charles J. Cooper**
*TERMINATED: 10/15/2011*                    Cooper & Kirk, PLLC
                                            1523 New Hampshire Avenue
                                            Washington, DC 20036
                                            (202) 220-9600
                                            Email: ccooper@cooperkirk.com
                                            *TERMINATED: 10/15/2011*
                                            *LEAD ATTORNEY*

                                            **David Henry Thompson**
                                            Cooper & Kirk, Pllc
                                            1523 New Hampshire Avenue, N.w.
                                            Washington, DC 20036
                                            (202) 220-9600
                                            Email: dthompson@cooperkirk.com
                                            *TERMINATED: 10/15/2011*
                                            *PRO HAC VICE*

                                            **Jesse Michael Panuccio**
                                            Cooper & Kirk, Pllc
                                            1523 New Hampshire Avenue, N.w.
                                            Washington, DC 20036
                                            (202) 220-9600
                                            Email: jpanuccio@cooperkirk.com
                                            *TERMINATED: 10/15/2011*
                                            *PRO HAC VICE*

                                            **Stephen A. Kolodziej**
                                            Ford & Britton, P.C.
                                            33 North Dearborn Street
                                            Suite 300
                                            Chicago, IL 60602
                                            (312) 924-7500
                                            Fax: (312) 924-7516
                                            Email: skolodziej@fordbritton.com
                                            *TERMINATED: 10/15/2011*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2010 | 1 | COMPLAINT filed by Illinois State Rifle Association, Rhonda Ezell, Action Target, Inc., William Hespen, Joseph I. Brown, Second Amendment Foundation, Inc.; Filing fee $ 350, receipt number 0752-5119115.(Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 2 | CIVIL Cover Sheet (Sigale, David) (Entered: 08/16/2010) |
|  |  |  |

| 08/16/2010 | 3 | ATTORNEY Appearance for Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. by David G. Sigale (Sigale, David) (Entered: 08/16/2010) |
| --- | --- | --- |
| 08/16/2010 | 4 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for preliminary injunction, MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for permanent injunction (Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 5 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in support of motion for preliminary injunction, motion for permanent injunction,, 4 (Attachments: # 1 Exhibit A - Trailer Rental Agreement, # 2 Exhibit B - Lease Agreement, # 3 Exhibit C - Declaration of Julianne Versnel, # 4 Exhibit D - Declaration of Richard Pearson, # 5 Exhibit E - Declaration of William Hespen, # 6 Exhibit F - Declaration of Joseph I. Brown, # 7 Exhibit G - Declaration of Rhonda Ezell, # 8 Exhibit H - Declaration of Chris Hart)(Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | | CASE ASSIGNED to the Honorable Virginia M. Kendall. Designated as Magistrate Judge the Honorable Morton Denlow. (jn, ) (Entered: 08/16/2010) |
| 08/16/2010 | 6 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in support of motion for preliminary injunction, motion for permanent injunction,, 4 *(Corrected)* (Attachments: # 1 Declaration of Julianne Versnel, # 2 Exhibit (Exh. A to Versnel Declaration), # 3 Exhibit (Exh. B to Versnel Declaration), # 4 Declaration of Richard Pearson, # 5 Declaration of William Hespen, # 6 Declaration of Joseph I. Brown, # 7 Declaration of Rhonda Ezell, # 8 Declaration of Chris Hart)(Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 7 | NOTICE of Motion by David G. Sigale for presentment of motion for preliminary injunction, motion for permanent injunction,, 4 before Honorable Virginia M. Kendall on 8/23/2010 at 09:00 AM. (Sigale, David) (Entered: 08/16/2010) |
| 08/16/2010 | 8 | ATTORNEY Appearance for Defendant City Of Chicago by Andrew W Worseck (Worseck, Andrew) (Entered: 08/16/2010) |
| 08/17/2010 | 9 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5123851. (Gura, Alan) (Entered: 08/17/2010) |
| 08/17/2010 | | SUMMONS Issued as to Defendant City Of Chicago. (vcf, ) (Entered: 08/17/2010) |
| 08/17/2010 | 10 | MINUTE entry before Honorable Virginia M. Kendall:Motion for |

| | | |
|---|---|---|
| | | leave to appear pro hac vice 9 is granted. Attorney Alan Gura for Action Target, Inc.,Alan Gura for Joseph I. Brown, Alan Gura for Rhonda Ezell,Alan Gura for William Hespen,Alan Gura for Illinois State Rifle Association,Alan Gura for Second Amendment Foundation, Inc. added. Mailed notice (smm) (Entered: 08/18/2010) |
| 08/22/2010 | 11 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for temporary restraining order (Attachments: # 1 Notice of Filing, # 2 Supplement Brief in Support, # 3 Text of Proposed Order, # 4 Declaration of Alan Gura)(Gura, Alan) (Entered: 08/22/2010) |
| 08/23/2010 | 12 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. re complaint 1 (Sigale, David) (Entered: 08/23/2010) |
| 08/23/2010 | 13 | MINUTE entry before Honorable Virginia M. Kendall:Plaintiff's motion for preliminary and permanent injunction 4 are entered and briefed as follows: Responses due by 10/7/2010. Replies due by 10/14/2010. Oral argument set for 10/15/2010 @ 1:00 p.m. Defendant's oral motion for discovery on preliminary injunction is granted to 9/30/2010.Advised in open court notice (tsa, ) (Entered: 08/23/2010) |
| 08/23/2010 | 14 | MINUTE entry before Honorable Virginia M. Kendall:Plaintiff's motion for temporary restraining order 11 is set for hearing 8/23/2010 at 03:30 PM.Advised in open court notice (tsa, ) (Entered: 08/23/2010) |
| 08/23/2010 | 15 | RESPONSE by City Of Chicagoin Opposition to MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for temporary restraining order 11 (Worseck, Andrew) (Entered: 08/23/2010) |
| 08/23/2010 | 16 | MINUTE entry before Honorable Virginia M. Kendall:Temporary restraining order hearing held on 8/23/2010. Ruling set for 8/24/2010 at 09:30 AM.Advised in open court notice (tsa, ) (Entered: 08/23/2010) |
| 08/24/2010 | 17 | MINUTE entry before Honorable Virginia M. Kendall: Temporary restraining order hearing held on 8/24/2010. Plaintiff's motion for TRO 11 is denied without prejudice for the reasons stated on the record in open court. Minute entry 13 is stricken. Plaintiff's motion for preliminary and permanent injunction 4 is briefed as follows: Responses due by 9/20/2010 Replies due by 9/27/2010. Preliminary Injunction hearing set for 10/1/2010 at 01:00 PM. Defendant's oral motion to keep the previous schedule is denied. Any discovery shall be complete by 9/13/2010. Advised in open court notice (tsa, ) (Entered: 08/24/2010) |
| 09/02/2010 | 18 | MINUTE entry before Honorable Virginia M. Kendall:Initial status hearing set for 11/17/2010 @ 9:00 a.m. Joint Status Report due by 11/10/2010. (See Judge Kendall's web page found at |

| | | |
|---|---|---|
| | | www.ilnd.uscourts.gov for information about status reports). The parties are to report on the following: (1) Possibility of settlement in the case; (2) if no possibility of settlement exists, the nature and length of discovery necessary to get the case ready for trial. Plaintiff is to advise all other parties of the Court's action herein. Lead counsel is directed to appear at this status hearing.Mailed notice (tsa, ) (Entered: 09/02/2010) |
| 09/02/2010 | 19 | ATTORNEY Appearance for Defendant City Of Chicago by Michael A. Forti (Forti, Michael) (Entered: 09/02/2010) |
| 09/02/2010 | 20 | ATTORNEY Appearance for Defendant City Of Chicago by Mardell Nereim (Nereim, Mardell) (Entered: 09/02/2010) |
| 09/10/2010 | 21 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to quash *Unserved Subpoenas Duces tecum* (Sigale, David) (Entered: 09/10/2010) |
| 09/10/2010 | 22 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in support of motion to quash 21 (Attachments: # 1 Declaration of Alan Gura)(Sigale, David) (Entered: 09/10/2010) |
| 09/10/2010 | 23 | *Emergency* NOTICE of Motion by David G. Sigale for presentment of motion to quash 21 before Honorable Virginia M. Kendall on 9/10/2010 at 09:00 AM. (Sigale, David) (Entered: 09/10/2010) |
| 09/10/2010 | 24 | MINUTE entry before Honorable Virginia M. Kendall:Emergency Motion by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to quash Unserved Subpoenas Duces tecum 21 is denied for the reasons stated on the record in open court.Advised in open court notice (tsa, ) (Entered: 09/13/2010) |
| 09/13/2010 | 25 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for temporary restraining order (Attachments: # 1 Request for Judicial Notice, # 2 Declaration of Andre Queen, # 3 Declaration of Richard Pearson, # 4 Declaration of Julianne Versnel, # 5 Declaration of Jerry Tilbor, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Declaration of Alan Gura, # 10 Memorandum in Support, # 11 Notice of Filing)(Gura, Alan) (Entered: 09/13/2010) |
| 09/13/2010 | 26 | AMENDED motion for temporary restraining order,, 25 *Corrected Memorandum in Support* (Gura, Alan) (Entered: 09/13/2010) |
| 09/14/2010 | 27 | MOTION by Defendant City Of Chicago to vacate *briefing schedule and preliminary injunction hearing set for October 1* (Attachments: # 1 Exhibit A-D)(Hirsch, Rebecca) (Entered: 09/14/2010) |
| 09/14/2010 | 28 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of before Honorable Virginia M. Kendall on 9/15/2010 at 04:00 PM. (Hirsch, |

| | | Rebecca) (Entered: 09/14/2010) |
|---|---|---|
| 09/15/2010 | 29 | ATTORNEY Appearance for Defendant City Of Chicago by Rebecca Alfert Hirsch (Hirsch, Rebecca) (Entered: 09/15/2010) |
| 09/15/2010 | 30 | ATTORNEY Appearance for Defendant City Of Chicago by William Macy Aguiar (Aguiar, William) (Entered: 09/15/2010) |
| 09/15/2010 | 31 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in Opposition to motion to vacate 27 *briefing schedule and hearing* (Gura, Alan) (Entered: 09/15/2010) |
| 09/15/2010 | 32 | MEMORANDUM by City Of Chicago in Opposition to motion for temporary restraining order,, 25 (Attachments: # 1 Exhibit A-C, # 2 Exhibit D, # 3 Exhibit E-K, # 4 Exhibit L-P)(Aguiar, William) (Entered: 09/15/2010) |
| 09/15/2010 | 33 | NOTICE by City Of Chicago re memorandum in opposition to motion 32 (Aguiar, William) (Entered: 09/15/2010) |
| 09/15/2010 | 34 | MINUTE entry before Honorable Virginia M. Kendall:Plaintiff's motion for TRO 25 is entered and continued for ruling on 9/16/2010 at 04:00 PM. Advised in open court notice (tsa, ) (Entered: 09/15/2010) |
| 09/15/2010 | 35 | NOTICE by All Plaintiffs re memorandum in opposition to motion 31 *to vacate briefing schedule* (Sigale, David) (Entered: 09/15/2010) |
| 09/16/2010 | 36 | MINUTE entry before Honorable Virginia M. Kendall: MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for temporary restraining order 25 is denied. MOTION by Defendant City Of Chicago to vacate briefing schedule and preliminary injunction hearing set for October 1 27 is denied. Status hearing set for 9/23/2010 at 09:00 AM.Advised in open court notice (tsa, ) (Entered: 09/17/2010) |
| 09/20/2010 | 37 | MOTION by Defendant City Of Chicago for leave to file excess pages *instanter* (Attachments: # 1 Exhibit 1, # 2 Exhibit A-D)(Aguiar, William) (Entered: 09/20/2010) |
| 09/20/2010 | 38 | NOTICE of Motion by William Macy Aguiar for presentment of motion for leave to file excess pages 37 before Honorable Virginia M. Kendall on 9/23/2010 at 09:00 AM. (Aguiar, William) (Entered: 09/20/2010) |
| 09/22/2010 | 39 | MINUTE entry before Honorable Virginia M. Kendall: MOTION by Defendant City Of Chicago for leave to file excess pages instanter 37 is granted. The brief shall be filed as a separate document and not as an attachment.Mailed notice (tsa, ) (Entered: 09/22/2010) |
| 09/22/2010 | 40 | MOTION by Defendant City Of Chicago for extension of time to file answer *or otherwise plead* (Hirsch, Rebecca) (Entered: 09/22/2010) |
| | | |

| | | |
|---|---|---|
| 09/22/2010 | 41 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for extension of time to file answer 40 before Honorable Virginia M. Kendall on 9/23/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/22/2010) |
| 09/22/2010 | 42 | MEMORANDUM by City Of Chicago in Opposition to motion for preliminary injunction, motion for permanent injunction,, 4 (Attachments: # 1 Exhibit A-D)(Aguiar, William) (Entered: 09/22/2010) |
| 09/22/2010 | 43 | NOTICE by City Of Chicago re memorandum in opposition to motion 42 *for preliminary injunction* (Aguiar, William) (Entered: 09/22/2010) |
| 09/22/2010 | 44 | MOTION by Defendant City Of ChicagoDefendant's Emergency Motion for Leave to Allow Additional Discovery or in the Alternative to Bar Certain Witnesses (Hirsch, Rebecca) (Entered: 09/22/2010) |
| 09/22/2010 | 45 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for miscellaneous relief 44 before Honorable Virginia M. Kendall on 9/23/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/22/2010) |
| 09/23/2010 | 46 | MINUTE entry before Honorable Virginia M. Kendall: Status hearing stricken for 9/23/2010 and reset for 9/28/2010 at 09:00 AM.Mailed notice (tsa, ) (Entered: 09/23/2010) |
| 09/23/2010 | 47 | *Amended* NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for miscellaneous relief 44 before Honorable Virginia M. Kendall on 9/28/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/23/2010) |
| 09/23/2010 | 48 | MOTION by Defendant City Of Chicago for extension of time to file answer *Filed as Emergency Motion* (Hirsch, Rebecca) (Entered: 09/23/2010) |
| 09/23/2010 | 49 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for extension of time to file answer 48 before Honorable Virginia M. Kendall on 9/28/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/23/2010) |
| 09/27/2010 | 50 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.in limine *no. 1: to exclude six witnesses* (Attachments: # 1 Memorandum in Support)(Gura, Alan) (Entered: 09/27/2010) |
| 09/27/2010 | 51 | NOTICE of Motion by Alan Gura for presentment of motion in limine, 50 before Honorable Virginia M. Kendall on 9/28/2010 at 09:00 AM. (Gura, Alan) (Entered: 09/27/2010) |
| 09/27/2010 | 52 | REPLY by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle |

| | | Association, Second Amendment Foundation, Inc. for preliminary injunctionMOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for permanent injunction 4 , memorandum in opposition to motion 42 (Gura, Alan) (Entered: 09/27/2010) |
|---|---|---|
| 09/27/2010 | 53 | NOTICE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. re reply to response to motion,, 52 (Gura, Alan) (Entered: 09/27/2010) |
| 09/27/2010 | 54 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in Opposition to motion for miscellaneous relief 44 (Sigale, David) (Entered: 09/27/2010) |
| 09/27/2010 | 55 | NOTICE by All Plaintiffs re memorandum in opposition to motion 54 to Allow Additional Discovery or Bar Certain Witnesses (Sigale, David) (Entered: 09/27/2010) |
| 09/28/2010 | 56 | RESPONSE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to MOTION by Defendant City Of Chicago for extension of time to file answer Filed as Emergency Motion 48 (Sigale, David) (Entered: 09/28/2010) |
| 09/28/2010 | 57 | NOTICE by All Plaintiffs re response to motion, 56 (Sigale, David) (Entered: 09/28/2010) |
| 09/28/2010 | 58 | MINUTE entry before Honorable Virginia M. Kendall:Defendants motions for extension of time to answer 40 , 48 is granted to 10/8/2010 for an answer or to otherwise plead to plaintiff's complaint. Defendant's Emergency Motion for Leave to Allow Additional Discovery or in the Alternative to Bar Certain Witnesses 44 is granted. Plaintiff's motion in limine #1 to exclude the testimony of six witnesses 50 is denied as to Dan Bartoli. Defendants are required to submit a summary statement of Dan Bartoli to plaintiff. The motion is also denied as to Pattie Scudiero and dismissed as moot as to the other four witnesses by agreement of the parties. Plaintiff's oral motion to depose Pattie Scudiero is granted and limited to one hour. Defendant's are permitted to depose the property owner and real estate owner each, but limited to one hour. Miss Versnell may also be deposed, but limited to one hour regarding new information. Plaintiffs must provide a copy of the new contract to defendant. (tsa, ) (Entered: 09/28/2010) |
| 10/01/2010 | 59 | ATTORNEY Appearance for Amicus National Rifle Association by Charles J. Cooper -- Appearance of Stephen A. Kolodziej (Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 60 | MOTION by Amicus National Rifle Association for leave to file Brief as Amicus Curiae (Attachments: # 1 Exhibit Brief of Amicus Curiae National Rifle Association, # 2 Exhibit, # 3 Exhibit, # 4 Notice of |

| | | Affiliates)(Cooper, Charles) (Entered: 10/01/2010) |
|---|---|---|
| 10/01/2010 | 61 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5278746. (Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 62 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5278846. *Motion of David H. Thompson for Leave to Appear Pro Hac Vice.* (Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 63 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5278888. *Motion of Jesse Panuccio for Leave to Appear Pro Hac Vice.* (Cooper, Charles) (Entered: 10/01/2010) |
| 10/01/2010 | 64 | MINUTE entry before Honorable Virginia M. Kendall:Preliminary Injunction hearing held on 10/1/2010 and continued to 10/4/2010 at 09:30 AM.Advised in open court notice (tsa, ) (Entered: 10/04/2010) |
| 10/04/2010 | | MAILED Local General Rule 83.17 letter to Attorney Stephen Kolodziej. (smm) (Entered: 10/04/2010) |
| 10/04/2010 | 66 | MINUTE entry before Honorable Virginia M. Kendall:Preliminary Injunction hearing held on 10/4/2010. The Court will rule by mail.Advised in open court notice (tsa, ) (Entered: 10/05/2010) |
| 10/05/2010 | 65 | ATTORNEY Appearance for Amicus National Rifle Association by Stephen A. Kolodziej (Kolodziej, Stephen) (Entered: 10/05/2010) |
| 10/08/2010 | 67 | MOTION by Defendant City Of Chicago to dismiss *plaintiffs' complaint* (Hirsch, Rebecca) (Entered: 10/08/2010) |
| 10/08/2010 | 68 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion to dismiss 67 before Honorable Virginia M. Kendall on 10/14/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 10/08/2010) |
| 10/08/2010 | 69 | TRANSCRIPT OF PROCEEDINGS held on 8/23/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 1A. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.** <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | 70 | TRANSCRIPT OF PROCEEDINGS held on 8/23/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 1B. **Court Reporter Contact Information: APRIL METZLER, 312-** |

| | | |
|---|---|---|
| | | 408-5154, April_Metzler@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | 71 | TRANSCRIPT OF PROCEEDINGS held on 8/24/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 2. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | 72 | TRANSCRIPT OF PROCEEDINGS held on 9/15/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 1. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | 73 | TRANSCRIPT OF PROCEEDINGS held on 9/16/2010 before the Honorable Virginia M. Kendall. Emergency Motion for TRO - Vol 2. **Court Reporter Contact Information: APRIL METZLER, 312-** |

| | | | |
|---|---|---|---|
| | | | 408-5154, April_Metzler@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | | 74 | TRANSCRIPT OF PROCEEDINGS held on 10/1/2010 before the Honorable Virginia M. Kendall. Motion for Preliminary Injunction - Vol 1. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | | 75 | TRANSCRIPT OF PROCEEDINGS held on 10/4/2010 before the Honorable Virginia M. Kendall. Motion for Preliminary Injunction - Vol 2-A. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/08/2010 | | 76 | TRANSCRIPT OF PROCEEDINGS held on 10/4/2010 before the Honorable Virginia M. Kendall. Motion for Preliminary Injunction - Vol 2-B. **Court Reporter Contact Information: APRIL METZLER,** |

| | | |
|---|---|---|
| | | **312-408-5154, April_Metzler@ilnd.uscourts.gov**.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2010. Redacted Transcript Deadline set for 11/8/2010. Release of Transcript Restriction set for 1/6/2011. (Metzler, April) (Entered: 10/08/2010) |
| 10/12/2010 | 77 | MINUTE entry before Honorable Virginia M. Kendall:Enter MEMORANDUM, OPINION AND ORDER: Plaintiffs have failed to support their contention that they have been irreparably harmed by the Citys ban on firing ranges. Each individual plaintiff has the ability to travel to have firing range training conducted outside of the Citys borders and the organizational Plaintiffs have failed to support their contention that residents are unable to obtain their training outside the City with any evidence. Even if Plaintiffs could demonstrate that they were harmed by the new ordinance, that harm can be remedied through monetary damages in the likelihood that they succeed on the merits. Finally, no court has expanded the breadth of the Second Amendment right of possession within ones residence as established in Heller to the right to train at a firing range within ones municipality and therefore there is questionable likelihood of success on the merits. Therefore, Plaintiffs motion for preliminary injunction is denied. Mailed notice (tsa, ) (Entered: 10/12/2010) |
| 10/12/2010 | 78 | MEMORANDUM Opinion and Order Signed by the Honorable Virginia M. Kendall on 10/12/2010.(tsa, ) (Entered: 10/12/2010) |
| 10/13/2010 | 79 | MINUTE entry before Honorable Virginia M. Kendall:Defendant's motion to dismiss 67 is entered and briefed as follows: Responses due by 10/28/2010. Replies due by 11/4/2010. Ruling will be made by mail. Parties need not appear in court on 10/14/2010. Mailed notice (tsa, ) (Entered: 10/13/2010) |
| 10/28/2010 | 80 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in Opposition to motion to dismiss 67 (Gura, Alan) (Entered: 10/28/2010) |
| 10/28/2010 | 81 | NOTICE of appeal by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. regarding orders 77 , 78 Filing fee $ 455, receipt number 0752-5367812. (Gura, Alan) (Entered: 10/28/2010) |
| 10/29/2010 | 82 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 10/29/2010) |

| 10/29/2010 | 83 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 81 . Notified counsel (dj, ) (Entered: 10/29/2010) |
|---|---|---|
| 10/29/2010 | 84 | ACKNOWLEDGEMENT of receipt of short record on appeal regarding notice of appeal 81 ; USCA Case No. 10-3525. (smm) (Entered: 11/01/2010) |
| 11/01/2010 | 85 | MOTION by Defendant City Of Chicago to stay *proceedings pending appeal or in the alternative for extension of time* (Hirsch, Rebecca) (Entered: 11/01/2010) |
| 11/01/2010 | 86 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion to stay 85 before Honorable Virginia M. Kendall on 11/15/2010 at 09:00 AM. (Hirsch, Rebecca) (Entered: 11/01/2010) |
| 11/09/2010 | 87 | MINUTE entry before Honorable Virginia M. Kendall:Motion for leave to appear pro hac vice 61 . 62 . 63 is granted. Mailed notice (nf, ) (Entered: 11/10/2010) |
| 11/15/2010 | 88 | MINUTE entry before Honorable Virginia M. Kendall:Defendant's motion to stay 85 is entered and briefed as follows: Responses due by 12/6/2010. Replies due by 12/22/2010. Status hearing set for 12/22/2010 at 09:00 AM. The response is stayed on motion 67 until the Courts ruling on the motion to stay 85 . Defendant's reply in support is entered and continued until the motion to stay is ruled upon. Status hearing set for 11/17/2010 is stricken. Parties are to provide a status report by 12/20/2010. Advised in open court notice (tsa, ) (Entered: 11/16/2010) |
| 11/23/2010 | 89 | TRANSMITTED to the USCA for the 7th Circuit the long record on appeal 81 (USCA no. 10-3525) (dj, ) (Entered: 11/23/2010) |
| 11/23/2010 | 91 | USCA RECEIVED on 11/23/10 the long record regarding notice of appeal 81 (dj, ) (Entered: 11/29/2010) |
| 11/24/2010 | 90 | TRANSCRIPT OF PROCEEDINGS held on 9/10/10 before the Honorable Virginia M. Kendall. Emergency Motion Hearing. **Court Reporter Contact Information: APRIL METZLER, 312-408-5154, April_Metzler@ilnd.uscourts.gov**.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 12/15/2010. Redacted Transcript Deadline set for 12/27/2010. Release of Transcript Restriction set for 2/22/2011. (Metzler, April) (Entered: 11/24/2010) |
| 12/06/2010 | 92 | RESPONSE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, |

|  |  | William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to MOTION by Defendant City Of Chicago to stay proceedings pending appeal or in the alternative for extension of time 85 (Sigale, David) (Entered: 12/06/2010) |
|---|---|---|
| 12/06/2010 | 93 | NOTICE by All Plaintiffs re response to motion, 92 (Sigale, David) (Entered: 12/06/2010) |
| 12/15/2010 | 94 | MOTION by Defendant City Of Chicago to supplement (Attachments: # 1 Exhibit List of Hearing Exhibits)(Worseck, Andrew) (Entered: 12/15/2010) |
| 12/15/2010 | 95 | NOTICE of Motion by Andrew W Worseck for presentment of motion to supplement 94 before Honorable Virginia M. Kendall on 12/22/2010 at 09:00 AM. (Worseck, Andrew) (Entered: 12/15/2010) |
| 12/20/2010 | 96 | STATUS Report (Joint) by City Of Chicago (Aguiar, William) (Entered: 12/20/2010) |
| 12/20/2010 | 97 | NOTICE by City Of Chicago re status report 96 (Aguiar, William) (Entered: 12/20/2010) |
| 12/21/2010 | 98 | TRANSMITTED to the USCA for the 7th Circuit supplemental record on appeal 81 (USCA no. 10-3525) consisting of 1 pdf Efiled Transcripts. (smm) (Entered: 12/21/2010) |
| 12/22/2010 | 99 | MINUTE entry before Honorable Virginia M. Kendall:Agreed MOTION by Defendant City Of Chicago to supplement 94 the record on appeal is granted. Mailed notice (tsa, ) (Entered: 12/22/2010) |
| 12/22/2010 | 100 | MINUTE entry before Honorable Virginia M. Kendall:Status hearing held on 12/22/2010.Advised in open court notice (tsa, ) (Entered: 12/22/2010) |
| 12/22/2010 | 101 | REPLY by Defendant City Of Chicago in support of motion to stay proceedings pending appeal (Attachments: # 1 Exhibit A)(Hirsch, Rebecca) (Entered: 12/22/2010) |
| 12/22/2010 | 102 | EXHIBITS and Transcript Designations by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. (Document not scanned). (smm) (Entered: 12/22/2010) |
| 12/22/2010 | 103 | EXHIBITS and Transcript Designations by Defendant City Of Chicago. (Document not scanned). (smm) (Entered: 12/22/2010) |
| 12/22/2010 | 105 | TRANSMITTED to the USCA for the 7th Circuit supplemental record on appeal 81 (USCA no. 10-3525) consisting of 1 Volume of pleadings, 2 Volumes of Exhibits. (smm) (smm, ). (Entered: 12/22/2010) |
| 12/27/2010 | 104 | USCA RECEIVED on 12/22/10 the supplemental record regarding notice of appeal 81 . (smm) (Entered: 12/28/2010) |
| 01/17/2011 | 106 | NOTICE by David G. Sigale of Change of Address (Sigale, David) (Entered: 01/17/2011) |

| 01/21/2011 | 107 | MINUTE entry before Honorable Virginia M. Kendall: MOTION by Defendant City Of Chicago to stay proceedings pending appeal or in the alternative for extension of time 85 is dismissed as moot.Mailed notice (tsa, ) (Entered: 01/21/2011) |
| --- | --- | --- |
| 02/01/2011 | 108 | MINUTE entry before Honorable Virginia M. Kendall:Minute entry 107 is stricken and was entered in error.Mailed notice (tsa, ) (Entered: 02/01/2011) |
| 04/08/2011 | 109 | WRITTEN Opinion entered by the Honorable Virginia M. Kendall on 4/8/2011:For the foregoing reasons, the Citys motion to stay (Doc. 85) is granted and its motion to dismiss (Doc. 67) is denied without prejudice. Entered by the Honorable Virginia M. Kendall on 4/8/2011.Mailed notice(tsa, ) (Entered: 04/08/2011) |
| 07/28/2011 | 110 | BILL of COSTS submitted by USCA; USCA No. 10-3525. (smm) (Entered: 07/29/2011) |
| 07/28/2011 | 111 | LETTER from the Seventh Circuit returning the record on appeal in USCA no. 10-3525 consisting of record to be returned later. (smm) (Entered: 07/29/2011) |
| 07/28/2011 | 112 | CERTIFIED MANDATE of USCA dated 7/6/11 regarding notice of appeal 81 ; USCA No. 10-3525. The district court's order denying the plaintiffs' motion for a preliminary injunction is REVERSED, with costs, and the case is REMANDED with instructions to enter a preliminary injunction consistent with this opinion. The above is in accordance with the decision of this court entered on this date. (smm) (Entered: 07/29/2011) |
| 07/28/2011 | 113 | CERTIFIED Copy of OPINION from the USCA for the 7th Circuit; Argued 4/4/11; Decided 7/6/11 in USCA case no. 10-3525. (smm) (Entered: 07/29/2011) |
| 07/29/2011 | 114 | MOTION by Defendant City Of Chicago to dismiss *Plaintiffs' Case as Moot* (Attachments: # 1 Exhibit A-B)(Aguiar, William) (Entered: 07/29/2011) |
| 07/29/2011 | 115 | NOTICE of Motion by William Macy Aguiar for presentment of motion to dismiss 114 before Honorable Virginia M. Kendall on 8/15/2011 at 09:00 AM. (Aguiar, William) (Entered: 07/29/2011) |
| 08/11/2011 | 116 | MINUTE entry before Honorable Virginia M. Kendall:Defendant's motion to dismiss plaintiffs' case as moot 114 is entered and briefed as follows: Responses due by 8/29/2011. Replies due by 9/6/2011. Ruling will be made by mail. Motion hearing set for 8/15/2011 is stricken. Status hearing set for 10/25/2011 at 09:00 AM.Mailed notice (tsa, ) (Entered: 08/11/2011) |
| 08/17/2011 | 117 | MINUTE entry before Honorable Virginia M. Kendall:Defendant's motion to dismiss 114 , Replies due by 9/12/2011. Ruling will be made by mail.Mailed notice (tsa, ) (Entered: 08/17/2011) |
| 08/29/2011 | 118 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda |

| | | |
|---|---|---|
| | | Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in Opposition to motion to dismiss 114 (Attachments: # 1 Exhibit A)(Gura, Alan) (Entered: 08/29/2011) |
| 09/12/2011 | 119 | REPLY by City Of Chicago to memorandum in opposition to motion 118 *to dismiss Plaintiffs' Case as Moot* (Aguiar, William) (Entered: 09/12/2011) |
| 09/12/2011 | 120 | NOTICE by City Of Chicago re reply to response to motion 119 *to dismiss Plaintiffs' Case as Moot* (Aguiar, William) (Entered: 09/12/2011) |
| 09/28/2011 | 121 | MINUTE entry before Honorable Virginia M. Kendall:Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the Citys motion to dismiss the case as moot is denied. By September 30, 2011, the parties shall file an agreed proposed injunction order, or separate proposedinjunction orders if they cannot agree. Ezell must file her amended complaint by October 15, 2011. The parties shall appear for a status on October 26, 2011 at 9:00 a.m. to discuss the schedule going forward. Mailed notice (tsa, ) (Entered: 09/28/2011) |
| 09/28/2011 | 122 | MEMORANDUM Opinion and Order Signed by the Honorable Virginia M. Kendall on 9/28/2011.(tsa, ) (Entered: 09/28/2011) |
| 09/30/2011 | 123 | OBJECTIONS *Defendant's Objection to the Entry of a Preliminary Injunction* (Hirsch, Rebecca) (Entered: 09/30/2011) |
| 09/30/2011 | 124 | Notice of Submission of E-mailed Proposed Injunction Order by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. (Sigale, David) (Entered: 09/30/2011) |
| 10/04/2011 | 125 | MINUTE entry before Honorable Virginia M. Kendall:Written response to the defendant's objection to the entry of a preliminary injunction is due by 10/18/2011. Reply by 10/25/2011. Ruling will be made by mail.Mailed notice (tsa, ) (Entered: 10/04/2011) |
| 10/15/2011 | 126 | AMENDED complaint by Illinois State Rifle Association, Rhonda Ezell, Action Target, Inc., William Hespen, Joseph I. Brown, Second Amendment Foundation, Inc. against City Of Chicago (Sigale, David) (Entered: 10/15/2011) |
| 10/15/2011 | 127 | NOTICE by All Plaintiffs re amended complaint 126 *(Notice of Filing)* (Sigale, David) (Entered: 10/15/2011) |
| 10/15/2011 | 🔒 | (Court only) *** Party National Rifle Association terminated. (smm) (Entered: 10/18/2011) |
| 10/18/2011 | 128 | RESPONSE by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to objections 123 *to Entry of Preliminary Injunction* (Sigale, David) (Entered: 10/18/2011) |
| 10/25/2011 | 129 | REPLY by Defendant City Of Chicago *In Support of Its Objections to* |

| | | |
|---|---|---|
| | | *the Entry of a Preliminary Injunction* (Hirsch, Rebecca) (Entered: 10/25/2011) |
| 10/26/2011 | 130 | MINUTE entry before Honorable Virginia M. Kendall:Status hearing held on 10/26/2011. Fact Discovery ordered closed by 4/20/2012. Dispositive motions with supporting memoranda due by 7/13/2012. Responses due by 8/10/2012. Replies due by 8/24/2012. Ruling will be made by mail. Status hearing set for 4/23/2012 at 09:00 AM. to inform the Court if the parties would like to engage in settlement negotiations. Defendant's oral motion to answer the complaint by 11/16/2011 is granted. The Court denies the entry of a preliminary injunction by the plaintiff.Advised in open court notice (tsa, ) (Entered: 10/26/2011) |
| 11/10/2011 | 131 | MINUTE entry before Honorable Virginia M. Kendall:For the below reasons, the Court will not enter Ezells proposed injunction order. Mailed notice (tsa, ) (Entered: 11/10/2011) |
| 11/16/2011 | 132 | ANSWER to amended complaint by City Of Chicago(Hirsch, Rebecca) (Entered: 11/16/2011) |
| 03/18/2012 | 133 | TRANSCRIPT OF PROCEEDINGS held on 10/26/2011 before the Honorable Virginia M. Kendall. Status Conference. Court Reporter Contact Information: April Metzler, april.courtreporter@gmail.com, 419-787-1832. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 4/9/2012. Redacted Transcript Deadline set for 4/18/2012. Release of Transcript Restriction set for 6/18/2012. (Metzler, April) (Entered: 03/18/2012) |
| 03/23/2012 | 134 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for protective order *and to quash depositions* (Sigale, David) (Entered: 03/23/2012) |
| 03/23/2012 | 135 | NOTICE of Motion by David G. Sigale for presentment of motion for protective order 134 before Honorable Virginia M. Kendall on 4/3/2012 at 09:00 AM. (Sigale, David) (Entered: 03/23/2012) |
| 03/23/2012 | | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to quash deposition subpoenas and notices. (Omitted Relief from motion 134 .) (smm) (Entered: 03/26/2012) |
| 03/25/2012 | 136 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to compel *discovery responses* |

|  |  |  |
|---|---|---|
|  |  | (Attachments: # 1 Exhibit Defendant's Answers to Interrogatories, # 2 Exhibit Defendant's Responses to Request for Production, # 3 Exhibit Defendant's Answers to Request to Admit)(Sigale, David) (Entered: 03/25/2012) |
| 03/25/2012 | 137 | NOTICE of Motion by David G. Sigale for presentment of motion to compel, 136 before Honorable Virginia M. Kendall on 4/3/2012 at 09:00 AM. (Sigale, David) (Entered: 03/25/2012) |
| 03/26/2012 | 138 | TRANSMITTED to the USCA for the 7th Circuit supplemental record on appeal 81 (USCA no. 10-3525) consisting of one volume of transcripts. (smm) (Entered: 03/26/2012) |
| 04/03/2012 | 139 | MINUTE entry before Honorable Virginia M. Kendall:Plaintiff's motion for protective order 134 and to quash depositions is denied for the reasons stated on the record in open court. Plaintiff's motion to compel discovery responses 136 is entered and briefed as follows: Response by 4/17/2012. Plaintiff to reply by 4/24/2012. Ruling will be made by mail. Fact Discovery is extended and ordered closed by 6/29/2012. Dispositive motions with supporting memoranda due by 9/21/2012. Responses due by 10/19/2012. Replies due by 11/9/2012. Ruling will be made by mail. Expert discovery cut off set for 8/31/2012. Status hearing stricken for 4/23/2012 and reset for 7/9/2012 at 09:00 AM. The Court allows two (2) hours more for each deposition. Advised in open court notice (tsa, ) (Entered: 04/03/2012) |
| 04/05/2012 | 140 | MOTION by Plaintiff Rhonda Ezell to quash *Subpoenas* (Attachments: # 1 Exhibit, # 2 Exhibit)(Muchoney, Andrew) (Entered: 04/05/2012) |
| 04/05/2012 | 141 | NOTICE of Motion by Andrew Athis Muchoney for presentment of motion to quash 140 before Honorable Virginia M. Kendall on 4/12/2012 at 09:00 AM. (Muchoney, Andrew) (Entered: 04/05/2012) |
| 04/12/2012 | 142 | MINUTE entry before Honorable Virginia M. Kendall: MOTION by Plaintiff Rhonda Ezell to quash *Subpoenas* 140 is denied for the reasons stated on the record in open court. Alternative motion for protective order is granted. The subpoena is narrowed to July.Advised in open court notice (tsa, ) (Entered: 04/12/2012) |
| 04/16/2012 | 144 | EXECUTIVE COMMITTEE ORDER:Case referred to the Honorable Morton Denlow pursuant to Local Rule 72.1 to perform such additional duties as are not inconsistent with the Constitution and laws of the United States: Motion to compel 136 . Signed by Executive Committee on 4/16/12.(smm) (Entered: 04/18/2012) |
| 04/17/2012 | 143 | RESPONSE by City Of Chicagoin Opposition to MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to compel *discovery responses* 136 (Attachments: # 1 Exhibit)(Worseck, Andrew) (Entered: 04/17/2012) |
| 04/18/2012 | 145 | MINUTE entry before Honorable Morton Denlow:This matter has been referred to Judge Denlow for ruling on a pending motion. If no briefing |

| | | |
|---|---|---|
| | | schedule has been set or if no briefing is desired, the parties are to notice the motion up on Mondays or Wednesdays at 9:15 a.m. Judge Denlow does not desire briefs on discovery disputes. Otherwise, the parties are to appear for status or argument at 10:00 a.m. on 5/10/2012. Mailed notice (ldg, ) (Entered: 04/18/2012) |
| 04/23/2012 | 146 | MINUTE entry before Honorable Morton Denlow:Plaintiffs motion to compel discovery responses 136 is set for 5/2/2012 at 09:15 AM.Mailed notice (ldg, ) (Entered: 04/23/2012) |
| 04/23/2012 | 147 | MINUTE entry before Honorable Morton Denlow:Plaintiffs motion to compel discovery responses 136 set for 5/2/2012 is stricken. Status hearing set for 5/10/2012 at 10:00 A.M. to stand.Mailed notice (ldg, ) (Entered: 04/23/2012) |
| 04/24/2012 | 148 | REPLY by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to compel *discovery responses* 136 (Sigale, David) (Entered: 04/25/2012) |
| 04/25/2012 | 149 | NOTICE by All Plaintiffs re reply to response to motion, 148 (Sigale, David) (Entered: 04/25/2012) |
| 05/10/2012 | 150 | MINUTE entry before Honorable Morton Denlow: Status hearing held on 5/10/2012 and continued to 6/12/2012 at 10:00 AM. Plaintiffs' Fed. R. Civ. P. Rule 37(a)(3)(B) Motion to Compel 136 is granted in part and denied in part for the reasons stated in open court. Regarding Interrogatories #1, 2, 4, 5, 6, 11, 12, 13, and 16 the motion to compel further answers/responses is denied. With respect to Requests for Admission #1, 3, and 4 the motion to compel further answers/responses is denied. With respect to Interrogatory #17, the motion to compel further answer is granted; Defendants to supplement their answer by May 30, 2012. With respect to Request for Admission #12, the motion to compel further answer is granted following Plaintiffs amending the request by May 17, 2012; Defendants to supplement their answer by May 30, 2012. With respect to Interrogatory #18 and Request for Admission #6, Plaintiffs hold the motion to compel further answer/response in abeyance pending further discussion with Defendant. Mailed notice (ldg, ) (Entered: 05/11/2012) |
| 06/12/2012 | 151 | MINUTE entry before Honorable Morton Denlow:Magistrate Judge Status hearing held on 6/12/2012. Plaintiffs' F.R.Civ.P. Rule 37(a)(3) (B) motion 136 is entered and continued to 7/9/2012 at 09:15 AM.Mailed notice (ldg, ) (Entered: 06/12/2012) |
| 06/16/2012 | 152 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for extension of time to complete discovery *(Unopposed)* (Sigale, David) (Entered: 06/16/2012) |
| 06/16/2012 | 153 | NOTICE of Motion by David G. Sigale for presentment of motion for |

| | | |
|---|---|---|
| | | extension of time to complete discovery 152 before Honorable Virginia M. Kendall on 6/19/2012 at 09:00 AM. (Sigale, David) (Entered: 06/16/2012) |
| 06/18/2012 | 154 | MINUTE entry before Honorable Virginia M. Kendall:Notice of motion set for 6/19/2012 is stricken as not being timely filed. Mailed notice (tsa, ) (Entered: 06/18/2012) |
| 06/18/2012 | 155 | NOTICE of Motion by David G. Sigale for presentment of motion for extension of time to complete discovery 152 before Honorable Virginia M. Kendall on 6/25/2012 at 09:00 AM. (Sigale, David) (Entered: 06/18/2012) |
| 06/19/2012 | 156 | MINUTE entry before Honorable Virginia M. Kendall:Unopposed MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for extension of time to complete discovery 152 is granted. Fact Discovery ordered closed by 8/13/2012. Motion hearing set for 6/25/2012 on this motion is hereby stricken.Mailed notice (tsa, ) (Entered: 06/19/2012) |
| 07/05/2012 | 157 | MINUTE entry before Honorable Virginia M. Kendall: Status hearing set for 7/9/2012 is stricken and reset to 8/20/2012 at 09:00 AM.Mailed notice (tsa, ) (Entered: 07/05/2012) |
| 07/05/2012 | 158 | MINUTE entry before Honorable Virginia M. Kendall:Minute entry 157 is stricken and entered in error. Status hearing set for 7/9/2012 is stricken and reset 7/19/2012 at 09:00 AM.Mailed notice (tsa, ) (Entered: 07/05/2012) |
| 07/09/2012 | 159 | MINUTE entry before Honorable Morton Denlow: Plaintiff's counsel having failed to appear, the remaining issues related to Plaintiff's motion to compel discovery responses 136 are denied without prejudice. In the event Plaintiff's counsel wishes to raise the issues again he may do so by re-noticing the motion. Status hearing is set for 7/19/2012 at 10:00 AM.Mailed notice (ldg, ) (Entered: 07/09/2012) |
| 07/12/2012 | 160 | MINUTE entry before Honorable Virginia M. Kendall:Status hearing set for 7/19/2012 is stricken and reset to 7/17/2012 at 09:00 AM.Mailed notice (tsa, ) (Entered: 07/12/2012) |
| 07/16/2012 | 161 | MINUTE entry before Honorable Virginia M. Kendall:Status hearing set for 7/17/2012 is stricken and reset to 8/20/2012 at 09:00 AM.Mailed notice (tsa, ) (Entered: 07/16/2012) |
| 07/16/2012 | 162 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to compel (Attachments: # 1 Exhibit 1 - Interrogatories to Defendant, # 2 Exhibit 2 - Rule 34 Request for Production, # 3 Exhibit 3 - Rule 30(B)(6) Notice of Deposition)(Sigale, David) (Entered: 07/16/2012) |
| 07/16/2012 | 163 | NOTICE of Motion by David G. Sigale for presentment of motion to |

|  |  | compel, 162 before Honorable Morton Denlow on 7/19/2012 at 10:00 AM. (Sigale, David) (Entered: 07/16/2012) |
|---|---|---|
| 07/18/2012 | 164 | LETTER from the USCA retaining the record on appeal in USCA no. 10-3525 consisting of 2 Volumes of Exhibits to be returned later. (smm) (Entered: 07/19/2012) |
| 07/18/2012 | 165 | BILL OF COSTS submitted by USCA; USCA No. 10-3525. (smm) (Entered: 07/19/2012) |
| 07/18/2012 | 166 | CERTIFIED Copy of MANDATE of USCA dated 7/6/11 regarding notice of appeal 81 ; USCA No. 10-3525. (smm) (Entered: 07/19/2012) |
| 07/18/2012 | 167 | CERTIFIED Copy of OPINION from the USCA for the 7th Circuit; Argued 4/4/11; Decided 7/6/11 in USCA case no. 10-3525. (smm) (Entered: 07/19/2012) |
| 07/19/2012 | 168 | MINUTE entry before Honorable Morton Denlow: Magistrate Judge Status hearing held on 7/19/2012. Motion hearing held on 7/19/2012. Parts of Plaintiffs' F.R.Civ.P.37(a)(3)(B) motion to compel are granted in part and denied in part as stated in open court. The remainder is entered and continued to 8/6/2012 at 09:15 AM.Mailed notice (ldg, ) (Entered: 07/20/2012) |
| 07/23/2012 | 169 | MOTION by Defendant City Of Chicago for protective order *(Agreed)* (Attachments: # 1 Exhibit A)(Aguiar, William) (Entered: 07/23/2012) |
| 07/23/2012 | 170 | NOTICE of Motion by William Macy Aguiar for presentment of motion for protective order 169 before Honorable Virginia M. Kendall on 7/31/2012 at 09:00 AM. (Aguiar, William) (Entered: 07/23/2012) |
| 07/25/2012 | 172 | AGREED PROTECTIVE Order Signed by the Honorable Virginia M. Kendall on 7/25/2012.Mailed notice(smm) (Entered: 07/31/2012) |
| 07/30/2012 | 171 | MINUTE entry before Honorable Virginia M. Kendall:Agreed MOTION by Defendant City Of Chicago for protective order 169 is granted. Motion hearing set for 7/31/2012 on this motion is hereby stricken. Mailed notice (tsa, ) (Entered: 07/30/2012) |
| 08/02/2012 | 176 | AGREED PROTECTIVE Order (Exhibit) Signed by the Honorable Virginia M. Kendall on 8/2/2012.Mailed notice(smm) (Entered: 08/07/2012) |
| 08/06/2012 | 173 | MINUTE entry before Honorable Morton Denlow: Motion hearing held on 8/6/2012. With respect to F.R.Civ.P. 30(b)(6) notice of deposition portion of the motion to compel 162 the motion is granted in part and denied in part as stated in open court. This resolves all remaining issues related to the motion to compel. Status hearing is set for 9/13/2012 at 10:00 a.m.Mailed notice (ldg, ) (Entered: 08/06/2012) |
| 08/06/2012 | 174 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for extension of time to complete discovery *(Unopposed)* (Sigale, David) (Entered: 08/06/2012) |

| 08/06/2012 | 175 | NOTICE of Motion by David G. Sigale for presentment of motion for extension of time to complete discovery 174 before Honorable Virginia M. Kendall on 8/20/2012 at 09:00 AM. (Sigale, David) (Entered: 08/06/2012) |
| 08/07/2012 | 177 | NOTICE of Motion by David G. Sigale for presentment of motion for extension of time to complete discovery 174 before Honorable Virginia M. Kendall on 8/20/2012 at 09:00 AM. (Sigale, David) (Entered: 08/07/2012) |
| 08/13/2012 | 178 | MINUTE entry before Honorable Virginia M. Kendall:Unopposed MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for extension of time to complete discovery 174 is granted. Fact Discovery ordered closed by 9/27/2012. Dispositive motions with supporting memoranda due by 10/26/2012. Responses due by 11/30/2012. Replies due by 12/14/2012. Ruling will be made by mail. Status hearing set for 10/9/2012 at 09:00 AM. Motion hearing set for 8/14/2012 on this motion is hereby stricken.Mailed notice (tsa, ) (Entered: 08/13/2012) |
| 09/05/2012 | 179 | MOTION by Defendant City Of Chicago to amend/correct *the Discovery Schedule to Allow Time for Expert Discovery* (Aguiar, William) (Entered: 09/05/2012) |
| 09/05/2012 | 180 | NOTICE of Motion by William Macy Aguiar for presentment of motion to amend/correct 179 before Honorable Virginia M. Kendall on 9/11/2012 at 09:00 AM. (Aguiar, William) (Entered: 09/05/2012) |
| 09/06/2012 | 181 | MINUTE entry before Honorable Virginia M. Kendall: Defendant's unopposed motion to amend the discovery schedule to allow time for expert discovery 179 is granted. Expert discovery ordered closed by 11/13/2012. Dispositive motions with supporting memoranda to be filed by 12/13/2012. Responses to be filed by 1/14/2013; replies to be filed by 1/28/2013. Ruling will be by mail. Notice of hearing set for 9/11/2012 180 is stricken. Mailed notice by judge's staff. (srb,) (Entered: 09/06/2012) |
| 09/10/2012 | 182 | MINUTE entry before Honorable Morton Denlow: Status hearing set for 9/13/2012 is stricken by agreement of the parties and reset to 10/22/2012 at 10:00 AM.Mailed notice (ldg, ) (Entered: 09/10/2012) |
| 10/01/2012 | 183 | EXECUTIVE COMMITTEE ORDER: It appearing that Daniel G. Martin has entered on duty as a Magistrate Judge for the Northern District of Illinois, with a duty in Chicago, Illinois, effective October 1, 2012; therefore Pursuant to Internal Operating Procedure 17, the attached list of civil cases previously pending before Magistrate Judge Denlow are hereby reassigned to Magistrate Judge Martin. It is further ordered that the attached list of civil referrals previously before Magistrate Judge Denlow are hereby transferred to Magistrate Judge Martin. It is further ordered that Magistrate Judge Martin is to become the designed magistrate judge pursuant to Local Rule 72.1 in any |

| | | |
|---|---|---|
| | | pending civil or criminal case where Magistrate Judge Denlow was the designated magistrate judge as of September 30, 2012. It is further ordered that, unless otherwise ordered by Magistrate Judge Martin, all hearing dates, deadlines, and schedules set by Magistrate Judge Denlow in the attached list of cases are to remain in effect. IT IS FURTHER ORDERED that this order is to become effective on October 1, 2012. Case referred to the Honorable Daniel G. Martin. Signed by Executive Committee on 10/01/12. (ef, ) (Entered: 10/03/2012) |
| 10/04/2012 | 184 | MINUTE entry before Honorable Daniel G. Martin: Status hearing set for 10/22/2012 at 10:00 a.m. to stand in courtroom 1350. Counsel shall file and deliver an updated status report to chambers, Room 1356, at least three (3) business days before the status hearing.Mailed notice (lxs, ) (Entered: 10/04/2012) |
| 10/09/2012 | 185 | MINUTE entry before Honorable Virginia M. Kendall:Status hearing held on 10/9/2012. Plaintiff's counsel failed to appear. The Court withdraws the referral to the magistrate judge.Mailed notice (tsa, ) (Entered: 10/09/2012) |
| 10/09/2012 | 🔒 | (Court only) Judge Honorable Daniel G. Martin no longer referred to the case. (ym, ) (Entered: 10/10/2012) |
| 10/10/2012 | 186 | MINUTE entry before Honorable Daniel G. Martin:In light of the district court's minute order entry - docket no. 185 . Status hearing previously set for 10/22/2012 is stricken. Mailed notice (lxs, ) (Entered: 10/10/2012) |
| 10/10/2012 | 187 | TRANSCRIPT OF PROCEEDINGS held on 7/19/12 before the Honorable Morton Denlow. Court Reporter Contact Information: Kathleen M. Fennell, Kathleen_Fennell@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 10/31/2012. Redacted Transcript Deadline set for 11/13/2012. Release of Transcript Restriction set for 1/8/2013. (Fennell, Kathleen) (Entered: 10/10/2012) |
| 11/02/2012 | 188 | MOTION by Defendant City Of Chicago to strike *interrogatory responses and bar plaintiffs from introducing new claims* (Attachments: # 1 Exhibit A-H)(Hirsch, Rebecca) (Entered: 11/02/2012) |
| 11/02/2012 | 189 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion to strike 188 before Honorable Virginia M. Kendall on 11/8/2012 at 09:00 AM. (Hirsch, Rebecca) (Entered: 11/02/2012) |
| 11/08/2012 | 190 | MINUTE entry before Honorable Virginia M. Kendall:Motion to strike |

| | | |
|---|---|---|
| | | 188 is entered and briefed as follows: Responses due by 11/29/2012. Replies due by 12/13/2012. Ruling set for 1/29/2012 at 9:00 a.m. The Court suspends the expert discovery cut off until a ruling on the pending motion has been made. Advised in open court notice (tsa, ) (Entered: 11/08/2012) |
| 11/28/2012 | 191 | RESPONSE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.in Opposition to MOTION by Defendant City Of Chicago to strike *interrogatory responses and bar plaintiffs from introducing new claims* 188 (Attachments: # 1 Exhibit 1 - 041112 e-mail, # 2 Exhibit 2 - 042512 letter, # 3 Exhibit 3 - KramerOne Report, # 4 Exhibit 4 - 040212 e-mail)(Sigale, David) (Entered: 11/28/2012) |
| 12/01/2012 | 192 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for extension of time *for Dispositive Motions* (Sigale, David) (Entered: 12/01/2012) |
| 12/01/2012 | 193 | NOTICE of Motion by David G. Sigale for presentment of extension of time 192 before Honorable Virginia M. Kendall on 12/10/2012 at 09:00 AM. (Sigale, David) (Entered: 12/01/2012) |
| 12/03/2012 | 194 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for leave to file *Second Amended Complaint* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Sigale, David) (Entered: 12/04/2012) |
| 12/04/2012 | 195 | NOTICE of Motion by David G. Sigale for presentment of motion for leave to file, 194 before Honorable Virginia M. Kendall on 12/10/2012 at 09:00 AM. (Sigale, David) (Entered: 12/04/2012) |
| 12/10/2012 | 196 | MINUTE entry before Honorable Virginia M. Kendall:Plaintiff's motion for extension of time 192 is granted. MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for leave to file *Second Amended Complaint* 194 is taken under advisement. Defendant to file a combined response/reply by 12/13/2012. Status hearing set for 1/29/2013 @ 9:00 a.m.Advised in open court notice (tsa, ) (Entered: 12/10/2012) |
| 12/13/2012 | 197 | REPLY by Defendant City Of Chicago *In Support Of Motion To Bar Additional Claims and Response To Plaintiffs' Motion For Leave To File Second Amended Complaint* (Hirsch, Rebecca) (Entered: 12/13/2012) |
| 01/28/2013 | 198 | MINUTE entry before Honorable Virginia M. Kendall: Status hearing set for 1/29/2013 is stricken and reset to 2/4/2013 at 09:00 AM.Mailed notice (tsa, ) (Entered: 01/28/2013) |
| 01/28/2013 | 199 | MINUTE entry before Honorable Virginia M. Kendall:Ruling on motion to strike 188 is reset to 2/4/2013 at 09:00 AM. Mailed notice |

|  |  | (tsa, ) (Entered: 01/28/2013) |
|---|---|---|
| 02/04/2013 | 200 | *SECOND* AMENDED complaint by Illinois State Rifle Association, Rhonda Ezell, Action Target, Inc., William Hespen, Joseph I. Brown, Second Amendment Foundation, Inc. against City Of Chicago (Sigale, David) (Entered: 02/04/2013) |
| 02/04/2013 | 201 | NOTICE by All Plaintiffs re amended complaint 200 *(Notice of Filing)* (Sigale, David) (Entered: 02/04/2013) |
| 02/04/2013 | 202 | MINUTE entry before Honorable Virginia M. Kendall: Status hearing held on 2/4/2013. For the reasons set forth in the Court's forthcoming Memorandum Opinion and Order, Defendant City of Chicago's motion to strike interrogatory responses and bar plaintiff from introducing new claims 188 is denied and Plaintiffs' motion for leave to file second amend complaint 194 is granted. Plaintiffs' second amended complaint is due by February 7, 2013. Defendant's answer is due by March 4, 2013. A status hearing is set for 2/28/2013 at 9:00 a.m. Mailed notice (meg, ) (Entered: 02/05/2013) |
| 02/22/2013 | 203 | MINUTE entry before Honorable Virginia M. Kendall:Enter MEMORANDUM, OPINION AND ORDER: For the reasons set forth above, the Citys Motion to Strike Interrogatory Responses and Bar Plaintiffs from Introducing New Claims is denied, in part, and granted in part. The Plaintiffs Motion for Leave to File an Amended Complaint is granted. The City is granted leave to take additional fact discovery. That limited fact discovery is ordered closed by April 1, 2012. The Expert Discovery Schedule is amended so that expert discovery is now ordered closed by April 29, 2012.Mailed notice (tsa, ) (Entered: 02/22/2013) |
| 02/22/2013 | 204 | MEMORANDUM Opinion and Order Signed by the Honorable Virginia M. Kendall on 2/22/2013.Mailed notice(tsa, ) (Entered: 02/22/2013) |
| 02/28/2013 | 205 | MINUTE entry before Honorable Virginia M. Kendall:Minute entry 203 is amended to correct the following sentences with the correct dates: That limited fact discovery is ordered closed by April 1, 2013. The Expert Discovery Schedule is amended so that expert discovery is now ordered closed by April 29, 2013. The rest of the order shall stand.Mailed notice (tsa, ) (Entered: 02/28/2013) |
| 02/28/2013 | 206 | MINUTE entry before Honorable Virginia M. Kendall:Status hearing held on 2/28/2013 and continued to 8/13/2013 @ 9:00 a.m. Limited fact discovery is ordered closed by 6/3/2013. Expert discovery cut off set for 7/19/2013. Defendant expert disclosure report by 5/31/2013. Any plaintiff expert disclosures by 6/21/2013. Expert depositions by 7/31/2013. Dispositive motions with supporting memoranda due by 8/26/2013. Responses due by 9/23/2013. Replies due by 10/7/2013. Ruling will be made by mail. Advised in open court notice (tsa, ) (Entered: 02/28/2013) |
| 03/01/2013 | 207 | ANSWER to amended complaint by City Of Chicago(Hirsch, Rebecca) |

| | | |
|---|---|---|
| | | (Entered: 03/01/2013) |
| 07/11/2013 | 208 | MOTION by Defendant City Of Chicago for extension of time *to complete expert discovery* (Attachments: # 1 Exhibit Exhibits A-D) (Hirsch, Rebecca) (Entered: 07/11/2013) |
| 07/11/2013 | 209 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of extension of time 208 before Honorable Virginia M. Kendall on 7/17/2013 at 09:00 AM. (Hirsch, Rebecca) (Entered: 07/11/2013) |
| 07/17/2013 | 210 | ORDER: Defendant City's motion for extension of time to complete expert discovery 208 is granted to 10/15/2013. Dispositive motions to be filed by 10/30/2013. Responses by 11/27/2013. Replies by 12/11/2013. Ruling will be made by mail. (mgh, ) (Entered: 07/18/2013) |
| 08/05/2013 | 211 | MINUTE entry before Honorable Virginia M. Kendall: Status hearing set for 8/13/2013 is stricken and reset to 8/20/2013 at 09:00 AM.Mailed notice (tsa, ) (Entered: 08/05/2013) |
| 08/19/2013 | 212 | MINUTE entry before Honorable Virginia M. Kendall: Status hearing reset for 10/16/2013 at 09:00 AM.Mailed notice (tsa, ) (Entered: 08/19/2013) |
| 10/11/2013 | 213 | MOTION by Defendant City Of Chicago for extension of time *to Extend Expert Discovery* (Hirsch, Rebecca) (Entered: 10/11/2013) |
| 10/11/2013 | 214 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of extension of time 213 before Honorable Virginia M. Kendall on 10/17/2013 at 09:00 AM. (Hirsch, Rebecca) (Entered: 10/11/2013) |
| 10/16/2013 | 215 | MINUTE entry before Honorable Virginia M. Kendall:Status hearing held on 10/16/2013. Unopposed motion for extension of time to extend discovery 213 is granted. Motion hearing set for 10/17/2013 on this motion is hereby stricken. Dispositive motions with supporting memoranda due by 11/22/2013. Responses due by 12/20/2013. Replies due by 1/10/2014. Ruling will be made by mail. Status hearing set for 3/24/2014 at 09:00 AM.Advised in open court notice (tsa, ) (Entered: 10/16/2013) |
| 11/05/2013 | 216 | ATTORNEY Appearance for Defendant City Of Chicago by Mary Eileen Cunniff Wells (Wells, Mary) (Entered: 11/05/2013) |
| 11/14/2013 | 217 | MOTION by Defendant City Of Chicago for leave to file excess pages *in support of summary judgment* (Hirsch, Rebecca) (Entered: 11/14/2013) |
| 11/14/2013 | 218 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for leave to file excess pages 217 before Honorable Virginia M. Kendall on 11/20/2013 at 09:00 AM. (Hirsch, Rebecca) (Entered: 11/14/2013) |
| 11/15/2013 | 219 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second |

| | | |
|---|---|---|
| | | Amendment Foundation, Inc. for extension of time to file *Motion for Summary Judgment* (Sigale, David) (Entered: 11/15/2013) |
| 11/15/2013 | 220 | NOTICE of Motion by David G. Sigale for presentment of motion for extension of time to file 219 before Honorable Virginia M. Kendall on 11/21/2013 at 09:00 AM. (Sigale, David) (Entered: 11/15/2013) |
| 11/20/2013 | 221 | MINUTE entry before the Honorable Virginia M. Kendall: MOTION by Defendant City Of Chicago for leave to file excess pages *in support of summary judgment* 217 is granted. Page limitation is between 80 - 100 pages. MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for extension of time to file *Motion for Summary Judgment* 219 is granted. Cross motion for summary judgment with supporting memoranda due by 12/5/2013. Responses due by 1/10/2014. Replies due by 1/24/2014. Ruling will be made by mail. Motion hearing set for 11/21/2013 on this motion is hereby stricken.Advised in open court notice(tsa, ) (Entered: 11/20/2013) |
| 12/05/2013 | 222 | MOTION by Defendant City Of Chicago for summary judgment (Hirsch, Rebecca) (Entered: 12/05/2013) |
| 12/05/2013 | 223 | MEMORANDUM by City Of Chicago in support of motion for summary judgment 222 (Hirsch, Rebecca) (Entered: 12/05/2013) |
| 12/05/2013 | 224 | RULE 56 56.1(a)(3) Statement by City Of Chicago regarding motion for summary judgment 222 (Hirsch, Rebecca) (Entered: 12/05/2013) |
| 12/05/2013 | 225 | APPENDIX motion for summary judgment 222 (Attachments: # 1 Exhibit 1-5, # 2 Exhibit 6-7 Part I, # 3 Exhibit 7 Part II -9, # 4 Exhibit 10-13)(Hirsch, Rebecca) (Entered: 12/05/2013) |
| 12/05/2013 | 226 | APPENDIX motion for summary judgment 222 (Attachments: # 1 Exhibit 14-16 Part I, # 2 Exhibit 16 Part II, # 3 Exhibit 17 Part I, # 4 Exhibit 17 Part II)(Hirsch, Rebecca) (Entered: 12/05/2013) |
| 12/05/2013 | 227 | APPENDIX (Attachments: # 1 Exhibit 18-21, # 2 Exhibit 22-23, # 3 Exhibit 24-25, # 4 Exhibit 26-30)(Hirsch, Rebecca) (Entered: 12/05/2013) |
| 12/05/2013 | 228 | APPENDIX motion for summary judgment 222 (Attachments: # 1 Exhibit 31-36, # 2 Exhibit 37-40, # 3 Exhibit 41, # 4 Exhibit 42-46) (Hirsch, Rebecca) (Entered: 12/05/2013) |
| 12/05/2013 | 229 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for summary judgment 222 before Honorable Virginia M. Kendall on 12/12/2013 at 09:00 AM. (Hirsch, Rebecca) (Entered: 12/05/2013) |
| 12/05/2013 | 230 | MOTION by Plaintiffs Illinois State Rifle Association, Rhonda Ezell, Action Target, Inc., William Hespen, Joseph I. Brown, Second Amendment Foundation, Inc. for summary judgment (Sigale, David) (Entered: 12/05/2013) |
| | | |

| | | |
|---|---|---|
| 12/05/2013 | 231 | RULE 56 Local Rule 56.1(a)(3) Statement by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. regarding motion for summary judgment 230 (Sigale, David) (Entered: 12/05/2013) |
| 12/05/2013 | 232 | MEMORANDUM by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. in support of motion for summary judgment 230 (Sigale, David) (Entered: 12/05/2013) |
| 12/06/2013 | 233 | Exhibit List *(Exhibits 1-5)* by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.. (Attachments: # 1 Exhibit 1 - Depositon of Rhonda Ezell, # 2 Exhibit 2 - Deposition of Joseph I. Brown, # 3 Exhibit 3 - Deposition of William Hespen, # 4 Exhibit 4 - Deposition of Richard Pearson, # 5 Exhibit 5 - Deposition of Chris Hart)(Sigale, David) (Entered: 12/06/2013) |
| 12/06/2013 | 234 | Exhibit List *(Exhibits 6-10)* by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.. (Attachments: # 1 Exhibit 6 - Deposition of Julianne Versnel, # 2 Exhibit 7 - Deposition of Jonathan Gordon, # 3 Exhibit 8 - Deposition of Paul Kuzmiercyzk, # 4 Exhibit 9 - Deposition of Lorin Kramer, # 5 Exhibit 10 - Deposition of JAck Giordano) (Sigale, David) (Entered: 12/06/2013) |
| 12/06/2013 | 235 | Exhibit List *(Exhibits 11-15)* by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.. (Attachments: # 1 Exhibit 11 - Deposition of Rosemary Krimbel, # 2 Exhibit 12 - Deposition of Robert Fahlstrom, # 3 Exhibit 13 - Deposition of Kevin Johnson, # 4 Exhibit 14 - Deposition of Patricia Scudiero, # 5 Exhibit 15 - Deposition of Steven Valenziano)(Sigale, David) (Entered: 12/06/2013) |
| 12/06/2013 | 236 | Exhibit List *(Exhibits 16-18)* by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.. (Attachments: # 1 Exhibit 16 - City of Chicago Zoning Map (Sept. 28, 2012), # 2 Exhibit 17 - Deposition of Kevin Schnoes, # 3 Exhibit 18 - Deposition of Philip Cook)(Sigale, David) (Entered: 12/06/2013) |
| 12/06/2013 | 237 | NOTICE of Motion by David G. Sigale for presentment of motion for summary judgment 230 before Honorable Virginia M. Kendall on 12/12/2013 at 09:00 AM. (Sigale, David) (Entered: 12/06/2013) |
| 12/06/2013 | 238 | NOTICE by Alan Gura of Change of Address (Gura, Alan) (Entered: 12/06/2013) |
| 12/06/2013 | 239 | MOTION by Defendant City Of Chicago to amend/correct *Summary Judgment Record* (Attachments: # 1 Exhibit A)(Hirsch, Rebecca) (Entered: 12/06/2013) |
| 12/06/2013 | 240 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of |

| | | |
|---|---|---|
| | | motion to amend/correct 239 before Honorable Virginia M. Kendall on 12/12/2013 at 09:00 AM. (Hirsch, Rebecca) (Entered: 12/06/2013) |
| 12/09/2013 | 241 | MINUTE entry before the Honorable Virginia M. Kendall:Motion to amend/correct 239 is entered and continued; Set deadlines/hearing as to motion for summary judgment 222 , motion for summary judgment 230 , motion to amend/correct 239 are entered and continued to 12/18/2013 at 09:00 AM.Mailed notice (tsa, ) (Entered: 12/09/2013) |
| 12/18/2013 | 🔒 | (Court only) ***Deadlines and hearings Terminated. (tsa, ) (Entered: 12/18/2013) |
| 12/19/2013 | 242 | MINUTE entry before the Honorable Virginia M. Kendall:Motion to amend/correct 239 is granted. MOTION by Defendant City Of Chicago for summary judgment 222 and MOTION by Plaintiffs Illinois State Rifle Association, Rhonda Ezell, Action Target, Inc., William Hespen, Joseph I. Brown, Second Amendment Foundation, Inc. for summary judgment 230 are entered and briefed as follows: Responses due by 2/7/2014. Replies due by 2/21/2014. Ruling will be made by mail.Mailed notice (tsa, ) (Entered: 12/19/2013) |
| 01/24/2014 | 243 | MOTION by Defendant City Of Chicago to stay *proceedings* (Attachments: # 1 Exhibit A-C)(Hirsch, Rebecca) (Entered: 01/24/2014) |
| 01/24/2014 | 244 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion to stay 243 before Honorable Virginia M. Kendall on 1/30/2014 at 09:00 AM. (Hirsch, Rebecca) (Entered: 01/24/2014) |
| 01/29/2014 | 245 | RESPONSE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.in Opposition to MOTION by Defendant City Of Chicago to stay *proceedings* 243 (Sigale, David) (Entered: 01/29/2014) |
| 01/30/2014 | 246 | MINUTE entry before the Honorable Virginia M. Kendall:Motion to stay 243 proceedings is taken under advisement. The briefing schedule on the Motion for summary judgment 230 has been extended as follows: Responses due by 3/7/2014. Replies due by 3/21/2014. Ruling will be made by mail. Advised in open court notice (tsa, ) (Entered: 01/30/2014) |
| 03/07/2014 | 247 | RESPONSE by City Of Chicagoin Opposition to MOTION by Plaintiffs Illinois State Rifle Association, Rhonda Ezell, Action Target, Inc., William Hespen, Joseph I. Brown, Second Amendment Foundation, Inc. for summary judgment 230 (Hirsch, Rebecca) (Entered: 03/07/2014) |
| 03/07/2014 | 248 | MOTION by Defendant City Of Chicago for leave to file *Local Rule 56.1(b)(3)(c) Statement of Additional Facts in Excess of Paragraph Limitation* (Attachments: # 1 Exhibit A)(Hirsch, Rebecca) (Entered: 03/07/2014) |
| 03/07/2014 | 249 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of |

| | | |
|---|---|---|
| | | motion for leave to file 248 before Honorable Virginia M. Kendall on 3/13/2014 at 09:00 AM. (Hirsch, Rebecca) (Entered: 03/07/2014) |
| 03/07/2014 | 250 | RESPONSE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc.in Opposition to MOTION by Defendant City Of Chicago for summary judgment 222 (Sigale, David) (Entered: 03/07/2014) |
| 03/07/2014 | 251 | RULE 56 L.R. 56.1 Statement by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. regarding motion for summary judgment 222 *Response to Defendant's l.R. 56.1 Statement of Facts* (Sigale, David) (Entered: 03/08/2014) |
| 03/08/2014 | 252 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for leave to file *L.R.56.1(b)(3)C) Statement of Additional Facts in Excess of Paragraph Limit* (Attachments: # 1 Exhibit Proposed L.R.56.1(b)(3)(C) Statement of Additional Facts)(Sigale, David) (Entered: 03/08/2014) |
| 03/08/2014 | 253 | NOTICE of Motion by David G. Sigale for presentment of motion for leave to file, 252 before Honorable Virginia M. Kendall on 3/13/2014 at 09:00 AM. (Sigale, David) (Entered: 03/08/2014) |
| 03/13/2014 | 254 | MINUTE entry before the Honorable Virginia M. Kendall: MOTION by Defendant City Of Chicago for leave to file *Local Rule 56.1(b)(3)(c) Statement of Additional Facts in Excess of Paragraph Limitation* 248 is granted. MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for leave to file *L.R.56.1(b)(3)C) Statement of Additional Facts in Excess of Paragraph Limitation* 252 *is granted. Both motions set for hearing on 3/13/2014 are stricken.Mailed notice (tsa, ) (Entered: 03/13/2014)* |
| 03/14/2014 | 255 | MINUTE entry before the Honorable Virginia M. Kendall:Status hearing set for 3/24/2014 is stricken.Mailed notice (tsa, ) (Entered: 03/14/2014) |
| 03/14/2014 | 256 | MOTION by Defendant City Of Chicago for extension of time *to file reply in support of summary judgment (unopposed)* (Hirsch, Rebecca) (Entered: 03/14/2014) |
| 03/14/2014 | 257 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of extension of time 256 before Honorable Virginia M. Kendall on 3/20/2014 at 09:00 AM. (Hirsch, Rebecca) (Entered: 03/14/2014) |
| 03/17/2014 | 258 | MINUTE entry before the Honorable Virginia M. Kendall: MOTION by Defendant City Of Chicago for extension of time *to file reply in support of summary judgment (unopposed)* 256 is granted to 4/4/2014. Motion hearing set for 3/20/2014 on this motion is hereby stricken. Mailed notice (tsa, ) (Entered: 03/17/2014) |
| | | |

| 03/21/2014 | 259 | RULE 56 L.R. 56.1(B)(3) and (B)(3)(C) Statement by City Of Chicago regarding motion for summary judgment 230 (Wells, Mary) (Entered: 03/21/2014) |
| 03/28/2014 | 260 | RULE 56 L.R.56.1(b)(3)(C) Statement by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. regarding motion for summary judgment 230 *(Statement of Additional Facts in Response to Defendant's Motion for Summary Judgment)* (Sigale, David) (Entered: 03/28/2014) |
| 04/04/2014 | 261 | REPLY by Defendant City Of Chicago *in Support of Summary Judgment* (Hirsch, Rebecca) (Entered: 04/04/2014) |
| 04/04/2014 | 262 | REPLY by Defendant City Of Chicago *to Plaintiffs' Local Rule 56.1(B) (3)(C) Statement of Additional Facts* (Attachments: # 1 Exhibit A) (Hirsch, Rebecca) (Entered: 04/04/2014) |
| 04/04/2014 | 263 | REPLY by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. (Sigale, David) (Entered: 04/05/2014) |
| 04/05/2014 | 264 | RESPONSE by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to Rule 56 statement 259 *(Response to Defendant's L.R.56(B)(3)(C) Statement of Additional Facts)* (Sigale, David) (Entered: 04/05/2014) |
| 06/02/2014 | 265 | MOTION by Defendant City Of Chicago for leave to file *Submission Regarding Recent Legislative Action and to Cite Additional Authority in Support of Its Motion For Summary Judgment* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hirsch, Rebecca) (Entered: 06/02/2014) |
| 06/02/2014 | 266 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for leave to file, 265 before Honorable Virginia M. Kendall on 6/10/2014 at 09:00 AM. (Hirsch, Rebecca) (Entered: 06/02/2014) |
| 06/09/2014 | 267 | MINUTE entry before the Honorable Virginia M. Kendall:Motion for leave to file 265 is reset to 6/11/2014 at 09:00 AM. per telephonic request.Telephoned notice (tsa, ) (Entered: 06/09/2014) |
| 06/10/2014 | 268 | MINUTE entry before the Honorable Virginia M. Kendall: MOTION by Defendant City Of Chicago for leave to file *Submission Regarding Recent Legislative Action and to Cite Additional Authority in Support of Its Motion For Summary Judgment* 265 is granted. Motion hearing set for 6/11/2014 on this motion is hereby stricken.Mailed notice (tsa, ) (Entered: 06/10/2014) |
| 07/02/2014 | 269 | MOTION by Defendant City Of Chicago to dismiss *claims as moot* (Attachments: # 1 Exhibit A)(Hirsch, Rebecca) (Entered: 07/02/2014) |
| 07/02/2014 | 270 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion to dismiss 269 before Honorable Virginia M. Kendall on 7/9/2014 at 09:00 AM. (Hirsch, Rebecca) (Entered: 07/02/2014) |

CM/ECF LIVE, Ver 6.1 - U.S. District Court, Northern Illinois
Case: 1:10-cv-05135 Document #: 293 Filed: 10/22/14 Page 71 of 72 PageID #:7701

Page 34 of 35

| | | |
|---|---|---|
| 07/03/2014 | 271 | MINUTE entry before the Honorable Virginia M. Kendall:Notice of motion set for 7/9/2014 is stricken.Mailed notice (tsa, ) (Entered: 07/03/2014) |
| 07/03/2014 | 272 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion to dismiss 269 before Honorable Virginia M. Kendall on 7/10/2014 at 09:00 AM. (Hirsch, Rebecca) (Entered: 07/03/2014) |
| 07/07/2014 | 273 | MINUTE entry before the Honorable Virginia M. Kendall:Defendant's motion to dismiss 269 certain claims as moot is entered and briefed as follows: Responses due by 7/24/2014. Replies due by 7/31/2014. Ruling will be made by mail. Motion hearing set for 7/10/2014 on this motion is hereby stricken.Mailed notice (tsa, ) (Entered: 07/07/2014) |
| 07/24/2014 | 274 | RESPONSE by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. to MOTION by Defendant City Of Chicago to dismiss *claims as moot* 269 (Sigale, David) (Entered: 07/24/2014) |
| 07/25/2014 | 275 | MINUTE entry before the Honorable Virginia M. Kendall:Motion to stay 243 is dismissed as moot. The defendant requested a stay until 7/14/2014. As that date has come and passed, the motion is now moot. Status hearing set for 8/4/2014 at 09:00 AM.Mailed notice (tsa, ) (Entered: 07/25/2014) |
| 07/31/2014 | 276 | REPLY by Defendant City Of Chicago to motion to dismiss 269 *claims as moot* (Hirsch, Rebecca) (Entered: 07/31/2014) |
| 08/04/2014 | 277 | MINUTE entry before the Honorable Virginia M. Kendall:Status hearing held on 8/4/2014. Draft order to follow regarding a joint statement on the mooted claims that are in agreement by 8/11/2014.Mailed notice (tsa, ) (Entered: 08/04/2014) |
| 08/11/2014 | 278 | Joint Statement Regarding Mooted and Remaining Claims STATEMENT by City Of Chicago (Wells, Mary) (Entered: 08/11/2014) |
| 08/20/2014 | 279 | NOTICE by David G. Sigale of Change of Address (Sigale, David) (Entered: 08/20/2014) |
| 09/29/2014 | 280 | Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the Plaintiffs Motion for Summary Judgment 220 is granted in part and denied in part. Similarly, the Citys Motion for Summary Judgment 222 is granted in part and denied in part. The City's motion to dismiss claims as moot 269 is itself dismissed as moot pursuant to the parties' joint statement regarding remaining claims. Civil case terminated. Signed by the Honorable Virginia M. Kendall on 9/29/2014.Mailed notice(tsa, ) (Entered: 09/29/2014) |
| 09/29/2014 | 281 | ENTERED JUDGMENT (tsa, ) (Entered: 09/29/2014) |
| 10/16/2014 | 282 | MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for extension of time to file *Motion for* |

| | | |
|---|---|---|
| | | *Attorney's Fees and Bill of Costs (Agreed)* (Sigale, David) (Entered: 10/16/2014) |
| 10/16/2014 | 283 | NOTICE of Motion by David G. Sigale for presentment of motion for extension of time to file, 282 before Honorable Virginia M. Kendall on 10/23/2014 at 09:00 AM. (Sigale, David) (Entered: 10/16/2014) |
| 10/17/2014 | 284 | MINUTE entry before the Honorable Virginia M. Kendall:Agreed MOTION by Plaintiffs Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. for extension of time to file *Motion for Attorney's Fees and Bill of Costs (Agreed)* 282 is granted. The Court extends the time for filing a request for attorneys fees until 91 days after, and a Bill of Costs until 30 days after, the latter of (a.) the day after the expiration of the deadline for filing a Notice of Appeal in this matter (if no appeal) or(b.) the day after the issuance of the mandate by an appellate Court should there be an appeal. Motion hearing set for 10/23/2014 on this motion is hereby stricken.Mailed notice (tsa, ) (Entered: 10/17/2014) |
| 10/20/2014 | 285 | NOTICE of appeal by City Of Chicago regarding orders 281 , 280 (Hirsch, Rebecca) (Entered: 10/20/2014) |
| 10/20/2014 | 286 | MOTION by Defendant City Of Chicago to stay *ruling pending appeal* (Hirsch, Rebecca) (Entered: 10/20/2014) |
| 10/20/2014 | 287 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion to stay 286 before Honorable Virginia M. Kendall on 10/28/2014 at 09:00 AM. (Hirsch, Rebecca) (Entered: 10/20/2014) |
| 10/20/2014 | 288 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 285 . (gcy, ) (Entered: 10/20/2014) |
| 10/20/2014 | 289 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 285 . Notified counsel. (gcy, ) (Entered: 10/20/2014) |
| 10/20/2014 | 290 | FEE Information Sheet for payment of Notice of Appeal Filing Fee. Receipt #4624128823 for $505.00 on 10/20/14 by City Of Chicago. (tlm) (Entered: 10/21/2014) |
| 10/21/2014 | 291 | NOTICE of cross appeal by Action Target, Inc., Joseph I. Brown, Rhonda Ezell, William Hespen, Illinois State Rifle Association, Second Amendment Foundation, Inc. regarding orders 281 , 280 ; Filing fee $ 505, receipt number 0752-9981545. (Gura, Alan) (Entered: 10/21/2014) |
| 10/22/2014 | 292 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of cross appeal, 291 . (gcy, ) (Entered: 10/22/2014) |