IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | Case No.: 10 CV 5135 |

### PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

NOW COME the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, by and through undersigned counsel, and move this Honorable Court to enter judgment in their favor, *instanter* in light of and pursuant to the Seventh Circuit's mandate in this matter. In support thereof, Plaintiffs state as follows:

1. The Seventh Circuit's Opinion (*Ezell II*, 846 F.3d 888 (7th Cir. 2017)) was issued on January 18, 2017. The mandate issued on February 9, 2017. The Seventh Circuit recently stated it could have issued a stay of its mandate, as it did in *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012), but deliberately did not because there was no reason to do so. *In re Ezell*, 2017 U.S.App. LEXIS 3959 at *1-

2. Further, the City did not request a stay of the Mandate from the Seventh Circuit in the intervening 21 days.[1]

2. Since the Mandate has issued (Dkt. # 303, *see* attached), the Seventh Circuit has found no reason for a stay, and the City even agrees that judgment should enter (*See* Dkt. #5 of 17-1443 at p.2 ("The City has never taken the position . . . that [the Seventh Circuit's] mandate should be stayed, or that the district court should not promptly enter judgment consistent with that mandate"); *See also* Dkt. #5 of 17-1443 at p.3 ("[T]he city concedes plaintiffs' entitlement to entry of that judgment")).

3. "The mandate rule requires a lower court to adhere to the commands of a higher court on remand." *United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995). The Seventh Circuit noted that the "mandate is straightforward and requires the district court to enter a simple judgment enjoining the three invalid regulations." *In re Ezell*, 2017 U.S. App. LEXIS 3959 at *3. In addition to the unchallenged relief previously granted as a judgment by this Court (striking down both (a.) restrictions on hours of operation (MCC § 4-151-090), and (b.) the requirement that owners of/"applicants" for firing ranges to possess FOID cards (MCC § 4-151-040(d)) (Dkt. ## 280, 281), that is all Plaintiffs are seeking in this Motion.

---

[1] Plaintiffs also assert it was improper of the City to request a stay from the District Court after the Mandate issued, thus putting the District Court in the position of even having to consider the request. Plaintiffs' Opposition to the City's request for a stay is filed separately.

4. Therefore, pursuant to the Seventh Circuit's Mandate in this matter of February 9, 2017, Plaintiffs respectfully request the Court to enter judgment in their favor, *instanter*. *See, e.g.*, *Kathrein v. City of Evanston*, 752 F.3d 680, 688 (7th Cir. 2014).

WHEREFORE, the Plaintiffs, Rhonda Ezell, Joseph I. Brown, William Hespen, Action Target, Inc., Second Amendment Foundation, Inc., and Illinois State Rifle Association, respectfully request this Honorable Court to enter judgment in their favor, *instanter*, pursuant to the Seventh Circuit's Mandate, as well as to grant them any and all further relief as this Court deems just and proper.

Dated: March 7, 2017

Respectfully submitted,

By:    /s/David G. Sigale
      David G. Sigale

Alan Gura (Admitted *pro hac vice*)
Gura PLLC
916 Prince Street, Suite 107
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665
alan@gurapllc.com

David G. Sigale (Atty. ID# 6238103)
Law Firm of David G. Sigale, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547/Fax 630.596.4445
dsigale@sigalelaw.com

## CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

1. On March 7, 2017, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

/s/ David G. Sigale
Attorney for Plaintiffs

| | |
|---|---|
| Alan Gura (Admitted *pro hac vice*) | David G. Sigale (Atty. ID# 6238103) |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 916 Prince Street, Suite 107 | 799 Roosevelt Road, Suite 207 |
| Alexandria, VA 22314 | Glen Ellyn, IL 60137 |
| 703.835.9085/Fax 703.997.7665 | 630.452.4547/Fax 630.596.4445 |
| alan@gurapllc.com | dsigale@sigalelaw.com |